**SUSAN K. HATMAKER 172543**
**ROBERT W. BRANCH 154963**
**HATMAKER LAW GROUP**
7522 N. Colonial Avenue, Suite 105
Fresno, California 93711
Telephone: (559) 374-0077
Facsimile: (559) 374-0078

Attorneys for Defendant:
OLAM WEST COAST, INC., erroneously sued as
OLAM SPICES AND VEGETABLES, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

\* \* \*

| | |
|---|---|
| THOMAS BELTRAN; MARIO MARTINEZ; MARIA CLAUDIA OBESO COTA; individually, and on behalf of other members of the general public similarly situated; JUAN RIVERA; MARIANA RAMIREZ; ALEXANDER SOLORIO; individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act; <br><br> Plaintiff, <br><br> vs. <br><br> OLAM SPICES AND VEGETABLES, INC., an unknown business entity; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 15CECG02993 <br><br> **COPY OF STATE COURT FILE REGARDING NOTICE OF REMOVAL** |

Hatmaker Law Group
7522 N. Colonial Ave.
Suite 105
Fresno, CA 93711

COPY OF STATE COURT FILE REGARDING NOTICE OF REMOVAL

**PROOF OF SERVICE**

My business address is 7522 N. Colonial Avenue, Suite 105, Fresno, California 93711. I am employed in Fresno County, California. I am over the age of 18 years and am not a party to this case.

On the date indicated below, I served the foregoing document described as

**COPY OF STATE COURT FILE REGARDING NOTICE OF REMOVAL**

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Edwin Aiwazian, Esq.<br>Lawyers for Justice<br>410 W. Arden Avenue, Suite 203<br>Glendale, California 91203<br>Ph: (800) 265-0690 or (818) 265-1020<br>Fax: (818) 265-1021<br>Email: Edwin@lfjpc.com | **Attorney for Plaintiffs Thomas Beltran, Mario Martinez, Juan Rivera and Mariana Ramirez** |
| Joseph Lavi, Esq.<br>Vincent Granberry, Esq.<br>Lavi & Ebrahimian, LLP<br>8889 W. Olympic Blvd., Suite 200<br>Beverly Hills, California 90211<br>Ph: (310) 432-0000<br>Fx: (310) 432-0001<br>Email: Jlavi@lelawfirm.com<br>Email: VGranberry@lelawfirm.com | **Attorney for Plaintiff Maria Claudia Obeso Cota and Alexander Solorio** |
| Sahag Majarian II, Esq.<br>Law Offices of Sahag Majarian II<br>18250 Ventura Blvd.<br>Tarzana, CA 91356<br>Ph: (818) 609-0807<br>Fx: (818) 609-0892<br>Email: sahagii@aol.com | **Co-Counsel for Plaintiff Maria Claudia Obeso Cota and Alexander Solorio** |

**X**    (BY FIRST CLASS MAIL)I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the United States Postal Service on the date noted below in the ordinary course of business, at Fresno, California.

___    (BY OVERNIGHT MAIL) I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence will be deposited with an overnight carrier on the date noted below in the ordinary course of business, in accordance with the overnight carrier's method for billing for same, and before the last scheduled pick-up time, at Fresno, California.

___    (BY ELECTRONIC TRANSMISSION) I caused the above-referenced document to be sent to the person(s) at the e-mail address(es) of the addressee(s) on the date stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electric notification address of the person making the service is christine@hatmakerlaw.com.

1    ___    (BY ELECTRONIC TRANSMISSION – by CM/ECF System) Notice of this filing will be sent by e-mail to all parties and the
            above-specified persons by operation of the Court's electronic filing CM/ECF system, which will send electronic notification of
2           such filing to all counsel/parties.

3    **EXECUTED ON December 10, 2018, at Fresno, California.**

4    ___    (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

5    _X_    (FEDERAL) I declare that I am employed in the office of a member of the State of
            this Court at whose direction the service was made.  I declare under penalty of
6           perjury under the laws of the United States of America that the foregoing is true and
            correct.
7

8                                                      _/s/ Christine Tejeda_____
                                                       CHRISTINE TEJEDA
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

*13904219*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Edwin Aiwazian (SBN 232943)<br>JUSTICE LAW CORPORATION<br>410 Arden Avenue, Suite 203<br>Glendale, California 91203 | FILED<br>ALAMEDA COUNTY<br><br>2015 JUL -7 PH 4:44<br><br>CLERK OF THE<br>BY _____<br>DEPUTY |

TELEPHONE NO.: **(818) 265-1020**   FAX NO.: **(818) 265-1021**

ATTORNEY FOR (Name): Plaintiff Thomas Beltran

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**

STREET ADDRESS: 1225 Fallon Street

MAILING ADDRESS:

CITY AND ZIP CODE: Oakland 94612

BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Beltran vs. Olam Spices and Vegetables, Inc.

15CECG02993

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RG15776976 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

**2.** This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
- a. [ ] Large number of separately represented parties
- b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c. [ ] Substantial amount of documentary evidence
- d. [ ] Large number of witnesses
- e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive

**4.** Number of causes of action (specify): 10

**5.** This case [✓] is [ ] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 7, 2015

Edwin Aiwazian
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

FAX FILING

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| Beltran vs. Olam Spices and Vegetables, Inc. | |

## CIVIL CASE COVER SHEET ADDENDUM

THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[X] Oakland, Rene C. Davidson Alameda County Courthouse  (446)   [ ] Hayward Hall of Justice  (447)
   [ ] Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | Alameda County Case Type (check only one) | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case?  [ ] yes  [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No |
| | Other Judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of Judgment (20) | [ ] | 19 | Enforcement of Judgment |
| | | [ ] | 08 | Confession of Judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)                                                                                   A-13

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a true and
correct copy of the original
on file in this office

ATTEST:     SEP 1 5

CLERK OF THE SUPERIOR COURT

By

# EXHIBIT "2"

1   Edwin Aiwazian (SBN 232943)
    **LAWYERS** *for* **JUSTICE, PC**
2   410 West Arden Avenue, Suite 203
    Glendale, California 91203
3   Tel: (818) 265-1020 / Fax: (818) 265-1021

4   *Attorneys for* Plaintiff

FILED
ALAMEDA COUNTY

2015 JUL -7  PM 4: 46

CLERK OF THE SUPERIOR
BY _____ DEPUTY

5

6

7

8       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
        **FOR THE COUNTY OF ALAMEDA**   15 CE CG 02993
                                        R G 15 77 89 78
9
                                                        Case No.:
10  THOMAS BELTRAN; individually, and on
    behalf of other members of the general public    **CLASS ACTION COMPLAINT FOR**
11  similarly situated,                              **DAMAGES**

12              Plaintiff,                           (1) Violation of California Labor Code
                                                        §§ 510 and 1198 (Unpaid
13      vs.                                              Overtime);
                                                    (2) Violation of California Labor Code
14  OLAM SPICES AND VEGETABLES, INC.,                   §§ 226.7 and 512(a) (Unpaid Meal
    an unknown business entity; and DOES 1             Period Premiums);
15  through 100, inclusive,                          (3) Violation of California Labor Code
                                                        § 226.7 (Unpaid Rest Period
16              Defendants.                              Premiums);
                                                    (4) Violation of California Labor Code
17                                                      §§ 1194, 1197, and 1197.1 (Unpaid
                                                        Minimum Wages);
18                                                  (5) Violation of California Labor Code
                                                        §§ 201 and 202 (Final Wages Not
19                                                      Timely Paid);
                                                    (6) Violation of California Labor Code
20                                                      § 204 (Wages Not Timely Paid
                                                        During Employment);
21                                                  (7) Violation of California Labor Code
                                                        § 226(a) (Non-Compliant Wage
22                                                      Statements);
                                                    (8) Violation of California Labor Code
23                                                      § 1174(d) (Failure To Keep
                                                        Requisite Payroll Records);
24                                                  (9) Violation of California Labor Code
                                                        §§ 2800 and 2802 (Unreimbursed
25                                                      Business Expenses);
                                                    (10) Violation of California Business &
26                                                       Professions Code §§ 17200, et seq.

27                                                  **DEMAND FOR JURY TRIAL**

28

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff THOMAS BELTRAN ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1.     This class action is brought pursuant to the California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The "amount in controversy" for the named Plaintiff, including claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, and/or transacts business in the State of California, County of Alameda.  The majority of the acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California.

## PARTIES

5.     Plaintiff THOMAS BELTRAN is an individual residing in the State of California.

///

///

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

6.      Defendant OLAM SPICES AND VEGETABLES, INC., at all times herein mentioned, was and is, upon information and belief, an unknown business entity, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California, including the County of Alameda.

7.      At all relevant times, Defendant OLAM SPICES AND VEGETABLES, INC. was the "employer" of Plaintiff within the meaning of all applicable California state laws and statutes.

8.      At all times herein relevant, Defendant OLAM SPICES AND VEGETABLES, INC. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

9.      The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.     Defendant OLAM SPICES AND VEGETABLES, INC. and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11.     Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said defendants employers and

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

12.    Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

13.    The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

14.    Plaintiff reserves the right to establish subclasses as appropriate.

15.    The class is ascertainable and there is a well-defined community of interest in the litigation:

    a.   <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than seventy-five (75) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    b.   <u>Typicality</u>: Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

    c.   <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has

4

1   incurred, and during the pendency of this action will continue to incur,

2   costs and attorneys' fees, that have been, are, and will be necessarily

3   expended for the prosecution of this action for the substantial benefit of

4   each class member.

5       d.    Superiority: A class action is superior to other available methods for the

6   fair and efficient adjudication of this litigation because individual joinder

7   of all class members is impractical.

8       e.    Public Policy Considerations: Certification of this lawsuit as a class

9   action will advance public policy objectives.  Employers of this great

10   state violate employment and labor laws every day.  Current employees

11   are often afraid to assert their rights out of fear of direct or indirect

12   retaliation.  However, class actions provide the class members who are

13   not named in the complaint anonymity that allows for the vindication of

14   their rights.

15   16.   There are common questions of law and fact as to the class members that

16   predominate over questions affecting only individual members.  The following common

17   questions of law or fact, among others, exist as to the members of the class:

18       a.    Whether Defendants' failure to pay wages, without abatement or

19   reduction, in accordance with the California Labor Code, was willful;

20       b.    Whether Defendants' had a corporate policy and practice of failing to

21   pay their hourly-paid or non-exempt employees within the State of

22   California for all hours worked, missed meal periods and rest breaks in

23   violation of California law;

24       c.    Whether Defendants required Plaintiff and the other class members to

25   work over eight (8) hours per day and/or over forty (40) hours per week

26   and failed to pay the legally required overtime compensation to Plaintiff

27   and the other class members;

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

5

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

d.    Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.    Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.    Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.    Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.    Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.    Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.    Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.    Whether Defendants' conduct was willful or reckless;

l.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.    Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

17.    At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California.

///

6

18.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately June 2006 to approximately March 2010 and from approximately May 2011 to approximately July 16, 2012, in the State of California.

19.    Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt, and failed to compensate them for all hours worked, missed meal periods and/or rest breaks.

20.    Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

21.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

22.    Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

23.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

24.    Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

25.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This scheme involved, *inter alia*, failing to pay them for all hours worked, missed meal periods and rest breaks in violation of California law.

26.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime, minimum wages, meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment. Plaintiff and the other class members did

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

8

1   not receive payment of all wages, including overtime and minimum wages and meal and rest

2   period premiums, within any time permissible under California Labor Code section 204.

3       33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

4   knew or should have known that Plaintiff and the other class members were entitled to receive

5   complete and accurate wage statements in accordance with California law, but, in fact, they did

6   not receive complete and accurate wage statements from Defendants.  The deficiencies

7   included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the

8   other class members.

9       34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

10  knew or should have known that Defendants had to keep complete and accurate payroll records

11  for Plaintiff and the other class members in accordance with California law, but, in fact, did

12  not keep complete and accurate payroll records.

13      35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

14  knew or should have known that Plaintiff and the other class members were entitled to

15  reimbursement for necessary business-related expenses.

16      36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

17  knew or should have known that they had a duty to compensate Plaintiff and the other class

18  members pursuant to California law, and that Defendants had the financial ability to pay such

19  compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

20  represented to Plaintiff and the other class members that they were properly denied wages, all

21  in order to increase Defendants' profits.

22      37.     At all material times set forth herein, Defendants failed to pay overtime wages

23  to Plaintiff and the other class members for all hours worked.  Plaintiff and the other class

24  members were required to work more than eight (8) hours per day and/or forty (40) hours per

25  week without overtime compensation.

26      38.     At all material times set forth herein, Defendants failed to provide the requisite

27  uninterrupted meal and rest periods to Plaintiff and the other class members.

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

39.   At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

40.   At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

41.   At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

42.   At all material times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

43.   At all material times set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

44.   At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

45.   At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

46.   California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against OLAM SPICES AND VEGETABLES, INC. and DOES 1 through 100)

47.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46, and each and every part thereof with the same force and effect as though fully set forth herein.

48.   California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

10

1    rate of pay, depending on the number of hours worked by the person on a daily or weekly

2    basis, including any incentive pay.

3           49.    Specifically, the applicable IWC Wage Order provides that Defendants are and

4    were required to pay Plaintiff and the other class members employed by Defendants, and

5    working more than eight (8) hours in a day or more than forty (4) hours in a workweek, at the

6    rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more

7    than forty (40) hours in a workweek.

8           50.    The applicable IWC Wage Order further provides that Defendants are and were

9    required to pay Plaintiff and the other class members overtime compensation at a rate of two

10   times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

11          51.    California Labor Code section 510 codifies the right to overtime compensation

12   at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

13   in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

14   of work, and to overtime compensation at twice the regular hourly rate for hours worked in

15   excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

16   of work.

17          52.    During the relevant time period, Plaintiff and the other class members worked in

18   excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

19          53.    During the relevant time period, Defendants intentionally and willfully failed to

20   pay overtime wages owed to Plaintiff and the other class members, including failing to

21   properly calculating the overtime rate.

22          54.    Defendants' failure to pay Plaintiff and the other class members the unpaid

23   balance of overtime compensation, as required by California laws, violates the provisions of

24   California Labor Code sections 510 and 1198, and is therefore unlawful.

25          55.    Pursuant to California Labor Code section 1194, Plaintiff and the other class

26   members are entitled to recover unpaid overtime compensation, as well as interest, costs, and

27   attorneys' fees.

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11

**SECOND CAUSE OF ACTION**

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against OLAM SPICES AND VEGETABLES, INC. and DOES 1 through 100)**

56.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55, and each and every part thereof with the same force and effect as though fully set forth herein.

57.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

58.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

59.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

60.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

61.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

12

1   longer than five (5) hours without an uninterrupted meal period of not less than thirty (30)

2   minutes and/or rest period.

3       62.     During the relevant time period, Plaintiff and the other class members who were

4   scheduled to work for a period of time in excess of six (6) hours were required to work for

5   periods longer than five (5) hours without an uninterrupted meal period of not less than thirty

6   (30) minutes and/or rest period.

7       63.     During the relevant time period, Defendants intentionally and willfully required

8   Plaintiff and the other class members to work during meal periods and failed to compensate

9   Plaintiff and the other class members the full meal period premium for work performed during

10  meal periods.

11      64.     During the relevant time period, Defendants failed to pay Plaintiff and the other

12  class members the full meal period premium due pursuant to California Labor Code section

13  226.7.

14      65.     Defendants' conduct violates applicable IWC Wage Order and California Labor

15  Code sections 226.7 and 512(a).

16      66.     Pursuant to applicable IWC Wage Order and California Labor Code section

17  226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one

18  additional hour of pay at the employee's regular rate of compensation for each work day that

19  the meal or rest period is not provided.

20                          **THIRD CAUSE OF ACTION**

21                  **(Violation of California Labor Code § 226.7)**

22      **(Against OLAM SPICES AND VEGETABLES, INC. and DOES 1 through 100)**

23      67.     Plaintiff incorporates by reference the allegations contained in paragraphs 1

24  through 66, and each and every part thereof with the same force and effect as though fully set

25  forth herein.

26      68.     At all times herein set forth, the applicable IWC Wage Order and California

27  Labor Code section 226.7 were applicable to Plaintiff's and the other class members'

28  employment by Defendants.

13

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

69.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

70.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

71.     During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

72.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

73.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

74.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

75.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

///

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

14

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against OLAM SPICES AND VEGETABLES, INC. and DOES 1 through 100)

76.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 75, and each and every part thereof with the same force and effect as though fully set forth herein.

77.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

78.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

79.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

80.     Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

81.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

///

///

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

15

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against OLAM SPICES AND VEGETABLES, INC. and DOES 1 through 100)**

82. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same force and effect as though fully set forth herein.

83. At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

84. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

85. Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

86. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

87. Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

16

**SIXTH CAUSE OF ACTION**

(Violation of California Labor Code § 204)

(Against OLAM SPICES AND VEGETABLES, INC. and DOES 1 through 100)

88.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 87, and each and every part thereof with the same force and effect as though fully set forth herein.

89.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

90.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

91.     At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

92.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

93.     Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

///

///

///

///

///

17

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

<div style="float:left">LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203</div>

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against OLAM SPICES AND VEGETABLES, INC. and DOES 1 through 100)

94.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 93, and each and every part thereof with the same force and effect as though fully set forth herein.

95.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

96.     Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

97.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

///

18

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

98. More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

99. Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

100. Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

**EIGHTH CAUSE OF ACTION**

**(Violation of California Labor Code § 1174(d))**

**(Against OLAM SPICES AND VEGETABLES, INC. and DOES 1 through 100)**

101. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

102. Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

103. Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

///

///

1    104.    As a result of Defendants' violation of California Labor Code section 1174(d),

2  Plaintiff and the other class members have suffered injury and damage to their statutorily-

3  protected rights.

4    105.    More specifically, Plaintiff and the other class members have been injured by

5  Defendants' intentional and willful violation of California Labor Code section 1174(d) because

6  they were denied both their legal right and protected interest, in having available, accurate and

7  complete payroll records pursuant to California Labor Code section 1174(d).

8    ## NINTH CAUSE OF ACTION

9    ### Violation of California Labor Code §§ 2800 and 2802

10    **(Against OLAM SPICES AND VEGETABLES, INC. and DOES 1 through 100)**

11    106.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

12  through 105, and each and every part thereof with the same force and effect as though fully set

13  forth herein.

14    107.    Pursuant to California Labor Code sections 2800 and 2802, an employer must

15  reimburse its employee for all necessary expenditures incurred by the employee in direct

16  consequence of the discharge of his or her job duties or in direct consequence of his or her job

17  duties or in direct consequence of his or her obedience to the directions of the employer.

18    108.    Plaintiff and the other class members incurred necessary business-related

19  expenses and costs that were not fully reimbursed by Defendants.

20    109.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the

21  other class members for all necessary business-related expenses and costs. Plaintiff and the

22  other class members are entitled to recover from Defendants their business-related expenses

23  and costs incurred during the course and scope of their employment, plus interest accrued from

24  the date on which the employee incurred the necessary expenditures at the same rate as

25  judgments in civil actions in the State of California.

26  ///

27  ///

28  ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

20

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against OLAM SPICES AND VEGETABLES, INC. and DOES 1 through 100)

110.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 109, and each and every part thereof with the same force and effect as though fully set forth herein.

111.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

112.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

113.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

114.   As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

///

21

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

115.    Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

116.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences from four years preceding the filing of this complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.      That this action be certified as a class action;

2.      That Plaintiff be appointed as the representative of the Class;

3.      That counsel for Plaintiff be appointed as Class Counsel; and

4.      That Defendants provide to Class Counsel immediately the names and most current contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

///

22

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the court may deem just and proper.

### As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premium wages pursuant to California Labor Code section 226.7(b);

14. For pre-judgment interest on any unpaid wages from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the court may deem just and proper.

### As to the Third Cause of Action

17. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

23

19.   For all actual, consequential, and incidental losses and damages, according to proof;

20.   For premium wages pursuant to California Labor Code section 226.7(b);

21.   For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.   For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

23.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24.   For general unpaid wages and such general and special damages as may be appropriate;

25.   For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26.   For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.   For liquidated damages pursuant to California Labor Code section 1194.2; and

29.   For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

30.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31.   For all actual, consequential, and incidental losses and damages, according to proof;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

24

LAWYERS for JUSTICE, PC
410 West Ardea Avenue, Suite 203
Glendale, California 91203

1    32.   For statutory wage penalties pursuant to California Labor Code section 203 for

2   Plaintiff and the other class members who have left Defendants' employ;

3    33.   For pre-judgment interest on any unpaid compensation from the date such

4   amounts were due; and

5    34.   For such other and further relief as the court may deem just and proper.

6                    **As to the Sixth Cause of Action**

7    35.   That the Court declare, adjudge and decree that Defendants violated California

8   Labor Code section 204 by willfully failing to pay all compensation owed at the time required

9   by California Labor Code section 204 to Plaintiff and the other class members;

10   36.   For all actual, consequential, and incidental losses and damages, according to

11   proof;

12   37.   For pre-judgment interest on any unpaid compensation from the date such

13   amounts were due; and

14   38.   For such other and further relief as the court may deem just and proper.

15                   **As to the Seventh Cause of Action**

16   39.   That the Court declare, adjudge and decree that Defendants violated the record

17   keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

18   as to Plaintiff and the other class members, and willfully failed to provide accurate itemized

19   wage statements thereto;

20   40.   For actual, consequential and incidental losses and damages, according to proof;

21   41.   For statutory penalties pursuant to California Labor Code section 226(e);

22   42.   For injunctive relief to ensure compliance with this section, pursuant to

23   California Labor Code section 226(g); and

24   43.   For such other and further relief as the court may deem just and proper.

