# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BELTRAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OLAM SPICES AND VEGETABLES, INC., <br><br> Defendant. | Case No. 1:18-cv-01676-LJO-SAB <br><br> ORDER DISCHARGING ORDER TO SHOW CAUSE AND EXTENDING TIME FOR PARTIES TO FILE MOTION FOR PRELIMINARY APPROVAL <br><br> (ECF Nos. 19, 20, 21) |

Plaintiffs filed this matter as a class action alleging violations of California labor law on July 7, 2015, in Alameda Superior Court. This action was removed to the Eastern District of California on December 10, 2018. On October 29, 2019, the parties filed a joint scheduling report which included a fifth request to continue the mandatory scheduling conference to allow time to prepare the motion for preliminary approval of the settlement.. (ECF No. 17.) On October 31, 2019, the Court vacated all pending dates and ordered that the motion for preliminary approval be filed on or before December 11, 2019. (ECF No. 18.) Given the procedural history and the age of this action, the Court also stated it was not inclined to grant any further requests for a continuance. (Id.)

On December 13, 2019, Plaintiffs filed a notice and suggestion of death under Federal Rule of Civil Procedure 25(a)(1) pertaining to Plaintiff Mariana Ramirez. (ECF No. 19.) The notice did not aver to whether the death was related to the parties' failure to file the motion for

preliminary approval by the deadline of December 11, 2019. (Id.) On December 16, 2019, the Court ordered the parties to show cause in writing why the motion for preliminary approval had not been filed by the Court imposed deadline. (ECF No. 21.) After the undersigned signed the order to show cause, but before it was docketed, the parties filed a joint statement regarding the death of Plaintiff Mariana Ramirez. (ECF No. 20.)

According to the joint statement, counsel for Plaintiffs recently discovered the death of Plaintiff Mariana Ramirez, who passed away on October 14, 2019. (ECF No. 20 at 3.) Since becoming aware of the passing, counsel states they have made diligent efforts to contact the next of kin and identify legal successors or representatives of the deceased. (Id.) The parties emphasize that under Rule 25(a)(1), if a motion for substitution is not made within ninety (90) days after service of a statement noting the death, the action by the decedent must be dismissed. The parties state that at the time the previous joint statement was filed, the settlement agreement was being circulated for signature and counsel was not aware that Plaintiff Mariana Ramirez had passed away, and her signature is required under the settlement agreement because of her status as a named plaintiff in this action. (ECF No. 20 at 4.) The parties state that her passing was unexpected and not anticipated when committing to filing the motion for preliminary approval by December 11, 2019. (Id.) The parties also state that a result of the passing of Mariana Ramirez, her status as a party and contemplated representative of the class needs to be resolved before further steps can be taken with regard to a resolution of this matter. (Id.)

Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). The Ninth Circuit has held that there are two affirmative steps that trigger the running of the ninety-day period in Rule 25(a)(1). See Gilmore v. Lockard, 936 F.3d 857, 865 (9th Cir. 2019) (citing Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994)). First, a party must formally suggest the death of the party upon the record. Id. Second, the suggestion of death must be served on parties in accordance with Rule 5 and served on nonparties in

accordance with Rule 4.  Id.; Fed. R. Civ. P. 25(a)(3)).

Here, Plaintiffs have filed the formal notice suggesting death on the record and have submitted an affidavit stating the notice has been personally served on the possible successors or representatives of the deceased. (ECF No. 19.)  Therefore, it appears Plaintiffs have complied with the initial requirements of Rule 4 and the ninety (90) day period began on December 13, 2019.  Based on the parties' representations made in the joint statement, the Court will discharge the order to show cause issued on December 16, 2019.  Further, although the Court previously stated it was disinclined to extend the period to file the motion for preliminary approval, the Court finds granting the parties an additional 120 days from the date of the filing of the notice of death will afford adequate time to allow for the potential filing of a motion for substitution, or for the Court to dismiss the decedent Plaintiff if no motion is filed, and then for the parties to file the motion for preliminary approval.

The parties jointly requested that a conference be scheduled so the parties may obtain the Court's guidance regarding potential next steps in light of the circumstances.  (ECF No. 20.)  If the parties still believe there are outstanding issues that should be discussed in conference that are not resolved by this order, they may contact the Courtroom Deputy, Mamie Hernandez, at (559) 499-5672, to schedule such conference.

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause, filed December 16, 2019 (ECF No. 34), is DISCHARGED; and
2. The parties shall file the motion for preliminary approval on or before April 13, 2020.

IT IS SO ORDERED.

Dated:  **December 16, 2019**

_____
UNITED STATES MAGISTRATE JUDGE

3