UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BELTRAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>OLAM SPICES AND VEGETABLES, INC.,<br><br>    Defendant. | No. 1:18-cv-01676-NONE-SAB<br><br>ORDER DISMISSING PLAINTIFF MARIANA RAMIREZ PURSUANT TO RULE 25 OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. No. 19) |

On July 7, 2015, plaintiffs filed this class action in Alameda Superior Court alleging violations of California labor law, and on December 10, 2018, the action was removed to this court. (Doc. No. 1.) On December 13, 2019, pursuant to Federal Rule of Civil Procedure 25(a)(1), counsel for plaintiffs filed a notice and suggestion of the death of plaintiff Mariana Ramirez. (Doc. No. 19.) According to the notice and attached death certificate, plaintiff Mariana Ramirez passed away on October 14, 2019. (*Id.* at 3, 7.) Since becoming aware of the passing, counsel have made diligent efforts to contact the next of kin and identify legal successors or representatives of the deceased. (*Id.* at 3.) Counsel served the notice and suggestion of death on the possible successors or representatives of the deceased through personal service. (*Id.* at 4-5.)

///

///

Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). "After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties [and] [t]he death should be noted on the record." Fed. R. Civ. P. 25(a)(2). The Ninth Circuit has held that there are two affirmative steps that trigger the running of the ninety-day period in Rule 25(a)(1). *See Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019) (citing *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)). First, a party must formally suggest the death of the party upon the record. *Id.* Second, the suggestion of death must be served on parties in accordance with Rule of Civil Procedure 5 and served on nonparties in accordance with Rule of Civil Procedure 4. *Id.*; Fed. R. Civ. P. 25(a)(3).

Here, plaintiffs have filed the formal notice suggesting death on the record and have submitted an affidavit stating the notice has been personally served on the possible successors or representatives of the deceased. (Doc. No. 19.) Plaintiffs have demonstrated compliance with the initial requirements of Rule 25 and the ninety (90) day period began on December 13, 2019. Fed. R. Civ. P. 25(a). The death of Plaintiff Mariana Ramirez was suggested upon the record more than ninety days ago, and no motion for substitution was made. Fed. R. Civ. P. 25(a)(1).

Accordingly, Mariana Ramirez is HEREBY DISMISSED as a named party in this action pursuant to Federal Rule of Civil Procedure 25(a)(1), and the Clerk of the Court is directed to note the death on the record and terminate Mariana Ramirez from the docket.

IT IS SO ORDERED.

Dated: **April 7, 2020**

_____
UNITED STATES DISTRICT JUDGE