# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BELTRAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OLAM SPICES AND VEGETABLES, INC., <br><br> Defendant. | Case No. 1:18-cv-01676-NONE-SAB <br><br> ORDER SETTING HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT <br><br> HEARING: APRIL 7, 2021 AT 10:00 A.M. IN COURTROOM 9 (SAB) |

On April 13, 2020, a motion for preliminary approval of a class action and collective action settlement was filed by Plaintiffs Thomas Beltran, Mario Martinez, Maria Claudia Obeso Cota, Juan Rivera, Mariana Ramirez, and Alexander Solorio. (ECF No. 25.) On June 2, 2020, a findings and recommendations was filed finding, that viewing the agreement in its entirety, there were numerous deficiencies in the motion that precluded a finding that the settlement is fair and reasonable. (ECF No. 27.) On June 23, 2020, Plaintiffs filed objections to the findings and recommendations. (ECF No. 28.)

On December 30, 2020, the district judge issued an order finding that some of the issues identified in the findings and recommendations had been corrected in the objections, and directed the filing of supplemental briefing and documentation. (ECF No. 29.) On January 28, 2021, Plaintiffs filed supplemental briefing. (ECF No. 30.) On March 9, 2021, the district judge referred the matter back to the undersigned for further consideration in light of the supplemental briefing filed. (ECF No. 31.)

The Court shall set a hearing for oral argument on Plaintiffs' motion for preliminary approval of the class action and collective action settlement for April 7, 2021. At the hearing, the parties shall be prepared to discuss the following issues.

**1.      Collective Action Opt-In Procedure**

The settlement agreement provides that the Fair Labor Standards Act ("FLSA") collective action members will consent to join the FLSA action by signing and cashing their settlement check. (Third Amended Class Action and Collective Action Settlement and Release Agreement (hereafter "Settlement Agreement") ¶ III.19(b).)

Section 216 provides that no employee shall be a party plaintiff to any collective action "unless he gives his consent in writing and such consent is filed in the court in which such action is brought" 29 U.S.C. § 216(b).

In the findings and recommendations issued on June 2, 2020, the Court advised the parties that it found that the procedure to be utilized for members to consent to the collective action did not comport with the FLSA. (Findings and Recommendations, 18 n.6, ECF No. 27.) Rather than revising the procedure, Plaintiffs objected to the finding, arguing that courts have approved such a procedure in the past. The district judge issued an order recognizing that such procedure had been approved in the past, including by himself, but that none of the cases seriously discussed the issue of whether such a process comports with the FLSA and there is authority to call into question this "opt-in" approach. (Order Directing the Filing of Suppl. Briefing and Documentation re Mot. for Preliminary Approval of Class and Collective Action Settlement, ("Order Re Suppl. Briefing") 14-15, ECF No. 29.)

The district court recognized that Smothers v. Northstar Alarm Serv. LLC, No. 2:17-cv-00548-KJM-KJN, 2019 WL 280294 (E.D. Cal. Jan. 22, 2019), recently called "into question the 'opt-in by settlement check' approach." (Order Re Suppl. Briefing, 15.) While the district judge discussed the concerns, he did not decide the issue and informed the parties that they will be required to address this issue in far more detail in any motion for final approval in the event that preliminary approval is granted. (Id. at 16.) The court informed the parties that "[h]aving fully vetted the issue and the applicable caselaw in this order, the court will expect effective briefing

by the parties.  The court gives the parties no assurance as to whether it will find the proposed consent by check cashing provision of the proposed settlement appropriate at the final approval stage of these proceedings if that stage is reached." (Order Re Suppl. Briefing, 16 n. 2.)

Plaintiffs have provided no case law and the Court finds none that makes a substantive finding that consenting to join an FLSA collective action by signing the back of the settlement check is complaint with the FLSA.

Plaintiffs cite to Stone v. Troy Constr., LLC, 935 F.3d 141 (3d Cir. 2019), in which the court found that "[c]ourts have shown considerable flexibility in what constitutes 'written consent' as long as the signed document indicates consent to join the lawsuit." 935 F.3d at 153 (quoting Manning v. Gold Belt Falcon, LLC, 817 F.Supp.2d 451, 454 (D.N.J. 2011) ("With respect to form, courts have shown considerable flexibility as long as the signed document indicates consent to join the lawsuit.").  In Stone, the plaintiff filed an affidavit in support of her motion to certify a class action.  935 F.3d at 146.  The issue before the appellate court was when the statute of limitations on the action began to run.  The district court had found that the affidavit, filed approximately a year after the commencement of the lawsuit, was not a consent to join the collective action and used a later filed consent to sue form to start the clock for the statute of limitations.  935 F.3d at 153.  The court held that the plaintiff's affidavit was not a consent to join the collective action because it did not identify her as a party to the litigation, refer to the litigation, or mention any of the violations of the FLSA.  (Id.)  The court found the plaintiff's characterization of the affidavit as a consent to sue was wishful thinking and the district court did not err in concluding that the affidavit was not a valid consent pursuant to section 256.[1]  Id. at 153-154.