25                    **As to the Eighth Cause of Action**

26   44.   That the Court declare, adjudge and decree that Defendants violated California

27   Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records

28   ///

25

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  for Plaintiff and the other class members as required by California Labor Code section

2  1174(d);

3      45.  For actual, consequential and incidental losses and damages, according to proof;

4      46.  For statutory penalties pursuant to California Labor Code section 1174.5; and

5      47.  For such other and further relief as the court may deem just and proper.

6  <div align="center">**As to the Ninth Cause of Action**</div>

7      48.  That the Court declare, adjudge and decree that Defendants violated California

8  Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class

9  members for all necessary business-related expenses as required by California Labor Code

10  sections 2800 and 2802;

11      49.  For actual, consequential and incidental losses and damages, according to proof;

12      50.  For the imposition of civil penalties and/or statutory penalties;

13      51.  For reasonable attorneys' fees and costs of suit incurred herein;

14      52.  For such other and further relief as the Court may deem just and proper.

15  <div align="center">**As to the Tenth Cause of Action**</div>

16      53.  That the Court decree, adjudge and decree that Defendants violated California

17  Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the

18  other class members all overtime compensation due to them, failing to provide all meal and

19  rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to

20  Plaintiff and the other class members, failing to pay Plaintiff's and the other class members'

21  wages timely as required by California Labor Code section 201, 202 and 204, and by violating

22  California Labor Code sections 226(a), 1174(d), 2800 and 2802.

23      54.  For restitution of unpaid wages to Plaintiff and all the other class members and

24  all pre-judgment interest from the day such amounts were due and payable;

25      55.  For the appointment of a receiver to receive, manage and distribute any and all

26  funds disgorged from Defendants and determined to have been wrongfully acquired by

27  Defendants as a result of violation of California Business and Professions Code sections

28  17200, et seq.;

26

1    56.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

2    California Code of Civil Procedure section 1021.5;

3    57.    For injunctive relief to ensure compliance with this section, pursuant to

4    California Business and Professions Code sections 17200, et seq.; and

5    58.    For such other and further relief as the court may deem just and proper.

6    Dated: July 7, 2015                              **LAWYERS** *for* **JUSTICE, PC**

7

8                                    By: _____
                                          Edwin Aiwazian
9                                         *Attorneys for* Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

27

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a true and
correct copy of the original on file in this office

ATTEST:   SEP 18 2015

CLERK OF THE SUPERIOR COURT

By _____

# EXHIBIT "3"



*13904215*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ALAMEDA COUNTY
2015 JUL -7 PM 4:44
CLERK OF THE SUPERIOR
BY _____ DEPUTY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

OLAM SPICES AND VEGETABLES, INC., an unknown business
entity; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

THOMAS BELTRAN; individually, and on behalf of other members of
the general public similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):  Superior Court of State of California<br><br>County of Alameda, Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, California 94612 | CASE NUMBER:<br>(Número del Caso):<br><br>15 CE CG 02993<br>RG15776976 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Edwin Aiwazian, 410 Arden Ave., Ste. 203, Glendale, CA 91203; Telephone No. (818) 265-1020

| DATE:<br>(Fecha)  JUL -7 2015 | Clerk, by<br>(Secretario)  Leah K. Wilson | , Deputy<br>(Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

CM-110

| PLAINTIFF/PETITIONER: NATIONWIDE INSURANCE COMPANY OF AMERICA<br>DEFENDANT/RESPONDENT: JOSE ALBERTO MARTINEZ, ET AL. | CASE NUMBER:<br>RG15761271 |
|---|---|

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

|  | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☒ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☒ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☒ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011] **CASE MANAGEMENT STATEMENT** Page 3 of 6

CM-110

| PLAINTIFF/PETITIONER: NATIONWIDE INSURANCE COMPANY OF AMERICA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: JOSE ALBERTO MARTINEZ, ET AL. | RG15761271 |

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☒ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
     ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: NATIONWIDE INSURANCE COMPANY OF AMERICA DEFENDANT/RESPONDENT: JOSE ALBERTO MARTINEZ, ET AL. | CASE NUMBER: RG15761271 |
|---|---|

**17. Economic litigation**

   a. [X] This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. [ ] This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**18. Other issues**

   [X] The party or parties request that the following additional matters be considered or determined at the case management conference (specify): Plaintiff requests the court to continue the CMC date for 60-90 days to allow time for plaintiff to determine if an Application for Publication on defendant Martinez is need to affect service and for plaintiff to prepare and submit the Application and Order for Publication

**19. Meet and confer**

   a. [ ] The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**20. Total number of pages attached (if any):** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 7/7/2015

for  Michael Deal
_____
        (TYPE OR PRINT NAME)

▶ _____
      (SIGNATURE OF PARTY OR ATTORNEY)

_____
        (TYPE OR PRINT NAME)

▶ _____
      (SIGNATURE OF PARTY OR ATTORNEY)

[ ] Additional signatures are attached.

# EXHIBIT "4"

Lawyers for Justice, PC
Attn: Alwazian, Edwin
410 West Arden Avenue
Suite 203
Glendale, CA   91203

Olam Spices and Vegetables, Inc.

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Beltran

Plaintiff/Petitioner(s)

vs.

Olam Spices and Vegetables, Inc.

Defendant/Respondent(s)
(Abbreviated Title)

15 CE CG 02993
No. RG15776976

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 08/17/2015    TIME: 02:30 PM    DEPARTMENT: 17
LOCATION:  Administration Building, Third Floor
           1221 Oak Street, Oakland

Case Management Conference:
DATE: 09/17/2015    TIME: 02:30 PM    DEPARTMENT: 17
LOCATION:  Administration Building, Third Floor
           1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 17 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6933.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 17.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 17.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 17 by e-mail at Dept.17@alameda.courts.ca.gov or by phone at (510) 267-6933.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 07/15/2015       Leah T. Wilson  Executive Officer / Clerk of the Superior Court

                                 By    _____
                                                                      Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/16/2015.

                                 By    _____
                                                                      Deputy Clerk



SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a true and
correct copy of the original
on file in this office

ATTEST: SEP 15

CLERK OF THE SUPERIOR COURT

By _____

# EXHIBIT "5"

*13903272*

FILED
ALAMEDA COUNTY

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Edwin Aiwazian (SBN 232943)<br>LAWYERS for JUSTICE<br>410 Arden Avenue, Suite 203<br>Glendale, California 91203 | 2015 JUL 27 PM 4: 35<br>CLERK OF THE SUPERIOR<br>BY _____ DEPUTY |

TELEPHONE NO.:(818) 265-1020      FAX NO. *(Optional)*:(818) 265-1021
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS:1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE:Oakland, CA 94612
BRANCH NAME:Rene C. Davidson Courthouse
PETITIONER/PLAINTIFF:Thomas Beltran

RESPONDENT/DEFENDANT:Olam Spices and Vegetables, Inc.

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:CE CG 0 2 9 9 3<br>RG15776976 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   410 Arden Avenue, Suite 203, Glendale, California 91203

3. On *(date)*:Jul 22, 2015      I mailed from *(city and state)*: Glendale, California
   the following documents *(specify)*:
   Notice of Hearing

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one)*:
   a. ☐ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☑ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. Name of person served:Olam Spices and Vegetables, Inc.
   b. Address of person served:
      205 East River Park Place
      Suite 310
      Fresno, CA 93720

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 22, 2015

Rebekkah Friesen
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)                    ▶ _____ (SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL<br>(Proof of Service) | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov |
|---|---|---|

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a true and
correct copy of the original
on file in this office

ATTEST: SEP 15 201

CLERK OF THE SUPERIOR COURT

By _____ Deputy

# EXHIBIT "6"

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Edwin Aiwazian | SBN: 232943
LAWYERS for JUSTICE, PC
410 Arden Ave Ste 203   Glendale, CA 91203

TELEPHONE NO.: (818) 265-1020 | FAX NO (818) 265-1021 | E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff

County of Alameda, Rene C. Davidson Courthouse
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: THOMAS BELTRAN

DEFENDANT/RESPONDENT: OLAM SPICES AND VEGETABLES, INC.

**PROOF OF SERVICE OF SUMMONS**

*FOR COURT USE ONLY*
*13678536*

**FILED**
ALAMEDA COUNTY
AUG – 5 2015

CASE NUMBER: RG15776976
12 CE CG 02993

Ref. No. or File No.: 13540/OLAM

FAX FILING

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* Civil Case Cover Sheet
3. a. Party served *(specify name of party as shown on documents served):*
   **OLAM SPICES AND VEGETABLES, INC., AN UNKNOWN BUSINESS ENTITY**

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: **205 E RIVER PARK CIRCLE FRESNO, CA 93720**
5. I served the party *(check proper box)*
   a. ☐ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*   (2) at *(time):*
   b. ☑ by substituted service. On *(date):* 7/13/2015 at *(time):* 1:55 PM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
   **KAILEE WOODS - HUMAN RESOURCE SPECIALIST**
   Age: 30    Weight: 125LBS    Hair: BLACK    Sex: Female
   Height: 5'6"    Eyes: BLUE    Race: WHITE

   (1) ☑ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*   or ☑ a declaration of mailing is attached.
   (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev January 1, 2007]
**PROOF OF SERVICE OF SUMMONS**
Code of Civil Procedure, § 417.10
POS010-1/6144886

| PLAINTIFF/PETITIONER: THOMAS BELTRAN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: OLAM SPICES AND VEGETABLES, INC. | RG15776976 |

c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                       (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ by other means *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify)*:

c. ☐ as occupant.

d. ☑ On behalf of *(specify)*: OLAM SPICES AND VEGETABLES, INC., AN UNKNOWN BUSINESS ENTITY
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)           ☑ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                          ☐ other:

7. Person who served papers
    a. Name: Herbie Thornton - ProLegal Reg#: 2013036880
    b. Address: 1706 South Figueroa Street Los Angeles, CA 90015
    c. Telephone number: (888) 722-8878
    d. The fee for service was: $ 143.76
    e. I am:
        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☑ registered California process server:
           (i) ☐ owner      ☐ employee      ☐ independent contractor.
           (ii) Registration No.: S201110000035
           (iii) County: Fresno

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 7/17/2015

ProLegal Reg#: 2013036880
1706 South Figueroa Street
Los Angeles, CA 90015
(888) 722-8878
http://www.prolegalnetwork.com

 

Herbie Thornton
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                (SIGNATURE)

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| Edwin Aiwazian, SBN: 232943<br>LAWYERS for JUSTICE, PC<br>410 Arden Ave Ste 203<br>Glendale, CA 91203<br>TELEPHONE No.: (818) 265-1020   FAX No. (Optional): (818) 265-1021   E-MAIL ADDRESS (Optional):<br>Attorney for: Plaintiff | | |

Ref. No. or File No.: **13840/OLAM**

Insert name of Court, and Judicial District and Branch Court:
County of Alameda, Rene C. Davidson Courthouse -

Plaintiff: THOMAS BELTRAN

Defendant: OLAM SPICES AND VEGETABLES, INC.

| PROOF OF SERVICE<br>BY MAIL | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>RG15778976 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occured.

2. I served copies of the Summons; Complaint; Civil Case Cover Sheet;

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as follows:

    a. Date of Mailing:              July 16, 2015
    b. Place of Mailing:           Los Angeles, CA
    c. Addressed as follows:     OLAM SPICES AND VEGETABLES, INC., AN UNKNOWN BUSINESS ENTITY
                                    205 E RIVER PARK CIRCLE
                                    FRESNO, CA 93720

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of  business.

Fee for Service: $  143.78
    ProLegal Reg#: 2013036880
    1706 South Figueroa Street
    Los Angeles, CA 90015
    (888) 722-6875
    Ref: 13840/OLAM

I declare under penalty of perjury under the laws of the
The State of California that the foregoing information
contained in the return of service and statement of
service fees is true and correct and that this declaration
was executed on  July 17, 2015.

Signature: _____
                      Glenn Grainger

Order#: 5144886/mailpro

## PROOF OF SERVICE

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 410 West Arden Avenue, Suite 203, Glendale, California 91203.

On August 4, 2015, I served the foregoing document(s) described as: **PROOF OF SERVICE OF SUMMONS** on interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

Olam Spices and Vegetables, Inc.
205 East River Park Circle
Fresno, California 93720

*Agent for Service of Process for* Defendant

[X]   **BY U.S. MAIL**
As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. Postal Service on that day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[X]   **STATE**
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 4, 2015, at Glendale, California.

_____
Rebecca Bock

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a true and
correct copy of the original
on file in this office

ATTEST: SEP 15 2015
CLERK OF THE SUPERIOR COURT

By

# EXHIBIT "7"

AUG. 12. 2015  2:59PM    CAPITAL MGMT CORP                    NO. 992    P. 2

1 | SUSAN K. HATMAKER 172543
  | AIMEE E. RAINWATER 222941
2 | BRADLEY J. LEVANG 226922
  | HATMAKER LAW GROUP
3 | 7522 N. Colonial Avenue, Suite 105
  | Fresno, California 93711
4 | Telephone: (559) 374-0077
  | Facsimile:  (559) 374-0078
5 |
  | ROBERT K. CARROL 81277
6 | LYNN R. FIORENTINO 226691
  | ARENT FOX, LLP
7 | 55 2nd Street, 21st Floor
  | San Francisco, CA 94105
8 | Telephone: (415) 757-5500
  | Facsimile: (415) 757-5501
9 |
  | Attorneys for Defendant:
10 | OLAM WEST COAST, INC., erroneously sued as
   | OLAM SPICES AND VEGETABLES, INC.
11 |

**FILED BY FAX**
ALAMEDA COUNTY
August 12, 2015
CLERK OF
THE SUPERIOR COURT
By Burt Moskalra, Deputy
CASE NUMBER:
RG15776976

12 |                    SUPERIOR COURT OF CALIFORNIA

13 |                         COUNTY OF ALAMEDA

14 |                      * * *    15 CE CG 02993

15 | THOMAS BELTRAN, individually, and on     )   Case No. RG15776976
   | behalf of other members of the general public  )
16 | similarly situated,                       )   **DEFENDANT'S NOTICE AND MOTION**
   |                                           )   **TO TRANSFER VENUE AND REQUEST**
17 |              Plaintiff,                   )   **FOR REASONABLE EXPENSES AND**
   |                                           )   **ATTORNEYS' FEES**
18 | vs.                                       )
   |                                           )   Reservation No: R-1648937
19 | OLAM SPICES AND VEGETABLES, INC.,         )
20 | an unknown business entity; and DOES 1     )   Date:   September 9, 2015
   | through 100, inclusive,                   )   Time:   2:30 p.m.
21 |                                           )   Dept:   Dept. 17
   |              Defendants.                  )
22 |                                           )   Complaint Filed:  July 7, 2015
   |                                           )   Trial Date:   None Set
23 |                                           )
   |                                               *FILED VIA FACSIMILE*
24 |
25 |
26 |
27 |
28 |

Hatmaker Law Group
7522 N. Colonial Ave,
Suite 105
Fresno, CA 93711

## NOTICE OF MOTION

TO PLAINTIFF THOMAS BELTRAN AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 9, 2015 at 2:30 p.m., or as soon thereafter as this matter may be heard, in Department 17 of the above-captioned Court, Defendant Olam West Coast, Inc., erroneously sued herein as Olam Spices and Vegetables, Inc., (hereinafter referred to as "Defendant") will and hereby does move this Court to transfer venue from the Superior Court of Alameda County to the Superior Court of Fresno County and seek reasonable expenses and attorneys' fees, in the amount of $12,597.00, against Plaintiff's counsel, Lawyers for Justice, on the grounds that transfer of this matter to Fresno County is proper under California Code of Civil Procedure §§ 396b and 397(a).

Defendant's motion is based on this Notice and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Chuck Davis and Bradley J. Levang, and all the pleadings, papers, and records on file herein, as well as any argument properly presented at or before the time of the hearing.

DATED: August 12, 2015                    HATMAKER LAW GROUP


By: _____
    SUSAN K. HATMAKER
    Attorney for Defendant
    OLAM WEST COAST, INC., erroneously
    sued as OLAM SPICES AND
    VEGETABLES, INC.

Hatmaker Law Group
7522 N. Colonial Ave.
Suite 105
Fresno, CA 93711

DEFENDANT'S NOTICE AND MOTION TO TRANSFER VENUE AND
REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES

## PROOF OF SERVICE

1

My business address is 7522 N. Colonial Avenue, Suite 105, Fresno, California
93711. I am employed in Fresno County, California. I am over the age of 18 years and am not
a party to this case.

On the date indicated below, I served the foregoing document described as

**DEFENDANT'S NOTICE AND MOTION TO TRANSFER VENUE AND REQUEST
FOR REASONABLE EXPENSES AND ATTORNEYS' FEES**

on all interested parties in this action by placing a true copy thereof enclosed in sealed
envelopes addressed as follows:

Edwin Aiwazian, Esq.                          **Attorney for Plaintiff Thomas Beltran**
Lawyers for Justice
410 W. Arden Avenue, Suite 203
Glendale, California 91203
Ph: (800) 265-0690 or (818) 265-1020
Fax: (818) 265-1021
Email: Edwin@lfjpc.com

Robert K. Carrol, Esq.                        **Co-Counsel for Defendant Olam West Coast,**
Lynn R. Fiorentino, Esq.                      **Inc., erroneously sued as Olam Spices and**
Arent Fox LLP – Attorneys at Law              **Vegetables, Inc.**
55 2nd Street, 21st Floor
San Francisco, CA 94105
Ph: (415) 757-5500
Fx: (415) 757-5501
Email: robert.carrol@arentfox.com
Email: lyn.fiorentino@arentfox.com

__X__   (BY FIRST CLASS MAIL) I am readily familiar with the business' practice for
collection and processing of correspondence for mailing, and that correspondence,
with postage thereon fully prepaid, will be deposited with the United States Postal
Service on the date noted below in the ordinary course of business, at Fresno,
California.

_____   (BY PERSONAL SERVICE) I caused such envelopes to be delivered by hand to the office(s) of the addressee(s) listed above.

_____   (BY OVERNIGHT MAIL) I am readily familiar with the business' practice for collection and processing of correspondence for
mailing, and that correspondence will be deposited with an overnight carrier on the date noted below in the ordinary course of
business, in accordance with the overnight carrier's method for billing for same, and before the last scheduled pick-up time, at
Fresno, California.

**EXECUTED ON August 12, 2015, at Fresno, California.**

__X__   (STATE)   I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

CHRISTINE TEJEDA

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a true and
correct copy of the original
on file in this office

ATTEST:   SEP 1

CLERK OF THE SUPERIOR COURT

By

# EXHIBIT "8"

AUG. 12. 2015  3:00PM    CAPITAL MGMT CORP                                    NO. 992    P. 5

1 | SUSAN K. HATMAKER 172543
    BRADLEY J. LEVANG 226922
2 | HATMAKER LAW GROUP
    7522 N. Colonial Avenue, Suite 105
3 | Fresno, California 93711
    Telephone: (559) 374-0077
4 | Facsimile:  (559) 374-0078

5 | ROBERT K. CARROL 81277
    LYNN R. FIORENTINO 226691
6 | ARENT FOX, LLP
    55 2nd Street, 21st Floor
7 | San Francisco, CA 94105
    Telephone: (415) 757-5500
8 | Facsimile: (415) 757-5501

9 | Attorneys for Defendant:
    OLAM WEST COAST, INC., erroneously sued as
10 | OLAM SPICES AND VEGETABLES, INC.

**FILED BY FAX**
ALAMEDA COUNTY
August 12, 2015
CLERK OF
THE SUPERIOR COURT
By Burt Moskalra, Deputy
CASE NUMBER:
**RG15776976**

11 | **SUPERIOR COURT OF CALIFORNIA**

12 | **COUNTY OF ALAMEDA**

13 | * * *

14 | THOMAS BELTRAN, individually, and on
    behalf of other members of the general public
15 | similarly situated,

16 |              Plaintiff,

17 | vs.

18 |
    OLAM SPICES AND VEGETABLES, INC.,
19 | an unknown business entity; and DOES 1
    through 100, inclusive,
20 |
21 |              Defendants.
22 |
23 |
24 |

Case No. RG15776976

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO
TRANSFER VENUE AND REQUEST
FOR REASONABLE EXPENSES AND
ATTORNEYS' FEES**

Reservation No: R-1648937

Date:   September 9, 2015
Time:   2:30 p.m.
Dept:   Dept. 17

Complaint Filed:   July 7, 2015
Trial Date:        None Set

*FILED VIA FACSIMILE*

25 |
26 |
Hatmaker Law Group
7522 N. Colonial Ave.
Suite 105
Fresno, CA 93711  27 |
28 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE
AND REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES

## I.     INTRODUCTION

Simply put, Plaintiff Thomas Beltran (hereinafter "Beltran" or "Plaintiff") has filed his Complaint in the wrong court.  Defendant Olam West Coast, Inc., erroneously sued herein as "Olam Spices and Vegetables, Inc." (hereinafter "Olam" or "Defendant"), has its principal place of business in Fresno County and was Plaintiff's former employer.  Defendant's principal place of business is in Fresno County, and Plaintiff neither resides nor has any claims that have any connection whatsoever to Alameda County.  Therefore, Olam respectfully urges this Court to transfer this employment-related class-action case to the proper venue in Fresno County.

## II.    BACKGROUND

On July 7, 2015, Beltran filed a class action complaint ("Complaint") against Olam in Alameda County.  The Complaint alleges ten causes of action: 1) Unpaid Overtime, 2) Unpaid Meal Period Premiums, 3) Unpaid Rest Period Premiums, 4) Unpaid Minimum Wage, 5) Final Wages Not Timely Paid, 6) Wages not Timely Paid During Employment, 7) Non-Compliant Wage Statements, 8) Failure to Keep Requisite Payroll Records, 9) Unreimbursed Business Expenses, and 10) Unfair Business Practices.  Further, the present Complaint only alleges employment law-related violations and does not involve any causes of action involving real property.