---

[1] In determining when an action is commenced for the purposes of the FLSA, an action is

> commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended, or the Bacon-Davis Act, it shall be considered to be commenced in the case of any individual claimant--
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
> (b) if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced.

While there is support for the argument that there is some flexibility in what can be construed as a consent to sue, Stone did not address the issue here which is whether a member can consent to join the collective action by signing a settlement check after the collective action settlement has been finally approved by the court.

Similarly, Plaintiff cites to Ruggles v. Wellpoint, Inc., 687 F.Supp.2d 30 (N.D. N.Y. 2009), and Manning v. Gold Belt Falcon, LLC, 817 F.Supp.2d 451 (D.N.J. 2011) which both address consent to join forms filed after a court established deadline and whether the established deadline to file consent to join forms should be extended.  Again, these cases do not address the issue presented here.

Plaintiffs argue that Franco v. Ruiz Food Prod., Inc., No. 1:10-CV-02354-SKO, 2012 WL 5941801 (E.D. Cal. Nov. 27, 2012), is instructive because a judge in this court approved a similar procedure.  While the Franco court approved similar language, the order itself only addresses the Rule 23 class action and there is no analysis of whether the procedure used complied with the FLSA.

Plaintiffs also rely on Castro v. Paragon Indus., Inc., No. 1:19-CV-00755-DAD-SKO, 2020 WL 1984240, at *3 n.3 (E.D. Cal. Apr. 27, 2020), and while the court recognized the procedure and granted preliminary approval, there was again no discussion as to whether opting into the action by signing the back of the settlement check complied with the FLSA.  Although Plaintiffs cite to other cases in which this procedure has been approved, similarly none of the cases have analyzed whether this procedure complies with the FLSA.  See Otey v. CrowdFlower, Inc., No. 12-CV-05524-JST, 2015 WL 4076620 (N.D. Cal. July 2, 2015), modified, No. 12-CV-05524-JST, 2016 WL 304747 (N.D. Cal. Jan. 26, 2016); Foster v. Advantage Sales & Mktg., LLC., No. 18-CV-07205-LB, 2019 WL 6699793, at *1 (N.D. Cal. Dec. 9, 2019); Lazarin v. Pro Unlimited, Inc., No. C11-03609 HRL, 2013 WL 3541217, at *3 (N.D. Cal. July 11, 2013).  Since none of these cases considered whether the procedure complies with the FLSA, the court finds they are not persuasive authority that would support a finding that opting into the FLSA

---

29 U.S.C. § 256.

1  collective action by signing the settlement check comports with the FLSA.

2      Plaintiffs' opposition recognizes the concerns raised by other courts that such a procedure
3  does not comport with the FLSA but generally argues that no decision has definitively held that
4  the procedure cannot comply with the FLSA.  However, there is significant case law in this
5  circuit which calls into question whether such a procedure is sufficient to comport with the
6  FLSA and the December 30, 2020 order cited cases which have found that the procedure is not
7  complaint with the FLSA.  See also Haralson v. U.S. Aviation Servs. Corp., 383 F.Supp.3d 959,
8  969 (N.D. Cal. 2019) ("Many courts, having consulted § 216(b)'s requirements, have rejected
9  this opt-in by settlement check proposal."); Johnson v. Quantum Learning Network, Inc., No. 15-
10 CV-05013-LHK, 2016 WL 8729941, at *1 (N.D. Cal. Aug. 12, 2016) (finding having members
11 opt into collective action by signing back of settlement check does not comply with the plain
12 language of the FLSA); Smothers, 2019 WL 280294, at *11 (joining other courts that have found
13 opting into collective action by signing back of settlement check does not comport with the
14 requirements of section 216(b)).  The district court addressed this in the order directing Plaintiffs
15 to file supplemental briefing.