The Complaint alleges that venue is proper in Alameda County because, "upon information and belief, Defendant maintains offices, has agents, and/or transacts business in the State of California, County of Alameda.  The majority of the acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California." (Complaint, ¶ 3)  The Complaint also alleges that "upon information and belief" that Olam is an employer "whose employees are engaged throughout the State of California, including the county of Alameda." (Complaint, ¶ 6)  However, the Complaint contains no factual allegations of any offices, plants, or employees of Defendant working in Alameda County nor does it state that Plaintiff has any connections with Alameda County, including residing there.

The Complaint alleges "upon information and belief" that "Olam Spices and Vegetables, Inc." was "at all times herein mentioned, an 'employer' of Plaintiff within the meaning of all

Hatmaker Law Group
7822 N. Colonial Ave.
Suite 105
Fresno, CA 93711

1

1 | applicable California state laws and statutes." (Complaint, ¶ 7)  While the Complaint alleges that
2 | Plaintiff was employed by Defendant "in the State of California," the Complaint makes no
3 | factual allegation that Plaintiff worked, or ever did any work, for Defendant in Alameda County.

4 |     Further, the Complaint erroneously names, "Olam Spices and Vegetables, Inc." as the
5 | sole named Defendant; however, "Olam Spices and Vegetable Ingredients, Inc." is the fictitious
6 | business name for Olam West Coast, Inc. (See Fictitious Business Name Statement attached as
7 | Exhibit B to the Declaration of Chuck Davis, ¶ 5 ("Davis Decl.")  Olam West Coast, Inc. is a
8 | Delaware corporation with its principal place of business located at 205 E. River Park Circle,
9 | Suite 310, Fresno, California 93720, in Fresno County. (See California Statement and
10 | Designation by Foreign Corporation attached as Exhibit A to Davis Decl., ¶ 4)

11 |     Despite Plaintiff's allegations based "on information and belief," in point of fact, Olam
12 | has no offices or plants in Alameda County. (Davis Decl., ¶¶ 7, 8)  Beltran never worked in, or
13 | performed any work for, Olam in Alameda County. (Davis Decl., ¶¶ 10, 11)  Further, Olam does
14 | not have any employees working in Alameda County. (Davis Decl., ¶¶ 7, 8)

15 |     During the time alleged in the Complaint, the sole named Plaintiff, Thomas Beltran,
16 | worked in Olam's plant located in Gilroy, California, which is not in Alameda County
17 | (hereinafter "Gilroy Plant").  During the same time period, not only is Olam's main offices in
18 | Fresno County, but Olam also has many plants located in the Central Valley. (Davis Decl., ¶ 16)

19 | **III.    LAW AND ARGUMENT**

20 |     **A.    Law Regarding Motion to Change Venue**

21 |     In California, the court designated in the original complaint is presumed to be a proper
22 | court for trial. (*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921.)  With respect to
23 | class actions, a plaintiff must establish "the eligibility to sue in his own right," which includes
24 | proper venue, rather than relying on hypothetical class members to meet those requirements.
25 | (*Petherbridge v. Altadena Fed. Sav. & Loan Assn.* (1974) 37 Cal.App.3d 193, 201; *GM Corp. v.*
26 | *Superior Court* (1983) 141 Cal.App.3d 966, 968)  "On timely motion, the court *must* order a
27 | transfer of an action 'when the court designated in the complaint is *not the proper court*.' [CCP
28 | §§ 396b, 397(a) (emphasis added)]" (D. Venue, Cal. Prac. Guide Civ. Pro. Before Trial Ch. 3-D,

Hatmaker Law Group
7822 N. Colonial Ave.
Suite 108
Fresno, CA 93711

1  3:550)  Consequently, the moving party has the burden of establishing the facts necessary to

2  justify a change of venue. (*Massae v. Superior Court* (1981) 118 Cal.App.3d 527; *J.C. Millett*

3  *Co. v. Latchford-Marble Glass Co.* (1956) 144 Cal.App.2d 838.)  The moving party must show

4  that: (1) venue as laid is improper on any applicable theory; and (2) the transferee county

5  designated in the motion is a proper county for trial. (*see La Mirada Community Hospital v.*

6  *Superior Court* (1967) 249 Cal.App.2d 39, 42; *Anaheim Extrusion Co. v. Superior Court* (1985)

7  170 Cal.App.3d 1201, 1203.)

8       Venue rules generally depend on whether the action is classified as "local" or

9  "transitory."   Local actions relate to rights in real property, whereas transitory actions seek

10  personal relief.  (*Brown v. Sup.Ct.* (C.C. Myers, Inc.) (1984) 37 Cal.3d 477, 482)  "Except as

11  otherwise provided by law and subject to the power of the court to transfer ... the county where

12  the defendants or some of them reside at the commencement of the action is the proper court for

13  the trial of the action." (*see Brown v. Sup.Ct. (C.C. Myers, Inc.)* (1984) 37 Cal.3d 477, 483)

14       With respect to transitory actions, such as the present action, venue is proper in the

15  county where defendant or some of them reside. (Civ. Proc. Code § 395(a))  Indeed, actions

16  against corporations are triable either in the county where 1) It has its principal place of business,

17  2) Where the contract was made or to be performed; or 3) where the obligation or liability arose

18  or the breach occurred. (Civ. Proc. Code § 395.5)  "A corporation is bound for venue purposes

19  by its designation of its "principal place of business" in corporate documents filed with the

20  Secretary of State....The corporation cannot claim its principal office is actually somewhere

21  else." (*Rosas v. Sup.Ct. (Mercury Cas. Co.)* (1994) 25 Cal.App.4th 671, 677)

22            "If plaintiff sues in a county other than one of the above, the
23       defendant corporation may move to change venue to its *residence*
         (principal place of business). But it *cannot* have venue changed to some
24       other county in which plaintiff could have brought the action initially:
         '(T)he provision allowing suit against a corporation in certain counties
25       other than that of its residence is for the benefit of the plaintiff and does
         not give the defendant corporation the same rights.' [Beutke v. American
26       Securities Co. (1955) 132 Cal.App.2d 354, 361, 282 Pac.2d 201, 206]"

27  (D. Venue, Cal. Prac. Guide Civ. Pro. Before Trial Ch. 3-D, 3:523.5)

28  ///

Hatmaker Law Group
7622 N. Colonial Ave.
Suite 105
Fresno, CA 93711

1    "If a foreign corporation has "qualified" to do business in California, it will have filed a

2  statement designating the county in which it maintains its principal local office.  In such event,

3  the foreign corporation can be sued only in a county in which venue would be proper in an action

4  against a California corporation, under CCP § 395.5, above." (D. Venue, Cal. Prac. Guide Civ.

5  Pro. Before Trial Ch. 3-D, 3:524 (citation omitted)

6        When the Court has ruled on a motion to change venue on the ground that the court in

7  which the action was filed is not the proper court, it may award to the prevailing party reasonable

8  expenses and attorneys' fees incurred in making or resisting the motion. (Civ. Proc. Code §

9  396b.)  The awarded fees and costs are the personal liability of the lodging party's attorney. (*Id.*)

10  **B.**      **Plaintiff has Failed to Allege that Alameda County is the Proper Venue.**

11        As mentioned above, Plaintiff alleges the improper venue for this case.  Plaintiff attempts

12  to allege venue in Alameda County based on only two allegations in the Complaint, both of

13  which are based on "information and belief."  The first reference alleges that venue is proper in

14  Alameda County because:

15        "upon information and belief, Defendant maintains offices, has agents, and/or
        transacts business in the State of California County of Alameda.  The majority of
16        the acts and omissions alleged herein relating to Plaintiff and the other class
17        members took place in the State of California." (Complaint, ¶ 3)

18  The second reference alleges that Defendant "upon information and belief, [is] an unknown

19  business entity, and at all times herein mentioned, an employer whose employees are engaged

20  throughout the State of California, including the County of Alameda" (Complaint, ¶ 6)

21  Interestingly, and tellingly, Beltran only makes a general allegation that he worked in California,

22  but makes no factual allegations whatsoever about working or even residing in Alameda County.

23              1.      Plaintiff Had Direct Knowledge of Olam's Headquarters in Fresno
24                      County, Yet Filed in Alameda County Based on "Information and Belief."

25        Allegations that concern matters that are only within a defendant's knowledge may be

26  based on information and belief. However, a plaintiff may not allege in this manner facts

27  presumably within his or her knowledge, for example, facts that are a matter of public record

28  ///

Hatmaker Law Group
7522 N. Colonial Ave.
Suite 108
Fresno, CA 93711

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE
AND REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES

1  (*Seamen's Bank v. Superior Court* (1987) 190 Cal.App.3d 1485, 1495; *Ramsey v. City of Lake*
2  *Elsinore* (1990) 220 Cal.App.3d 1530, 1541).

3        Prior to commencing this lawsuit Beltran and his attorneys addressed correspondence to
4  Olam at its Fresno, California headquarters; and were even provided documents from Olam
5  indicating where Beltran worked and lived – which was not in Alameda County. (Davis Decl., ¶¶
6  7, 8, 14, 15)  In particular, Plaintiff's attorney sent correspondence, dated May 26, 2015, to
7  Olam, and addressed it to Olam's principal place of business in Fresno County requesting
8  records relating to former employee Beltran. (Davis Decl., ¶ 13.)  This correspondence was sent
9  almost six (6) weeks prior to the filing of the instant Complaint in Alameda County.  The fact
10  that Plaintiff's attorneys had direct knowledge of Olam's corporate residence in Fresno County,
11  but instead chose to bring this action in Alameda County based only on "information and belief"
12  creates a strong inference that Plaintiff is merely engaged in impermissible forum shopping.

13        Further, Plaintiff could have reviewed multiple free and online public record resources
14  such as the Secretary of State's corporations database or Alameda County's fictitious business
15  name database to identify the proper name and location of Defendant.  Both of these resources
16  would have clearly informed Plaintiff and his counsel that Olam West Coast, Inc.'s principal
17  place of business is in Fresno, California and that there is no fictitious business name related to
18  Olam in Alameda County.  Not only that, but Beltran's paychecks identify Olam West Coast,
19  205 E. River Park Circle, Suite 310, Fresno, California as the payor. (Davis Decl. ¶ 12.)  Plaintiff
20  had direct knowledge that Defendant Olam's principal place of business was and still is in
21  Fresno County, but instead chose to file the instant case in Alameda County, a county where
22  Olam does not have its principal place of business, nor any offices, plants, or employees, nor
23  does Plaintiff have any connection to Alameda County, residential or otherwise. (Davis Decl. ¶¶
24  7, 8.)

25                2.      Plaintiff has Chosen an Improper Test for Determining Venue.

26        In general, California's venue statute defines the "proper court" for venue as "the
27  superior court in the county where the defendants or some of them reside at the commencement
28  of the action." (Civ. Proc. Code § 395(a)).  Alleging that a defendant "maintains offices, has

Hatmaker Law Group
7822 N. Colonial Ave.
Suite 105
Fresno, CA 93711

5
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE
AND REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES

1  agents, and/or transacts business" in a county, as Plaintiff has done, is manifestly not the proper
2  standard for venue.

3      Again, it is telling, and indicative of impermissible forum shopping, that Plaintiff's
4  attorney, who previously sent correspondence to Olam's principal place of business in Fresno
5  County, and Plaintiff, who spent years working for Olam in Gilroy, chose not to specifically
6  allege venue based on residence, or any theory of liability arising from a contract; but rather,
7  used a generic statement "on information and belief" that Olam has offices, agents, and transacts
8  business in Alameda.  Plaintiff has not even alleged that he had any dealings with Olam in
9  Alameda County nor that he ever resided there.  Not only does this allegation fail to satisfy the
10  clear requirements of Code of Civil Procedure section 395(a), but it is also factually untrue
11  because Olam does not have any offices, plants, or employees in Alameda County.

12      C.    The Proper Venue for this Case is Fresno County, not Alameda County.

13      For purposes of venue, the above-captioned case is considered a transitory action, not
14  local, because it seeks personal relief and does not relate to rights in real property.  If a foreign
15  corporation qualifies to do business in California, by filing a statement designating its principal
16  local office, then venue against that foreign corporation, is proper in any county which would be
17  proper in an action against a California corporation.  In other words, venue is appropriate in the
18  following locations: 1) Where the corporate defendant has its principal place of business, 2)
19  Where the contract was made or to be performed; or 3) Where the obligation or liability arose or
20  the breach occurred. (Civ. Proc. Code § 395.5.)

21      The Complaint only names a single Defendant erroneously named "Olam Spices and
22  Vegetables, Inc."  However, as discussed above, the actual Defendant is Olam West Coast, Inc.
23  "Olam Spices and Vegetable Ingredients, Inc." is a fictitious business name of Olam West Coast,
24  Inc. (See Fictitious Business Name Statement attached as Exhibit B to Davis Decl., ¶ 5)  Olam
25  West Coast, Inc. is a Delaware corporation with its principal place of business in Fresno,
26  California. (See Statement and Designation by Foreign Corporation attached as Exhibit A to

Hatmaker Law Group
7622 N. Colonial Ave.
Suite 105
Fresno, CA 93711

27  Davis Decl., ¶ 4)  Olam's principal place of business is located at 205 E. River Park Circle, Suite
28  310, Fresno, California. (Davis Decl., ¶¶ 3, 4).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE
AND REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES

1   It is crystal clear, therefore, the proper venue for this case is Fresno County, not Alameda

2   County. Olam West Coast, Inc. is a Delaware Corporation, which has filed a statement with

3   California identifying its principal place of business in Fresno, California. (See Statement and

4   Designation by Foreign Corporation attached as Exhibit A to Davis Decl., ¶ 4). As a foreign

5   corporation, Olam has filed the necessary documentation with the state identifying its principal

6   place of business in Fresno County. Therefore, the proper venue for cases against Olam West

7   Coast, Inc. dba Olam Spices and Vegetable Ingredients, Inc. is Fresno County, where it has its

8   principal place of business (pursuant to the same venue requirement under Code of Civil

9   Procedure section 395.5 that applies to domestic California corporations). Since Olam's

10  principal place of business is in Fresno, not Alameda, County the Court is respectfully urged,

11  upon this motion, to find and conclude that the proper venue for this case is Fresno County.

12  **D.    There are No Other Grounds on Which Alameda County would be a Proper**

13  **Venue for this Action.**

14  In these circumstances, Defendant has convincingly demonstrated that Plaintiff has failed

15  to allege the proper venue for this case and that, upon this motion, proper venue is Fresno

16  County. Indeed, there are no other possible grounds on which Alameda County could be a

17  proper venue for this case. As previously discussed, venue is appropriate: 1) Where the

18  corporation has its principal place of business, 2) Where the contract was made or to be

19  performed; or 3) where the obligation or liability arose or the breach occurred. (Civ. Proc. Code

20  § 395.5) As already discussed, based on Olam's principal place of business, venue is appropriate

21  in Fresno County, not Alameda County. Since Olam is the only named Defendant in the case,

22  there are no other defendants whose status or location would give rise to venue in Alameda

23  County. Based on the statute, the only other remaining two possibilities to consider regarding

24  proper venue are: 1) where the contract was made or to be performed; or 2) where the obligation

25  or liability arose or the breach occurred. For purposes of this analysis, the second and third

26  options will be considered together since, in this employment-related instance, they lead to the

27  same outcome.

28  ///

Hatmaker Law Group
7622 N. Colonial Ave.
Suite 109
Fresno, CA 93711

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE
AND REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES

1    First and foremost, Olam does not operate any plants or maintain any offices in Alameda

2    County. (Davis Decl. ¶¶ 7, 8.)  The Gilroy Plant where Beltran worked is not located in Alameda

3    County.  While Beltran worked for Olam, he neither worked in nor lived in Alameda County.

4    (Davis Decl., ¶ 11)  Further, Olam has employees in Fresno County and other plants located

5    throughout the state, and primarily the Central Valley, but none in Alameda County. (Davis

6    Decl. ¶¶ 7, 8, 14.)  Therefore, even if Plaintiff attempts to argue that 1) the employer/employee

7    relationship between Olam and Beltran and other employees constitutes a contract made or to be

8    performed or 2) allegations that employment-related violations constitute an obligation, liability

9    or breach for venue purposes, Alameda County is still an utterly improper venue.  This is, of

10   course, because named Plaintiff Beltran cannot establish any contract or breach of obligations

11   occurring in Alameda County, because there are none; and he also cannot rely on hypothetical

12   class members to establish the same.  After all, Olam has no plants, no offices, no employees,

13   and no headquarters in Alameda County and therefore, there are no actors or actions in the

14   County that could give rise to an alleged contract or an alleged obligation, liability or breach of

15   any obligation between Olam and its employee(s) in Alameda County. (Davis Decl. ¶¶ 7,8.)

16   This is further evidenced by Plaintiff having not alleged specifically that any such events or

17   obligations arose in Alameda County; but rather more generally alleged that "The majority of the

18   acts and omissions alleged herein relating to Plaintiff and the other class members took place in

19   *the State of California*." (Complaint, pg. 2, ¶ 4, ll. 21-22 (emphasis added))  For these further

20   reasons, the Court is respectfully urged to find and conclude that, upon this motion, the proper

21   venue for this case is Fresno County.

22   **E.    The Court Should Award Olam its Reasonable Expenses and Attorneys'**

23   **Fees.**

24   Finally, pursuant to Code of Civil Procedure section 396b, subdivision (b), this Court is

25   authorized to order Plaintiff's attorneys personally liable for the payment of reasonable expenses

26   and attorneys' fees incurred by Defendant in making this motion to transfer venue.  In

27   determining the award, Code of Civil Procedures 396b, subdivision (b) states that the court shall

28   take into consideration, "(1) whether an offer to stipulate to change of venue was reasonably

Hatmaker Law Group
7822 N. Colonial Ave.
Suite 105
Fresno, CA 93711

_____
8
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE
AND REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES

1 | made and rejected, and (2) whether the motion or selection of venue was made in good faith
2 | given the facts and law the party making the motion or selecting the venue knew or should have
3 | known." (Civ. Proc. Code § 396b(b))

4 |     In the case at bar, Olam made reasonable requests to stipulate to change venue to Fresno
5 | County and Plaintiff's selection of venue was obviously not made in good faith. Olam's attorney
6 | contacted Plaintiff's attorney by telephone and sent correspondence to them requesting that
7 | Plaintiff stipulate to transfer venue to Fresno County. (Levang Decl. ¶¶ 2, 3.)  However, despite
8 | this reasonable request, Plaintiff's attorneys refused to stipulate to transfer venue to Fresno
9 | County. (Levang Decl. ¶¶ 4, 6.)   Moreover, in correspondence addressed to Plaintiff's counsel,
10 | Olam reiterated its request for a stipulation to change venue to Fresno County and informed
11 | Plaintiff's counsel that if he did not stipulate to transfer venue, then Olam would bring a motion
12 | to transfer venue and seek reasonable expenses and attorneys' fees. (Levang Decl. ¶ 5.)
13 | However, in response, Plaintiff's attorneys refused to stipulate to transfer the case to Fresno
14 | County. (Levang Decl. ¶ 6.)

15 |     With specific regard to the second consideration of Code of Civil Procedure section 396b,
16 | subdivision (b)(2), Plaintiff's original choice of venue in Alameda County was not obviously
17 | made in good faith.  As convincingly demonstrated above, for purposes of venue, neither
18 | Plaintiff nor Defendant has any connection whatsoever to Alameda County.  Indeed, rather than
19 | stipulate to move the case to Fresno County, Plaintiff's attorney has instead proposed that Olam
20 | stipulate to venue in the Superior Court of Santa Clara County because Beltran was employed by
21 | Olam in that county. (Levang Decl. ¶ 6.)  Put as simply as we know how, all of the first-hand
22 | facts and knowledge of Plaintiff should have caused it reasonably to conclude that a county other
23 | than Alameda County was proper for venue purposes.  Finally, in its correspondence, Plaintiff's
24 | attorney opines venue is somehow proper in Alameda County because, "it is uniquely situated to
25 | deal with a complex case of this nature.[1]" (Levang Decl. ¶ 6.)  However, the Plaintiff's belief in
26 | the "sophistication" of a court is obviously not a proper ground for venue selection and is rather,
27 | further compelling evidence of impermissible forum shopping.
28 |

Hatmaker Law Group
7822 N. Colonial Ave.
Suite 105
Fresno, CA 93711

---

[1] It is noteworthy that Santa Clara County maintains a complex litigation department as well.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE
AND REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES

1    Because it is crystal clear from the foregoing that Olam made a reasonable effort to
2    transfer this case to Fresno County and because Plaintiff manifestly did not file the instant
3    Complaint in Alameda County in good faith, Olam should be awarded its reasonable expenses
4    and attorneys' fees of $12,597.00 against Plaintiff's counsel, Lawyers for Justice, incurred in
5    making this motion, as set forth in the declarations of Bradley J. Levang and Robert K. Carrol.

6    **IV.    CONCLUSION**

7    Established venue rules necessitate and require the transfer of this case to Fresno County,
8    the principal place of business of sole named Defendant Olam West Coast, Inc. dba Olam Spices
9    and Vegetable Ingredients, Inc., erroneously sued herein as Olam Spices and Vegetables, Inc.
10   For each of the above and foregoing reasons, Defendant respectfully requests that this Court
11   grant its motion to transfer the above-captioned action pursuant to California Code of Civil
12   Procedure sections 397(a) and 396b to Fresno County.