> A recent decision from one judge of this court calls into question the "opt-in by settlement check" approach. See Smothers v. Northstar Alarm Servs., LLC, No. 2:17-cv-00548-KJM-KJN, 2019 WL 280294 (E.D. Cal. Jan. 22, 2019) (holding § 216(b)'s written consent requirement was not satisfied where parties proposed FLSA opt-in procedure by endorsing back of check).  There, the court explicitly joined other courts that have rejected "opt-in by settlement check" proposals. Id. at *11.  The parties point out, correctly, that the Smothers court was simultaneously concerned that the proposed settlement planned to send out a round of settlement checks—the same checks that would be used, among other things, to allow potential FLSA collective members to "opt in"—before final approval of the settlement. Id.  Yet the decision in Smothers clearly adopted the reasoning of other courts that did not face this premature check-cutting issue. Id. (citing Johnson v. Quantum Learning Network, Inc., No. 15-CV-05013-LHK, 2016 WL 8729941, at *1 (N.D. Cal. Aug. 12, 2016) (finding that a settlement provision allowing FLSA members to opt-in by cashing or depositing settlement checks "does not comply with the plain language of the FLSA" and constitutes a "deficiency" that precluded settlement approval); Kempen v. Matheson Tri-Gas, Inc., No. 15-CV-00660-HSG, 2016 WL 4073336, at *9 (N.D. Cal. Aug. 1, 2016) (same); Robinson v. Flowers Baking Co. of Lenexa, LLC, No. 16-2669-JWL, 2017 WL 4037720, at *1 n.1 (D. Kan. Sept. 13, 2017) (same)).
>
> The parties suggest without explicitly discussing that it is somehow more acceptable to allow opt-in by cashing a check when it is set to occur after final approval, as opposed to before final approval, as was the case in Smothers.  (See Doc. No. 28 at 27–28.)  The court does not entirely understand the logic of this

argument.  Although waiting until after final approval to distribute settlement funds certainly does away with the concern expressed in Smothers that it is generally improper to distribute any settlement funds prior to final approval, the opt-in by cashing a check concern remains in both scenarios.  At least one court has pointed out that opting in after final approval "leaves an opt-in plaintiff with little opportunity to participate meaningfully in the litigation." Smith v. Kaiser Foundation Hospitals, 2019 WL 5864170, *11 (S.D. Cal. Nov. 7, 2019).  This is why "[t]here is typically a preliminary approval hearing . . . followed by notice and an opt-in period, and then a final hearing." Marichal v. Attending Home Care Servs., LLC, 432 F.Supp.3d 271, 282 (E.D.N.Y. 2020).  But here, unlike in Smith, the parties plan a notice process that will provide potential FLSA collective members with notice in advance of the final approval hearing, so that they can "meaningfully participate" should they choose to do so, even if the formal opt-in period does not occur until after final approval.  It is the combination of the fact that the parties intend to send separate FLSA and Rule 23 payments (Doc. No. 25-1 at 38 ¶ 9(a)(1)–(2)) along with the content of the proposed Notice that may satisfy the undersigned that the opt-in by check-cashing is appropriate for the FLSA settlement in this case.  The parties will be required to address this issue in far more detail in any motion for final approval in the event that preliminary approval is eventually granted

(Order Re Suppl. Briefing, 15-16.)  However, if the parties proceed by the procedure set forth here and, given weight of authority addressed finding that the procedure does not comport with the FLSA, final approval of the collective action could not be granted.

Rule 23 provides that notice of the settlement should be provided to the class "if giving notice is justified by the parties' showing that the court will likely be able to" approve the settlement.  Fed. R. Civ. P. 23(e)(1)(B).  The Court finds that it is likely that final approval of the collective action settlement will be denied given the procedure set forth in the settlement agreement.

**2.      Best Notice Practicable Under the Circumstances**

For proposed settlements under Rule 23, "the court must direct notice in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1); see also Hanlon, 150 F.3d at 1025 ("Adequate notice is critical to court approval of a class settlement under Rule 23(e).").  For a "class certified under Rule 23(b)(3)— or upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)— the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  The notice may be by one or more of the following methods: United

States mail, electronic means, or other appropriate means.  Id.

Plaintiffs contend that all class members can be identified by Defendant through a review of its business records.  (Mot. 31.)  Within thirty days of preliminary approval of the settlement, Defendant will provide the class list to the settlement administrator.  (Settlement Agreement, ¶ 11.)  Within ten calendar days of receipt of the class list, the settlement administrator will translate the notice packet into Spanish and will mail a English and Spanish version of the notice packet to all class members and potential FLSA collective action member via first class United States mail using the most current, known mailing address identified in the class list.  (Id., ¶ 12.)  Prior to mailing the notice packet, the settlement administrator will perform a search based on the National Change of Address Database for information to update and correct any known or identifiable address changes.  (Id., ¶ 13.)  If any notice packet is returned as undeliverable on or before the response deadline, the settlement administrator will promptly re-mail it to any forwarding address provided.  (Id.)  If no forwarding address is provided, the settlement administrator promptly attempt to determine the correct mailing address using skip trace or other search using the name, address, and social security number of the member and will perform a single remailing.  (Id.)