13   DATED: August 12, 2015                HATMAKER LAW GROUP

14

15                                         By: _____

16                                             SUSAN K. HATMAKER
                                               Attorney for Defendant
17                                             OLAM WEST COAST, INC., erroneously
                                               sued as OLAM SPICES AND
18                                             VEGETABLES, INC.

19

20

21

22

23

24

25

26

27

28

<div style="text-align:center"><b><u>PROOF OF SERVICE</u></b></div>

1  My business address is 7522 N. Colonial Avenue, Suite 105, Fresno, California
93711. I am employed in Fresno County, California. I am over the age of 18 years and am not
a party to this case.

On the date indicated below, I served the foregoing document described as

<div style="text-align:center"><b>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO TRANSFER VENUE AND REQUEST FOR
REASONABLE EXPENSES AND ATTORNEYS' FEES</b></div>

on all interested parties in this action by placing a true copy thereof enclosed in sealed
envelopes addressed as follows:

Edwin Aiwazian, Esq.                    <u><b>Attorney for Plaintiff Thomas Beltran</b></u>
Lawyers for Justice
410 W. Arden Avenue, Suite 203
Glendale, California 91203
Ph: (800) 265-0690 or (818) 265-1020
Fax: (818) 265-1021
Email: Edwin@lfjpc.com

Robert K. Carrol, Esq.                  <u><b>Co-Counsel for Defendant Olam West Coast,
Lynn R. Fiorentino, Esq.                Inc., erroneously sued as Olam Spices and
Arent Fox LLP - Attorneys at Law        Vegetables, Inc.</b></u>
55 2nd Street, 21st Floor
San Francisco, CA 94105
Ph: (415) 757-5500
Fx: (415) 757-5501
Email: robert.carrol@arentfox.com
Email: lyn.fiorentino@arentfox.com

X    (BY FIRST CLASS MAIL)I am readily familiar with the business' practice for
collection and processing of correspondence for mailing, and that correspondence,
with postage thereon fully prepaid, will be deposited with the United States Postal
Service on the date noted below in the ordinary course of business, at Fresno,
California.

___  (BY PERSONAL SERVICE) I caused such envelopes to be delivered by hand to the office(s) of the addressee(s) listed above.

___  (BY OVERNIGHT MAIL) I am readily familiar with the business' practice for collection and processing of correspondence for
mailing, and that correspondence will be deposited with an overnight carrier on the date noted below in the ordinary course of
business, in accordance with the overnight carrier's method for billing for same, and before the last scheduled pick-up time, at
Fresno, California.

<b>EXECUTED ON August 12, 2015, at Fresno, California.</b>

X    (STATE)   I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

_____
CHRISTINE TEJEDA

<div style="text-align:center">PROOF OF SERVICE</div>

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a full, true and
correct copy of the original
on file in this office.

ATTEST:   SEP 15 2015
CLERK OF THE SUPERIOR COURT

By _____ Deputy

# EXHIBIT "9"

1  SUSAN K. HATMAKER 172543
   AIMEE E. RAINWATER 222941
2  BRADLEY J. LEVANG 226922
   HATMAKER LAW GROUP
3  7522 N. Colonial Avenue, Suite 105
   Fresno, California 93711
4  Telephone:  (559) 374-0077
   Facsimile:  (559) 374-0078
5
   ROBERT K. CARROL 81277
6  LYNN R. FIORENTINO 226691
   ARENT FOX, LLP
7  55 2nd Street, 21st Floor
   San Francisco, CA 94105
8  Telephone: (415) 757-5500
   Facsimile:  (415) 757-5501
9
   Attorneys for Defendant:
10 OLAM WEST COAST, INC., erroneously sued as
   OLAM SPICES AND VEGETABLES, INC.
11

**FILED BY FAX**
ALAMEDA COUNTY
August 12, 2015
CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy
CASE NUMBER:
RG15776976

12          SUPERIOR COURT OF CALIFORNIA

13               COUNTY OF ALAMEDA

14                              * * *          15 CE CG 02993

15 THOMAS BELTRAN, individually, and on        Case No. RG15776976
   behalf of other members of the general public
16 similarly situated,                         DECLARATION OF BRADLEY J.
                                               LEVANG IN SUPPORT OF
17          Plaintiff,                         DEFENDANT'S MOTION TO
                                               TRANSFER VENUE AND REQUEST
18 vs.                                         FOR REASONABLE EXPENSES AND
                                               ATTORNEYS' FEES
19
   OLAM SPICES AND VEGETABLES, INC.,           Reservation No: R-1648937
20 an unknown business entity; and DOES 1
   through 100, inclusive,                     Date:  September 9, 2015
21                                             Time:  2:30 p.m.
            Defendants.                        Dept:  Dept. 17
22
                                               Complaint Filed:  July 7, 2015
23                                             Trial Date:    None Set

24                                                  *FILED VIA FACSIMILE*

25

26

27

28

Hatmaker Law Group
7622 N. Colonial Ave.
Suite 105
Fresno, CA 93711

I, Bradley J. Levang, declare:

1.    I am an attorney licensed to practice law in the State of California and before this Court. I am an attorney of the Hatmaker Law Group, attorneys for Defendant OLAM WEST COAST, INC. ("Defendant" or "OLAM"). The facts set forth herein are personally known to me, unless otherwise noted, and are based on my first-hand knowledge and/or observation, and, if called as a witness, I could and would competently testify thereto under oath. I make this declaration in support of Defendant Olam West Coast, Inc.'s Motion to Transfer Venue.

2.    On or about August 3, 2015, I had two phone conferences with Edwin Aiwazian, of the law firm Lawyers for Justice, P.C. and attorney for Plaintiff Thomas Beltran ("Plaintiff" or "Beltran") regarding the propriety of venue in Alameda County of the above-captioned case.

3.    During those two phone conferences I asked whether Plaintiff would be willing to stipulate to transferring the case to Fresno County given that Olam's principal place of business is in Fresno County and nothing in the Complaint factually indicates that either Olam or Plaintiff have any connections with Alameda County.

4.    During those phone conferences, it was represented to me that Plaintiff was not willing to transfer the case to Fresno County but would be willing to transfer the case to Santa Clara County, a county where Plaintiff was formerly employed by Olam.

5.    Olam did not consent to this stipulation, and so on August 10, 2015, I sent correspondence, via email and U.S. mail, to Mr. Aiwazian again asking whether Plaintiff would consent to transferring the case to Fresno County. In this correspondence I indicated that there does not appear to be any basis for venue in Alameda County and I invited Mr. Aiwazian to provide me with any facts or basis for venue in Alameda County. I further advised Mr. Aiwzian that if Plaintiff did not consent to transferring the case to Fresno County, Olam's principal place of business, then Olam would proceed with filing a motion to transfer venue and seek attorneys' fees and costs pursuant to C.C.P. § 396b. A true and correct copy of my August 10, 2015 correspondence to Mr. Aiwazian is attached hereto as Exhibit A and incorporated herein by reference.

///

1    6.     Thereafter, on August 10, 2015 and in response to my correspondence, I received

2    an email from Plaintiff's attorney. Based on the statement that Plaintiff "will vigorously fight

3    any efforts to move this case to Fresno Superior Court," it is my understanding that Plaintiff

4    would not agree to stipulate to move the case to Fresno County. Plaintiff's attorney reiterated

5    their proposal that the parties stipulate to move the case to Santa Clara County in that, "During

6    our discussion last week, I informed you that Plaintiff was employed by the Defendant in Santa

7    Clara County." Plaintiff's attorney also disagreed with our contention that Alameda County is

8    an improper venue insofar as the court "is uniquely situated to deal with a complex case of this

9    nature." A true and correct copy of Plaintiff's attorney's email of August 10, 2015 is attached

10    hereto as Exhibit B and incorporated herein by reference.

11    7.     Both Mr. Aiwazian and I again exchanged emails on or about August 11, 2015;

12    with the content of the emails being along similar lines to the previously discussed emails.

13    8.     Prior to filing this motion, counsel for Defendant made a reasonable and good

14    faith effort to seek a stipulation to change venue of this case to Fresno County where Olam's

15    principal place of business is located.

16    9.     As plaintiff has refused to stipulate to transfer venue of the case to Fresno County,

17    Olam had no choice but to bring the present Motion to Transfer Venue.

18    10.    Pursuant to Code of Civil Procedure section 396b, Defendant is entitled to an

19    award of reasonable attorneys' fees and costs in bringing the present Motion.

20    11.    As of the date of execution of this Declaration, I have spent a total of ten (10)

21    hours meeting and conferring with Plaintiff's counsel and preparing this Motion and all moving

22    papers.

23    12.    As of the date of execution of this Declaration, Susan K. Hatmaker, a partner of

24    Hatmaker Law Group and an attorney licensed to practice law in the State of California and

25    before this Court, has spent four hours (4.0) related to the preparation of this Motion and all

26    moving papers.

Hatmaker Law Group
7822 N. Colonial Ave.
Suite 105
Fresno, CA 93711

27    13.    I anticipate spending at least another five (5) hours analyzing Plaintiff's

28    Opposition and preparing a Reply. Susan K. Hatmaker anticipates spending at least another two

2

1  hours (2.0) related to reviewing and responding to Plaintiff's Opposition and ten (10) hours

2  preparing for, travelling to, and attending the hearing for this.

3       14.     My normal hourly rate is $250.00 per hour, when paid on an hourly basis. I have

4  been an attorney practicing for over 11 years.  The rate of $250 is reasonable given my

5  experience and the geographical area in which practice.   Susan K. Hatmaker's hourly rate is

6  $280.00 per hour, when paid on an hourly basis.  The rate of $280 is reasonable given Ms.

7  Hatmaker's over 20 years' experience and the geographical area in which she practices.

8       15.     Defendant will also incur an appearance fee of $435.00 and a fax filing fee of

9  $1.50 per each of the Motion's 53 pages for a total of $79.50.

10      16.     Concurrent with this Motion, a Declaration of Robert K. Carrol has also been

11  submitted indicating that Defendant also anticipates incurring $3,852.50 in attorneys' fees and

12  costs related to attorney Mr. Carrol's legal efforts related to this Motion.

13      17.     In total, Defendant anticipates incurring a total of $12,017.00 ((15 hours X.

14  $250.00) + (16 hours X $280.00) + $435.00 + (53 X $1.50) + $3,852.50 = $12,597.00) in fees

15  and costs as a result of having to bring the present Motion.

16      18.     Given the facts and circumstances concerning the present Motion, an award of

17  $12,597.00 in attorneys' fees and costs, pursuant to C.C.P. § 396b, is reasonable.

18      I declare under penalty of perjury under the laws of the State of California that the

19  foregoing is true and correct and that this declaration was executed on this 12th day of August

20  2015 at Fresno, California.

21

22                                                    BRADLEY J. LEVANG

23

24

25

26

Hatmaker Law Group
7822 N. Colonial Ave.
Suite 105
Fresno. CA 93711

27

28

3

# EXHIBIT "A"

AUG. 12. 2015  3:13PM    CAPITAL MGMT CORP                              NO. 992    P. 44



HATMAKER
L A W   G R O U P

Writer's E-Mail: brad@hatmakerlaw.com
File No. 9818.25

August 10, 2015

<u>Via Email & U.S. Mail</u>

Edwin Aiwazian, Esq.
Lawyers for Justice
410 W. Arden Avenue, Suite 203
Glendale, California 91203

Re:   *Thomas Beltran v. Olam Spices and Vegetables, Inc.*, et al.
      Alameda County Superior Court Case No. RG15776976

Dear Mr. Aiwazian:

     This correspondence is in follow-up to our recent telephone conferences regarding the above-captioned matter.  By way of background, we have previously discussed transferring this matter from Alameda County, where Olam West Coast, Inc. ("Olam") has no connection for venue purposes, to Fresno County, Olam's principal place of business.

     During our discussions you indicated that your client was unwilling to transfer the matter to Fresno County.  Not only does Olam have its principal place of business in Fresno County, but it also has a plant and numerous employees in the county as well.  As we discussed on the phone, we do not see this case as having any connections to Alameda County, nor have you indicated any either.  In reviewing this matter, I do not see any basis, much less those identified under Code of Civil Procedure § 395.5, where Alameda County could ever be a proper venue for this case.  Certainly, if you have any supporting facts or basis, we would be willing to reevaluate our position in light of that new information.

     We look forward to hearing from you and hope your client agrees to transfer this case to Fresno County, but please be advised that if your client still refuses to so stipulate by the close of business on <u>Tuesday, August 11, 2015,</u> then Olam will proceed with filing a motion to transfer venue and seek reasonable attorneys' fees and costs associated with the motion, including those pursuant to C.C.P. § 396b.

AUG. 12. 2015  3:13PM    CAPITAL MGMT CORP    · ···· ·· ·· ···        NO. 992    P. 45

**HATMAKER LAW GROUP**

Edwin Aiwazian, Esq.
August 10, 2015
Page 2

_____

Thank you for your attention to this matter, we look forward to hearing from you.

Sincerely,

Bradley J. Levang
HATMAKER LAW GROUP

# EXHIBIT "B"

| | |
|---|---|
| **From:** | Lawyers for Justice, PC <edwin@lfjpc.com> |
| **Sent:** | Monday, August 10, 2015 6:49 PM |
| **To:** | Christine Tejeda |
| **Cc:** | Brad Levang; Elizabeth M. R. Parker |
| **Subject:** | Re: Thomas Beltran v. Olam - Letter to Edwin Aiwazian re Venue (Our File No. 9818.25) |

Dearest Mr. Levang
:

We hope you are doing excellent.

We will vigorously fight any efforts to move this case to Fresno Superior Court.

During our discussion last week, I informed you that Plaintiff was employed by the Defendant in Santa Clara County. Although we disagree that venue is improper in Alameda, as it is uniquely situated to deal with a complex case of this nature, I propose
d that your client stipulate to transferring the case to
Santa Clara
 Superior Court.

How should we interpret your silence on this issue?


On Mon, Aug 10, 2015 at 3:05 PM, Christine Tejeda <Christine@hatmakerlaw.com> wrote:

Hello Mr. Aiwazian —


Attached for your review please find a copy of a letter from Brad Levang. Should you have any questions, please do not hesitate to contact Mr. Levang.


Thank you,

Christine




1

Christine Tejeda
Legal Secretary
Hatmaker Law Group
7522 N. Colonial Avenue Suite 105, Fresno, California 93711
Telephone: (559) 374-0077 | Facsimile:  (559) 374-0078
Email:      Christine@hatmakerlaw.com
Website:    www.hatmakerlaw.com

WARNING/CONFIDENTIAL: This message is intended only for the use of the individual or entity to which it is
addressed and may contain information that is privileged, confidential and exempt from disclosure under
applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible
for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution
or copying of this communication is strictly prohibited. If you have received this communication in error, please
return the message to the sender via return email immediately and completely delete the message and any
reply messages from your system.  Thank You.

--
*With kind regards,*
Edwin Alwazian
LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203
T  (818) 265-1020
F  (818) 265-1021

The information contained in this e-mail is legally privileged and confidential information intended only for the use of the individual or entity named above. If the
receiver of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email message is strictly
prohibited and may violate the legal rights of others. If you have received this message in error, please immediately notify the sender by reply email or telephone,
and delete it from your system. Thank you.

## PROOF OF SERVICE

My business address is 7522 N. Colonial Avenue, Suite 105, Fresno, California 93711. I am employed in Fresno County, California. I am over the age of 18 years and am not a party to this case.

On the date indicated below, I served the foregoing document described as

### DECLARATION OF BRADLEY J. LEVANG IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE AND REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Edwin Aiwazian, Esq.                     <u>Attorney for Plaintiff Thomas Beltran</u>
Lawyers for Justice
410 W. Arden Avenue, Suite 203
Glendale, California 91203
Ph: (800) 265-0690 or (818) 265-1020
Fax: (818) 265-1021
Email: Edwin@lfjpc.com

Robert K. Carrol, Esq.                    <u>Co-Counsel for Defendant Olam West Coast,</u>
Lynn R. Fiorentino, Esq.                  <u>Inc., erroneously sued as Olam Spices and</u>
Arent Fox LLP - Attorneys at Law          <u>Vegetables, Inc.</u>
55 2nd Street, 21st Floor
San Francisco, CA 94105
Ph: (415) 757-5500
Fx: (415) 757-5501
Email: robert.carrol@arentfox.com
Email: lyn.fiorentino@arentfox.com

__X__   (BY FIRST CLASS MAIL) I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the United States Postal Service on the date noted below in the ordinary course of business, at Fresno, California.

_____   (BY PERSONAL SERVICE) I caused such envelopes to be delivered by hand to the office(s) of the addressee(s) listed above.

_____   (BY OVERNIGHT MAIL) I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence will be deposited with an overnight carrier on the date noted below in the ordinary course of business, in accordance with the overnight carrier's method for billing for same, and before the last scheduled pick-up time, at Fresno, California.

**EXECUTED ON August 12, 2015, at Fresno, California.**

__X__   (STATE)   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
CHRISTINE TEJEDA



SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a correct
correct copy of the original
on file in this office.

ATTEST: SEP 15 2016

CLERK OF THE SUPERIOR COURT

By: _____
Deputy

# EXHIBIT "10"

AUG. 12. 2015  3:14PM    CAPITAL MGMT CORP                    NO. 992    P. 50

1 │ **SUSAN K. HATMAKER 172543**
│ **AIMEE E. RAINWATER 222941**
2 │ **BRADLEY J. LEVANG  226922**
│ **HATMAKER LAW GROUP**
3 │ 7522 N. Colonial Avenue, Suite 105
│ Fresno, California 93711
4 │ Telephone:  (559) 374-0077
│ Facsimile:  (559) 374-0078
5 │
│ **ROBERT K. CARROL 81277**
6 │ **LYNN R. FIORENTINO 226691**
│ **ARENT FOX, LLP**
7 │ 55 2nd Street, 21st Floor
│ San Francisco, CA 94105
8 │ Telephone: (415) 757-5500
│ Facsimile: (415) 757-5501
9 │
│ Attorneys for Defendant:
10 │ OLAM WEST COAST, INC., erroneously sued as
│ OLAM SPICES AND VEGETABLES, INC.
11 │

**FILED BY FAX**
**ALAMEDA COUNTY**
**August 12, 2015**
**CLERK OF**
**THE SUPERIOR COURT**
**By Burt Moskaira, Deputy**
**CASE NUMBER:**
**RG15776976**

12 │          SUPERIOR COURT OF CALIFORNIA

13 │             COUNTY OF ALAMEDA

14 │                              * * *

15 │ THOMAS BELTRAN, individually, and on       ) Case No. RG15776976
│ behalf of other members of the general public )
16 │ similarly situated,                        )
│                                             ) **DECLARATION OF ROBERT K.**
17 │              Plaintiff,                     ) **CARROL IN SUPPORT OF**
│                                             ) **DEFENDANT'S MOTION TO**
18 │ vs.                                         ) **TRANSFER VENUE AND REQUEST**
│                                             ) **FOR REASONABLE EXPENSES AND**
19 │                                             ) **ATTORNEYS' FEES**
│ OLAM SPICES AND VEGETABLES, INC.,           )
20 │ an unknown business entity; and DOES 1      ) **Reservation No: R-1648937**
│ through 100, inclusive,                      )
21 │                                             ) Date:  September 9, 2015
│              Defendants.                     ) Time:  2:30 p.m.
22 │                                             ) Dept:  Dept. 17
│                                             )
23 │                                             ) Complaint Filed:  July 7, 2015
│                                             ) Trial Date:      None Set
24 │                                             )
│                                             ) *FILED VIA FACSIMILE*
25 │
26 │
Hatmaker Law Group
7522 N. Colonial Ave.  27
Suite 105
Fresno, CA 93711       28

DECLARATION OF ROBERT K. CARROL IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE AND
REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES

1   I, Robert K. Carrol, declare:

2       1.       I am an attorney licensed to practice law in the States of California, Washington

3   and Texas and before this Court. I am a partner in Arent Fox, LLP attorneys for Defendant

4   OLAM WEST COAST, INC. ("Defendant" or "OLAM"). The facts set forth herein are

5   personally known to me, unless otherwise noted, and are based on my first-hand knowledge

6   and/or observation, and, if called as a witness, I could and would competently testify thereto

7   under oath. I make this Declaration in support of Defendant Olam West Coast, Inc.'s Motion to

8   Transfer Venue and Request for Attorneys' Fees.

9       2.       Pursuant to Code of Civil Procedure section 396b, Defendant's counsel is entitled

10  to an award of reasonable attorneys' fees and costs in bringing the present Motion.

11      3.       As of the date of execution of this Declaration, I have spent a total of 3.7 (3.7)

12  hours relating to the analysis, preparation, and review of this Motion and all moving papers.

13      4.       I anticipate spending at least another three (3) hours concerning the analysis and

14  evaluation of Plaintiff's Opposition; preparation of a Reply; and in connection with the hearing

15  for this Motion.

16      5.       My normal hourly rate is $575.00 per hour, when paid on an hourly basis.

17      6.       In total, I anticipate incurring a total of $3,852.50 ((3.7 hours X $575.00) + (3.0

18  hours X $575.00) = $3,852.50) in fees and costs as a result of having to bring the present

19  Motion.

20      7.       Given the facts and circumstances concerning the present Motion, an award of

21  $3,852.50 in attorneys' fees and costs, pursuant to C.C.P. § 396b, is reasonable.

22      I declare under penalty of perjury under the laws of the State of California that the

23  foregoing is true and correct and that this declaration was executed on this 12th day of August

24  2015 at San Francisco, California.