Here, the Court is concerned that the mailing of a single notice is not sufficient to inform the putative class members of the pendency of this action.  Notably, this action was filed in 2015 and the class period covers employees from July 7, 2011 to final judgment.  Based on the evidence in the record, Defendant is involved the food and agri-business and the putative class members include seasonal employees who worked for short periods of time.  (Obeso Cota Decl., ¶ 3, ECF No. 25-2 at 39; Solorio Decl, ¶ 3, ECF No. 25-2 at 46; see also Decl. of Ryan Williams in Support of Pl.'s Renewed Mot. for Preliminary Approval of Class Action Settlement, ¶ 8, ECF No. 1-15 at 4.)  Given the nature of the workforce and that the class includes all non-exempt employees that have worked since July 2011, it appears likely there will be a large percentage of employees that will have moved during the ten years of the settlement period and mailing may not be the best notice that is practicable under the circumstances.

In a recent case, the Ninth Circuit held a single mailed notice, along with the placement

of information posters in the buildings where employees worked, was not the best practicable under the circumstances, finding "it particularly problematic that, despite concerns that former employees in particular might be difficult to reach by mail, the settlement provided no other means of reaching former employees," and "when at least 12% of the mailed notices were ultimately determined to be undeliverable—meaning those class members had not received notice—still no additional means of notice reasonably calculated to reach those class members was attempted." Roes, 944 F.3d at 1046.

In Roes, the class members were former and current employees in adult entertainment clubs, and "[a]lthough the mailed notice was supplemented with posters that were hung in the defendant night clubs, those posters were likely to be seen only by class members who were still working at the nightclubs, and those class members are also the precise group of people for whom the defendants likely had a current address such that mail notice could successfully be effected." Id. Further, "[a]s to those former employees for whom the claims administrator was able to identify a valid address, the lack of reminder notices is particularly relevant, given that the posters would serve no function." Id. at 1047. The Ninth Circuit held that "[i]n sum, the notice process was not 'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement, because the 'circumstances' included the district court's and parties' belief that class members were 'transient' and thus might be difficult to reach by mail, and the posters also were not reasonably calculated to reach all of the absent class members who could not be notified by mail or to serve as a reminder to those who did receive the single mailed notice." Id.

Plaintiffs argue that all class members and FLSA members can and will be identified by Defendant through a review of the business records and the notice packet will be mailed in English and Spanish making it the best practicable notice. However, similar to the situation in Roes, the Court notes that a large portion of the putative class members may no longer work for Defendant and, given the type and nature of their employment, the class members may be transient whereby notice by mail would be ineffective to provide notice of the settlement. The settlement agreement provides only for a single notice by mailing which appears likely not to

reach a large portion of the putative class members, and further, the agreement does not provide for any reminder notice to be mailed.

The Court finds that the motion for preliminary approval does not adequately address the issue of notice. Accordingly, Plaintiffs shall be prepared to address why a single mailed notice is the best practicable in this circumstance and whether there are other manners, such as notification by email or otherwise, that could be used to provide notice to those putative class members that will not be reached by notice through the mail.

### 3. Appointment of Class Counsel

Counsel Edwin Aiwazian, Arby Aiwazian, and Goanna Gosh of Lawyers for Justice, PC; counsel Joseph Lavi and Vincent Granberry of Lavi and Ebrahimian L.L.P; and counsel Sahag Majarian, II of Law Offices of Sahag Majarian, II seek to be appointed as class counsel. (Mot., 3.) The Court finds this matter to be somewhat unusual due to the large number of counsel seeking to be appointed as class counsel and Plaintiffs have not addressed why it is appropriate or necessary to appoint six attorneys at three different firms to represent the class in this matter, especially given that review of the record, based on the Court's experience in adjudicating similar cases, indicates that this is a relatively straight forward class and collective action.

Accordingly, IT IS HEREBY ORDERED that:

1. Oral argument on Plaintiffs' motion for preliminary approval of a class action and collective action settlement is set for **April 7, 2021, at 10:00 a.m.** in Courtroom 9; and

2. The parties may file supplemental briefing regarding the issues identified in this order by **noon on April 5, 2021.**

IT IS SO ORDERED.

Dated:   **March 23, 2021**

UNITED STATES MAGISTRATE JUDGE