25

26

27  Heitmaker Law Group
    7922 N. Colonial Ave.
    Suite 105
    Fresno, CA 93711

28

ROBERT K. CARROL

## PROOF OF SERVICE

1

2   My business address is 7522 N. Colonial Avenue, Suite 105, Fresno, California
93711. I am employed in Fresno County, California. I am over the age of 18 years and am not
3   a party to this case.

4   On the date indicated below, I served the foregoing document described as

5
## DECLARATION OF ROBERT K. CARROL IN SUPPORT OF DEFENDANT'S
6   ## MOTION TO TRANSFER VENUE AND REQUEST FOR REASONABLE EXPENSES
AND ATTORNEYS' FEES
7
on all interested parties in this action by placing a true copy thereof enclosed in sealed
8   envelopes addressed as follows:

9   Edwin Aiwazian, Esq.                    __Attorney for Plaintiff Thomas Beltran__
Lawyers for Justice
10  410 W. Arden Avenue, Suite 203
Glendale, California 91203
11  Ph: (800) 265-0690 or (818) 265-1020
Fax: (818) 265-1021
12  Email: Edwin@lfjpc.com

13  Robert K. Carrol, Esq.                  __Co-Counsel for Defendant Olam West Coast,__
Lynn R. Fiorentino, Esq.                __Inc., erroneously sued as Olam Spices and__
14  Arent Fox LLP - Attorneys at Law        __Vegetables, Inc.__
55 2nd Street, 21st Floor
15  San Francisco, CA 94105
Ph: (415) 757-5500
16  Fx: (415) 757-5501
Email: robert.carrol@arentfox.com
17  Email: lyn.fiorentino@arentfox.com

18  __X__    (BY FIRST CLASS MAIL)I am readily familiar with the business' practice for
19         collection and processing of correspondence for mailing, and that correspondence,
with postage thereon fully prepaid, will be deposited with the United States Postal
20         Service on the date noted below in the ordinary course of business, at Fresno,
California.
21

22  __      (BY PERSONAL SERVICE) I caused such envelopes to be delivered by hand to the office(s) of the addressee(s) listed above.

(BY OVERNIGHT MAIL) I am readily familiar with the business' practice for collection and processing of correspondence for
23         mailing, and that correspondence will be deposited with an overnight carrier on the date noted below in the ordinary course of
business, in accordance with the overnight carrier's method for billing for same, and before the last scheduled pick-up time, at
24         Fresno, California.

25  ## EXECUTED ON August 12, 2015, at Fresno, California.

26  __X__    (STATE)   I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.
27

28                                          _____
CHRISTINE TEJEDA

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a full, true and
correct copy of the original
on file in this office

ATTEST:   SEP 15 2016

CLERK OF THE SUPERIOR COURT

By _____  Deputy

# EXHIBIT "11"

1 | SUSAN K. HATMAKER 172543
2 | BRADLEY J. LEVANG 226922
    HATMAKER LAW GROUP
    7522 N. Colonial Avenue, Suite 105
3 | Fresno, California 93711
    Telephone: (559) 374-0077
4 | Facsimile: (559) 374-0078

5 | ROBERT K. CARROL 81277
    LYNN R. FIORENTINO 226691
6 | ARENT FOX, LLP
    55 2nd Street, 21st Floor
7 | San Francisco, CA 94105
    Telephone: (415) 757-5500
8 | Facsimile: (415) 757-5501

9 | Attorneys for Defendant:
    OLAM WEST COAST, INC., erroneously sued as
10 | OLAM SPICES AND VEGETABLES, INC.

11

12 |                    SUPERIOR COURT OF CALIFORNIA

13 |                        COUNTY OF ALAMEDA

14 |                                        * * *

15 | THOMAS BELTRAN, individually, and on     )   Case No. RG15776976
     behalf of other members of the general public )
16 | similarly situated,                       )   DECLARATION OF CHUCK DAVIS IN
                                               )   SUPPORT OF DEFENDANT'S MOTION
17 |                 Plaintiff,                 )   TO TRANSFER VENUE AND
                                               )   REASONABLE EXPENSES AND
18 | vs.                                        )   REQUEST FOR ATTORNEYS' FEES
                                               )
19 | OLAM SPICES AND VEGETABLES, INC.,          )   Reservation No: R-1648937
     an unknown business entity; and DOES 1     )
20 | through 100, inclusive,                     )   Date:    September 9, 2015
                                               )   Time:    2:30 p.m.
21 |                                            )   Dept:    Dept. 17
                 Defendants.                    )
22 |                                            )   Complaint Filed: July 7, 2015
                                               )   Trial Date:      None Set
23 |                                            )
                                               )
24 |                                            )          FILED VIA FACSIMILE

25

26

27

28

FILED BY FAX
ALAMEDA COUNTY
August 12, 2015
CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy
CASE NUMBER:
RG15776976

15 CE CG 0 2 9 9 3

Hatmaker Law Group
7522 N. Colonial Ave.
Suite 105
Fresno, CA 93711

1 | I, Chuck Davis, declare:

2 |      1.     I am over the age of eighteen (18) and am personally familiar with and have

3 | personal knowledge of the facts stated in this declaration, with the exception of those matters

4 | stated on information and belief, and as to those matters, I believe them to be true. If called as a

5 | witness, I could and would testify to the truth thereof. I make this declaration in support of

6 | Defendant Olam West Coast, Inc's Motion to Transfer Venue.

7 |      2.     I am the Secretary of Olam West Coast, Inc. (hereinafter "Olam") and have been

8 | so since Olam West Coast, Inc.'s inception. All of the exhibits attached hereto are true and

9 | correct copies of records prepared and/or maintained by Olam's employees under my direction,

10 | supervision and control in the ordinary course of business at or near the time of the act,

11 | condition, or event.

12 |      3.     Olam West Coast, Inc.'s corporate headquarters is located at 205 E. River Park

13 | Circle, Suite 310, Fresno, California 93720.

14 |      4.     Olam West Coast, Inc. is a Delaware corporation with its principal place of

15 | business located in Fresno County. Attached hereto and incorporated herein by this reference as

16 | Exhibit A is a true and correct copy of a document entitled "Statement and Designation by

17 | Foreign Corporation" filed with the California Secretary of State.

18 |      5.     "Olam Spices and Vegetable Ingredients, Inc." is a fictitious business name of

19 | Olam West Coast, Inc. Attached hereto incorporated herein by this reference as Exhibit B is a

20 | true and correct copy of a document entitled "Fictitious Business Name Statement" which

21 | identifies "Olam Spices and Vegetable Ingredients, Inc." as a fictitious business name of Olam

22 | West Coast, Inc. filed with the Fresno County Clerk.

23 |      6.     Olam does not have any fictitious business names registered in Alameda County.

24 |      7.     Olam West Coast, Inc. has no offices, plants, or employees located in Alameda

25 | County.

26 |      8.     Olam West Coast, Inc. has never had any offices, plants, or employees located in

27 | Alameda County.

28 |      9.     Olam West Coast, Inc. has not entered into any employment-related contracts in

Hatmaker Law Group
7822 N. Colonial Ave.
Suite 105
Fresno, CA 93711

DECLARATION OF CHUCK DAVIS IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE AND
REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES

1    Alameda County.

2        10.    During all times that Thomas Beltran has been employed by Olam West Coast,
3    Inc., he worked in Olam's plant located in Gilroy, California.

4        11.    Thomas Beltran never performed any work for Olam in Alameda County.

5        12.    Thomas Beltran's paychecks from Olam indicate that Olam West Coast, Inc. in
6    Fresno, California was the payor of his wages.  Attached hereto incorporated herein by this
7    reference as Exhibit C is a true and correct copy of one of Beltran's paycheck records, but for
8    privacy reasons, much of the confidential information such as pay and Beltran's home street
9    address have been redacted.

10       13.    Olam West Coast, Inc. received written correspondence dated May 26, 2015 from
11   Edwin Aiwazian, Esq., on behalf of Thomas Beltran.  Attached hereto incorporated herein by
12   this reference as Exhibit D is a true and correct copy of said correspondence with the subject line
13   "Request for Personnel File, Pay Stubs and Time Records" and addressed to Olam's corporate
14   headquarters in Fresno, California.

15       14.    In response to Beltran's and his attorney Edwin Aiwazian's request for
16   documents, on or about June 18, 2015, Olam mailed approximately 244 pages of documents
17   responsive to their request. Attached hereto incorporated herein by this reference as Exhibit E is
18   a true and correct copy of the cover letter accompanying the responsive documents and the
19   Shipping Label, addressed to Edwin Aiwazian of Lawyers for Justice.

20       15.    One of the documents included in the above-referenced responsive documents
21   was Beltran's termination letter, indicating that he worked in Gilroy, California. Attached hereto
22   and incorporated herein as Exhibit F is a true and correct copy of said correspondence.

23       16.    Olam has multiple plants and employees located throughout California, with
24   many of those plants and employees located in the Central Valley, but no plants or employees
25   are located in Alameda County.

26   ///

27   ///

28   ///

Harmaker Law Group
7622 N. Colonial Ave.
Suite 105
Fresno, CA 93711

2

DECLARATION OF CHUCK DAVIS IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE AND
REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES

1      I declare under penalty of perjury under the laws of the State of California that the

2  foregoing is true and correct.

3      Executed this 11th day of August 2015 at Atlanta, Georgia.

4

5                         Chuck Davis

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Hatmaker Law Group  
7512 N. Colonial Ave.  
Suite 103  
Fresno, CA 93711  

27

28

3

DECLARATION OF CHUCK DAVIS IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE AND
REQUEST FOR ATTORNEYS' FEES

# EXHIBIT "A"

I 3169251

# State of California
## Secretary of State

# CERTIFICATE OF QUALIFICATION

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify that on the 25th day of November 2008, OLAM WEST COAST, INC., a corporation organized and existing under the laws of Delaware, complied with the requirements of California law in effect on that date for the purpose of qualifying to transact intrastate business in the State of California, and that as of said date said corporation became and now is qualified and authorized to transact intrastate business in the State of California, subject however, to any licensing requirements otherwise imposed by the laws of this State.

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this day of November 25, 2008.



*Debra Bowen*

**DEBRA BOWEN**
Secretary of State

NP-25 (REV 1/2007)

mt

OSP 08 44721





## State of California
### Secretary of State

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of _2_ page(s) has been compared with the record on file in this office, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California this day of

NOV 2 5 2008

DEBRA BOWEN
Secretary of State

Sec/State Form CE-107 (REV 1/2007)

AUG. 12. 2015  3:08PM     CAPITAL MGMT CORP                    NO. 992    P. 24

R. 3169251

**ENDORSED - FILED**
In the office of the Secretary of State
of the State of California

**NOV 25 2008**

**...MENT AND DESIGNATION**
**...Y FOREIGN CORPORATION**

Olam West Coast, Inc.
(Name of Corporation)

Olam West Coast, Inc. _____, a corporation organized and existing under the

laws of _____ Delaware _____, makes the following statements and designation:
(State or Place of Incorporation)

1. The address of its principal executive office is  1450 Broadway, 36th Floor,

New York, New York 10018

2. The address of its principal office in the State of California is   7060 N. Marks Avenue,
(If none, leave Item 2 blank)

Fresno, California 93721

**DESIGNATION OF AGENT FOR SERVICE OF PROCESS IN THE STATE OF CALIFORNIA**
(Complete either Item 3 or Item 4.)

3. (Use this paragraph if the process agent is a natural person.)

_____, a natural person residing in the State of

California, whose complete street address is _____

_____, is designated as agent upon whom process directed to
this corporation may be served within the State of California, in the manner provided by law.

4. (Use this paragraph if the process agent is another corporation.)

Corporation Service Company which will do business in California as CSC-Lawyers Incorporating Service

a corporation organized and existing under the laws of _____ Delaware _____
is designated as agent upon whom process directed to this corporation may be served within the State
of California, in the manner provided by law.

5. It irrevocably consents to service of process directed to it upon the agent designated above, and to
service of process on the Secretary of State of the State of California if the agent so designated or the
agent's successor is no longer authorized to act or cannot be found at the address given.

_____                    Charles K. Davis, Secretary
(Signature of Corporate Officer)                 (Typed Name and Title of Officer Signing)

If an individual is designated as the agent for service of process, include the agent's business or residential street address in California (a P.O. Box
address is not acceptable). If another corporation is designated as the agent for service of process, do not include the address of the designated
corporation. Note: Corporate agents must have complied with California Corporations Code section 1505 prior to designation, and a
corporation cannot act as its own agent.

Secretary of State Form
S&DO-STOCK/NONPROFIT (REV 01/2008)



# Delaware

PAGE 1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "OLAM WEST COAST, INC." IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTY-FIFTH DAY OF NOVEMBER, A.D. 2008.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE NOT BEEN ASSESSED TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "OLAM WEST COAST, INC." WAS INCORPORATED ON THE NINETEENTH DAY OF NOVEMBER, A.D. 2008.



4625053  8300

081143965

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 6987253

DATE: 11-25-08

# EXHIBIT "B"

| File with: | BRANDI L ORTH<br>FRESNO COUNTY CLERK<br>2221 Kern Street<br>FRESNO, CA 93721<br>(559) 600-2575 | (Space Below for Use by County Clerk Only)<br><br>**FILED**<br>AUG 0 1 2013<br>FRESNO COUNTY CLERK<br>By Victoria L. Villcana<br>DEPUTY |
|---|---|---|

## FICTITIOUS BUSINESS NAME STATEMENT

| File No. 2201310004272 | |
|---|---|

### THE FOLLOWING PERSON(S) IS(ARE) CONDUCTING BUSINESS AS

☒ NEW FILING        RENEWAL ☐

1) Fictitious Business Name(s):  (Type or Print)      Phone (Optional)

**OLAM SPICES & VEGETABLE INGREDIENTS**
**OLAM SPICES & VEGETABLE INGREDIENTS, INC.**

Street Address, City, State, Zip Code, County of Principal Place of Business (P.O. Box not acceptable)

**205 E. River Park Circle, Suite 310, Fresno, California 93720 - Fresno County**

Mailing Address (if different than above)

2) Full Name of Registrant     Residence Address     Phone (Optional)

**OLAM WEST COAST, INC.**     **205 E. River Park Circle, Suite 310**
**Fresno, California 93720**

| 3) Registrant commenced to transact business under the Fictitious Business Name(s) listed above on:<br><br>☒ (Date) **July 1, 2010** | 4) Registrant has not yet commenced to transact business under the Fictitious Business Name(s) listed above.<br><br>☐ | 5) This business conducted by:<br><br>**A corporation** |
|---|---|---|

| 6) Articles of Incorporation (If Applicable)<br><br>**C3169251** | This Statement has been executed pursuant to section 17919 of the Business and Professionals code. (Do not publish this sentence unless box is checked). ☐ | |
|---|---|---|

7) Type or Print Signature and Title     (Signed)

**Clayton Davis, VP**     Clayton G. Davis

"I declare that all information in this statement  is true and correct (A registrant who declares as true information which he or she knows to be false is guilty of a crime.)"

THE FILING OF THIS STATEMENT DOES NO   T OF ITSELF AUTHORIZE THE USE IN THIS STATE      OF A FICTITIOUS BUSINESS NAME IN VIOLATION O      F THE
RIGHTS OF ANOTHER UNDER FEDERAL, STATE OR COMMON LAW    (SEE SECTION 14411 ET SEQ, BUSINESS AND PROFESSIONS CODE)

| 8) Filed with the FRESNO COUNTY CLERK on:  **08/01/2013** | NOTICE: THIS STATEMENT EXPIRES ON:<br>**07/31/2018** |
|---|---|

BRANDI L. ORTH, COUNTY CLERK.

*Victoria L. Villcana*

Victoria L. Villcana, County Clerk Deputy

A NEW STATEMENT MUST BE FILED PRIOR TO THE EXPIRATION DATE.

(SEAL)

Space Below for Use of County Clerk Only – Do Not Publish Certification

**Certification**

I hereby certify that the foregoing is a correct copy of the original on file in my office.
DATED: FRESNO, California  BRANDI L. ORTH, COUNTY CLERK

AUG 0 1 2013     *Victoria L. Villcana*

Deputy

| Customer Copy | Bank Copy | Newspaper Copy | Expires On:  **07/31/2018**<br>File No:  **2201310004272** | 1 of 1 |
|---|---|---|---|---|

CC-107 (R1-05) Fictitious Business Name Statement

# EXHIBIT "C"

AUG. 12. 2015  3:09PM    CAPITAL MGMT CORP                          NO. 992    P. 29

Olam West Coast
205 E. River Park Circle.
Ste. 310
Fresno, CA 93720

Check No
Date 7/13/2012      Amount

Pay                                                    DOLLARS

TO THE
ORDER
OF

Thomas Beltran
Gilroy, CA

**Check Copy – Non Negotiable**

| Olam West Coast | | 205 E. River Park Circle Ste. 310 | | Fresno, CA 93720 | | |
|---|---|---|---|---|---|---|
| EMPLOYEE NO | Gilroy_Los DEPARTMENT | Thomas Beltran EMPLOYEE NAME | | XXX-XX- SOCIAL SECURITY NO | 7/2/2012 PERIOD BEG | 7/8/2012 PERIOD END |

| EARNINGS | HRS/UNITS | PAY RATE | CURRENT AMT | YEAR TO DATE | DEDUCTIONS | CURRENT AMT | YEAR TO DATE |
|---|---|---|---|---|---|---|---|
| Holiday | | | | | | | |
| Regular | | | | | | | |
| Sales | | | | | | | |
| Overtime | | | | | | | |
| Shift | | | | | | | |
| Holiday OT | | | | | | | |
| Bonus | | | | | | | |
| Sales OT Dbl | | | | | | | |
| Training | | | | | | | |
| Vac/Cash Out | | | | | | | |
| PAY RATE | CURRENT EARNINGS | | CURRENT DED | NET PAY | YTD EARNINGS | YTD DED | YTD NET PAY |

# EXHIBIT "D"

AUG. 12. 2015  3:09PM    CAPITAL MGMT CORP                    NO. 992   P. 31



May 26, 2015

*BY U.S. CERTIFIED MAIL / RETURN RECEIPT REQUESTED*

Sunny Verghese
Chief Executive Officer
Olam International
205 East River Park Place, Suite 310
Fresno, CA 93720

Re:  Request for Personnel File, Pay Stubs and Time Records

Dear Mr. Verghese:

Pursuant to California Labor Code §§ 432, 226 and 1198.5 we are requesting that Olam International "as soon as practicable but no later than twenty-one (21) days" from the date of this letter, send us copies of the following records relating to Thomas Beltran:

1) Employee personnel file in its entirety;
2) Any instrument or document Mr. Beltran signed relating to the obtaining or holding of employment;
3) Pay stubs, wage statements and time records in their entirety;
4) Business-related expense reimbursement records in their entirety;
5) Any and all records relating to Mr. Beltran's performance or to any grievance concerning Mr. Beltran, including but not limited to performance reviews, promotions, demotions, change of pay rate, change of pay rate, change of job position, change of job title, verbal or written warnings, verbal or written reprimands, verbal or written reprimands, discipline, or adverse actions (*See* California Labor Code Section 1198.5);
6) Any and all records relating to Mr. Beltran's missed, late, or interrupted meal or rest breaks;
7) Job description(s) and employee handbook(s);
8) Any records relating to overtime worked by Mr. Beltran or overtime compensation received by Mr. Beltran;
9) Any and all arbitration agreements signed by Mr. Beltran, employment agreements signed by Mr. Beltran, settlement agreement/release signed by Mr. Beltran, dispute resolution policies, confidentiality agreements signed by Mr. Beltran, and non-compete agreements signed by Mr. Beltran, if any; and
10) Any and all other records that relate to Mr. Beltran's compensation, time scheduled or worked, or other employment-related issues.

Please find enclosed an "Authorization for Release of Personnel File, Pay Stubs, and Time Records" form signed by Mr. Beltran.

Thank you for your anticipated cooperation.

With kind regards,

Edwin Aiwazian, Esq.

410 WEST ARDEN AVENUE | SUITE 203 | GLENDALE, CA 91203
TEL (800) 265-0890 | WWW.LFJPC.COM



**AUTHORIZATION FOR RELEASE OF
PERSONNEL FILE, PAY STUBS AND TIME RECORDS**

---

I, Thomas Beltran, request that Olam International send a copy of the following documents to LAWYERS *for* JUSTICE, PC, located at 410 West Arden Avenue, Suite 203, Glendale, California 91203:

1) My employee personnel file in its entirety;

2) Any instrument or document I signed relating to the obtaining or holding of employment;

3) My pay stubs, wage statements and time records in their entirety;

4) My business-related expense reimbursement records in their entirety;

5) Any and all records relating to my performance or to any grievance concerning me, including but not limited to performance reviews, promotions, demotions, change of pay rate, change of job position, change of job title, verbal or written warnings, verbal or written reprimands, discipline, or adverse actions (*See* California Labor Code Section 1198.5);

6) Any and all records relating to my missed, late, or interrupted meal or rest breaks;

7) My job description(s) and employee handbook(s);

8) Any records relating to overtime worked by me or overtime compensation received by me;

9) Any and all arbitration agreements signed by me, employment agreements signed by me, settlement agreement/release signed by me, dispute resolution policies, confidentiality agreements signed by me, and non-compete agreements signed by me, if any; and

10) Any and all other records that relate to my compensation, time scheduled or worked, or other employment-related issues.


Thomas Beltran
**Print Name**

Thomas Beltran                    5/18/15
**Signature**                          **Date**

410 WEST ARDEN AVENUE · SUITE 203 · GLENDALE, CA 91203

TEL (818) 285-1020 · FAX (818) 285-1021· WWW.LFJPC.COM

AUG. 12. 2015  3:10PM    CAPITAL MGMT CORP                        NO. 992    P. 33

# EXHIBIT "E"

6/18/2015                                    WebOnTrac View Shipment

  

Date Printed 6/18/2015

Shipped From:

OLAM

205 E. River Park Circle, Ste. 315

Fresno, CA 93720

Tracking#D10010800949583

Sent By: ALBERT PEREZ
Phone#: (559)446-6430
wgt(lbs): 0
Reference:
Reference 2:

| Ship To Company:<br>LAWYERS FOR JUSTICE<br>410 W. ARDEN AVENUE STE. 203<br>GLENDALE, CA 91203<br>EDWIN AIWAZIAN (800)285-0690 | Service:  S<br><br>Sort Code:  COM<br><br>Special Services:<br>  Signature Required |
| --- | --- |



Olam Spices and Vegetables, Inc.
Human Resources
205 E. River Park Circle, Ste. 315
Fresno, CA 93720

June 18, 2015

Edwin Aiwazian, Esq.
Lawyers for Justice
410 W. Arden Avenue, Suite 203
Glendale, California 91203

Re:   Request for Former Employee Documents

Dear Mr. Aiwazian:

Enclosed please find the documents related to former employees Mario Martinez, Zulema Hernandez and Tomas Beltran.

Sincerely,

/s/

Albert Perez
Senior Director Human Resources

# EXHIBIT "F"

 **OLAM**

Olam Spices & Vegetable Ingredients
Human Resources
1350 Pacheco Pass Hwy
Gilroy, CA 95020

July 16, 2012

Thomas Beltran
6705 Filbro Dr. #4
Gilroy, CA 95020

Dear Thomas:

This letter is to notify you that effective as of today, July 16, 2012, your employment with Olam Spices & Vegetables has been terminated. Per our records, you failed to report/call to work as scheduled on Monday – 07/09/1, Tuesday– 07/10/12 and Wednesday – 07/11/12.

Per company policy, employees are considered a voluntary quit if they are absent for three (3) consecutive days without notification to the Company.

Enclosed you will find a pamphlet from the State of California "For Your Benefit". Please feel free to contact me with any questions or concerns at (408) 846-3460.

Sincerely,

Beatriz Sousa
Human Resources

Cc: Oscar Rios– Teamsters Local 890

CERTIFIED MAIL: 7006 3450 0003 7320 9203

## PROOF OF SERVICE

My business address is 7522 N. Colonial Avenue, Suite 105, Fresno, California 93711. I am employed in Fresno County, California. I am over the age of 18 years and am not a party to this case.

On the date indicated below, I served the foregoing document described as

**DECLARATION OF CHUCK DAVIS IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE AND REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES**

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Edwin Aiwazian, Esq.                        **Attorney for Plaintiff Thomas Beltran**
Lawyers for Justice
410 W. Arden Avenue, Suite 203
Glendale, California 91203
Ph: (800) 265-0690 or (818) 265-1020
Fax: (818) 265-1021
Email: Edwin@lfjpc.com

Robert K. Carrol, Esq.                      **Co-Counsel for Defendant Olam West Coast,**
Lynn R. Fiorentino, Esq.                    **Inc., erroneously sued as Olam Spices and**
Arent Fox LLP - Attorneys at Law            **Vegetables, Inc.**
55 2nd Street, 21st Floor
San Francisco, CA 94105
Ph: (415) 757-5500
Fx: (415) 757-5501
Email: robert.carrol@arentfox.com
Email: lyn.fiorentino@arentfox.com

**X** _____ (BY FIRST CLASS MAIL)I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the United States Postal Service on the date noted below in the ordinary course of business, at Fresno, California.

_____ (BY PERSONAL SERVICE) I caused such envelopes to be delivered by hand to the office(s) of the addressee(s) listed above.

_____ (BY OVERNIGHT MAIL) I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence will be deposited with an overnight carrier on the date noted below in the ordinary course of business, in accordance with the overnight carrier's method for billing for same, and before the last scheduled pick-up time, at Fresno, California.

**EXECUTED ON August 12, 2015, at Fresno, California.**

**X** _____ (STATE)   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
CHRISTINE TEJEDA

PROOF OF SERVICE

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a true and
correct copy of the original on file in this office

ATTEST: SEP 15 20

CLERK OF THE SUPERIOR COURT

By

# EXHIBIT "12"

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

**15 CE CG 02 9 9 3**

No. RG15776976

| | |
|---|---|
| **Beltran** | |
| Plaintiff/Petitioner(s) | |
| **VS.** | |
| **Olam Spices and Vegetables, Inc.** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Minutes

Department   17                    Honorable   George C. Hernandez, Jr.   , Judge

Cause called for: Complex Determination Hearing on August 17, 2015.

There being no request for oral argument, the court affirms its tentative ruling in its entirety.

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. The matter is assigned for all purposes including trial to Department 17 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules, and the protocols set forth on the Court's website for Department 17.

All motions and ex parte applications shall be noticed for hearing in Department 17. The parties shall reserve hearing dates and times by contacting the Department 17 courtroom clerk via email at Dept.17@alameda.courts.ca.gov. The courtroom clerk can also be contacted by phone at (510) 267-6933, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

Courtesy (bench) copies of all filings should be delivered directly to Dept. 17 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.17@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 17). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media

Minutes

M10001186

submitted will not be returned.

## CASE MANAGEMENT

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb. However, courtesy copies of statements must be delivered directly to Dept. 17. The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable:

A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B. The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C. Deadlines and limits on joinder of parties and amended or additional pleadings;

D. Class discovery and class certification;

E. A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F. An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G. A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

(1) unserved parties and the reasons for the failure to serve;

(2) unserved and/or unfiled cross-complaints;

(3) related actions pending in any jurisdiction and the potential for coordination or consolidation;

(4) any possible jurisdictional or venue issues that may arise;

(5) the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

(6) unresolved law and motion matters;

(7) requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

(8) severance of issues for trial; and

(9) calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H. Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

**Minutes**

M10001186

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Minutes of   08/17/2015
Entered on   08/17/2015

Leah T. Wilson  Executive Officer / Clerk of the Superior Court

By   *Yestrada*
                    Digital
                                        Deputy Clerk

---

**Minutes**

M10001186



SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a true and
correct copy of the original
on file in this office

ATTEST   SEP 15 2016
CLERK OF THE SUPERIOR COURT

By _____
                        Deputy

# EXHIBIT "13"

Lawyers for Justice, PC
Attn: Alwazian, Edwin
410 West Arden Avenue
Suite 203
Glendale, CA  91203

Olam Spices and Vegetables, Inc.

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Beltran<br><br>             Plaintiff/Petitioner(s)<br><br>        VS.<br><br>Olam Spices and Vegetables, Inc.<br>           Defendant/Respondent(s)<br>    (Abbreviated Title) | 15 CE CG 02993<br>No. RG15776976<br><br>Order<br><br>Complaint - Other Employment |

The Complex Determination Hearing was set for hearing on 08/17/2015 at 02:30 PM in Department 17 before the Honorable George C. Hernandez, Jr.. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court.  The matter is assigned for all purposes including trial to Department 17 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA  94612.  Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.   All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules, and the protocols set forth on the Court's website for Department 17.

All motions and ex parte applications shall be noticed for hearing in Department 17. The parties shall reserve hearing dates and times by contacting the Department 17 courtroom clerk via email at Dept.17@alameda.courts.ca.gov . The courtroom clerk can also be contacted by phone at (510) 267-6933, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

---

Order

Courtesy (bench) copies of all filings should be delivered directly to Dept. 17 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.17@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 17). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned.

## CASE MANAGEMENT

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb. However, courtesy copies of statements must be delivered directly to Dept. 17. The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable:

A.  A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B.  The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C.  Deadlines and limits on joinder of parties and amended or additional pleadings;

D.  Class discovery and class certification;

E.  A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

   (1)  unserved parties and the reasons for the failure to serve;

   (2)  unserved and/or unfiled cross-complaints;

   (3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;

   (4)  any possible jurisdictional or venue issues that may arise;

   (5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

   (6)  unresolved law and motion matters;

---

Order

(7) requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

(8) severance of issues for trial; and

(9) calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H. Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Dated:  08/17/2015

_George Aleman (facsimile)_

Judge George C. Hernandez, Jr.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a full, true and
correct copy of the original on file
on file in this office

ATTEST: SEP 1 5 2018
CLERK OF THE SUPERIOR COURT

By _____ (DEPUTY)

# EXHIBIT "14"

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

15 CE CG 02 99 3
Case Number: RG15776976
Order After Hearing Re: of 08/17/2015

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the
foregoing document was mailed first class, postage prepaid, in a sealed envelope,
addressed as shown on the foregoing document or on the attached, and that the
mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

Executed on 08/18/2015.
        Leah T. Wilson  Executive Officer / Clerk of the Superior Court

                    By    *Estrada*
                                    Digital
                                          Deputy Clerk



SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a full, true and
correct copy of the original
on file in this office

ATTEST: SEP 1 2018
CLERK OF THE SUPERIOR COURT

By _____
Deputy

# EXHIBIT "15"

1 │ Edwin Aiwazian (SBN 232943)
  │ Arby Aiwazian (SBN 269827)
2 │ L A W Y E R S *for* J U S T I C E, PC
  │ 410 West Arden Avenue, Suite 203
3 │ Glendale, California 91203
  │ Tel: (818) 265-1020 / Fax: (818) 265-1021
4 │
  │ *Attorneys for* Plaintiff
5 │
6 │
7 │

**FILED**
ALAMEDA COUNTY

*Maria* AUG 2 8 2015
CLERK OF THE ~~Superior~~ COURT
By_____ Deputy

8 │ 　　SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 │ 　　　　　FOR THE COUNTY OF ALAMEDA
  │ 　　　　　　　　　　　　　　15 CE CG 02993
10 │ THOMAS BELTRAN, individually, and on │ Case No. RG15776976
   │ behalf of other members of the general │
11 │ public similarly situated, │
   │ │ 
12 │ 　　　　Plaintiff, │ **CLASS ACTION**
   │ │
13 │ 　　vs. │ **PLAINTIFF THOMAS BELTRAN'S**
   │ │ **OPPOSITION TO DEFENDANT'S**
14 │ OLAM SPICES AND VEGETABLES, │ **MOTION TO TRANSFER VENUE**
   │ INC., an unknown business entity; and │ **AND TO REQUEST ATTORNEY'S**
15 │ DOES 1 through 100, inclusive, │ **FEES AND COSTS AGAINST**
   │ │ **PLAINTIFF AND/OR HIS COUNSEL**
16 │ 　　　　Defendants. │ **OF RECORD**
   │ │
17 │ │ [Filed Concurrently with Declaration of
   │ │ Edwin Aiwazian]
18 │ │
   │ │ Date:　　　　　　September 9, 2015
19 │ │ Time:　　　　　　2:30 p.m.
   │ │ Dept.:　　　　　　17
20 │ │
   │ │ Complaint Filed:　July 7, 2015
21 │ │ Jury Trial Date:　None Set
22 │
23 │
24 │
25 │
26 │
27 │
28 │

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FAX FILING

─────────────────────────────────────────────
PLAINTIFF THOMAS BELTRAN'S OPPOSITION
TO DEFENDANT'S MOTION TO CHANGE VENUE AND REQUEST ATTORNEY'S FEES

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

## I.    SUMMARY OF OPPOSITION

Defendant Olam Spices and Vegetables, Inc.'s ("Defendant") Motion to Change Venue to Fresno County ("Motion") must be denied because the Superior Court of Alameda, with its Complex Litigation Department, is in the best position to promote the ends of justice by overseeing the litigation of this matter effectively and efficiently.

Alternatively, should the Court determine that venue is improper in Alameda County, Plaintiff Thomas Beltran ("Plaintiff") argues that Santa Clara County, in which Defendant's obligations and liabilities with respect to the alleged labor violations arose and Plaintiff's injuries occurred while working there exclusively, would serve as a proper alternate venue. Its Complex Litigation Department is also in the best position to promote the ends of justice by administering the litigation of this matter efficaciously.

## II.    RELEVANT FACTS

On July 7, 2015, Plaintiff filed a wage and hour class action in Alameda County Superior Court on behalf of himself and other hourly-paid or non-exempt employees employed by Defendant within the State of California. (*See generally*, Complaint.) On August 3, 2015, Defendant's Counsel and Plaintiff's Counsel conferred telephonically regarding Defendant's desire to transfer venue to Fresno County. Counsel for Plaintiff indicated that Alameda County was uniquely situated to handle a complex class action. In the spirit of cooperation, Counsel for Plaintiff offered to stipulate to transfer venue to Santa Clara County, where Plaintiff was employed by Defendant. (Declaration of Edwin Aiwazian "Aiwazian Decl.", ¶ 2). On August 10, 2015, Defendant's Counsel sent Plaintiff's Counsel a letter threatening to file a Motion to Transfer Venue to Fresno County and seek attorney's fees associated with the motion if Plaintiff did not stipulate to such a transfer by the close of the following business day. (Declaration of Brad Levang, Exh. A). This letter failed to respond to Plaintiff's offer to transfer venue to Santa Clara County. (*Id.*). Plaintiff's Counsel promptly responded that same day, again informing Defendant's Counsel that Alameda County was "uniquely suited to deal with a complex case of this nature" and offering to stipulate to transfer the case to Santa Clara County in the alternative. (Aiwazian Decl., ¶ 2). In response, Counsel for Defendant again ignored Plaintiff's offer to

1

1    transfer to Santa Clara County and indicated his intention to file a motion if Plaintiff would not
2    agree to transfer venue to Fresno County. (Aiwazian Decl., ¶ 5). Plaintiff's Counsel promptly
3    replied and requested Defendant's basis for refusing to transfer this action to Santa Clara, but
4    Defendant did not reply. (Aiwazian Decl., ¶ 6).

5         Defendant is in the business of dehydrating and processing vegetables at plants
6    throughout California. During his employment with Defendant, Plaintiff worked at a plant
7    located in Santa Clara County, and no other locations. (See Declaration of Chuck Davis
8    "Davis Decl.," ¶ 10.) While working for Defendant, Plaintiff did not receive meal and rest
9    breaks, worked overtime, and did not receive at least minimum wages for all hours worked.
10   (Complaint, ¶¶ 6-22.)  As a result, he did not receive timely compensation during
11   employment and upon termination of employment, and did not receive complete and
12   accurate wage statements. (Id.)

13   **III.   ARGUMENT**

14        **A.  This Court Is in the Best Position to Promote the Ends of Justice in the
              Litigation of This Matter.**

15        A court may retain an action in the county where commenced, after considering an
16   opposition to the transfer, if it appears that retaining the action in that court will promote the
17   ends of justice. (Cal. Civ. Proc. Code §§ 396b(d) & 397.)

18        This case has been assigned to Department 17 of the Alameda County Superior
19   Court. This suit is a putative class action involving a complicated area of wage and hour
20   law and is expected to involve numerous pre-trial motions that may be time-consuming to
21   resolve due to the complexity of the issues. This Court, with its experienced judges and
22   staff, is particularly qualified to identify the material issues in dispute between the parties,
23   streamline the litigation process, and determine how the parties and/or the Court can
24   quickly evaluate the relative merits of the core issues that are in dispute. Retaining this suit
25   in this Court would grant all litigants the opportunity to avail themselves of these services,
26   and thereby promote the ends of justice and best serve the interests of the putative class.
27   ///
28

*LAWYERS for JUSTICE, PC*
*410 West Arden Avenue, Suite 203*
*Glendale, California 91203*

**B. In The Alternative, Plaintiff Respectfully Requests That the Court Transfer Venue to Santa Clara County.**

Should the Court determine that Alameda County is not a proper venue for this matter, Plaintiff respectfully requests that the Court transfer it to Santa Clara County, where some part of the cause of action arose.

*a. Legal Standard for a Motion to Transfer Venue.*

The venue requirements for class action are the same as if the class representative was bringing suit as an individual. (See *Gallin v. Superior Court* (1991) 230 Cal.App.3d 541, 543-46; Cal. Civ. Ctrm. Hbook. & Desktop Ref. § 8:32 (2013 Ed.).) A corporation may be sued:

> "in the county where the contract is made or is performed, or where the **obligation or liability arises, or the breach occurs**; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

(Cal. Civ. Proc. Code § 395.5 (emphasis added).) Additionally, where an action seeks recovery of a statutory penalty, the California Code of Civil Procedure specifically provides that venue is proper in "[t]he county in which the cause, or **some part of the cause, arose[.]**" ((Cal. Code Civ. Proc. § 393(a)) (emphasis added).) Santa Clara County is a proper venue because Defendant's obligations and liabilities with respect to the alleged labor violations arose in Gilroy, which is in Santa Clara County, and Plaintiff's injuries occurred in Gilroy where he worked throughout his employment with Defendant. (Davis Decl., ¶ 10.)

"The word injury 'means a wrongful invasion of legal rights.'" (*Sea World, Inc. v. Superior Court* (1970) 13 Cal.App.3d 104.) In tort cases, "liability arises" whenever and wherever injury occurs. (*Mission Imports, Inc. v. Sup. Ct.* (1982) 31 Cal.3d 921, 931 (beer distributor allegedly lost profits in each county its beer was sold, and therefore could sue in any of these counties); see also *Black Diamond Asphalt, Inc. v. Sup. Ct.* (2003) 109 Cal.App.4th 166, 172 (declaratory relief action to determine insurer's duty to defend may be commenced in county where a third party claimant sues because that is where the insurer's liability arises).)

During his employment with Defendant, Plaintiff worked in a plant located in Santa Clara County. (Davis Decl., ¶ 10.) Pursuant to relevant California labor law, because Plaintiff commenced working at Defendant's Santa Clara plant, Defendant was under the obligation to,

3

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  among other things, timely pay Plaintiff for all hours worked and for missed meal and rest

2  breaks, provide Plaintiff with accurate and itemized wage statements, reimburse Plaintiff for all

3  necessary business related expenses, or to keep requisite payroll records.  (See Cal. Lab. Code

4  §§ 226.7 and 512(a); Cal. Lab. Code § 226(a); Cal. Lab. Code §§ 2800 and 2802; Cal. Lab. Code

5  § 1174(d).)  During his employment in Santa Clara County, Plaintiff was not compensated for,

6  *inter alia*, all hours worked and for missed meal and rest breaks.  (Complaint, ¶ 21).  Thus, the

7  violations that Defendant committed, which resulted in Plaintiff's injuries, took place in Santa

8  Clara County.  Therefore, Defendant's obligations and liabilities arose in Santa Clara County,

9  Plaintiff's injuries occurred in Santa Clara County, and Santa Clara County is a proper venue

10  for this action.

11          ***b.   The Complaint Seeks Penalties Imposed by Statute.***

12          The statutory and civil penalties sought by Plaintiff provide an independent basis for

13  establishing venue in Santa Clara County.  Plaintiff's Complaint includes allegations of wage

14  and hour violations for unpaid wages, and missed meal and rest breaks, and also seeks both

15  statutory and civil penalties imposed by the California Labor Code.  (*See generally* Complaint).

16  The California Code of Civil Procedure specifically provides that "the county in which the

17  cause, or some part of the cause, arose, is the proper county for the trial of [...] actions [...]

18  [f]or the recovery of a penalty or forfeiture imposed by statute[.]"  (Cal. Code Civ. Proc. §

19  393(a) (emphasis added).)  Here, Plaintiff's claims for statutory and civil penalties imposed by

20  the California Labor Code arose while Plaintiff was working in Santa Clara County.

21  Accordingly, Santa Clara County is a proper venue for this action.

22          ***c.   The Santa Clara County Court Is in the Best Position to Promote the Ends***

23            ***of Justice in the Litigation of This Matter.***

24          A court may retain an action in the county where commenced, after considering an

25  opposition to the transfer, if it appears that the convenience of the witnesses or the ends of justice

26  will thereby be promoted.  (Cal. Civ. Proc. Code §§ 396b(d) & 397.)

27          As previously discussed, this suit is a putative class action involving a complicated

28  area of wage and hour law and is expected to involve numerous pre-trial motions that may

be time-consuming to resolve due to the complexity of the issues. The Santa Clara Complex

Civil Litigation Department would be particularly qualified to identify the material issues

in dispute between the parties, streamline the litigation process, and determine how the

parties and/or the Court can quickly evaluate the relative merits of the core issues that are

in dispute. Transferring this suit to Santa Clara County, rather than Fresno County which

has no complex division, would grant all litigants the opportunity to avail themselves of

these services, and thereby promote the ends of justice and best serve the interests of the

putative class.

C. Defendant's Request for Costs and Fees Is Unreasonable and Unwarranted.

Plaintiff's selection of venue in Alameda was made in good faith, and when

Defendant challenged it, his position was explained to Defendant. (Aiwazian Decl., ¶ 2).

Counsel for Plaintiff attempted to reach a suitable compromise by offering to transfer venue to

Santa Clara County, but Defendant repeatedly ignored these offers. Defendant further refused

to provide any basis for not stipulating to transfer venue to Santa Clara County.. (Aiwazian

Decl., ¶ 5, 6). Counsel for Defendant now claims that Defendant "did not consent to

[transferring venue];" however, this information was never communicated to Plaintiff. Rather,

Defendant's Counsel refused to respond to or even acknowledge Plaintiff's repeated offers to

transfer venue to Santa Clara and avoid the cost and expense of this motion. Therefore,

Defendant did not meet and confer in good faith, and there is no good cause for awarding

Defendant costs or fees.

Furthermore, Defendant's Counsel's efforts with respect to its Motion do not warrant

the fees sought as sanctions. "In its discretion, the court may order the payment to the prevailing

party of reasonable expenses and attorney's fees incurred in making. . . the motion to transfer."

Cal. Code Civ. Proc. § 396b(b). Defendant contends that three attorneys from two different law

firms have spent, or will spend, a total of thirty-seven (37) hours on this Motion, including an

anticipated thirteen (13) hours being spent by two senior attorneys at two separate law firms to

prepare a reply and attend the hearing. (Levang Decl. ¶ 11-13; Declaration of Robert K. Carrol

"Carrol Decl.", ¶ 3-4). Defendant should not be rewarded for spending such a patently excessive

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   and amount of time on the present Motion.  Because Defendant did not meet and confer in good

2   faith and the fees requested are clearly unreasonable, Plaintiff respectfully requests that the

3   Court deny Defendant's request for attorneys' fees and costs.

4   **IV.   CONCLUSION**

5        For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny

6   Defendant's Motion to Transfer Venue in its entirety or, in the alternative, to order that this

7   action be transferred to Santa Clara County.

8   Dated:  August 26, 2015                  LAWYERS *for* JUSTICE, PC

9

10                                By:

11                                  Edwin Aiwazian

                                *Attorneys for* Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF THOMAS BELTRAN'S OPPOSITION
TO DEFENDANT'S MOTION TO CHANGE VENUE AND REQUEST ATTORNEY'S FEES

# EXHIBIT "16"

```
*14044677*
```

1
2
3
4
5

**LAWYERS for JUSTICE, PC**
Edwin Aiwazian (SBN 232943)
Arby Aiwazian (SBN 269827)
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff

**FILED**
ALAMEDA COUNTY

AUG 2 6 2015

CLERK OF THE SUPERIOR COURT
_____ Deputy

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                          FOR THE COUNTY OF ALAMEDA

9    THOMAS BELTRAN, individually, and
     on behalf of other members of the general
10   public similarly situated,

11                       Plaintiff,

12            vs.

13   OLAM SPICES AND VEGETABLES,
     INC., an unknown business entity; and
14   DOES 1 through 100, inclusive,

15                       Defendants.

16

Case No.: RG15776976   15 CECG 02993

Honorable George C. Hernandez, Jr.
Department 17

**DECLARATION OF EDWIN
AIWAZIAN IN SUPPORT OF
PLAINTIFF THOMAS BELTRAN'S
OPPOSITION TO DEFENDANT'S
MOTION TO TRANSFER VENUE AND
TO REQUEST ATTORNEY'S FEES AND
COSTS AGAINST PLAINTIFF AND/OR
HIS COUNSEL OF RECORD**

[FILED CONCURRENTLY WITH
OPPOSITION TO MOTION TO CHANGE
VENUE AND REQUEST ATTORNEY'S
FEES]

17
18
19
20
21
22

Hearing Date:    September 9, 2015
Hearing Time:    2:30 p.m.
Hearing Place:   Department 17

Action Filed:    July 7, 2015
Trial Date:      None Set

23
24
25
26
27
28

**LAWYERS for JUSTICE, P.C.**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**FAX FILING**

DECLARATION OF EDWIN AIWAZIAN

### DECLARATION OF EDWIN AIWAZIAN

I, EDWIN AIWAZIAN, hereby declare as follows:

1.    I am an attorney duly licensed to practice law before all courts of the State of California.  I am a member of Lawyers *for* Justice, P.C., counsel and attorney of record for Plaintiff Thomas Beltran ("Plaintiff").  The facts set forth in this declaration are within my personal knowledge or based on information and belief, and, if called as a witness, I could and would competently testify as follows.

2.    On August 3, 2015, Defendant's Counsel and Plaintiff's Counsel conferred telephonically regarding Defendant's desire to transfer venue to Fresno County.  Counsel for Plaintiff indicated that Alameda County was uniquely situated to handle a complex class action.  However, in the spirit of cooperation, Counsel for Plaintiff offered to stipulate to transfer venue to Santa Clara County, where Plaintiff was employed by Defendant.

3.    On August 10, 2015, Defendants sent us a letter stating their intent to file a Motion to Change Venue to Fresno County based on their belief in Plaintiff's lack of connections to Alameda County.

4.    On August 10, 2015, I responded by email again indicating that Alameda County was uniquely suited to deal with a complex case of this nature.  I also again proposed a stipulation to transfer the case to Santa Clara County, where Plaintiff had been employed by Defendants.

5.    On August 11, 2015, Counsel for Defendant responded by email reiterating Defendant's desire to transfer this case to Fresno County and again ignoring my offer to stipulate to the transfer of venue to Santa Clara County.  Attached hereto as **Exhibit A** is a true and correct copy of Counsel for Defendant's email.

6.    On August 11, 2015, I responded by email requesting Defendant's basis for refusing to transfer venue to Santa Clara County.  Defendant failed to respond to my email and filed the Motion to Transfer Venue on August 12, 2015.  Attached hereto as **Exhibit B** is a true and correct copy of my email to Counsel for Defendant.

LAWYERS *for* JUSTICE, P.C.
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

1      I declare under penalty of perjury under the laws of the State of California that the

2  foregoing is true and correct.

3      Executed this 26th day of the month of August 2015, in Glendale, California.

4

5                        Edwin Aiwazian

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAWYERS for JUSTICE, P.C.
410 West Arden Avenue, Suite 203
Glendale, California 91203

# EXHIBIT A



Edwin Alwazian <edwin@lfjpc.com>

## Thomas Beltran v. Olam - Letter to Edwin Alwazian re Venue (Our File No. 9818.25)

**Brad Levang** <brad@hatmakerlaw.com>                     Tue, Aug 11, 2015 at 4:28 PM
To: "Lawyers for Justice, PC" <edwin@lfjpc.com>

Dear Mr. Alwazian,

     I too hope that you are doing well.  Also, thank you for your response to our latest correspondence. I believe that my last communication made our position known on this issue; namely that we think a stipulation to move the case to Fresno County makes sense for the reasons previously set forth, as opposed to keeping the case in Alameda County, which has no connection to this case.   Again, as previously stated, if your client does not want to stipulate to Fresno County, then we will be bringing a motion to transfer venue and seeking attorneys' fees and costs associated with that motion.

     As always, if you have any questions or concerns please do not hesitate to contact me.

     Sincerely,

     Brad



**Brad Levang**
Attorney
Hatmaker Law Group
7522 N. Colonial Avenue Suite 105, Fresno, California 93711
Telephone:  (559) 374-0077  |  Facsimile:  (559) 374-0078
Email:     brad@hatmakerlaw.com
Website:   www.hatmakerlaw.com

8/25/2015                    Lawyers for Jus......PC Mail - Thomas Beltran v. Olam - Letter to Edwin Alw...... re Venue (Our File No. 9818.25)

WARNING/CONFIDENTIAL: This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please return the message to the sender via return email immediately and completely delete the message and any reply messages from your system.  Thank You.

**From:** Lawyers for Justice, PC [mailto:edwin@lfjpc.com]
**Sent:** Monday, August 10, 2015 6:49 PM
**To:** Christine Tejeda
**Cc:** Brad Levang; Elizabeth M. R. Parker
**Subject:** Re: Thomas Beltran v. Olam - Letter to Edwin Alwazian re Venue (Our File No. 9818.25)

[Quoted text hidden]

# EXHIBIT B



Edwin Alwazian <edwin@lfjpc.com>

---

## Thomas Beltran v. Olam - Letter to Edwin Alwazian re Venue (Our File No. 9818.25)

**edwin@lfjpc.com** <edwin@lfjpc.com>                                    Tue, Aug 11, 2015 at 4:37 PM
To: Brad Levang <brad@hatmakerlaw.com>
Cc: "Elizabeth M. R. Parker" <elizabeth@lfjpc.com>

Dear Brad:

On what basis are you refusing to agree to transfer the action to Santa Clara Superior Court? Defendant employed Plaintiff in Santa Clara not Fresno. We do not agree to transfer the case to Fresno.

Sent from my iPhone

On Aug 11, 2015, at 4:28 PM, Brad Levang <brad@hatmakerlaw.com> wrote:

> Dear Mr. Alwazian,
>
>
>        I too hope that you are doing well.  Also, thank you for your response to our latest correspondence.  I believe that my last communication made our position known on this issue; namely that we think a stipulation to move the case to Fresno County makes sense for the reasons previously set forth, as opposed to keeping the case in Alameda County, which has no connection to this case.   Again, as previously stated, if your client does not want to stipulate to Fresno County, then we will be bringing a motion to transfer venue and seeking attorneys' fees and costs associated with that motion.
>
>
>        As always, if you have any questions or concerns please do not hesitate to contact me.
>
>
>        Sincerely,
>
>        Brad
>
>
>
>        <hatmaker-logo-emailfbc2d0>
>
>        [Quoted text hidden]



SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument
correct copy of the original
on file in this office

ATTEST: SEP 1

CLERK OF THE SUPERIOR COURT

By _____
                              Deputy

# EXHIBIT "17"

*14044673*

1   LAWYERS *for* JUSTICE, PC
     Edwin Aiwazian (SBN 232943)
2   Arby Aiwazian (SBN 269827)
     410 West Arden Avenue, Suite 203
3   Glendale, California 91203
     Telephone (818) 265-1020
4   Facsimile (818) 265-1021

**FILED**
ALAMEDA COUNTY

AUG 2 6 2015

CLERK OF THE SUPERIOR COURT
By *Maria Carera*
Deputy

5

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF ALAMEDA

10  THOMAS BELTRAN; individually, and on        15 CECG 02993
     behalf of other members of the general public
11  similarly situated,                          Case No.: RG15776976

12                    Plaintiff,                  Hon. George C. Hernandez, Jr.
                                                  Department 17
13        vs.

14  OLAM SPICES AND VEGETABLES, INC.,            **CLASS ACTION**
     an unknown business entity; and DOES 1
15  through 100, inclusive,                       **PROOF OF SERVICE**

16                    Defendants.

17

18                                                Complaint Filed: July 7, 2015
                                                  Jury Trial Date: None Set
19

20

21

22

23

24

25

26

27

28

_LAWYERS for JUSTICE, PC_
_410 West Arden Avenue, Suite 203_
_Glendale, California 91203_

PROOF OF SERVICE

FAX FILING

**PROOF OF SERVICE**

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 410 West Arden Avenue, Suite 203, Glendale, California 91203.

On August 26, 2015, I served the foregoing document(s) described as:

- **PLAINTIFF THOMAS BELTRAN'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE AND TO REQUEST ATTORNEY'S FEES AND COSTS AGAINST PLAINTIFF AND OR/HIS COUNSEL OF RECORD; AND**
- **DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF THOMAS BELTRAN'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE AND TO REQUEST ATTORNEY'S FEES AND COSTS AGAINST PLAINTIFF AND OR/HIS COUNSEL OF RECORD**

on interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

Suzan K. Hatmaker
susan@hatmakerlaw.com
Aimee B. Rainwater
aimee@hatmakerlaw.com
BradleyJ. Levang
brad@hatmakerlaw.com
HATMAKER LAW GROUP
7522 North Colonial Avenue, Suite 105
Fresno, California 93711

Robert K. Carroll
robert.carrol@arentfox.com
Lynn R. Fiorentino
lynn.fiorentino@arentfox.com
ARENT FOX, LLP
55 2nd Street, 21st Floor
San Francisco, California 94105

*Attorney* for Defendant Olam West Coast, Inc. erroneously sued as Olam Spices and Vegetables, Inc.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

**[X]   BY GOLDEN STATE OVERNIGHT (GSO)**

I placed such documents in a Golden State Overnight (GSO) Express Envelope addressed to the party or parties listed above with delivery fees fully pre-paid for Next Day Golden State Overnight (GSO) delivery by 4:00 p.m., and caused it to be delivered to a Golden State Overnight (GSO) drop-off box before 8:00 p.m. on the stated date.

**[X]   STATE**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 26, 2015, at Glendale, California.

_____
Suzana Solis

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

**PROOF OF SERVICE**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a true and
correct copy of the original
on file in this office

ATTEST: SEP 15 20

CLERK OF THE SUPERIOR COURT

By _____ Deputy

# EXHIBIT "18"

*13931780*

POS-030

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Edwin Aiwazian (SBN 232943)
LAWYERS for JUSTICE
410 Arden Avenue, Suite 203
Glendale, California 91203

TELEPHONE NO. *(Optional):* (818) 265-1020     FAX NO. *(Optional):* (818) 265-1021
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff

*FOR COURT USE ONLY*

**FILED**
ALAMEDA COUNTY

AUG 27 2015

CLERK OF THE SUPERIOR COURT
By

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda**
STREET ADDRESS:
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PETITIONER/PLAINTIFF: Thomas Beltran

RESPONDENT/DEFENDANT: Olam Spices and Vegetables, Inc.

CASE NUMBER: CE CG 02993
RG15776976

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   410 Arden Avenue, Suite 203, Glendale, California 91203

3. On *(date):* August 27, 2015   I mailed from *(city and state):* Glendale, California
   the following documents *(specify):*
   Order, Complaint - Other Employment

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☐ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☑ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. Name of person served: Suzan K. Hatmaker, Aimee E. Rainwater, Bradley J. Levang
   b. Address of person served:
   HATMAKER LAW GROUP
   7522 North Colonial Avenue, Suite 105
   Fresno, California 93711

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 27, 2015

Rebekkah Friesen
*(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)*     *(SIGNATURE OF PERSON COMPLETING THIS FORM)*

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]
**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
(Proof of Service)
Code of Civil Procedure, §§ 1013, 1013a
www.courtinfo.ca.gov

FAX FILING



SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a true and
correct copy of the original on
on file in this office

ATTEST: SEP 1 ...

CLERK OF THE SUPERIOR COURT

By _____ DEPUTY

# EXHIBIT "19"



POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Edwin Aiwazian (SBN 232943)<br>LAWYERS for JUSTICE<br>410 Arden Avenue, Suite 203<br>Glendale, California 91203 | |

TELEPHONE NO.: (818) 265-1020    FAX NO. *(Optional):* (818) 265-1021
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff

**F I L E D**
**ALAMEDA COUNTY**

**AUG 27 2015**

CLER~~K~~ ~~OF THE~~ SUPERIOR COURT
By _____

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS:
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PETITIONER/PLAINTIFF: Thomas Beltran

RESPONDENT/DEFENDANT: Olam Spices and Vegetables, Inc.

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>RG15776976 |
|---|---|

**15 CE CG 02993**

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   410 Arden Avenue, Suite 203, Glendale, California 91203

3. On *(date):* August 27, 2015    I mailed from *(city and state):* Glendale, California
   the following documents *(specify):*
   Order, Complaint - Other Employment

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☐ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☑ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. Name of person served: Robert K. Carroll, Lynn R. Fiorentino
   b. Address of person served:
      ARENT FOX, LLP
      55 2nd Street, 21st Floor
      San Francisco, California 94105

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 27, 2015

Rebekkah Friesen                                          ▶
_____                     _____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)        (SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2008] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>(Proof of Service) | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov |
|---|---|---|

FAX FILING

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a full, true and
correct copy of the original
on file in this office.

ATTEST     SEP 15 20

CLERK OF THE SUPERIOR COURT

By _____
                    Deputy

# EXHIBIT "20"

SEP. 1, 2015  1:51PM    CAPITAL MGMT CORP                          NO. 025   P. 2

1 | SUSAN K. HATMAKER 172543
  | BRADLEY J. LEVANG 226922
2 | HATMAKER LAW GROUP
  | 7522 N. Colonial Avenue, Suite 105
3 | Fresno, California 93711
  | Telephone: (559) 374-0077
4 | Facsimile:  (559) 374-0078

5 | ROBERT K. CARROL 81277
  | LYNN R. FIORENTINO 226691
6 | ARENT FOX, LLP
  | 55 2nd Street, 21st Floor
7 | San Francisco, CA 94105
  | Telephone: (415) 757-5500
8 | Facsimile:  (415) 757-5501

9 | Attorneys for Defendant:
  | OLAM WEST COAST, INC., erroneously sued as
10 | OLAM SPICES AND VEGETABLES, INC.

**FILED BY FAX**
ALAMEDA COUNTY
September 01, 2015
CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy
CASE NUMBER:
**RG15776976**

11 |               SUPERIOR COURT OF CALIFORNIA

12 |                   COUNTY OF ALAMEDA

13 |

14 | THOMAS BELTRAN, individually, and on          )   Case No. RG15776976
   | behalf of other members of the general public )   **15 CE CG 02993**
15 | similarly situated,                           )
   |                                               )   **REPLY IN SUPPORT OF**
16 |                                               )   **DEFENDANT'S MOTION TO**
   |               Plaintiff,                       )   **TRANSFER VENUE AND REQUEST**
17 |                                               )   **FOR REASONABLE EXPENSES AND**
   | vs.                                            )   **ATTORNEYS' FEES**
18 |                                               )
   | OLAM SPICES AND VEGETABLES, INC.,              )   Reservation No: R-1648937
19 | an unknown business entity; and DOES 1         )
   | through 100, inclusive,                        )   Date:    September 9, 2015
20 |                                               )   Time:    2:30 p.m.
21 |               Defendants.                      )   Dept:    Dept. 17
   |                                               )
22 |                                               )   Complaint Filed:  July 7, 2015
   |                                               )   Trial Date:       None Set
23 |                                               )
   |                                               )       *FILED VIA FACSIMILE*
24 |                                               )

25 |

26 |

Hatmaker Law Group
7622 N. Colonial Ave.
Suite 105      27 |
Fresno, CA 93711

28 |

1  I.    **INTRODUCTION**

2        Defendant Olam West Coast, Inc.'s(hereinafter "Olam" or "Defendant")  motion to

3  transfer venue  should be granted.  In  its Motion, Olam factually and legally established that

4  Plaintiff Thomas Beltran's (hereinafter "Beltran" or "Plaintiff") Complaint and causes of action

5  have no connection whatsoever to Alameda County and therefore,  there is no basis for venue of

6  the case in Alameda County.  Olam also demonstrated that Fresno County is the proper venue for

7  this action.

8        In opposition to Olam's Motion, Beltran and his counsel have all but outright conceded

9  the case was filed in a patently wrong venue.  Beltran did not oppose any of Olam's evidence or

10 challenge Olam's argument that Alameda County is an improper venue for this case.  More

11 significantly, Beltran failed to present any factual or legal basis as to why venue is proper in

12 Alameda County, the court he affirmatively chose to file this lawsuit in.  Instead, Beltran used

13 his Opposition to improperly ask this Court to retain the case at its discretion[1] or improperly

14 transfer this case to Santa Clara County.  Pursuant to statutory and case authority, since Olam has

15 demonstrated that venue is improper in Alameda County, this Court must transfer the case to

16 Olam's principal place of business in Fresno County.  Finally, because Plaintiff's selection of

17 venue in Alameda County was not made in good faith and Olam offered to stipulate to change

18 venue to Fresno County, the Court may and is respectfully requested to award Olam its

19 reasonable attorneys' fees and costs incurred in bringing this Motion.

20 II.    **LAW AND ARGUMENT**

21      A.    **Upon Finding that Venue is Improper in Alameda County, this Court MUST**
22            **Transfer the Case to Fresno County.**

23        Beltran's Opposition fails to provide any factual or legal basis demonstrating that

24 Alameda County is the proper venue for this case.  Further, Beltran never controverts any of the

25 numerous facts in Olam's Motion that venue is improper in Alameda County and appropriate in

26 Fresno County.  Further, Beltran's Opposition does not raise a single salient fact or legal basis

Hatmaker Law Group
7622 N. Colonial Ave.
Suite 108
Fresno, CA 93711

27

28 [1] Beltran omitted a key fact in this improper request.  An answer must be on file before a court has discretion to retain a case in the wrong venue.

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE AND REQUEST FOR REASONABLE
EXPENSES AND ATTORNEYS' FEES

1   that this Court might consider with respect to venue in Alameda County. In other words, Beltran

2   has raised no opposition to the substance of Olam's Motion to Transfer Venue and therefore

3   concedes that Alameda County is not the proper venue.

4            Rather than offer any factual or legal support that venue is proper in Alameda County,

5   where he chose to file this lawsuit, Beltran instead devotes a mere 12 lines of his six page

6   Opposition requesting the Court to exercise  its discretion under California Code of Civil

7   Procedure ("C.C.P.") § 396b(d) (inapplicable in this case) to retain the case in Alameda County.

8   Beltran's only stated basis for keeping the case in Alameda County is the self-serving and

9   conclusory argument that doing so would "promote the ends of justice" because the Court "…

10  with its experienced judges and staff, is particularly qualified to identify the material issues in

11  dispute between the parties …" (Opposition, pg. 2, ll. 15-27)  This is not a proper basis for

12  venue purposes under the applicable statutory or case authority. Further, the fact that Beltran is

13  silent as to any factual basis to support venue in Alameda County, and instead relies solely on the

14  misplaced concept that the Court has discretion to retain the case in Alameda County represents

15  Plaintiff's concession that Alameda County is not, and never was, the proper venue for this case.

16  Prior to bringing the present Motion, Olam met and conferred with Beltran regarding his basis

17  for venue in Alameda County. Beltran's position then, just as it is now, is that venue is based on

18  this Court having experience in class action cases. However, this is an improper basis for venue

19  and signals impermissible forum shopping.

20           Moreover, Beltran's reliance on C.C.P. § 396b(d) as a basis for keeping this case in

21  Alameda County is equally improper.  Plaintiff neglects to mention in his Opposition that the

22  only way this Court can only act under C.C.P. § 396(b)(d) is in cases where **an answer has been**

23  **filed.** C.C.P. § 396(b)(d) states in its entirety:

24           "In any case, **if an answer is filed**, the court may consider opposition to the
25           motion to transfer, if any, and may retain the action in the county where
             commenced if it appears that the convenience of the witnesses or the ends of
26           justice will thereby be promoted." (C.C.P. § 396(b)(d) (emphasis added).

27  Since Defendant has not filed an answer in this case, C.C.P. § 395(b)(d) is inapplicable.

28  Moreover, case law holds that a court cannot entertain or defeat a motion to transfer venue based

Hatmaker Law Group
7822 N. Colonial Ave.
Suite 103
Fresno, CA 93711

1    on convenience of the witnesses and ends of justice until after an answer has been filed. (*DeLong*

2    *v. DeLong* (1954) 127 Cal. App. 2d 373, 374; *Johnson v. Superior Court* (1965) 232 Cal.App.2d

3    212, 214)

4           Plaintiff is improperly asking this Court to prematurely rely on a statute that only

5    permissively allows the court to retain jurisdiction. Defendant's Motion, presently and properly

6    before this Court, absolutely requires this Court to transfer the case once the Court finds that this

7    case has been filed in the wrong county. "On timely motion, the court *must* order a transfer of an

8    action 'when the court designated in the complaint is *not the proper court*.' [C.C.P. §§ 396b,

9    397(a) (emphasis added)]" (D. Venue, Cal. Prac. Guide Civ. Pro. Before Trial Ch. 3-D, 3:550)

10          B.      Upon Finding that Venue is Improper in Alameda County, this Court <u>Must</u>

11                  Transfer the Case to Fresno County, and not any other County.

12          After failing to demonstrate any basis for venue in Alameda County, Beltran then devotes

13   nearly the entirety of his Opposition attempting  to establish Santa Clara County as a proper

14   venue for this case.  In doing so, Beltran argues, without noticed motion and without any

15   supporting legal authority, to move his own case to another county. Whether Santa Clara County

16   is an appropriate venue for this case is entirely irrelevant for purposes of this Motion.

17          Having been challenged on his attempt at forum shopping, Beltran now asks this Court to

18   transfer his case to Santa Clara County; however, that is not the Motion presently before this

19   Court; nor does the Court have the authority to make such a transfer.  If this Court determines

20   that venue is improper in Alameda County (which it is), then the Court <u>must</u> transfer the case to

21   Fresno County, the location of Olam's principal place of business.  When a plaintiff commences

22   an action in an improper county, the defendant corporation can only change the venue to its

23   county of residence, and not to any other county that the plaintiff could have brought suit. (*see*

24   *Beutke v. American Securities Co.* (1955) 132 Cal.App.2d 354, 361)  Since Plaintiff chose to file

25   in the wrong county, Defendant properly requests a change of venue to Fresno County, its

26   principal place of business, and neither Olam, nor this Court, can move this case to a third

27   county.

28   ///

Habmaker Law Group
7822 N. Colonial Ave.
Suite 105
Fresno, CA 93711

1 |      As has oft been stated in this case, it is Plaintiff who chose to file in the wrong county,
2 | despite his and his attorneys' first-hand knowledge that Alameda County was not proper for
3 | venue purposes.  Indeed, their silence as to any factual or legal basis for originally filing the case
4 | in Alameda County is deafening.   Olam has called Beltran on this blatant attempt at forum
5 | shopping and in response, Beltran now asks this court to improperly move this case to Santa
6 | Clara County.  Under the present circumstances, Plaintiff cannot seek a transfer of this case to
7 | Santa Clara County under C.C.P. § 396b because, as discussed above, Olam has not filed an
8 | answer in this case.  Moreover, the code section relied on by Beltran only allows the Court to
9 | retain a case, not transfer it to another county.  Further, Beltran's request "in the alternative" to
10 | transfer this case to Santa Clara County is nothing more than an improper attempt to bring an
11 | unnoticed motion under C.C.P. § 397(c).  Finally, since Olam has not yet filed an answer, this
12 | Court does not have sufficient facts before it to determine what issues may be involved in the
13 | case or even issues related to convenience of the witnesses that might make transfer of this case
14 | to Santa Clara County appropriate. (*See generally Buran Equipment Co., Inc. v. Sup.Ct.* (1987)
15 | 190 Cal.App.3d 1662.)  In addition, Plaintiff has not provided any of the required declarations or
16 | posted the required upfront costs and fees.  (*See Juneau v. Juneau* (1941) 45 Cal.App.2d 14;
17 | C.C.P. § 399(a))  Rather than providing any factual or legal support that Alameda County is a
18 | proper venue for this action, Plaintiff instead uses his Opposition to improperly ask this Court to
19 | bypass Defendant's Motion and transfer the case to a county where Plaintiff would rather be
20 | venued.

21 |     C.     **Defendant's Request for Attorneys' Fees and Costs is Reasonable under**
22 |                **these Circumstances and Should Be Granted.**

23 |      Defendant's request for attorneys' fees and costs is entirely appropriate in this case.
24 | Beltran filed  his case in the wrong county despite having direct and documented knowledge
25 | several months before filing suit that Alameda County was not a proper county for venue
26 | purposes.  After multiple meet and confer attempts and the filing of this present Motion, Plaintiff
27 | has yet to raise a single argument or identify any potential fact to support venue in Alameda
28 | County.  Instead, Beltran repeatedly relies on an improper test for determining venue, arguing

Halmaker Law Group
7022 N. Colonial Ave.
Suite 108
Fresno, CA 93711

1 | that the case should remain Alameda County because Department 17 "is in the best position to
2 | promote the ends of justice by overseeing the litigation of this matter effectively and efficiently."
3 | (Opposition, Page 1, Lines 2-5.) This is the very definition of forum shopping and not a basis for
4 | venue selection.

5 |      Defendant reasonably asked Beltran to stipulate to a change of venue to Fresno County, a
6 | county which has multiple proper bases for venue of this case (e.g., it is Olam's principal place
7 | of business, there is a plant and numerous employees in the county, Olam's other plants are
8 | located nearby counties, etc.). Beltran refused to stipulate to venue in Fresno County.
9 | Thereafter, given the filing deadlines for a motion based on improper venue, Defendant had no
10 | alternative but to file the present motion seeking a venue transfer to Fresno County. This Motion
11 | was made in good faith based on undisputed factual support for moving the case to Fresno
12 | County. Simply because Defendant did not accept Plaintiff's counter-offer stipulation to move
13 | the case to Santa Clara County (even assuming that is an appropriate venue) does not support a
14 | finding that Plaintiff's conduct in filing the case in Alameda County was not in good faith.

15 |      The anticipated thirteen (13) hours set forth in the request for fees and costs for the reply
16 | and hearing on this Motion is reasonable. Again, it is Plaintiff who chose to file this case in
17 | Alameda County, with full knowledge that this Court is the wrong venue for this action. He
18 | cannot now complain that Defendant's attorneys have had to expend time and effort to challenge
19 | Plaintiff's improper venue choice, address an Opposition that makes no argument in support of
20 | Alameda County, and will have to expend time to travel to Alameda County to argue at the
21 | hearing in support of Defendant's Motion to Transfer (e.g., It is about a six-hour round-trip from
22 | Fresno to Oakland to attend a hearing on the Motion.).

23 |      Based on the foregoing, Defendant respectfully requests the Court award its attorneys'
24 | fees and costs in bringing the Motion.

25 | **III.     CONCLUSION**

26 |      Established venue rules necessitate and require the transfer of this case to Fresno County,
27 | the principal place of business of Defendant. Plaintiff's Opposition fails to raise any grounds as
28 | to why Defendant's Motion to Transfer this case to Fresno County should not be granted,

Hatmaker Law Group
7622 N. Colonial Ave.
Suite 105
Fresno, CA 93711

1  including the requested award of attorneys' fees and costs.  For each of the above and foregoing

2  reasons, Defendant respectfully requests that this Court grant its Motion to Transfer the above-

3  captioned action pursuant to California Code of Civil Procedure sections 397(a) and 396b to

4  Fresno County, and award Defendant its reasonable attorneys' fees and expenses as requested in

5  the Motion.

6

7  DATED: September 1, 2015                    HATMAKER LAW GROUP

8

9                                             By: _____

10                                            SUSAN K. HATMAKER
                                              Attorney for Defendant
11                                            OLAM WEST COAST, INC., erroneously
                                              sued as OLAM SPICES AND
12                                            VEGETABLES, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Hatmaker Law Group
7622 N. Colonial Ave.   27
Suite 108
Fresno, CA 93711        28

                                    6

## PROOF OF SERVICE

1

2       My business address is 7522 N. Colonial Avenue, Suite 105, Fresno, California
3   93711.  I am employed in Fresno County, California.  I am over the age of 18 years and am not
    a party to this case.

4       On the date indicated below, I served the foregoing document described as

5   **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE AND
6        REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES**

7   on all interested parties in this action by placing a true copy thereof enclosed in sealed
    envelopes addressed as follows:

8

9   Edwin Aiwazian, Esq.                          **Attorney for Plaintiff Thomas Beltran**
    Lawyers for Justice
10  410 W. Arden Avenue, Suite 203
    Glendale, California 91203
11  Ph: (800) 265-0690 or (818) 265-1020
    Fax: (818) 265-1021
12  Email: Edwin@lfjpc.com

13  Robert K. Carrol, Esq.                        **Co-Counsel for Defendant Olam West Coast,**
    Lynn R. Fiorentino, Esq.                      **Inc., erroneously sued as Olam Spices and**
14  Arent Fox LLP - Attorneys at Law              **Vegetables, Inc.**
    55 2nd Street, 21st Floor
15  San Francisco, CA 94105
    Ph: (415) 757-5500
16  Fx: (415) 757-5501
    Email: robert.carrol@arentfox.com
17  Email: lyn.fiorentino@arentfox.com

    ___   (BY FIRST CLASS MAIL)  I am readily familiar with the business' practice for collection and processing of correspondence
18        for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the United States Postal Service
          on the date noted below in the ordinary course of business, at Fresno, California.
19
    ___   (BY PERSONAL SERVICE) I caused such envelopes to be delivered by hand to the office(s) of the addressee(s) listed above.
20
    _X_   (BY OVERNIGHT MAIL) I am readily familiar with the business' practice for
21        collection and processing of correspondence for mailing, and that correspondence
          will be deposited with an overnight carrier on the date noted below in the ordinary
22        course of business, in accordance with the overnight carrier's method for billing for
          same, and before the last scheduled pick-up time, at Fresno, California.
23

24      **EXECUTED ON** September 1, 2015, at Fresno, California.

25  _X_   (STATE)   I declare under penalty of perjury under the laws of the State of
          California that the foregoing is true and correct.
26

27                                          _____
                                            CHRISTINE TEJEDA
28

_____
                            PROOF OF SERVICE

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a true
correct copy of the original
on file in this office

ATTEST: SEP 1 5 2015
CLERK OF THE SUPERIOR COURT

By_____
                    Deputy

# EXHIBIT "21"

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| Beltran | | No. RG15776976  15CECG02993 |
| --- | --- | --- |
| | Plaintiff/Petitioner(s) | |
| VS. | | Minutes |
| Olam Spices and Vegetables, Inc. | | |
| | Defendant/Respondent(s) | |
| (Abbreviated Title) | | |

Department    17                Honorable   George C. Hernandez, Jr.    , Judge

Cause called for Motion: September 09, 2015.

There being no request for oral argument, the court affirms its tentative ruling in its entirety.

The motion of Defendant Olam West Coast, Inc., erroneously sued as Olam Spices and Vegetables, Inc. ("Defendant"), to transfer venue is GRANTED.  (See Beutke v. American Securities Co. (1955) 132 Cal.App.2d 354, 361 ["if an action is not commenced in a proper county, as set forth in the Constitution and statutes, the corporation may change the venue to the county of its residence, but there is no authority for changing it to some other county in which the plaintiff could have brought the action"].)

In light of the above, and the fact that Plaintiff did not accept Defendant's offer to stipulate to transfer the case to Fresno County, the court awards Defendant its fees and costs in the reasonable amount of $6,030. This includes a filing fee of $80, 10 attorney hours for preparing the motion and 6 hours for preparing the reply, both at a blended rate of $350.  If Plaintiff contests the tentative ruling and the tentative ruling is affirmed, the court will order Plaintiff to pay an additional $4,520, which will provide for 9 hours, at Attorney Hatmaker's rate of $280, to prepare for, travel to, and appear at the hearing.

This action is HEREBY TRANSFERRED to the Superior Court of the State of California for the County of Fresno, where Defendant has its principal place of business.  Pursuant to C.C.P. § 399, all required costs and fees of transfer, as well as Defendants' fees and costs ordered in the preceding paragraph, shall be paid by Plaintiff and Plaintiff's counsel on or before September 18, 2015.

Upon payment of the applicable costs and fees, the Clerk shall transmit the pleadings and papers herein to the Clerk of the Superior Court of Fresno County and shall mail notice to the parties pursuant to C.C.P. § 399.

Minutes of    09/09/2015
Entered on    09/09/2015

Leah T. Wilson  Executive Officer / Clerk of the Superior Court

By        Yestrada
                        Digital
                                Deputy Clerk

M10046658



SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a true and
correct copy of the original
on file in this office

ATTEST:          SEP 1 5 2017

CLERK OF THE SUPERIOR COURT

By

# EXHIBIT "22"

Lawyers for Justice, PC
Attn: Alwazian, Edwin
410 West Arden Avenue
Suite 203
Glendale, CA   91203

Olam Spices and Vegetables, Inc.

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Beltran<br><br>_Plaintiff/Petitioner(s)_<br><br>VS.<br><br><br>Olam Spices and Vegetables, Inc.<br>_Defendant/Respondent(s)_<br>(Abbreviated Title) | 1 5 CE CG 02 99 3<br>No. RG15776976<br><br>Order<br><br>Motion for Change of Venue (Out of County)<br>Granted |

The Motion for Change of Venue (Out of County) was set for hearing on 09/09/2015 at 02:30 PM in Department 17 before the Honorable George C. Hernandez, Jr.. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The motion of Defendant Olam West Coast, Inc., erroneously sued as Olam Spices and Vegetables, Inc. ("Defendant"), to transfer venue is GRANTED. (See Beutke v. American Securities Co. (1955) 132 Cal.App.2d 354, 361 ["if an action is not commenced in a proper county, as set forth in the Constitution and statutes, the corporation may change the venue to the county of its residence, but there is no authority for changing it to some other county in which the plaintiff could have brought the action"].)

In light of the above, and the fact that Plaintiff did not accept Defendant's offer to stipulate to transfer the case to Fresno County, the court awards Defendant its fees and costs in the reasonable amount of $6,030. This includes a filing fee of $80, 10 attorney hours for preparing the motion and 6 hours for preparing the reply, both at a blended rate of $350. If Plaintiff contests the tentative ruling and the tentative ruling is affirmed, the court will order Plaintiff to pay an additional $4,520, which will provide for 9 hours, at Attorney Hatmaker's rate of $280, to prepare for, travel to, and appear at the hearing.

This action is HEREBY TRANSFERRED to the Superior Court of the State of California for the County of Fresno, where Defendant has its principal place of business. Pursuant to C.C.P. § 399, all required costs and fees of transfer, as well as Defendants' fees and costs ordered in the preceding paragraph, shall be paid by Plaintiff and Plaintiff's counsel on or before September 18, 2015.

Upon payment of the applicable costs and fees, the Clerk shall transmit the pleadings and papers herein to the Clerk of the Superior Court of Fresno County and shall mail notice to the parties pursuant to C.C.P. § 399.

Dated: 09/09/2015

_George Hernandez, Jr._ facsimile

---
Judge George C. Hernandez, Jr.

---

Order

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a
correct copy of the original
on file in this office

ATTEST   SEP 1 5 2016
CLERK OF THE SUPERIOR COURT

By _____
                    Deputy

# EXHIBIT "23"

Lawyers for Justice, PC                          Olam Spices and Vegetables, Inc.
Attn: Alwazian, Edwin
410 West Arden Avenue
Suite 203
Glendale, CA   91203

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Beltran | 15 CE CG 02993 |
| Plaintiff/Petitioner(s) | No. RG15776976 |
| VS. | Order |
| | Motion for Change of Venue (Out of County) |
| Olam Spices and Vegetables, Inc. | Granted |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

The Motion for Change of Venue (Out of County) was set for hearing on 09/09/2015 at 02:30 PM in Department 17 before the Honorable George C. Hernandez, Jr.. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The motion of Defendant Olam West Coast, Inc., erroneously sued as Olam Spices and Vegetables, Inc. ("Defendant"), to transfer venue is GRANTED. (See Beutke v. American Securities Co. (1955) 132 Cal.App.2d 354, 361 ["if an action is not commenced in a proper county, as set forth in the Constitution and statutes, the corporation may change the venue to the county of its residence, but there is no authority for changing it to some other county in which the plaintiff could have brought the action"].)

In light of the above, and the fact that Plaintiff did not accept Defendant's offer to stipulate to transfer the case to Fresno County, the court awards Defendant its fees and costs in the reasonable amount of $6,030. This includes a filing fee of $80, 10 attorney hours for preparing the motion and 6 hours for preparing the reply, both at a blended rate of $350. If Plaintiff contests the tentative ruling and the tentative ruling is affirmed, the court will order Plaintiff to pay an additional $4,520, which will provide for 9 hours, at Attorney Hatmaker's rate of $280, to prepare for, travel to, and appear at the hearing.

This action is HEREBY TRANSFERRED to the Superior Court of the State of California for the County of Fresno, where Defendant has its principal place of business. Pursuant to C.C.P. § 399, all required costs and fees of transfer, as well as Defendants' fees and costs ordered in the preceding paragraph, shall be paid by Plaintiff and Plaintiff's counsel on or before September 18, 2015.

Upon payment of the applicable costs and fees, the Clerk shall transmit the pleadings and papers herein to the Clerk of the Superior Court of Fresno County and shall mail notice to the parties pursuant to C.C.P. § 399.

Dated:  09/09/2015

_George Hernandez_ (facsimile)
_____
Judge George C. Hernandez, Jr.

---

# EXHIBIT "24"

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**Civil Department - Non-Limited**<br>1130 "O" Street<br>Fresno CA 93724-0002<br>(559)457-1900 | *FOR COURT USE ONLY*<br><br>Filed<br>  Fresno County |
| TITLE OF CASE:<br><br>**Thomas Beltran vs Olam Spice and Vegetables, Inc.** | November 3, 2015<br>By System |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT**<br>**OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>**15CECG02993** |

Name and address of person served:    **Susan Hatmaker**
**7522 N. Colonial Avenue, Suite 105**
**Fresno, CA 93711**

---

This case has been assigned to Judge **Mark Snauffer** for **all purposes**.
All future hearings will be scheduled before this assigned judge.

---

You are required to appear at a Case Management Conference on **December 7, 2015** at **2:30 PM** in **Judith Soley Conference Room 104, Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rule 2.1.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:**  Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time. If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

---

### CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause and that a true copy of the **Notice of Case Management Conference and Assignment of Judge for All Purposes**  was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed at **Fresno**, California, on:

**Date:**  11/03/2015                    Clerk, by _____ ,
                                                   M. Sanchez

---

**NOTICE:**  The name and address listed above is the address on file with Fresno Superior Court.  All notices will be mailed to you at this address, unless you contact the court at the telephone number listed above. If your address changes during the course of this case, you must file and serve a Notice of Change of address and Telephone Number form. If the law firm is the attorney of record and the attorney to whom notices are to be sent within the firm changes, you must file a Designation of Attorney form pursuant to Local Rule 3.16. This form is available on the court's website: http://www.fresno.courts.ca.gov/forms/

---

BCV-48A R04-08          **NOTICE OF CASE MANAGEMENT CONFERENCE AND**          Local Rule 2.1
                            **ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

# EXHIBIT "25"

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**Civil Department - Non-Limited**<br>1130 "O" Street<br>Fresno CA 93724-0002<br>(559)457-1900 | FOR COURT USE ONLY<br><br>Filed<br>   Fresno County |
| TITLE OF CASE:<br><br>**Thomas Beltran vs Olam Spice and Vegetables, Inc.** | November 3, 2015<br>   By System |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>**15CECG02993** |

Name and address of person served:      **Edwin Aiwazian**
                                        **410 West Arden Avenue, Suite 203**
                                        **Glendale, CA 91203**

---

This case has been assigned to Judge **Mark Snauffer** for **all purposes**.
All future hearings will be scheduled before this assigned judge.

---

You are required to appear at a Case Management Conference on **December 7, 2015** at **2:30 PM** in **Judith Soley Conference Room 104, Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rule 2.1.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time. If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

---

### CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause and that a true copy of the **Notice of Case Management Conference and Assignment of Judge for All Purposes** was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed at **Fresno**, California, on:

**Date:** 11/03/2015                Clerk, by _____,
                                                    M. Sanchez

---

**NOTICE:** The name and address listed above is the address on file with Fresno Superior Court. All notices will be mailed to you at this address, unless you contact the court at the telephone number listed above. If your address changes during the course of this case, you must file and serve a Notice of Change of address and Telephone Number form. If the law firm is the attorney of record and the attorney to whom notices are to be sent within the firm changes, you must file a Designation of Attorney form pursuant to Local Rule 3.16. This form is available on the court's website: http://www.fresno.courts.ca.gov/forms/

---

BCV-48A R04-08           **NOTICE OF CASE MANAGEMENT CONFERENCE AND**           Local Rule 2.1
                         **ASSIGNMENT OF JUDGE FOR ALL PURPOSES**