Edwin Aiwazian (SBN 232943)
Arby Aiwazian (SBN 269827)
Joanna Ghosh (SBN 272479)
LAWYER *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiffs Thomas Beltran, Mario Martinez, and
Juan Rivera

Susan K. Hatmaker (SBN 172543)
Robert Branch (SBN 154963)
HATMAKER LAW GROUP
7522 North Colonial Avenue, Suite 105
Fresno, California 93711
Tel: (559) 374-0077 / Fax: (559) 374-0078

*Attorneys for* Defendant Olam West Coast, Inc.,
Erroneously sued as Olam Spices and Vegetables, Inc.

[List of counsel continued on next page.]

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BELTRAN; MARIO MARTINEZ; MARIA CLAUDIA OBESO COTA; individually, and on behalf of other members of the general public similarly situated; JUAN RIVERA; MARIANA RAMIREZ; ALEXANDER SOLORIO; individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>        Plaintiffs,<br><br>vs.<br><br>OLAM SPICES AND VEGETABLES, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 1:18-cv-01676-NONE-SAB<br><br>**CLASS ACTION**<br><br>**AMENDMENT TO FILING OF FOURTH AMENDED SETTLEMENT AGREEMENT RE HEARING ON MOTION FOR PRELIMINARY APPROVAL**<br><br>Date:       June 2, 2021<br>Time:      10:00 a.m.<br>Courtroom: 9 (SAB)<br><br>Complaint Filed:  July 7, 2015<br>FAC Filed:      November 10, 2015<br>SAC Filed:      April 25, 2016<br>TAC Filed:      April 11, 2018<br>Jury Trial Date:  None Set |

Joseph Lavi (SBN 209776)
Vincent C. Granberry (SBN 276483)
LAVI & EBRAHIMIAN, LLP
8889 Olympic Blvd., Suite 200
Beverly Hills, California 90211
Tel: (310) 432-000 / Fax: (310) 432-0001

Sahag Majarian II (SBN 146621)
LAW OFFICE OF SAHAG MAJARIAN II
18250 Ventura Boulevard
Tarzana, California 91356
Tel: (818) 609-0807 / Fax: (818) 609-0892

*Attorneys for* Plaintiffs Maria Claudia Obese Cota and
Alexander Solorio

Hatmaker Law Group
7522 N. Colonial Ave.
Suite 105
Fresno, CA 93711

1      By this Amendment to their filing, on May 21, 2021, of the Fourth Amended Class

2 Action and Collective Action Settlement and Release Agreement ("Agreement"), which was

3 executed by all counsel and plaintiffs with the exception of plaintiff Maria Obeso Cota, the

4 parties now file a true and correct copy of the Agreement, which is attached hereto as an

5 Addendum and incorporated herein by this reference, fully executed.

6 Date:  May 26, 2021            **LAWYERS *for* JUSTICE, PC**

7

8                            By:       */s/ Joanna Ghosh*

9                                  Joanna Ghosh
                                 *Attorneys for* Plaintiffs Thomas Beltran, Mario Martinez,

10                                  and Juan Rivera

11 Dated:  May 26, 2021          **HATMAKER LAW GROUP**
                                 A Professional Corporation

12

13                              By:      */s/ Susan K. Hatmaker*

14                                  Susan K. Hatmaker
                                 Robert W. Branch

15                                  *Attorneys for* Defendant
                                 Olam West Coast, Inc., erroneously sued as Olam Spices

16                                  and Vegetables, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

Hatmaker Law Group
7522 N. Colonial Ave.
Suite 105
Fresno, CA 93711

Amendment to Filing of Fourth Amended Settlement Agreement Re Hearing on Motion for Preliminary Approval

# ADDENDUM

**FOURTH AMENDED CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT AND RELEASE AGREEMENT**

## I. PREAMBLE

This Fourth Amended Class Action and Collective Action Settlement and Release Agreement ("Agreement," "Fourth Amended Agreement," "Settlement," or "Settlement Agreement") is made and entered into by and between Plaintiffs Thomas Beltran, Mario Martinez, Maria Obeso Cota, Alexander Solorio, and Juan Rivera ("Plaintiffs" or "Class Representatives"), as individuals and on behalf of all others similarly situated and on behalf of all aggrieved employees, and Defendant OLAM WEST COAST, INC., erroneously sued as "Olam Spices and Vegetables, Inc." and further erroneously sued as "Olam Spices and Vegetables Ingredients" (collectively, "Defendant" or "Olam," and also, collectively, with all Plaintiffs and Defendant, the "Parties"). Pursuant to Section III, Paragraphs 36 and 38 of the Third Amended Class Action Settlement and Release Agreement that the Parties entered into on or about April 3, 2020 ("Third Amended Agreement"), this Fourth Amended Agreement hereby supplants the Third Amended Agreement, as amended by Amendment No. 1 to the Third Amended Class Action and Collective Action Settlement and Release Agreement, executed on or about January 28, 2021.

## II. DEFINITIONS

1.     "**Actions**" collectively means the following pending putative class, collective and/or representative actions filed in the Superior Court of the State of California in and for either the Counties of Fresno or Santa Clara:

(a)     *Thomas Beltran, Mario Martinez, Maria Claudia Obeso Cota, Juan Rivera, and Alexander Solorio v. Olam West Coast, Inc.*, with Defendant erroneously sued as "Olam Spices and Vegetables, Inc." Fresno County Superior Court, Case No. 15CECG02993 ("Action"), which was removed to the Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-LJO-SAB (now Case No. 1:18-cv-01676-NONE-SAB;

(b)     *Maria Claudia Obeso Cota v. Olam West Coast, Inc.*, Fresno County Superior Court, Case No. 16CECG00081;

(c)     *Alexander Solorio v. Olam West Coast, Inc.*, Fresno County Superior Court, Case No. 16CECG00513; and,

(d)     *Juan Rivera, et al. v. Olam West Coast, Inc.*, with Defendant erroneously sued as "Olam Spices and Vegetables, Inc." and as "Olam Spices and Vegetables Ingredients," Santa Clara County Superior Court, Case No. 16CV300758.

2.     "**Agreement**" means this Fourth Amended Class Action and Collective Action Settlement and Release Agreement.

3.     "**Attorneys' Fees and Costs**" means attorneys' fees agreed upon by the Parties and approved by the Court for Class Counsel's litigation and resolution of the Action, and all costs/expenses incurred and to be incurred by Class Counsel in the Action.  Any portion of the Attorneys' Fees and Costs not awarded to Class Counsel will be added to the Net Settlement Fund.

4.     "**Class Counsel**" collectively means, subject to court approval, Edwin Aiwazian, Arby Aiwazian, and Joanna Ghosh of Lawyers *for* Justice, PC. Plaintiffs are, collectively, represented by multiple attorneys and firms: Edwin Aiwazian, Arby Aiwazian, and Joanna Ghosh of Lawyers *for* Justice, PC, Joseph Lavi and Vincent C.  Granberry of Lavi and Ebrahimian, LLP, and Sahag Majarian, II of Law Offices of Sahag Majarian, II (collectively, "Plaintiffs' Counsel"). For the sake of efficiency and ease, Parties agree that Edwin Aiwazian, Arby Aiwazian, and Joanna Ghosh of Lawyers *for* Justice, PC will be appointed as counsel for the Class and FLSA Members and identified as such in the Class Notice to the Class Members and FLSA Notice to the FLSA Members.  Nevertheless, all Plaintiffs' Counsel will cooperate to implement the Settlement and the attorneys' fees and costs award provided for by the Settlement will be sought on behalf of Plaintiffs' Counsel.

5.     "**Class List**" means a complete list of all Class Members and FLSA Members that Defendant will compile from its records and provide to the Settlement Administrator within fifteen (15) calendar days after Preliminary Approval of this Settlement.  The Class List will be formatted in a Microsoft Office Excel spreadsheet and will include, to the extent Defendant is in the possession of such information, each Class Member's and FLSA Member's full name, last known mailing address, last known email address, last known telephone number (landline and cellular), Social Security number, employee identification number, dates of employment in a Covered Position, and indication of which Work Location(s) they work and/or worked at in a Covered Position, so that the Settlement Administrator can calculate the Workweeks for each Class Member and FLSA Member.

6.     "**Class Member(s)**" or "**Class**" means, with respect to all Released Class Claims, all persons who were employed by Defendant in a Covered Position at any time during the Class Period, or the estates of such individuals.

7.     "**Class Settlement**" means the settlement and resolution of the Released Class Claims, which will be binding on all Participating Class Members.

8.     "**Net Settlement Fund**" means the Total Settlement Fund less the Court-approved Attorneys' Fees and Costs, Settlement Administration Costs, Incentive Awards, LWDA Payment, and Employer Taxes.

9.     "**Covered Position**" means all positions that Defendant classified as non-exempt and/or hourly non-exempt, that Class Members and FLSA Members worked in, at Defendant's Fresno, Firebaugh, Hanford, Lemoore, Gilroy, and/or Williams facilities in California (collectively,

"**Work Location(s)**"), and for which Class Members and FLSA Members were paid on a non-exempt basis, at any time during the Settled Period.  Exempt positions are excluded from the Covered Position and the Settlement.

10.     "**Court**" means the United States District Court for the Eastern District of California, Fresno Division, or any other court taking jurisdiction of the Action for purposes of reviewing and ruling upon any motion for preliminary or final approval, overseeing any part of the settlement process, and any related matter, and including up to and after the various separate cases have been coordinated or consolidated before one court or judge, if required.

11.     "**Defendant**" means Defendant Olam West Coast, Inc.

12.     "**Defendant's Counsel**" means Hatmaker Law Group, A Professional Corporation.

13.     "**Effective Date**" means the latter of: (a) the sixty-third (63rd) day after the Court enters the Final Approval Order and Judgment; or (b) if any timely appeal is filed within sixty-three (63) days after entry of the Final Approval Order and Judgment, the date of final resolution of any such appeal in a way that does not alter the terms of the Settlement or leave any further determination pending on the merits of the appeal or objection, or the date such appeal is withdrawn.

14.     "**Employer Taxes**" means the employer's share of payroll taxes and contributions with respect to the Wage Portion of the Non-FLSA Payment and FLSA Payment, in accordance with Section III, Paragraph 9, *infra* and estimated to be between $117,000 to $168,000 (with the final amount depending on the final amount of the Net Settlement Fund and applicable tax rates for both state and Federal taxes).

15.     "**Final Approval Order and Judgment**" means the order granting final approval of the Settlement and entry of judgment based thereon.

16.     "**Final Approval**" or "**Final Approval Order**" means the Court order granting final approval of the Agreement.

17.     "**FLSA**" means Fair Labor Standards Act.

18.     "**FLSA Member(s)**" means, with respect to all Released FLSA Claims, all persons who were employed by Defendant in a Covered Position at any time during the Settled Period, or the estates of such individuals.

19.     "**FLSA Settlement**" means the settlement and resolution of the Released FLSA Claims in this Agreement, which will be binding on all Participating FLSA Members.

3

20.    "**General Release by Class Representatives**" or "**General Release**" means, in addition to Plaintiffs' release of the Released Class Claims and Released FLSA Claims, Plaintiffs' release of rights and claims, made in exchange for the consideration provided to them by this Agreement, upon the Effective Date in consideration of Defendant's promises and agreements set forth in this Agreement as follows, undertaken only on behalf of themselves:

Plaintiffs recognize and agree that their employment relationship with Defendant is permanently and irrevocably severed.

Nothing in this release shall prohibit or restrict Plaintiffs from: (i) providing information to, or otherwise assisting in, an investigation by Congress, the EEOC, the NLRB, the Securities and Exchange Commission ("SEC") or any other federal regulatory or law enforcement agency or self-regulatory organization ("SRO"); (ii) testifying, participating, or otherwise assisting in a proceeding relating to an alleged violation of any federal law relating to fraud or any rule or regulation of the SEC or any SRO; or (iii) complying with a lawful subpoena or other legal process, subject to the terms of the Agreement.

Except for the obligations created by this Agreement, each Plaintiff and each Plaintiff's agents, spouse, assigns, successors, heirs, and attorneys, do hereby release and absolutely and forever discharge Released Parties, and each of its former and current agents, assigns, employees, owners, affiliates, shareholders, successors, parents, representatives, subsidiaries, insurers, and attorneys from any and all options, claims, causes of action, demands, damages, debts, liabilities, accounts, reckonings, obligations, losses, costs, expenses, liens, actions, and claims of any sort, whether sounding in law or in equity.  The General Release includes, but is not limited to, any and all claims, demands, causes of action, obligations and liabilities, whether or not presently known or unknown, fixed or contingent, that in any way relate to or arise from each Plaintiff's employment with Olam, including, without limitation, any claims related to or arising out of each Plaintiff's employment relationship with Olam or the termination of that employment, including, without limitation, any claims for unpaid salary, unpaid wages, unpaid overtime, unpaid compensation for missed meal, rest or recovery periods, unpaid "on-call" compensation, severance, accrued vacation, personal leave, paid sick leave, short term or long term disability benefits, payment pursuant to any practice, policy or handbook, bonuses, commissions, any other type of compensation other than as contemplated by the terms of this Agreement, and pay stub or wage statement violations, and including, but not limited to, claims, demands or causes of action under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Unruh Civil Rights Act, the Age Discrimination in Employment Act (ADEA) of 1967, as amended, the Older Workers Benefit Protection Act, the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act, the Family and Medical Leave Act and related regulations, the California Family Rights Act and related regulations, the California New Parent Leave Act, the Genetic Information Nondiscrimination Act, the National Labor Relations Act, the Labor Management Relations Act, the federal Worker Adjustment and

4

Retraining Notification Act, the California Worker Adjustment and Retraining Notification Act, the Uniformed Services Employment and Reemployment Rights Act of 1994, the Immigration Reform and Control Act, the Fair Labor Standards Act, the Equal Pay Act, the Occupational Safety and Health Act, the Employee Polygraph Protection Act, the employee (whistleblower) civil protection provisions of the Corporate and Criminal Fraud Accountability Act (Sarbanes-Oxley Act), the Employee Retirement Income Security Act (except for any vested benefits under any tax qualified benefit plan), the California Fair Employment and Housing Act, the Healthy Workplaces, Healthy Families Act of 2014 and amendments, Sections 1981 through 1988 of Title 42 of the United States Code, and any claims within any division of the California Department of Industrial Relations or Employment Development Department, as well as public policy, tort or common law claims for wrongful discharge or termination, constructive discharge, retaliatory discharge, breach of contract (employment or otherwise), conspiracy, fraud, breach of fiduciary duty, negligent misrepresentation, intentional or negligent infliction of emotional distress, defamation, libel, slander, conversion, invasion of privacy rights, tortious interference with contract, tortious interference with business relations, disparagement of business reputation and any other claim, demand or cause of action arising under any provision of the California Constitution, the California Labor Code, the California Civil Code, the California Business & Professions Code, the California Government Code, the California Administrative Code, any other federal, state or local law, rule, regulation or ordinance, as well as any basis for recovering costs, fees, or other expenses, including attorneys' fees, incurred in these matters, and causes of action of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, which each Plaintiff now has, owns or holds or at any time heretofore ever had, owned or held or could, shall or may hereafter have, own or hold based upon or arising out of any matter, cause, fact, thing, act or omission whatsoever occurring or existing at any time through and including the execution and delivery of this Agreement. Each Plaintiff waives the right to file any charge, complaint or other action against Olam with respect to the foregoing except as such waiver or release is prohibited by law, case law, or statute, and excluding any unemployment and/or workers' compensation claims.

For consideration provided by the Settlement, this General Release specifically includes the release and waiver of any and all claims, rights, or benefits that any Plaintiff may have under California Civil Code Section 1542 relating to any claims described in this Paragraph, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

21.     "**Incentive Awards**" means an amount approved by the Court and paid to all Plaintiffs in recognition of their effort and work in prosecuting the Actions on behalf of Class

Members, FLSA Members, the State of California, and aggrieved employees.  Any portion of the Incentive Awards not approved by the Court will be added to the Net Settlement Fund.

22.    "**Individual Settlement Payment**" means, collectively, the following:

a.    "Non-FLSA Payment" means payment issued to each Participating Class Member for his or her share of the Net Class Settlement Fund, to be distributed in conformity with Section III, Paragraph 9, *infra*.

b.    "FLSA Payment" means payment issued to each Participating FLSA Member, as defined herein, for his or her share of the Net FLSA Settlement Fund, to be distributed in conformity with Section III, Paragraph 9, *infra*.

23.    "**Labor and Workforce Development Agency Payment**" or "**LWDA Payment**" means the amount that the Parties have agreed to pay from the Total Settlement Fund to the California Labor and Workforce Development Agency ("LWDA") to resolve Plaintiffs' claims for civil penalties under the PAGA, subject to the Court's approval.

24.    "**Notice of Objection**" means a Class Member's valid and timely written objection to the Class Settlement.

25.     "**Notice Packet**" means the documents to be mailed to the Class Members and FLSA Members in a single Mailing Envelope, substantially in the form of "**Exhibit D**," as follows:

a.    The Notice of Class Action Settlement ("**Class Notice**"), and Request for Exclusion Form, in English and Spanish, substantially in the form of "**Exhibit A**," and "**Exhibit C**," respectively.

b.    The Notice of FLSA Settlement ("**FLSA Notice**"), and Opt-In Card, in English and Spanish, substantially in the form of "**Exhibit B**," and "**Exhibit E**," respectively.

26.    "**Parties**" means Plaintiffs and Defendant collectively.

27.    "**Participating Class Member(s)**" or "**Settlement Class**" means all Class Members who do not submit valid and timely Requests for Exclusion.

28.    **"Participating FLSA Members"** means those FLSA Members who timely and validly opt-in to the FLSA Settlement.

29.    "**Plaintiffs**" means Plaintiffs Thomas Beltran, Mario Martinez, Maria Claudia Obeso Cota, Alexander Solorio, and Juan Rivera.

30.     "**Preliminary Approval**" or **"Preliminary Approval Order**" means the Court order granting preliminary approval of the Agreement.

31.     "**Released Class Claims**" means all wage and hour claims, rights, demands, liabilities and causes of action of every nature and description, known and unknown, that were plead or could have been plead based on the factual allegations in the Third Amended Complaint, from July 7, 2011 through the Preliminary Approval date, including, without limitation, any statutory, constitutional, contractual or common law claims for wages (including minimum wage, overtime, and premium wages, and for any failure to pay overtime based on the regular rate of pay), damages, business expenses, or penalties (including waiting time penalties), liquidated damages, punitive damages, interest, restitution, equitable relief, or any other relief, based on any and all applicable statutes (other than the Fair Labor Standards Act, including without limitation the California Labor Code, the California Industrial Welfare Commission wage orders, Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, *et seq*.) ("PAGA"), California Business and Professions Code § 17200, *et seq*, or other law, including, but not limited to, claims based on the following categories of allegations during the Settled Period: (a) all claims for unpaid overtime; (b) all claims for meal and rest period violations; (c) all claims for unpaid minimum wages; (d) all claims for untimely payment of wages upon termination; (e) all claims for untimely payment of wages during employment; (f) all claims for failure to pay wages; (g) all claims for failure to provide accurate or otherwise proper itemized wage statements; (h) all claims for failure to keep complete and accurate payroll records; (i) all claims for failure to reimburse necessary business-related expenses and costs; (j) all claims asserted, or which could have been asserted, under PAGA arising out of the aforementioned claims; (k) all claims asserted through California Business & Professions Code § 17200 *et seq.* arising out of the aforementioned claims; and (l) all other claims for penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or additional damages that allegedly arise out of the aforementioned claims.  For consideration provided by the Settlement, Released Class Claims specifically include the release and waiver of any and all claims, rights, or benefits that a Class Member may have under California Civil Code Section 1542 relating to any claims described in this Paragraph, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

32.     **"Released FLSA Claims**" means any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature under the Fair Labor Standards Act, whether known or unknown, foreseen or unforeseen, arising out of or related to any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, as of and including the Effective Date of this Agreement, which are or could be raised in the Action. For consideration provided by the Settlement, Released FLSA Claims specifically include the release and waiver of any and all claims, rights, or benefits that a Participating FLSA Member may have

under California Civil Code Section 1542 relating to any claims described in this Paragraph, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

33.     "**Released Parties**" means Defendant and any of its former and present parents, subsidiaries, affiliates, divisions, corporations in common control, predecessors, successors, joint ventures and assigns, as well as all past and present officers, directors, employees, partners, members, principals, shareholders, agents, attorneys, insurers, co-insurers, reinsurers, and any other successors, assigns, or personal or legal representatives, if any.

34.     "**Request for Exclusion**" means a timely letter or Request for Exclusion Form submitted by a Class Member, in conformity with the requirements set forth in Section III, Paragraph 16, in order to request to be excluded from the Class Settlement.  Any Class Member who wishes to be excluded from the Class Settlement must submit a Request for Exclusion to the Settlement Administrator, no later than the Response Deadline.

35.     "**Response Deadline**" means the deadline by which Class Members must postmark or fax a Request for Exclusion, postmark or fax a Workweeks Dispute, or postmark a Notice of Objection, to the Settlement Administrator and the deadline for an FLSA Member to opt into the FLSA Settlement and become a Participating FLSA Member.  The Response Deadline will be sixty (60) calendar days from the initial mailing of the Notice Packet by the Settlement Administrator, unless the 60th day falls on a Sunday or federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service operates for first-class mail delivery. The Response Deadline will be extended fifteen (15) calendar days for any Class Member who is re-mailed a Notice Packet by the Settlement Administrator due to an incorrect mailing address, unless the 15th day falls on a Sunday or federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service operates for first-class mail delivery. The Response Deadline may also be extended by express agreement between Class Counsel and Defendant's Counsel. Under no circumstances, however, will the Settlement Administrator have the authority to unilaterally extend the deadline for Class Members to submit a Request for Exclusion, Workweeks Dispute and/or or Notice of Objection.

36.     "**FLSA Reminder Notice**" means a notice mailed and emailed thirty (30) days after the mailing of the FLSA Notice to all FLSA Members from whom an Opt-In Card has not been received or who have not otherwise opted into the FLSA Settlement which shall be in the form attached hereto as "**Exhibit F**" and incorporated herein by this reference.

37.     "**Settled Period**" means the period from July 7, 2011 to the date of Preliminary Approval.  This definition applies to both the release of Released Class Claims and Released FLSA Claims.

38.    "**Settlement Administrator**" means Simpluris, Inc. The Parties each represent that they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

39.    "**Settlement Administration Costs**" means the costs payable from the Total Settlement Fund to the Settlement Administrator for administering this Settlement including, but not limited to, translating into Spanish the notices to be mailed to Class Members; printing, distributing, and tracking documents for this Settlement; establishing, maintaining and monitoring the Settlement Website, calculating estimated Individual Settlement Payments; tax reporting; distributing the Individual Settlement Payments (by way of multiple checks as provided in Section III, Paragraph 9, *infra*), LWDA Payment, Incentive Awards, and Attorneys' Fees and Costs; and providing necessary reports and declarations, posting the Final Approval Order and Judgment, and other duties and responsibilities set forth herein to process this Settlement and as requested by the Parties. The Settlement Administration Costs will be paid from the Total Settlement Fund including, if necessary, any such costs in excess of the amount represented by the Settlement Administrator as being the maximum costs necessary to administer the settlement.  The Settlement Administration Costs are estimated to be $45,000.

40.    "**Total Settlement Fund**" means the fund consisting of the maximum amount of Four Million Five Hundred Thousand Dollars and zero cents ($4,500,000.00) to be paid by Defendant in full satisfaction of all Released Class Claims, Released FLSA Claims, and claims encompassed by the General Release by Class Representatives, which includes all Individual Settlement Payments to Participating Class Members and Participating FLSA Members (inclusive of the employee's share of taxes and withholdings with respect to the Wage Portion, as set forth in Section III, Paragraph 9, *infra*), the Incentive Awards, Settlement Administration Costs, the LWDA Payment, the Attorneys' Fees and Costs, and Employer Taxes.  In no event will Defendant be liable for more than the amount of the Total Settlement Fund.  The entire Total Settlement Fund will be fully paid out and no portion of it will revert or be retained by Defendant.

41.    "**Workweeks**" means the number of weeks of employment in a Covered Position for each Class Member at any time during the period from July 7, 2011 to the date of Preliminary Approval. Workweeks are determined by calculating the number of days each Class Member worked in a Covered Position at any time during the period from July 7, 2011 to the date of Preliminary Approval, dividing by seven (7), and rounding up to the nearest whole number. All Class Members will be credited with at least one Workweek. The Workweeks calculated for a Class Member shall also be used as the Workweeks for such person as an FLSA Member.

42.    "**Workweeks Dispute(s)**" means a written letter submitted by a Class Member to the Settlement Administrator, seeking to challenge the Workweeks credited to him or her based on Defendant's records.

43.   "**Workweek Value**" means the value of each compensable Workweek, as determined by the formula set forth herein.

### III.  TERMS

Plaintiffs, on behalf of themselves, the Participating Class Member and the Participating FLSA Members, and Defendant, in consideration of the mutual covenants, promises, and undertakings set forth herein agree, subject to the Court's approval, as follows:

1.      Operative Complaint. Pursuant to the separate stipulation of the Parties, and order of the Fresno County Superior Court granting the separate stipulation of the Parties, the Third Amended Class Action Complaint for Damages & Enforcement Under the California Labor Code § 2698, Et Seq. ("Third Amended Complaint" or "Operative Complaint") was filed in the Action, which, among other things, consolidated all named plaintiffs and their causes of action into one case.  For settlement purposes, the Parties acknowledge that the filing of the Third Amended Complaint seeks to consolidate or coordinate the Actions, and therefore the contemplated judgment to be entered based on this Settlement will act as res judicata upon final approval in all such lawsuits and as to all such claims and causes of action.  The Third Amended Complaint shall be deemed the operative complaint for purposes of defining the scope of the Released Class Claims and Released FLSA Claims.

2.      Conditional Stipulation to Class Certification and Approval of FLSA Settlement on Collective Basis for Settlement Purposes. The Parties agree that the Court shall conditionally certify the Class and approve the FLSA Settlement on a collective basis, for settlement purposes only, consistent with this Agreement. The Parties agree that by agreeing to the limited certification of a class for settlement purposes, Defendant will not be considered to concede that class certification is proper in this or any other proceeding. If the Court does not approve the Settlement, this Agreement will be null and void. The Parties further agree that this Agreement, and specifically the certification for purposes of settlement, is not a waiver of Defendant's claimed right to enforce class, collective, and representative action waivers in any other circumstance.

3.      Total Settlement Fund. Defendant agrees to pay no more than the amount of the Total Settlement Fund, and only the amounts as provided for in this Agreement.  The Settlement Administrator shall notify Class Counsel if the Class List reflects that the workweeks worked by the Class Members exceed 440,000 as of May 31, 2017, in which case, Plaintiffs and Class Counsel will have the right to, at their discretion, mutually agree to nullify this agreement (and notice that said right of nullification is being exercised must be provided to Defendant's Counsel within ten (10) calendar days of Class Counsel receiving notice from the Settlement Administrator that the workweeks threshold stated in this Paragraph has been exceeded).

4.      Funding of the Total Settlement Fund.  Within thirty (30) calendar days after entry of  the Final Approval Order and Judgment, provided that no Class Member has submitted any valid and timely Notice of Objection (or all such objections have been withdrawn, or no objection,

appeal of an order concerning an objection, or other challenge remains pending before any court), Defendant will make a one-time deposit of the Total Settlement Fund in the amount of Four Million Five Hundred Thousand Dollars and zero cents ($4,500,000.00) into a settlement account established by the Settlement Administrator, which shall be distributed according to the Court's Final Approval Order and Judgment.  If no documents seeking appeal, review, rehearing, reconsideration, vacatur, or any other action regarding the Agreement are filed, the funds will be distributed in accordance with the Agreement and Final Approval Order and Judgment, to: (a) all Participating Class Members and Participating FLSA Members; (b) the LWDA; (c) Plaintiffs; and (d) Class Counsel within sixty-three (63) days after the entry of the Final Approval Order and Judgment. The Settlement Administrator will then also issue a payment to itself for Court-approved services performed in connection with the Settlement.

5.     <u>Attorneys' Fees and Costs.</u> Class Counsel will seek an award of not more than One Million Five Hundred Seventy Five Thousand Dollars and zero cents ($1,575,000.00) (which is thirty-five percent (35%) of the Total Settlement Fund), for Plaintiffs' Counsel for attorneys' fees, plus the reimbursement of costs and expenses associated with Plaintiffs' Counsel's litigation and settlement of the Action, not to exceed $65,000, both of which will be paid from the Total Settlement Fund provided that such application or motion is consistent with this Agreement and Plaintiffs' Counsel has not breached and is in compliance with this Agreement or in the event of a breach, has not failed to cure the breach following a reasonable opportunity to do so. Any portion of the Attorneys' Fees and Costs not awarded to Plaintiffs' Counsel will become part of the Net Settlement Fund.  In the event the court awards less than the above-stated attorneys' fees and cost amounts, Plaintiffs' Counsel will have the right to file an appeal regarding only the court's award of attorneys' fees and cost amounts.  If said appeal is filed, Plaintiffs' Counsel will not seek, nor be entitled to, an award of attorneys' fees and costs/expenses in excess of the amounts stated in this section.

6.     <u>Incentive Awards.</u>

a.     In recognition of their effort and work in prosecuting the Action on behalf of Class Members, FLSA Members, State of California, and aggrieved employees, Plaintiffs, in addition to their Individual Settlement Payments, will receive the following incentive awards subject to approval by the Court:

(1)     An amount not to exceed Seven Thousand Five Hundred Dollars and zero cents ($7,500.00) to be paid to Plaintiff Thomas Beltran;

(2)     An amount not to exceed Seven Thousand Five Hundred Dollars and zero cents ($7,500.00) to be paid to Plaintiff Mario Martinez;

(3)     An amount not to exceed Seven Thousand Five Hundred Dollars and zero cents ($7,500.00) to be paid to Plaintiff Maria Obeso Cota;

(4)     An amount not to exceed Seven Thousand Seven Hundred Dollars and zero cents ($7,500.00) to be paid to Plaintiff Alexander Solorio; and

(5)     An amount not to exceed Three Thousand Five Hundred Dollars and zero cents ($3,500.00) to be paid to Plaintiff Juan Rivera.

b.     The Incentive Awards will be paid from the Total Settlement Fund. Recipients of the Incentive Awards will be solely and legally responsible to pay any and all applicable taxes on the payments made pursuant to this section and will indemnify and hold Defendant harmless from any claim or liability for taxes, penalties, or interest arising as a result of the payments, provided that such application or motion is consistent with this Agreement and Plaintiffs have not breached and are in compliance with this Agreement or in the event of a breach, have not failed to cure the breach following a reasonable opportunity to do so.

7.     <u>Settlement Administration Costs.</u> The Settlement Administrator will be paid for the reasonable costs of administration of the Settlement and distribution of payments from the Total Settlement Fund. These costs, which will be paid from the Total Settlement Fund will include, *inter alia*, the required tax reporting on the Individual Settlement Payments, the issuing of 1099 and W-2 IRS Forms, preparing and distributing the Notice Packet in accordance with the Court's orders, calculating and distributing the Total Settlement Fund, providing necessary reports and declarations, and posting the Final Approval Order and Judgment.

8.     <u>Labor and Workforce Development Agency Payment ("LWDA Payment").</u> Subject to court approval, the Parties agree that One Hundred Fifty Thousand Dollars and zero cents ($150,000.00) from the Total Settlement Fund will be designated for satisfaction of Plaintiffs' and Class Members' PAGA claims. Pursuant to PAGA, Seventy-Five Percent (75%), or One Hundred Twelve Thousand Five Hundred Dollars and zero cents ($112,500.00), of this sum will be paid to the LWDA; and Twenty-Five Percent (25%), or Thirty Seven Thousand Five Hundred Dollars and zero cents ($37,500.00), will be part of the Net Class Settlement Fund. In connection with Settlement approval, the LWDA shall be notified of the existence of the Settlement, as well as provided a copy of the Court's Final Approval Order Judgment and any order in the Action that provides for or denies an award of civil penalties under PAGA, as required by California Labor Code section 2699(l)(2)-(3).

9.     <u>Individual Settlement Payment Calculations.</u>

a.     The Net Settlement Fund will be fully distributed without any reversion to Defendant, as follows:

(1) Seventy-five percent (75%) of the Net Settlement Fund shall be allocated to the Class Settlement ("Net Class Settlement Fund").  Each Participating Class Member will be entitled to a *pro rata* share of the Net Class Settlement Fund, calculated based on the number of

Workweeks worked by an individual Participating Class Member as compared to the number of Workweeks worked by all Participating Class Members, and this share shall be paid by way of one check ("Non-FLSA Payment"). The amount of each Participating Class Member's Non-FLSA Payment will be determined by multiplying the Net Class Settlement Fund by the fraction that has as its numerator the individual Workweeks of the Participating Class Member and has as its denominator the total number of Workweeks worked by all Participating Class Members.

(2) Twenty-five percent (25%) of the Net Settlement Fund shall be allocated to the FLSA Settlement ("Net FLSA Settlement Fund"). Each Participating FLSA Member will be issued payment of a *pro rata* share of the Net FLSA Settlement Fund, calculated based on the number of Workweeks worked by an individual Participating FLSA Member as compared to the number of Workweeks worked by all Participating FLSA Members, and this share shall be paid by way of one check ("FLSA Payment"). The amount each Participating FLSA Member's FLSA Payment will be determined by multiplying the Net FLSA Settlement Fund by the fraction that has as its numerator the individual Workweeks of the Participating FLSA Member and has as its denominator the total number of Workweeks worked by all Participating FLSA Members.

b.        Each Non-FLSA Payment and FLSA Payment will be allocated as follows, for tax purposes:

(1) Thirty-four percent (34.00%) wages ("Wage Portion") for which an IRS Form W-2 will be issued;

(2) Sixty-six percent (66.00%) for penalties, interest, consideration for the waiver of rights and benefits conferred by California Civil Code Section 1542, and non-wage damages and reimbursement of business expenses ("Non-Wage Portion") for which an IRS Form 1099 will be issued.

c.        The Non-FLSA Payment and FLSA Payment will each be reduced by any required employee's share of payroll taxes and withholdings with respect to the Wage Portion. The Non-FLSA Payment will be mailed to Participating Class Members and the FLSA Payment will be mailed to Participating FLSA Members at their last known address that is on file with the Settlement Administrator, with a check stub providing a breakdown of the components of and deductions made from the Non-FLSA Payment and FLSA Payment, and if possible, the mailing will also include the applicable IRS Tax Forms (otherwise, the Settlement Administrator will issue these tax forms to the Participating Class Members and Participating FLSA Members separately,

13

in a timely fashion).

        d.    <u>No Credit Towards Benefit Plans.</u> The Individual Settlement Payments made to Participating Class Members and Participating FLSA Members under this Settlement, as well as any other payments made pursuant to this Settlement, will not be utilized to calculate any benefits under any employee benefit plans to which any Participating Class Members and/or Participating FLSA Members may be eligible, including, but not limited to profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, or any other benefit plan. Rather, it is the Parties' intention that this Agreement will not affect any rights, contributions, or amounts to which any Participating Class Members and/or Participating FLSA Members may be entitled under any employee benefit plans.

        10.    <u>Administration Process.</u> The Parties agree to cooperate in the administration of the Settlement and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement.

        11.    <u>Delivery of the Class List.</u>  Within thirty (30) calendar days of Preliminary Approval, Defendant will provide the Class List to the Settlement Administrator and Class Counsel.  The Class List shall only be used by the Settlement Administrator for the purpose of notifying the Class Members and FLSA Members of the Settlement and distributing the Total Settlement Fund. Notwithstanding the foregoing, if requested, Class Counsel shall receive the name and address of any Class Member(s) who requested to be excluded from the Class Settlement.  This Paragraph also does not apply to contact information already provided or required to be provided to Class Counsel, which also remains subject to any restrictions or conditions imposed by the Court.

        12.    <u>Manner of Providing Notice.</u> Within ten (10) calendar days after receiving the Class List from Defendant, the Settlement Administrator will translate the Notice Packet into Spanish and mail an English and Spanish version of the Notice Packet to all Class Members and FLSA Members via regular First-Class U.S. Mail, using the most current, known mailing addresses identified in the Class List. Additionally, the Settlement Administrator shall establish a website ("Settlement Website") accessible to the public on the internet in a mobile-friendly format, and it shall go "live" commencing the date the Notice Packet is mailed to Class Members and FLSA Members, containing links to PDF files that may be printed and downloaded containing the Settlement Agreement, the Notice Packet and FLSA Opt-In Form, each in English and Spanish versions, and also the Final Approval Order and Judgment after it has been entered by the Court accompanied by a translation into Spanish. The Settlement Website will also link to a fillable Opt-In Form by which an FLSA Member may opt into the FLSA Settlement. To the extent Defendant is in possession of the last known cell phone numbers and email addresses of Class Members and FLSA Members, a message will be "blast" texted and e-mailed to Class Members and FLSA Members advising them of the Settlement Website.

        13.    <u>Confirmation of Contact Information in the Class List.</u> Prior to mailing, the Settlement Administrator will perform a search based on the National Change of Address Database for information to update and correct for any known or identifiable address changes.

Any Notice Packets returned to the Settlement Administrator as non-deliverable on or before the Response Deadline will be sent promptly via regular First-Class U.S. Mail to the forwarding address affixed thereto and the Settlement Administrator will indicate the date of such re-mailing on the Notice Packet. If no forwarding address is provided, the Settlement Administrator will promptly attempt to determine the correct address using a skip-trace, or other search using the name, address and/or Social Security Number of the Class Member or FLSA Member involved, and will then perform a single re-mailing. Those Class Members and FLSA Members who are re-mailed a Notice Packet, whether because of skip-trace or by request, will have their Response Deadline extended by fifteen (15) calendar days. Unless the Settlement Administrator receives a Notice Packet returned from the United States Postal Service as non-deliverable, the Notice Packet shall be deemed mailed and received by the Class Member or FLSA Member to whom it was sent five days after mailing.

14.    <u>Contents of Notice to the Class Members and FLSA Members.</u> All Class Members will be mailed a Class Notice and all FLSA Members will be mailed a FLSA Notice, Opt-In Card, and a Reminder FLSA Notice.

a.    The Class Notice will provide: (a) information regarding the nature of the Action; (b) a summary of the Settlement's principal terms; (c) the definition of who is a Class Member; (d) the total number of Workweeks credited to the Class Member; (e) that individual Class Member's estimated Non-FLSA Payment and the general formula for calculating Non-FLSA Payments; (f) the dates which comprise the Settled Period; (g) instructions on how to submit Requests for Exclusion or Notices of Objection; (h) the deadlines by which the Class Member must postmark or fax Requests for Exclusions, postmark or fax Workweeks Disputes, or postmark Notices of Objection; (i) the claims to be released, as set forth herein, as a part of the Class Settlement; (j) the existence of and electronic address of the Settlement Website; and (k) the date on which the Court will hold a hearing to determine whether the Settlement should be granted final approval (the "Final Approval Hearing").

b.    The FLSA Notice will provide: (a) information regarding the nature of the Action; (b) a summary of the Settlement's principal terms; (c) the definition of who is a FLSA Member; (d) the total number of Workweeks credited to the FLSA Member; (e) the FLSA Member's estimated FLSA Payment and the general formula for calculating FLSA Payments; (f) the dates which comprise the Settled Period; (g) the deadlines by which the FLSA Member must postmark or fax Workweeks Disputes; (h) the claims to be released, as set forth herein, as a part of the FLSA Settlement; (i) the date on which the Court will hold a hearing to determine whether the Settlement should be granted final approval (i.e., the Final Approval Hearing); (j) reference and information regarding an Opt-In Card that will accompany the FLSA Notice, color-coded to match the FLSA Notice, by which the FLSA Member may opt into the FLSA collective action and thereby opt into the FLSA Settlement; (k) description of other means by which the FLSA Members may opt into the FLSA collective action and thereby opt into the FLSA Settlement, other than by use of the Opt-In Card; (l) the existence of and electronic address of the Settlement Website; and (m) the deadlines by which the FLSA Member must complete the opt-in process as directed.

c.     The Reminder FLSA Notice will provide: (a) a reminder of the existence of the electronic address of the Settlement Website; (b) a reminder of the deadlines by which the FLSA Member must complete the opt-in process as directed; and (c) a statement of the number of days left from the date of the reminder for the FLSA Member to submit an Opt-In Card or complete any of the other means provided for opt-in.

15.     <u>Workweeks Disputes.</u>  Class Members and FLSA Members may challenge the Workweeks credited to them based on Defendant's records in writing ("Workweeks Dispute"), which must: (a) contain a clear statement indicating that the individual wishes to dispute or challenge the Workweeks credited to him or her; (b) contain the name, address, and the last four digits of the Social Security number and/or the employee identification number of the individual (to enable the individual to be specifically identified by the Settlement Administrator within the Class List so that the proper records and information can be reviewed to resolve the dispute); (c) be signed by the individual; (d) attach any supporting documentation the individual wishes to rely upon; and (e) be mailed or faxed to the Settlement Administrator so that it is postmarked or fax-stamped by the Response Deadline.  The date of the postmark or fax-stamp on the submission of the Workweeks Dispute shall be the exclusive means used to determine whether the Workweeks Dispute was timely submitted.  Timely Workweeks Disputes will be resolved after a review of the information and documentation (if any) submitted by a Class Member or FLSA Member with their Workweeks Dispute and any information and records that are available to Defendant which pertain to the correct number of Workweeks to be credited to the disputing Class Member or FLSA Member.  Defendant's records, however, are presumed to be correct, unless a Class Member or FLSA Member proves otherwise with documentary evidence. The Settlement Administrator will evaluate the evidence submitted by the Class Member or FLSA Member and such information and records as Defendant will make available which pertain to the correct number of Workweeks to be credited to the disputing Class Member or FLSA Member, and will make the final decision as to the dispute. The decision shall be binding on the Class Member or FLSA Member and no additional rights of appeal shall exist.

16.     <u>Request for Exclusion Procedures.</u> Any Class Member wishing to opt out from the Class Settlement must complete, sign, and postmark or fax the Request for Exclusion Form or a written letter (in conformity with the requirement set forth herein) to the Settlement Administrator within the Response Deadline. All Requests for Exclusion will be submitted to the Settlement Administrator, who will certify jointly to Class Counsel and Defendant's Counsel the Requests for Exclusion that were timely submitted. **As of the Effective Date, all Class Members who do not submit a valid and timely Request for Exclusion will be deemed Participating Class Members, will bound to the Class Settlement and any judgment entered by the Court based thereon, and will be entitled to receive a Non-FLSA Payment.**  A written letter Request for Exclusion must: (a) contain a clear statement indicating that the Class Member wishes to exclude him or herself from the Class Settlement; (b) contain the name of the Class Member and either the Class Member's last four digits of the Social Security number or his/her employee identification number (to enable the individual to be specifically identified by the Settlement Administrator within the Class List, to facilitate honoring the individual's request that they not be bound to the Class Settlement, if all other requirements are satisfied); (c) be signed by the Class

Member; and (d) be postmarked or fax-stamped by the Response Deadline and returned to the Settlement Administrator at the specified address or fax telephone number.  Alternatively, a Class Member may submit the Request for Exclusion Form that will be provided as a part of the Class Notice Packet, substantially in the form that is attached here to as "**Exhibit C**."  A Request for Exclusion will not be valid if it is not timely submitted, if it is not signed by the Class Member, or if it does not contain the name and address of the Class Member.  The date of the postmark on the return mailing envelope or fax stamp on the Request for Exclusion shall be the exclusive means used to determine whether the Request for Exclusion was timely submitted.  Any Class Member who submitted a valid and timely Request for Exclusion will not be bound by the terms of the Class Settlement, will not have any right to object, appeal, or comment thereon, and will not be entitled to receive an Individual Settlement Payment.  No later than twenty-five (25) calendar days after the Response Deadline the Settlement Administrator shall provide Class Counsel and counsel for Defendant with a final list of Class Members who have timely submitted Requests for Exclusion.

17.    Defective Submissions. If a Class Member's Request for Exclusion is defective as to the requirements listed herein, that Class Member will be given an opportunity to cure the defect(s). The Settlement Administrator will mail the Class Member a cure letter within three (3) business days of receiving the defective submission to advise the Class Member that his or her submission is defective and that the defect must be cured to render the Request for Exclusion valid. The Class Member will have until the later of: (a) the Response Deadline (and any applicable extended Response Deadline) or (b) fifteen (15) calendar days from the date of the cure letter, to postmark or fax a corrected Request for Exclusion. If the corrected Request for Exclusion is not postmarked or received by fax within that period, it will be deemed untimely.

18.    Revocation of Agreement (by Defendant). Defendant has the right to withdraw from the Settlement at any time prior to the Final Approval Hearing if: (a) seven and one-half percent (7.5%) or more of all Class Members submit valid and timely Requests for Exclusion; or (b) the Settlement is construed in such a fashion that Defendant is required to pay more than the Total Settlement Fund; or (c) the Court does not conditionally certify the Class and/or does not approve the release of Released Class Claims and/or Released FLSA Claims as set forth herein, or otherwise makes an order inconsistent with any of the terms of this Agreement; or (d) Plaintiffs or Class Counsel materially breach any term herein, or in the event of a material breach, have failed to cure the breach following a reasonable opportunity to do so. In the event of Defendant's withdrawal, Defendant will pay the costs already incurred as of the date of withdrawal by the Settlement Administrator.

19.    Binding Nature of Settlement.

a.    As of the Effective Date, all Class Members who do not submit a valid and timely Request for Exclusion (i.e., Participating Class Members), will be bound to the Class Settlement and any judgment entered by the Court based thereon, and thereby forever release and discharge the Released Class Claims.

b.      As of the Effective Date, only those FLSA Members who give their consent in writing to become a party to Action and have such consent filed in this Court will be deemed to have consented to join the Action under the FLSA and opted-in on a collective basis with respect to such claims, and will be bound to the FLSA Settlement and any judgment entered by the Court based thereon, and thereby forever release and discharge the Released FLSA Claims. Effective FLSA Member consent will be substantially in the following form, which shall also be the language included in the options made available by the Parties for FLSA Members,  which clearly states that the FLSA Member consents to opt-in to join the action under the FLSA claims, on a collective basis, and as a result, the FLSA Member will be bound to the FLSA Settlement:

> "By signing and returning this card as directed, I consent to join the lawsuit entitled *Beltran, et. al. v. Olam West Coast, Inc.*, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-NONE-SAB, pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 USC Section 216(b), for purposes of participating in the settlement. I further understand and agree that my signing this card and returning it as directed constitutes a full and complete release of any and all of Released FLSA Claims and that the card may be filed with the Court, with personal information other than my name redacted, as evidence of my consent."

This opt-in language will be provided to FLSA Members in the Notice Packet on a card color-coded to match the FLSA Notice ("FLSA Opt-In Card" or "Opt-In Card") at the time the FLSA Notice is circulated (see **Exhibit E**). The Opt-In Card will be provided in English and Spanish.

FLSA Members may also access the Settlement Website and either print out, in either English or Spanish, an opt-in form ("Opt-In Form"), containing the same language as the Opt-In Card, which must then be completed and signed and timely mailed to the Settlement Administrator, or may access the link on the Settlement Website for the fillable opt-in form ("Opt-In Electronic Form"), again, containing the same language as the Opt-In Card and available in English and Spanish, and complete and e-sign the Opt-In Electronic Form which is then automatically submitted to the Administrator.

FLSA Members may also provide consent to opt-in and participate in the FLSA Settlement by submitting their own written statement containing the FLSA Member's full name and address and containing a statement reflecting that the FLSA Member consents to and opts-in to join the action and participate in the FLSA Settlement.  All such written consents to opt-in to the Action and participate in the FLSA Settlement must be submitted to the Settlement Administrator by mail or fax, so that they are postmarked of fax-stamped no later than the Response Deadline.

The Settlement Administrator, with the assistance of Class Counsel, will cause the completed FLSA Opt-In Cards, Opt-In Forms, Opt-In Electronic Forms and other timely letters that appear to satisfy the consent requirement to be filed with the Court, if required in accordance with subpart d, with the Court within five (5) court days of the expiration of the Response Deadline to opt into the FLSA Settlement.

c.   The Court's approval of this Settlement, and the Final Approval Order and Judgment, shall constitute approval of settlement and release of any Released FLSA Claim to the extent that the FLSA requires court or agency approval of any settlement or release.

d.   The Settlement Administrator shall file a declaration with the Court providing a list of all Participating FLSA Members, by name only, as proof that those individuals have "opted-in" to the FLSA Settlement. The Settlement Administrator is authorized to and shall file copies of the FLSA Opt-In Cards, Opt-In Forms, Opt-In Electronic Forms and other timely letters that appear to satisfy the consent requirement to be filed with the Court, with private information redacted, excepting the Participating FLSA Members' names, if so ordered by the Court as a condition of approval of this Settlement.

20.   <u>Objection Procedures.</u> Any Class Member wishing to object to the approval of the Class Settlement shall inform the Court and Settlement Administrator in writing of his or her intent to object by following the procedure set forth in the Class Notice  no later than the Response Deadline.  Class Members are forever barred from objecting to the Class Settlement if they do not file and serve written objections on or before the date that is twenty-one (21) court days before the date that the Court sets for the hearing of the motion for final approval of the Settlement (the "Final Approval Hearing"). The Notice of Objection must be signed by the Class Member and state: (a) the full name of the individual; (b) the dates of employment of the individual; (c) the last four digits of the individual's Social Security number and/or the employee identification number (to enable the individual to be specifically identified by the Settlement Administrator within the Class List, as being a Class Member); (d) the basis for the objection; and (e) if the individual intends to appear at the Final Approval Hearing.  Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Class Settlement.  Class Members who submit a timely Notice of Objection will have a right to appear at the Final Approval Hearing in order to have their objections heard by the Court.  Any Class Member who submits a valid and timely Request for Exclusion shall have no right to object to the Class Settlement.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage the submission of objections to the Settlement or appeal from the contemplated Final Approval Order and Judgment.  Class Counsel shall not represent any Class Member(s) with respect to any such objections.

21.   <u>California Labor Code Section 206.5.</u>  The Parties acknowledge and agree that California Labor Code section 206.5 is not in any way violated by the settlement of this matter. Subdivision (a) of that section provides in pertinent part as follows:

"An employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made."

22.    Certification Reports Regarding Individual Settlement Payment Calculations.  The Settlement Administrator will provide Defendant's counsel and Class Counsel a weekly report that certifies: (a) the number of Class Members who have submitted valid Requests for Exclusion; and (b) whether any Class Member or FLSA Member has submitted a dispute of the Workweeks credited to them. Additionally, the Settlement Administrator will provide to counsel for both Parties any updated reports regarding the administration of the Agreement as needed or requested.

23.    Cancellation of Individual Settlement Payments. Any checks issued by the Settlement Administrator to a Participating Class Member for his or her Non-FLSA Payment and to a Participating FLSA Member for his or her FLSA Payment will be negotiable for one hundred and eighty (180) calendar days, after which they will be cancelled. Funds associated with said cancelled checks, will be transmitted to the United Way, a non-profit organization, for the local chapters in Fresno County, Kings County, Santa Clara County, and Colusa County, which are the local chapters of the counties in which Defendant's Fresno, Firebaugh, Hanford, Lemoore, Gilroy, and/or Williams facilities in California are located, on a pro rata basis based upon the number of Class Members that worked or are working in each said county, as determined based on the Work Locations indicated in the Class List.

24.    Certification of Completion. Upon completion of administration of the Settlement, the Settlement Administrator will provide a written declaration under oath to certify such completion to the Court and counsel for all Parties.

25.    Settlement Administrator's Administration of Taxes. The Settlement Administrator will be responsible for issuing to Plaintiff, Participating Class Members, Participating FLSA Members, and Class Counsel any W-2, 1099, or other tax forms as may be required by law for all amounts paid pursuant to this Settlement. The Settlement Administrator will also be responsible for forwarding all payroll taxes and penalties to the appropriate government authorities.

26.    Tax Liability. Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel make no representation as to the tax treatment or legal effect of the payments called for hereunder, and Plaintiffs, Participating Class Members, and Participating FLSA Members are not relying on any statement, representation, or calculation by Defendant, Defendant's Counsel, Plaintiffs, Class Counsel, or by the Settlement Administrator in this regard.  Plaintiffs, Participating Class Members, and Participating FLSA Members understand and agree that, except for payment of the employer's portion of any payroll taxes, they will be solely responsible for the payment of any taxes and penalties assessed on the payments described herein.

27.    Circular 230 Disclaimer. EACH PARTY TO THIS AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS

INTENDED TO BE, NOR WILL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER, OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

28.     <u>No Prior Assignments.</u> The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right herein released and discharged.

29.     <u>Nullification of Agreement.</u> In the event that: (a) the Court does not finally approve the Settlement as provided herein; or (b) the Settlement does not become final for any other reason, then this Agreement, with the exception of Sections 50 (no admission of liability) and 51 (Communications about Settlement), and any documents generated to bring it into effect, will be null and void, and all amounts deposited into the Total Settlement Fund will be returned to Defendant. Any order or judgment entered by the Court in furtherance of this Agreement will likewise be treated as void from the beginning. In the event of nullification of the Settlement, Defendant will pay the costs already incurred as of the date of nullification by the Settlement Administrator.

30.     <u>Preliminary Approval Hearing.</u> Plaintiffs will obtain a hearing before the Court to request Preliminary Approval of the Agreement, and the entry of a Preliminary Approval Order that: (a) conditionally certifies the Class for settlement purposes only, (b) preliminarily approves the Agreement, and (c) sets a date for a Final Approval Hearing.  The Preliminary Approval Order will provide for the Notice Packet to be sent to all Class Members and FLSA Members as specified herein. In conjunction with the Preliminary Approval Hearing, Plaintiffs will submit this Agreement, which sets forth the terms of this Settlement, and will include the proposed Class Notice, FLSA Notice, Request for Exclusion Form, Mailing Envelope, FLSA Opt-In Card, and FLSA Reminder Notice, attached as "**<u>Exhibit A</u>**," "**<u>Exhibit B</u>**," "**<u>Exhibit C</u>**," "**<u>Exhibit D</u>**," **"Exhibit E,"** and **"Exhibit F,"** respectively. Class Counsel will be responsible for drafting all documents necessary to obtain Preliminary Approval, with review by, and in consultation with, Defendant's Counsel.

31.     <u>Final Approval Hearing and Entry of Judgment.</u> Upon expiration of the deadlines to postmark Requests for Exclusion or objections with respect to the Class Settlement and to submit Opt-In Cards or otherwise opt-in to the FLSA Settlement, and with the Court's permission, a Final Approval Hearing will be conducted to determine whether to grant final approval of the Agreement along with the amounts properly payable for: (a) Individual Settlement Payments; (b) the LWDA Payment; (c) the Attorneys' Fees and Costs; (d) the Incentive Awards; and (e) all Settlement Administration Costs. Class Counsel will be responsible for drafting all documents necessary to obtain final approval. Class Counsel will also be responsible for drafting the application for Attorneys' Fees and Costs and Incentive Awards application to be heard at the Final Approval Hearing.

32.     <u>Judgment.</u> Upon final approval of the Settlement by the Court or after the Final Approval Hearing, the Parties will present the Final Approval Order and Judgment to the Court for its approval.

33.     <u>Release by Plaintiffs.</u> Upon the Effective Date, Plaintiffs shall release and forever discharge the Released Parties in accordance with the General Release by Class Representatives (as defined in Section II, Paragraph 20, *infra*) and, in addition, shall cause to be dismissed every state court action described in Section II, Paragraph 1, above, for which they are a named plaintiff.

34.     <u>Exhibits Incorporated by Reference.</u> The terms of this Settlement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein. Any Exhibits to this Settlement are an integral part of the Settlement.

35.     <u>Entire Agreement.</u> This Agreement and any attached Exhibits constitute the entirety of the Parties' settlement terms. No other prior or contemporaneous written or oral agreements may be deemed binding on the Parties. Except as otherwise provided herein, each party shall bear its own costs and attorneys' fees.

36.     <u>Amendment or Modification.</u> This Agreement may be amended or modified only by a written instrument, to be signed either by authorized representatives of all Parties, their respective successors-in-interest, or their counsel for the Parties, subject to approval by the Court.

37.     <u>Authorization to Enter into Agreement.</u> Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Agreement.

38.     <u>Use of Best Efforts.</u> The Parties and their counsel will cooperate with each other and use their best efforts to effect and implement all terms and conditions of the Settlement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement.

If the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

      39.    <u>Binding on Successors and Assigns.</u> This Agreement will be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

      40.    <u>California Law Governs.</u> All terms of this Agreement and Exhibits hereto will be governed by and interpreted according to the laws of the State of California.

      41.    <u>Execution and Counterparts.</u> This Agreement is subject only to the execution of all Parties. However, the Agreement may be executed in one or more counterparts. All executed counterparts and each of them, including facsimile and scanned copies of the signature page, will be deemed to be one and the same instrument provided that counsel for the Parties will exchange among themselves original signed counterparts.

      42.    <u>Acknowledgement that the Settlement is Fair and Reasonable.</u> The Parties believe this Agreement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement after arm's-length negotiations and in the context of adversarial litigation, taking into account all relevant factors, present and potential. The Parties further acknowledge that they have had an opportunity to consult with their counsel regarding the fairness and reasonableness of this Settlement.

      43.    <u>No Concession of Liability, Fault, Wrongdoing, Etc.</u> Defendant and the Released Parties deny any and all claims asserted, or that could have been asserted, on behalf of the Class Member and/or FLSA Members, and deny all wrongdoing whatsoever. Regardless of whether the Agreement is finally approved, neither the Agreement nor any document statement proceeding, or conduct related to this Agreement nor any reports or accounts thereof, shall in any event be an admission or concession by Defendant of any liability, fault, wrongdoing, omission, damage, or suitability of a case for class treatment.

      44.    <u>Publicity.</u> The Parties and their counsel will not provide statements to the press or media about the Settlement, and will be able to provide information to Class Members and FLSA Members about their rights under the Settlement and the Court's orders regarding the Settlement, upon request.  The Parties and their counsel otherwise agree to keep the Settlement, the Notice Packet, and their Settlement negotiations confidential and will not disclose that information to any third party (including the press), except as set forth herein or unless the Parties otherwise agree in writing. For purposes of this section, third parties shall not include Class Members and/or FLSA Members or attorneys representing them. Nothing herein is intended to prohibit a Class Member and Class Counsel discussing this matter and this Agreement. Notwithstanding the foregoing, Defendant shall have the right to disclose the terms of the Settlement for accounting or public filing purposes or to otherwise comply with its reporting duties as a public company.

45.    <u>Data and Documents Produced by Defendant.</u> Plaintiffs and Class Counsel agree to keep confidential all data and documents produced by Defendant as "confidential" during discovery as well as information and documents provided informally for mediation purposes which are subject to mediation and settlement privileges.

46.    <u>Full Payment of Attorneys' Fees and Costs.</u> Plaintiffs and their counsel understand and agree that any attorneys' fees and cost payments made under this Settlement will be the full, final, and complete payment of all attorneys' fees and costs related to the Action, including all attorneys' fees and costs arising from or relating to the representation of Plaintiffs, the Class Members, the FLSA Members, or any other attorneys' fees and costs associated with the investigation, discovery, and/or prosecution of the claims released under the Settlement. Plaintiffs and their counsel will release any claim they may have against Defendant for attorneys' fees or costs arising from or relating to the representation of Plaintiffs, Class Members, Participating FLSA Members, or any other attorneys' fees and costs associated with the investigation, discovery, and/or prosecution of the claims released by the Settlement and the Action.  Defendant's sole obligations to Class Counsel and the Settlement Administrator are set forth in this Settlement. Class Counsel shall not seek to recover any fees or costs awarded in excess of the terms in this Settlement; however, Plaintiffs or Class Counsel may appeal any reduction in the Attorneys' Fees and Costs below the amount they request from the Court.

47.    <u>Invalidity and Severability of Any Provision.</u>  If the Court declares any provision invalid, it is the intention of the Parties that the invalid provision be deemed severable from the Agreement, with the remainder of the Agreement given full force and effect.

48.    <u>Waiver of Certain Appeals.</u> The Parties agree to waive appeals and to stipulate conditionally to class certification for purposes of this Settlement only; except, however, that Plaintiffs or Class Counsel may appeal any reduction in the Attorneys' Fees and Costs and the Incentive Awards below the amount they request from the Court, and either party may appeal any court order that materially alters the Agreement's terms.

49.    <u>Waiver.</u>  No waiver of any condition or covenant contained in this Agreement or failure to exercise a right or remedy by any of the Parties hereto will be considered to imply or constitute a further waiver by such party of the same or any other condition, covenant, right or remedy.

50.    <u>Mutual Preparation.</u> The Parties have had a full opportunity to negotiate the terms and conditions of this Agreement. Accordingly, this Agreement shall be deemed to be mutually prepared by the Parties.  It shall not be construed more strictly against one party than another merely by virtue of the fact that any part of it may have been prepared by counsel for one of the Parties, because, it being recognized that, because of the arms-length negotiations between the Parties, all Parties have contributed to the preparation of this Agreement.

51.     <u>Representation by Counsel.</u> The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement, and that this Agreement has been executed with the consent and advice of counsel and reviewed in full. Further, Plaintiffs and Class Counsel warrant and represent that there are no liens against any proceeds to be paid under the Agreement.

52.     <u>All Terms Subject to Final Court Approval.</u> All amounts and procedures described in this Agreement herein will be subject to final Court approval.

53.     <u>Cooperation and Execution of Necessary Documents.</u>  All Parties will cooperate in good faith and execute all documents to the extent reasonably necessary to effectuate the terms of this Agreement.

54.     <u>Binding Agreement.</u> The Parties warrant that they understand and have full authority to enter into this Settlement, and further intend that this Agreement will be fully enforceable and binding on all parties, and agree that it will be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

55.     <u>Notice to Parties.</u> Whenever this Settlement requires or contemplates that one party or the Settlement Administrator shall or may give notice to another, notice shall be provided by e-mail, facsimile, and/or next-day (excluding Sundays and Court holidays) express delivery service as follows:

- If to Plaintiffs and/or Class Counsel:

  Edwin Aiwazian, Esq.
  Lawyers for Justice, PC
  410 Arden Ave., Suite 203
  Glendale, CA 91203
  Phone: (818) 265-1020
  Fax: (818) 265-1021
  E-mail:  edwin@calljustice.com

- If to Plaintiffs' Counsel, then to:

| | | |
|---|---|---|
| Edwin Aiwazian, Esq. | Joseph Lavi, Esq. | Sahag Majarian II, Esq. |
| Lawyers *for* Justice, PC | Lavi & Ebrahimian, LLP | Law Offices of Sahag |
| 410 Arden Ave., | 8889 W. Olympic Blvd. | Majarian II |
| Suite 203 | Suite 200 | 18250 Ventura Blvd. |
| Glendale, CA 91203 | Beverly Hills, CA 90211 | Tarzana, CA 91356 |
| Phone: (818) 265-1020 | Phone: (310) 432-0000 | Phone: (818) 609-0807 |
| Fax: (818) 265-1021 | Fax: (310) 432-0001 | Fax: (818) 609-0892 |
| E-mail: | E-mail: | E-mail: |
| edwin@lfjpc.com | jlavi@lelawfirm.com | sahagii@aol.com |

- If to Defendant and/or Defendant's Counsel, then to:

  Susan K. Hatmaker, Esq.
  Hatmaker Law Group
  A Professional Corporation
  7522 North Colonial Avenue, Suite 105
  Fresno, California 93711
  Phone: (559) 374-0077
  Fax: (559) 374-0078
  E-mail:
  susan@hatmakerlaw.com

**SIGNATURES**

**READ CAREFULLY BEFORE SIGNING**

**IT IS SO AGREED:**

Dated: 05/13/2021 _____

**PLAINTIFF**

_____

Thomas Beltran

Dated: _____

**PLAINTIFF**

_____

Mario Martinez

Dated: _____

**PLAINTIFF**

_____

Maria Obeso Cota

Dated: _____

**PLAINTIFF**

_____

Juan Rivera

26

- If to Defendant and/or Defendant's Counsel, then to:

     Susan K. Hatmaker, Esq.
     Hatmaker Law Group
     A Professional Corporation
     7522 North Colonial Avenue, Suite 105
     Fresno, California 93711
     Phone: (559) 374-0077
     Fax: (559) 374-0078
     E-mail:
     susan@hatmakerlaw.com

**SIGNATURES**

**READ CAREFULLY BEFORE SIGNING**

**IT IS SO AGREED:**

Dated: _____        **PLAINTIFF**

                                         _____
                                         Thomas Beltran

Dated: _05/14/2021_____           **PLAINTIFF**

                                         Mario Martinez
                                         _____
                                         Mario Martinez

Dated: _____        **PLAINTIFF**

                                         _____
                                         Maria Obeso Cota

Dated: _____        **PLAINTIFF**

                                         _____
                                         Juan Rivera

26

- If to Defendant and/or Defendant's Counsel, then to:

  Susan K. Hatmaker, Esq.
  Hatmaker Law Group
  A Professional Corporation
  7522 North Colonial Avenue, Suite 105
  Fresno, California 93711
  Phone: (559) 374-0077
  Fax: (559) 374-0078
  E-mail:
  susan@hatmakerlaw.com

**SIGNATURES**

**READ CAREFULLY BEFORE SIGNING**

**IT IS SO AGREED:**

Dated: _____        **PLAINTIFF**

                                      _____
                                      Thomas Beltran

Dated: _____        **PLAINTIFF**

                                      _____
                                      Mario Martinez

Dated: _5/24/2021_____               **PLAINTIFF**

                                      *Maria Obeso Cota*
                                      Maria Obeso Cota

Dated: _____        **PLAINTIFF**

                                      _____
                                      Juan Rivera

26

• If to Defendant and/or Defendant's Counsel, then to:

       Susan K. Hatmaker, Esq.
       Hatmaker Law Group
       A Professional Corporation
       7522 North Colonial Avenue, Suite 105
       Fresno, California 93711
       Phone: (559) 374-0077
       Fax: (559) 374-0078
       E-mail:
       susan@hatmakerlaw.com

**SIGNATURES**

**READ CAREFULLY BEFORE SIGNING**

**IT IS SO AGREED:**

Dated: _____      **PLAINTIFF**


                    _____
                    Thomas Beltran

Dated: _____      **PLAINTIFF**


                    _____
                    Mario Martinez

Dated: _____      **PLAINTIFF**


                    _____
                    Maria Obeso Cota

Dated: _____5/13/2021_____      **PLAINTIFF**



                    Juan Rivera

Dated: 5/19/2021 _____

**PLAINTIFF**

*Alexander Solorio*
DocuSigned by:
D77481F77C6D43B...

Alexander Solorio

Dated: _____

**DEFENDANT OLAM WEST COAST, INC.**

By:_____
Name:
Title:
OLAM WEST COAST, INC., erroneously sued herein as
OLAM SPICES AND VEGETABLES, INC. and erroneously
sued herein Olam Spices and Vegetables Ingredients

**APPROVED AS TO FORM:**

DATED: _____

HATMAKER LAW GROUP, A Professional Corporation

By: _____
SUSAN K. HATMAKER
Attorney for Defendant
OLAM WEST COAST, INC., erroneously sued herein as
OLAM SPICES AND VEGETABLES, INC. and erroneously
sued herein OLAM SPICES AND VEGETABLES INGREDIENTS

DATED: _____

LAWYERS *FOR* JUSTICE, PC

By: _____
EDWIN AIWAZIAN
Attorney for Plaintiffs
THOMAS BELTRAN, MARIO MARTINEZ, and JUAN RIVERA

DATED: _____

LAW OFFICES OF SAHAG MAJARIAN, II
SAHAG MAJARIAN, II

LAVI & EBRAHIMIAN, LLP

By: _____
JOSEPH LAVI
Attorney for Plaintiffs
MARIA OBESO COTA and ALEXANDER SOLORIO

27

Dated: _____        **PLAINTIFF**

                                        _____

                                        Alexander Solorio

Dated: ___05/13/21_____          **DEFENDANT OLAM WEST COAST, INC.**

                                        By: _Gregory C. Estep_____
                                        Name: Gregory C. Estep
                                        Title:   Managing Director & CEO
                                        OLAM WEST COAST, INC., erroneously sued herein as
                                        OLAM SPICES AND VEGETABLES, INC. and erroneously
                                        sued herein Olam Spices and Vegetables Ingredients

**APPROVED AS TO FORM:**

DATED: **5-12-21**_____             HATMAKER LAW GROUP, A Professional Corporation

                                        By: _Susan K. Hatmaker_____
                                        SUSAN K. HATMAKER
                                        Attorney for Defendant
                                        OLAM WEST COAST, INC., erroneously sued herein as
                                        OLAM SPICES AND VEGETABLES, INC. and erroneously
                                        sued herein OLAM SPICES AND VEGETABLES INGREDIENTS

DATED: _____                  LAWYERS *FOR* JUSTICE, PC

                                        By: _____
                                        EDWIN AIWAZIAN
                                        Attorney for Plaintiffs
                                        THOMAS BELTRAN, MARIO MARTINEZ, and JUAN RIVERA

DATED: _____                  LAW OFFICES OF SAHAG MAJARIAN, II
                                        SAHAG MAJARIAN, II

                                        LAVI & EBRAHIMIAN, LLP

                                        By: _____
                                        JOSEPH LAVI
                                        Attorney for Plaintiffs
                                        MARIA OBESO COTA and ALEXANDER SOLORIO

Dated: _____     **PLAINTIFF**

                                        _____
                                        Alexander Solorio

Dated: _____     **DEFENDANT OLAM WEST COAST, INC.**

                                        By:_____
                                        Name:
                                        Title:
                                        OLAM WEST COAST, INC., erroneously sued herein as
                                        OLAM SPICES AND VEGETABLES, INC. and erroneously
                                        sued herein Olam Spices and Vegetables Ingredients

**APPROVED AS TO FORM:**

DATED: _____     HATMAKER LAW GROUP, A Professional Corporation

                             By: _____
                                 SUSAN K. HATMAKER
                                 Attorney for Defendant
                                 OLAM WEST COAST, INC., erroneously sued herein as
                                 OLAM SPICES AND VEGETABLES, INC. and erroneously
                                 sued herein OLAM SPICES AND VEGETABLES INGREDIENTS

DATED: 5/12/2021_____     LAWYERS *FOR* JUSTICE, PC

                             By: _____
                                 EDWIN AIWAZIAN
                                 Attorney for Plaintiffs
                                 THOMAS BELTRAN, MARIO MARTINEZ, and JUAN RIVERA

DATED: _____     LAW OFFICES OF SAHAG MAJARIAN, II
                             SAHAG MAJARIAN, II

                             LAVI & EBRAHIMIAN, LLP

                             By: _____
                                 JOSEPH LAVI
                                 Attorney for Plaintiffs
                                 MARIA OBESO COTA and ALEXANDER SOLORIO

27

Dated: _____     **PLAINTIFF**

                                    _____
                                    Alexander Solorio

Dated: _____     **DEFENDANT OLAM WEST COAST, INC.**

                                    By:_____
                                    Name:
                                    Title:
                                    OLAM WEST COAST, INC., erroneously sued herein as
                                    OLAM SPICES AND VEGETABLES, INC. and erroneously
                                    sued herein Olam Spices and Vegetables Ingredients

**APPROVED AS TO FORM:**

DATED: _____     HATMAKER LAW GROUP, A Professional Corporation

                             By: _____
                                 SUSAN K. HATMAKER
                                 Attorney for Defendant
                                 OLAM WEST COAST, INC., erroneously sued herein as
                                 OLAM SPICES AND VEGETABLES, INC. and erroneously
                                 sued herein OLAM SPICES AND VEGETABLES INGREDIENTS

DATED: _____     LAWYERS *FOR* JUSTICE, PC

                             By: _____
                                 EDWIN AIWAZIAN
                                 Attorney for Plaintiffs
                                 THOMAS BELTRAN, MARIO MARTINEZ, and JUAN RIVERA

DATED: __5|12|21__     LAW OFFICES OF SAHAG MAJARIAN, II
                       SAHAG MAJARIAN, II

                       LAVI & EBRAHIMIAN, LLP

                       By: _____
                           JOSEPH LAVI   Vincent C. Granberry
                           Attorney for Plaintiffs
                           MARIA OBESO COTA and ALEXANDER SOLORIO

27

# EXHIBIT A

**Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.**

United States District Court, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-NONE-SAB

### NOTICE OF CLASS ACTION SETTLEMENT

*The Court has approved this Notice. This is not a solicitation from a lawyer. You are not being sued. This notice affects your rights. Please read it carefully.*

*For more information, please visit the Settlement Website*: [Settlement Website URL].

**If you were employed at Olam West Coast, Inc.'s ("Olam" or "Defendant") Fresno, Firebaugh, Hanford, Lemoore, Gilroy, and/or Williams locations in California in one or more positions which were classified as non-exempt and/or hourly non-exempt at any time during the period from July 7, 2011 to [the date on which the Court grants preliminary approval of the Settlement] ("Class Members"), you may be eligible to receive payment from a proposed class action settlement.**

- A proposed class and collective action settlement ("**Settlement**") has been reached in this case that resolves in one lawsuit, the claims initially filed in four lawsuits alleging that Olam violated the federal Fair Labor Standards Act and California wage-and-hour laws and thereby engaged in unfair business practices under the California Business and Professions Code. The litigation involves four separate actions ("Settled Actions"): *Thomas Beltran, et al. v. Olam West Coast, Inc.* filed in the Fresno County Superior Court, Case No. 15CECG02993 ("*Beltran* Action"); *Maria Claudia Obeso Cota v. Olam West Coast, Inc.* filed in Fresno County Superior Court, Case No. 16CECG00081; *Alexander Solorio v. Olam West Coast, Inc.* filed in Fresno County Superior Court, Case No. 16CECG00513; and *Juan Rivera, et al. v. Olam West Coast, Inc.*, filed in Santa Clara Superior Court, Case No. 16CV300758. On April 11, 2018 a Third Amended Class Action Complaint for Damages & Enforcement Under the California Labor Code § 2698, Et Seq. ("**Third Amended Complaint**"), consolidating the plaintiffs and allegations in the Settled Actions into one case, was filed in the *Beltran* Action. The settlement reached between the parties in the Settled Actions, to resolve the Settled Actions and Released Claims, is the subject of this notice.

- The *Beltran* Action was removed to Federal Court as *Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.*, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-NONE-SAB.

- Defendant denies that it did anything wrong and argues that it has complied with all employment laws. Defendant entered into this Settlement only to resolve the Settled Actions.

Honorable Judge Dale A. Drozd of the United States District Court for the Eastern District of California ("Court") has preliminarily approved the Settlement. However, payments will not be distributed unless the Court grants final approval of the Settlement and then only in the manner and amount as provided for in the Settlement as finally approved.

**This Notice discusses the Class Settlement**. **You are also being provided with a separate notice about the FLSA Settlement. It is important to read both notices.**

| **1. If I decide to participate in the Class Settlement and want to receive payment under the Class Settlement, what must I do?** |
| --- |

You do not have to do anything to receive payment for the Class Settlement. All Class Members will automatically be included in the Class Settlement as long as they do not affirmatively "opt out" of the Class Settlement.

| **2. Why did I get this Notice of Class Action Settlement?** |
| --- |

Olam West Coast, Inc.'s records show you are or were employed at its Fresno, Firebaugh, Hanford, Lemoore, Gilroy, and/or Williams locations in California in one or more positions which were classified as non-exempt and/or hourly non-exempt

at some time during the period from July 7, 2011 to [date of Preliminary Approval] ("**Settled Period**") and are thus a Class Member.

The Settlement was preliminarily approved in the lawsuit pending in the United States District Court for the Eastern District of California, Fresno Division, entitled *Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.*, Case No. 1:18-cv-01676-NONE -SAB. The plaintiffs are Thomas Beltran, Mario Martinez, Maria Claudia Obeso Cota, Alexander Solorio, and Juan Rivera (collectively, "**Plaintiffs**"). The magistrate judge in the case is the Honorable Stanley A. Boone and there is no assigned district court judge.

The lawsuit alleges, among other things, that defendant Olam West Coast, Inc. violated the California Labor Code and Industrial Welfare Commission Wage Orders by failing to pay wages for all time worked, failing to pay minimum and overtime wages in the amount required by law, failing to provide meal or rest periods as required by law, not paying final wages in a timely manner upon the end of employment, not paying all wages due during employment, not providing accurate itemized wage payment statements, not maintaining adequate payroll records, and not reimbursing all business expenses incurred, and that Olam thereby engaged in conduct constituting unfair business practices under California Business and Professions Code section 17200 *et seq.* and conduct that gives rise to civil penalties recoverable under the California Labor Code Private Attorneys General Act ("**PAGA**").

In the lawsuit Plaintiffs are pursuing class claims on behalf of the Class Members. In a class action, one or more persons who are identified as the plaintiffs file the case on behalf of themselves and other employees or former employees who have similar claims. All of these employees and former employees together make up the class and are class members for whose benefit the class action is brought. When a class is certified by the court in the class action, the court will resolve the issues for all class members except for those who exclude themselves from the class.

| **3.   What is the Class Settlement?** |
| --- |

"Class Settlement" means the settlement and resolution of the Released Class Claims, which will be binding on all Participating Class Members. (See Question # 7 for more information).

Those Class Members who do not submit valid and timely Requests for Exclusion (collectively, "Settlement Class" and individually, "Participating Class Member(s)") will be bound by the Class Settlement. (See Question #9, for more information).

| **4.   Why is there a Settlement?** |
| --- |

After the exchange of relevant information and evidence, the parties attended private mediation to attempt to informally resolve the cases. The parties participated in mediation with mediator Hon. Edward Infante, Ret., a retired federal magistrate judge. The parties were eventually able to negotiate a settlement of the cases.

The Settlement has been modified after further discussions and the present Settlement is set forth in the Fourth Amended Class Action and Collective Action Settlement and Release Agreement ("**Settlement**" or "**Settlement Agreement**").

The Settlement does not mean that Olam has agreed it did anything wrong. Olam has denied, and continues to deny, the factual and legal allegations in the cases and believes that it has complied with the law. By agreeing to settle, Olam is not admitting liability on any of the factual allegations or claims in the cases. Olam has agreed to settle the cases as part of a compromise with Plaintiffs.

The Class Representatives and their lawyers ("**Class Counsel**") have investigated and researched the facts and circumstances underlying the issues raised in the cases and the applicable law, and while Class Counsel believe that the claims alleged in the lawsuits have merit, Class Counsel also recognize that the risk and expense of continued litigation justify settlement and further believe, based on the foregoing, that the proposed settlement is fair, adequate, reasonable, and in the best interests of Class Members. In reaching settlement, the parties have considered, among other factors, the costs and risks involved in going all the way to trial.

*Questions?  Call [Settlement Administrator's toll-free number]*

2

**THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE**

| **5.   What are the Settlement terms?** |
|---|

Plaintiffs and Olam have agreed to resolve the Settled Actions and Released Class Claims (see Question #7, below). As a part of the Settlement, which includes both the Class Settlement and FLSA Settlement (described in a separate notice), Olam has agreed to pay the amount of $4,500,000 ("**Total Settlement Amount**").  The following amounts will be paid from the Total Settlement Amount, subject to approval by the Court: (1) the amount of $37,000.00 to Plaintiffs for their services as the Class Representatives ("**Class Representative Incentive Awards**"); (2) the amount of up to $1,575,000 in attorneys' fees and the amount of up to $65,000 in litigation costs and expenses to Class Counsel ("**Attorneys' Fees and Costs**"); (3) the amount of $112,500.00 to the California Labor and Workforce Development Agency ("**LWDA**") for the LWDA's 75% portion of the amount allocated to PAGA penalties (the total amount allocated toward PAGA penalties is $150,000); (4) reasonable Settlement Administrator's fees and expenses, which are currently estimated not to exceed $45,000 ("**Settlement Administration Costs**"); and (5) employer's share of payroll taxes and contributions with respect to the Wage Portion, which are estimated to be between $117,000 to $168,000 (with the final amount depending on the final amount available for distribution to the Class and applicable tax rates)("**Employer Taxes**").

The Total Settlement Amount minus the Class Representative Incentive Awards, Attorneys' Fees and Costs, the payment to the LWDA, the Settlement Administration Costs, and the Employer Taxes is referred to as the "**Net Settlement Fund.**". Seventy-five percent (75%) of the Net Settlement Fund will be allocated the Class Settlement ("**Net Class Settlement Fund**") and twenty-five percent (25%) of the Net Settlement Fund will be allocated to the FLSA Settlement ("**Net FLSA Settlement Fund**").

| **6.   How much money will I get if I participate in the Class Settlement?** |
|---|

Each Class Member who does not "opt out" of the Class Settlement by filing a valid and timely Request for Exclusion ("**Participating Class Member**") is entitled to payment of a share of the Net Class Settlement Fund ("**Non-FLSA Payment**") based on their number weeks of employment by Defendant in a Covered Position at any time during the period from July 7, 2011 to [the Preliminary Approval date] ("**Workweeks**"). Settlement payments are to be calculated and distributed as follows:

a.      The Settlement Administrator will calculate the total number of Workweeks worked by each Participating Class Member ("**Individual Workweeks**") and the total number of Workweeks worked by all Participating Class Members ("**Class Workweeks**") during the Settled Period.

b.      To determine each Participating Class Member's Non-FLSA Payment, the Settlement Administrator will use the following formula:

Non-FLSA Payment = (Individual Workweeks ÷ Class Workweeks) x (Net Class Settlement Fund).

c.      The entire Net Class Settlement Fund will be disbursed to all Participating Class Members. If there are any valid and timely Requests for Exclusion, the Settlement Administrator shall proportionately increase the Non-FLSA Payment for each Participating Class Member according to their Individual Workweeks, so that 100% of the Net Class Settlement Fund is distributed.

| **According to Olam's records, you worked a total of _____ Workweeks. Your gross share of the Net Class Settlement Fund is estimated to be approximately $_____.** |
|---|

**If you believe the number of Workweeks credited to you above is incorrect, you may submit a written dispute to the Settlement Administrator.** All disputes must be postmarked on or before [Response Deadline]. The written dispute must: (1) contain a clear statement indicating that you wish to dispute or challenge the Workweeks credited in this Notice; (2) contain your name, address, and the last four digits of your Social Security number and/or employee identification number; (3) be signed by you; (4) attach any supporting documentation you wish to rely upon; and (5) be mailed (to the

*Questions?  Call [Settlement Administrator's toll-free number]*

address listed in connection with Question #9 below) or faxed (to the fax number listed in connection with Question #9 below) to the Settlement Administrator so that it is postmarked or fax-stamped on or before [Response Deadline].  Olam's records are presumed to be correct, unless a Class Member proves otherwise with documentary evidence.

Each Participating Class Member's share of the Net Class Settlement Fund will be allocated as thirty- four percent (34%) as wages ("**Wage Portion**") for which IRS Form W-2 will be issued; and sixty-six (66%) as penalties, interest, consideration for the waiver of rights and benefits conferred by California Civil Code Section 1542, and non-wage damages ("**Non-Wage Portion**") for which IRS Form 1099-MISC will be issued.  Each Participating Class Member's share of the Net Class Settlement Fund will be paid subject to reduction for all employee's share of taxes and withholding with respect to the Wage Portion.  The Employer Taxes will be paid from the Total Settlement Amount.  IRS Forms W-2 and 1099 will be distributed to Participating Class Members and the appropriate taxing authorities reflecting the payments they receive under the Class Settlement.  Participating Class Members should consult their tax advisors concerning the tax consequences of the payments they receive under the Class Settlement.

The other notice about the FLSA Settlement will tell you how much money you may be eligible to receive if you opt-in to the FLSA Settlement.  The payment available under the FLSA Settlement is referred to as a "FLSA Payment."  Together, the FLSA Payment and Non-FLSA Payment are referred to as "Individual Settlement Payment."  Individuals Settlement Payments will be issued by way of check.

This Non-FLSA Payment check relates only to the Class Settlement. You will potentially receive a second check if you are also a member of the FLSA Settlement mentioned above which is explained in the Notice of FLSA Settlement. You will receive a Notice of FLSA Settlement if you are a potential member of the proposed collective.

---

| **7.   What will I give up if I participate in the Class Settlement?** |
| --- |

If you participate in the Class Settlement (i.e., if you do not submit a valid and timely Request for Exclusion) you will give up your right to make claims against Defendant and all Released Parties with regard to the Released Class Claims.

"**Released Class Claims**" are defined as follows:

All wage and hour claims, rights, demands, liabilities and causes of action of every nature and description, known and unknown, that were plead or could have been plead based on the factual allegations in the Third Amended Complaint, from July 7, 2011 through [the Preliminary Approval date], including, without limitation, any statutory, constitutional, contractual or common law claims for wages (including minimum wage, overtime, and premium wages, and for any failure to pay overtime based on the regular rate of pay), damages, business expenses, or penalties (including waiting time penalties), liquidated damages, punitive damages, interest, restitution, equitable relief, or any other relief, based on any and all applicable statutes, other than the Fair Labor Standards Act, including without limitation, the California Labor Code, the California Industrial Welfare Commission wage orders, Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, *et seq*.) ("PAGA"), California Business and Professions Code § 17200, *et seq*., or other law, including, but not limited to, claims based on the following categories of allegations during the Settled Period: (a) all claims for unpaid overtime; (b) all claims for meal and rest period violations; (c) all claims for unpaid minimum wages; (d) all claims for untimely payment of wages upon termination; (e) all claims for untimely payment of wages during employment; (f) all claims for failure to pay wages; (g) all claims for failure to provide accurate or otherwise proper itemized wage statements; (h) all claims for failure to keep complete and accurate payroll records; (i) all claims for failure to reimburse necessary business-related expenses and costs; (j) all claims asserted, or which could have been asserted, under PAGA arising out of the aforementioned claims; (k) all claims asserted through California Business & Professions Code § 17200 *et seq.* arising out of the aforementioned claims; and (l) all other claims for penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or additional damages that allegedly arise out of the aforementioned claims.

With respect to the Released Class Claims, and for additional consideration that is a part of the Non-FLSA Payment, you will be deemed to release and waive any and all rights and benefits conferred upon you by California Civil Code

*Questions?  Call [Settlement Administrator's toll-free number]*

4

Section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

"**Released Parties**" means, with regard to the Released Class Claims, Defendant and any of its former and present parents, subsidiaries, affiliates, divisions, corporations in common control, predecessors, successors, joint ventures and assigns, as well as all past and present officers, directors, employees, partners, members, principals, shareholders, agents, attorneys, insurers, co-insurers, reinsurers, and any other successors, assigns, or personal or legal representatives, if any.

**YOU DO NOT RELEASE THE FLSA RELEASED CLAIMS UNLESS YOU opt-in to the FLSA Settlement which is discussed in the FLSA Notice.**

If you choose to opt out of the Class Settlement, you will **not** receive a payment from the Class Settlement, but you keep all your rights to sue Defendant for the Released Class Claims. The only way for you to retain your rights to sue Defendant for the Released Class Claims in this case is to send a timely and valid Request for Exclusion to the Settlement Administrator postmarked no later than [Response Deadline] (see Question #9, below).

### HOW TO GET A PAYMENT OR EXCLUDE YOURSELF FROM THE CLASS SETTLEMENT

| 8.   How and when will I get a payment? |
| --- |

The Final Approval Hearing on the adequacy, reasonableness, and fairness of the Settlement will be held on _____, 2021 at [time] in [Courtroom] of the Court (see Question #15, below). You are not required to attend the hearing. If the Settlement is approved by the Court, and there are no appeals of such approval, your Individual Settlement Payment will be sent to the address where you received this Notice.  If you would like to change the address where your Individual Settlement Payment will be mailed, please contact the Settlement Administrator whose name and address appear at Question #9, below. If after the Court grants approval of the Settlement, an appeal or other challenge to the approval is filed, you will not be sent your Individual Settlement Payment until that appeal or challenge is concluded.

**If you have questions with regard to when the checks will be mailed, please contact the Settlement Administrator.**

| 9.   How do I exclude myself from the Class Settlement? |
| --- |

If you do not wish to participate in the Class Settlement, you may exclude by submitting a written request to the Settlement Administrator either in the form of a letter in compliance with the requirements set forth herein or by completing and returning the Request for Exclusion Form that has been provided with this Notice (either method is referred to as a "Request for Exclusion").  The written letter must: (1) contain a clear statement indicating that the Class Member wishes to exclude him or herself from the Class Settlement; (2) contain your name and the last four digits of your Social Security number and/or employee identification number; (3) be signed by you; and (4) be mailed (to the address listed immediately below) or faxed (to the fax number listed immediately below) to the Settlement Administrator so that it is postmarked or fax-stamped on or before [Response Deadline]:

Olam Settlement Administrator
c/o Simpluris, Inc.
Mailing Address: [insert address]
Fax Number: [insert fax number]

For your convenience, included with this Notice is a Request for Exclusion Form that you may use to submit a request to be excluded from the Class Settlement (instead of submitting a separate written letter).

*Questions?  Call [Settlement Administrator's toll-free number]*

All Requests for Exclusion must be postmarked or faxed not later than [Response Deadline].  If you submit a Request for Exclusion which is not postmarked or faxed by [Response Deadline], your Request for Exclusion will be rejected, and you will be included in the Class Settlement.

| **10. If I exclude myself, can I get anything from the Class Settlement?** |
| --- |

If you choose to be excluded from the Class Settlement, you will not be a Participating Class Member, and you will be barred from participating in the Class Settlement and will not receive a Non-FLSA Payment from the Class Settlement. You will also be barred from filing an objection to the Class Settlement (see Questions #11 and #12). Also, you will **not** be deemed to have released the Released Class Claims.

You may still participate in the FLSA Settlement if you so choose (see FLSA Notice).

### OBJECTING TO THE CLASS SETTLEMENT

| **11. How do I object to the Class Settlement?** |
| --- |

If you wish to object to the Class Settlement because you find it unfair or unreasonable, you must submit an objection to the Court and the Settlement Administrator stating why you object to the Class Settlement.  Your objection must provide: (1) the case name, Court, and number of the *Beltran* Action (*Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.,* United States District Court, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-NONE-SAB); your full name; (2) your dates of employment; (3) the last four digits of your Social Security number and/or employee identification number; (4) the basis for your objection; (5) a statement about whether you intend to appear at the Final Approval Hearing; and (6) be mailed (to the address listed in connection with Question #9 below) or faxed (to the fax number listed in connection with Question #9 below) to the Settlement Administrator, so that it is postmarked or fax-stamped on or before [Response Deadline], and filed with the Office of the Clerk of the Court (at the address listed below in connection with Question #17) not later than [Response Deadline].

Late objections will not be considered and those who submit late objections will be deemed not to have objected. By submitting an objection, you are not excluding yourself from the Class Settlement. Please note that you cannot both object to the Class Settlement and exclude yourself from the Class Settlement. You can choose one of those options only.

You may also, if you wish, appear at the Final Approval Hearing (see Questions #15 and #16) and discuss your objection regarding the Class Settlement with the Court and the parties at your own expense. You may also retain an attorney to represent you at the hearing.

If you choose to object to the Class Settlement, you will still be entitled to a Non-FLSA Payment and will be deemed to have released the Released Class Claims.

| **12. What is the difference between objecting and opting out?** |
| --- |

Objecting is informing the Court that you disagree with something in the Class Settlement. If you wish to object to the Class Settlement, you must not opt out of the Class Settlement. "Opting out" means that you are excluding yourself from the Class Settlement and informing the Court that you do not want to be part of the Class Settlement. If you exclude yourself, "opt out," you will not be able to object to the Class Settlement and will not receive any Non-FLSA Payment for the Class Settlement.

*Questions?  Call [Settlement Administrator's toll-free number]*

6

**THE LAWYERS IN THIS CASE**

| **13. Do I have a lawyer in this case?** |
| --- |

The lawyers that have been appointed to serve as counsel for the Class ("Class Counsel") are:

Edwin Aiwazian, Esq.
Arby Aiwazian, Esq.
Joanna Ghosh, Esq.
Lawyers *for* Justice, PC
410 Arden Ave., Suite 203
Glendale, California 91203
Phone: (818) 265-1020
Fax: (818) 265-1021

All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to the Settlement Administrator or Class Counsel.

| **14. Who are the lawyers representing Olam?** |
| --- |

The following lawyers represent Olam West Coast, Inc. in this case:

Susan K. Hatmaker
Hatmaker Law Group, PC
7522 N. Colonial Ave., Suite 105
Fresno, CA 93711

**THE FINAL APPROVAL HEARING**

| **15. When and where will the Court decide whether to approve the Settlement?** |
| --- |

The Court will hold the Final Approval Hearing to decide whether to approve the Settlement on _____, 2021, at ___ a.m./p.m. in Courtroom 9 of the Robert E. Coyle Federal Courthouse located at 2500 Tulare Street, Fresno, CA 93721. The Final Approval Hearing may be moved to a different date and/or time without further notice.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If you have filed a timely objection to the Class Settlement (see Question #11), the Court will consider it and you may choose to speak in support of your objection to the Class Settlement at the Final Approval Hearing. The Court will also decide how much to award for Attorneys' Fees and Costs, Class Representative Incentive Awards, and Settlement Administration Costs. The Court may make its decisions at the time of the Final Approval Hearing or at a later time. We do not know how long the Court will take to provide a decision.

| **16. Do I have to come to the Final Approval Hearing?** |
| --- |

No. Class Counsel and the lawyers for the Defendant will answer any questions the Court may have at the Final Approval Hearing. You are welcome to attend at your own expense if you would like to come. If you send in a complete and timely objection to the Class Settlement you are not required to attend to speak about it with the Court because the Court will consider all complete and timely written objections. You may, however, attend to speak about your objection to the Class Settlement or retain a lawyer to do so on your behalf, and at your expense, but you are not required to do so.

| **17. How do I get more information?** |
| --- |

This Notice is only a summary of the case and the Settlement. For a more detailed statement of the matters involved in the cases and the Settlement, you may refer to the pleadings, the Settlement Agreement, and other papers filed in the *Beltran* Action.  You may review the Settlement Agreement and other court records by using Public Access to Court

*Questions?  Call [Settlement Administrator's toll-free number]*

7

Electronic Records System ("PACER") (for a fee).  You may also view these documents by visiting the following courthouse location which is also where filings with the Court (such as objections) by non-attorneys may be undertaken:

Office of the Clerk
Robert E. Coyle Federal Courthouse
2500 Tulare Street, Room 1501
Fresno, CA 93721.

The Settlement Agreement may also be accessed at the following website: [Settlement Website URL].

All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to the Settlement Administrator (see contact information listed in connection with Question #9) or Class Counsel (see contact information listed in connection with Question #13).

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OLAM, OR OLAM'S ATTORNEYS WITH INQUIRIES.**

*Questions?  Call [Settlement Administrator's toll-free number]*

8

# EXHIBIT B

*Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.*

United States District Court, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-NONE-SAB

**NOTICE OF FLSA SETTLEMENT**

[First Name][Last Name]
[Mailing Address]

*The Court has Approved this Notice. This is not a solicitation from a lawyer. You are not being sued. This notice affects your rights. Please read it carefully.*

> *For more information, please visit the Settlement Website*: [Settlement Website URL].

**If you were employed at Olam West Coast, Inc.'s ("Olam" or "Defendant')) Fresno, Firebaugh, Hanford, Lemoore, Gilroy, and/or Williams locations in one or more positions which were classified as non-exempt and/or hourly non-exempt at any time during the period from July 7, 2011 to [the date on which the Court grants preliminary approval of the Settlement] ("FLSA Members"), you could receive payment from a proposed collective action settlement.**

- A proposed class and collective action settlement ("**Settlement**") has been reached in this case that resolves in one lawsuit, the claims initially filed in four lawsuits alleging that Olam violated the federal Fair Labor Standards Act and California wage-and-hour laws and the California Business Professions Code. The litigation involves four separate actions: *Thomas Beltran, et al. v. Olam West Coast, Inc.* filed in the Fresno County Superior Court, Case No. 15CECG02993 ("***Beltran* Action**"); *Maria Claudia Obeso Cota v. Olam West Coast, Inc.* filed in Fresno County Superior Court, Case No. 16CECG00081; *Alexander Solorio v. Olam West Coast, Inc.* filed in Fresno County Superior Court, Case No. 16CECG00513; and, *Juan Rivera, et al. v. Olam West Coast, Inc.*, filed in Santa Clara Superior Court, Case No. 16CV300758.  On April 11, 2018 a Third Amended Class Action Complaint for Damages & Enforcement Under the California Labor Code § 2698, Et Seq. ("**Third Amended Complaint**") consolidating the plaintiffs and allegations in the Settled Actions into one case, was filed in the *Beltran* Action. The settlement reached between the parties in the Settled Actions, to resolve the Settled Actions and Released Claims, is the subject of this notice

- The *Beltran* Action was removed to Federal Court as *Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.*, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-NONE-SAB.

- Defendant denies that it did anything wrong and argues that it has complied with all employment laws. Defendant entered into this Settlement only to resolve this lawsuit and the four underlying actions.

Honorable Judge Dale A. Drozd of the United States District Court for the Eastern District of California ("Court") has preliminarily approved the Settlement. However, payments will not be distributed unless the Court grants final approval of the Settlement and then only in the manner and amount as provided for in the Settlement as finally approved. **This Notice discusses only the FLSA Settlement. You will also receive a notice about the Class Settlement. It is important to read both notices.**

| **1.   If I decide to participate and want to receive the most money I can, what must I do?** |
|---|

To receive a payment under the FLSA Settlement, you need to "opt-in" to become a Participating FLSA Member. To become a Participating FLSA Member you only need to timely sign and cash, deposit, or otherwise negotiate your FLSA Payment. This is explained at Question # 8, below.

| **2.   Why did I get this Notice of FLSA Settlement?** |
|---|

Olam West Coast, Inc.'s records show you are or were employed at its Fresno, Firebaugh, Hanford, Lemoore, Gilroy, and/or Williams locations in California in one or more positions which were classified as non-exempt and/or hourly non-exempt

at some time during the period from July 7, 2011 to _____ [date of Preliminary Approval] ("**Settled Period**") and are thus a FLSA Member.

The lawsuit in the Eastern District of California, Fresno Division, is *Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.*, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-NONE-SAB. The plaintiffs are Thomas Beltran, Mario Martinez, Maria Claudia Obeso Cota, Alexander Solorio, and Juan Rivera (collectively, "**Plaintiffs**"). The magistrate judge in the case is the Honorable Stanley A. Boone and there is no assigned district court judge.

The lawsuit alleges that defendant Olam West Coast, Inc. failed to pay wages for all time worked, failed to pay minimum and overtime wages in the amount required by law, failed to provide meal or rest periods as required by law, failed to pay final wages in a timely manner upon the end of employment, failed to pay all wages due during employment, failed to provide accurate itemized wage payment statements, failed to maintain adequate payroll records, and failed to reimbursing all business expenses incurred, and thereby violated California law and the federal Fair Labor Standards Act ("**FLSA**"). The FLSA claims in the lawsuit are brought as a "collective action." In a collective action, one or more persons who are identified as the plaintiffs initiate the action and others are provided an opportunity to "opt-in" to the action and share in the recovery, if any. The Court will resolve the issues for all persons who opt-in to the FLSA Settlement.

| **3.   How do I participate in the FLSA Settlement?** |
| --- |

"FLSA Settlement" means the settlement and resolution of the Released FLSA Claims, which will be binding on all Participating FLSA Members.

Those who are eligible to participate in the FLSA Settlement are defined as follows:

All current and former employees who Defendant classified as non-exempt and worked in that capacity at Defendant's Fresno, Firebaugh, Hanford, Lemoore, Gilroy and Williams facilities in California at any time during the Settled Period ("**FLSA Member(s)**").

Anyone who falls within that definition is a FLSA Member and eligible to participate in the FLSA Settlement, but to do so, they must "opt-in" and become a Participating FLSA Member.  There are multiple ways for an FLSA Member to opt into the FLSA Settlement and become a Participating FLSA Members:

- FLSA Members are being provided with a card that accompanies this notice ("FLSA Opt-In Card"), and may follow the instructions on it to complete, sign, and return the FLSA Opt-In Card, to opt into the FLSA Settlement.
- FLSA Members may also access the Settlement Website and either print out an opt-in form ("Opt-In Form"), which must then be completed and signed and timely mailed to the Settlement Administrator, to opt into the FLSA Settlement.
- FLSA Members may access the link on the Settlement Website for the fillable opt-in form ("Opt-In Electronic Form"), and complete and e-sign the Opt-In Electronic Form which is then automatically submitted to the Administrator, to opt into the FLSA Settlement.
- FLSA Members may also provide consent to opt-in and participate in the FLSA Settlement by submitting their own written statement containing the FLSA Member's full name and address and containing a statement reflecting that the FLSA Member consents to and opts-in to join the action and participate in the FLSA Settlement, to opt into the FLSA Settlement.  All such written consents to opt-in to the Action and participate in the FLSA Settlement must be submitted to the Settlement Administrator by mail or fax, so that they are postmarked of fax-stamped no later than [Response Deadline].

       Settlement Administrator
       c/o Simpluris, Inc.
       Mailing Address: [insert address]
       Fax Number: [insert fax number]

"Participating FLSA Class Member(s)" are those FLSA Members who timely and validly opt-in to the FLSA Settlement, and thereby consent to join the *Beltran* Action under the FLSA and opt-in on a collective basis with respect to the Released FLSA Claims.

This FLSA Payment check relates only to the FLSA Settlement. You will potentially receive a second check if you are also a member of the Class Settlement mentioned above which is explained in the Notice of Class Action Settlement. You will receive a Notice of Class Action Settlement if you are a potential member of the proposed class.

| 4.  What will I give up if I participate in the FLSA Settlement? |
| --- |

If you participate in the FLSA Settlement (i.e., if you opt-in and become a Participating FLSA Class Member) you will give up your right to make claims against Defendant and all Released Parties with regard to the Released FLSA Claims.

"**Released FLSA Claims**" means any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature under the Fair Labor Standards Act, whether known or unknown, foreseen or unforeseen, arising out of or related to any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, as of and including the Effective Date, which are or could be raised in the Action against the Released Parties.

"**Released Parties**" means, with regard to the Released FLSA Claims, Defendant and any of its former and present parents, subsidiaries, affiliates, divisions, corporations in common control, predecessors, successors, joint ventures and assigns, as well as all past and present officers, directors, employees, partners, members, principals, shareholders, agents, attorneys, insurers, co-insurers, reinsurers, and any other successors, assigns, or personal or legal representatives, if any.

| 5.  Why is there a settlement? |
| --- |

After the exchange of relevant information and evidence, the parties attended private mediation to attempt to informally resolve the cases. The parties participated in mediation with mediator Hon. Edward Infante, Ret., a retired federal magistrate judge. The parties were eventually able to negotiate a settlement of the cases.

The Settlement has been modified after further discussions and the present Settlement is set forth in the Fourth Amended Class Action and Collective Action Settlement and Release Agreement ("**Settlement**" or "**Settlement Agreement**").

The Settlement does not mean that Olam has agreed it did anything wrong. Olam has denied, and continues to deny, the factual and legal allegations in the cases and believes that it has complied with the law.  By agreeing to settle, Olam is not admitting liability on any of the factual allegations or claims in the cases.  Olam has agreed to settle the cases as part of a compromise with Plaintiffs.

The Class Representatives and their lawyers ("**Class Counsel**") have investigated and researched the facts and circumstances underlying the issues raised in the cases and the applicable law, and while Class Counsel believe that the claims alleged in the lawsuits have merit, Class Counsel also recognize that the risk and expense of continued litigation justify settlement and further believe, based on the foregoing, that the proposed settlement is fair, adequate, reasonable, and in the best interests of Class Members. In reaching settlement, the parties have considered, among other factors, the costs and risks involved in going all the way to trial.

## THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE

| 6.  What are the Settlement terms? |
| --- |

Plaintiffs and Olam have agreed to settle the Settled Actions and Released FLSA Claims (see Question #4, above). As a part of the Settlement, which includes both the FLSA Settlement and Class Settlement (described in a separate notice), Olam has agreed to pay the amount of $4,500,000 ("**Total Settlement Amount**").  The following amounts will be paid from the Total Settlement Amount, subject to approval by the Court: (1) the amount of $37,000.00 to Plaintiffs for their services as the Class Representatives ("**Class Representative Incentive Awards**"); (2) the amount of up to $1,575,000 in attorneys'

fees and the amount of up to $65,000 in litigation costs and expenses to Class Counsel ("**Attorneys' Fees and Costs**"); (3) the amount of $112,500.00 to the California Labor and Workforce Development Agency ("**LWDA**") for the LWDA's 75% portion of the amount allocated to penalties under the Private Attorneys General Act (the total amount allocated toward PAGA penalties is $150,000); (4) reasonable Settlement Administrator's fees and expenses, which are currently estimated not to exceed $45,000 ("**Settlement Administration Costs**"); and (5) employer's share of payroll taxes and contributions with respect to the Wage Portion, which are estimated to be between $117,000 to $168,000 (with the final amount depending on the final amount available for distribution to the Class and applicable tax rates)("**Employer Taxes**").

The Total Settlement Amount minus the Class Representative Incentive Awards, Attorneys' Fees and Costs, the payment to the LWDA, the Settlement Administration Costs, and the Employer Taxes is referred to as the "**Net Settlement Fund.**". Seventy-five percent (75%) of the Net Settlement Fund will be allocated the Class Settlement ("**Net Class Settlement Fund**") and twenty-five percent (25%) of the Net Settlement Fund will be allocated to the FLSA Settlement ("**Net FLSA Settlement Fund**").

---

| **7.   How much money will I get if I participate in the Settlement?** |
| --- |

Each FLSA Member will be issued a check for payment of a share of the Net FLSA Settlement Fund based on the number of workweeks they worked during the period from July 7, 2011 to [the Preliminary Approval date] ("Workweeks"). These settlement payments ("FLSA Payment(s)") are to be calculated and distributed as follows:

      d.      The Settlement Administrator will calculate the total number of Workweeks worked by each FLSA Member ("Individual Workweeks") and the total number of Workweeks worked by all FLSA Members ("FLSA Workweeks") during the Settled Period.

      e.      To determine each FLSA Payment the Settlement Administrator will use the following formula:

      FLSA Payment = (Individual Workweeks ÷ FLSA Workweeks) x (Net FLSA Settlement Fund).

      f.      The FLSA Payments will be distributed by way of check.

---

| **According to Olam's records, you worked a total of _____ Workweeks. Your gross share of the Net FLSA Settlement Fund is estimated to be approximately $_____.** |
| --- |

---

**If you believe the number of Workweeks credited to you above is incorrect, you may submit a written dispute to the Settlement Administrator.** All disputes must be postmarked on or before [Response Deadline]. The written dispute must: (1) contain a clear statement indicating that you wish to dispute or challenge the Workweeks credited in this Notice; (2) contain your name, address, and the last four digits of your Social Security number and/or employee identification number; (3) be signed by you; (4) attach any supporting documentation you wish to rely upon; and (5) be mailed (to the address listed immediately below) or faxed (to the fax number listed immediately below) to the Settlement Administrator so that it is postmarked or fax-stamped on or before [Response Deadline].

    Settlement Administrator
    c/o Simpluris, Inc.
    Mailing Address: [insert address]
    Fax Number: [insert fax number]

Olam's records are presumed to be correct, unless a Participating FLSA Member proves otherwise with documentary evidence.

Each Participating FLSA Member's share of the Net FLSA Settlement Fund will be allocated as thirty- four percent (34%) as wages ("Wage Portion") for which IRS Form W-2 will be issued; and sixty-six (66%) as penalties, interest, consideration for the waiver of rights and benefits conferred by California Civil Code Section 1542, and non-wage damages ("Non-Wage Portion") for which IRS Form 1099-MISC will be issued. Each Participating FLSA Member's share of the Net FLSA Settlement Fund will be paid subject to reduction for all employee's share of taxes and withholding with respect to the Wage Portion. The Employer Taxes will be paid from the Total Settlement Amount. IRS Forms W-2 and 1099 will be distributed to

Participating FLSA Members and the appropriate taxing authorities reflecting the payments they receive under the FLSA Settlement. Participating FLSA Members should consult their tax advisors concerning the tax consequences of the payments they receive under the FLSA Settlement.

The other notice about the Class Settlement will tell you how much money you will be eligible to receive if you do not opt out of the Class Settlement. The payment available under the Class Settlement is referred to as a "Non-FLSA Payment." Together, the FLSA Payment and Non-FLSA Payment are referred to as "Individual Settlement Payment."  Individual Settlement Payments will be issued by way of check.

## HOW TO PARTICIPATE IN AND GET A PAYMENT FROM THE FLSA SETTLEMENT

| **8.   How do I get a payment for the release of Released FLSA Claims?** |
| --- |

The participate in and receive payment from the FLSA Settlement, you must timely and validly opt into the FLSA collective action (see Question #3) and thereby opt into the FLSA Settlement.  By doing so, you will be deemed to have consented to join the *Beltran* Action under the FLSA and opted-in on a collective basis with respect to the Released FLSA Claims, and will be bound to the FLSA Settlement and any judgment entered by the Court based thereon, and thereby forever release and discharge the Released FLSA Claims.

With respect to the Released FLSA Claims, and for additional consideration that is part of the FLSA Payment, if you timely and validly opt into the FLSA Settlement, you will be deemed to release and waive all rights and benefits conferred upon you by California Civil Code Section 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

If you do not timely and validly opt into the FLSA Settlement, you will not be subject to the release of Released FLSA Claims.

Deciding not to opt-in to the FLSA Settlement, however, does not exclude you from participating in the Class Settlement (see separate Notice of Class Action Settlement).

| **9.   How and when will I get a payment?** |
| --- |

The Final Approval Hearing on the adequacy, reasonableness, and fairness of the Settlement will be held on _____, 2021 at [time] in [Courtroom] of the Court (see Question #12, below). You are not required to attend the hearing. If the Settlement is approved by the Court, and there are no appeals of such approval, the Non-FLSA Payment will be sent to the address where you received this Notice.  If you would like to change the address where your payment will be mailed, please contact the Settlement Administrator whose name and address are listed in connection with Question #7, above. If after the Court grants approval of the Settlement, an appeal or other challenge to the approval is filed, you will not be sent your payment until that appeal or challenge is concluded.

**If you have questions with regard to when the checks will be mailed, please contact the Settlement Administrator.**

## THE LAWYERS IN THIS CASE

| **10. Do I have a lawyer in this case?** |
| --- |

The lawyers that have been appointed to serve as counsel for the Participating FLSA Members are:

Edwin Aiwazian, Esq.
Arby Aiwazian, Esq.
Joanna Ghosh, Esq.
Lawyers *for* Justice, PC
410 Arden Ave., Suite 203
Glendale, California 91203
Phone: (818) 265-1020
Fax: (818) 265-1021

All inquiries regarding this Notice and/or the Settlement should be directed to the Settlement Administrator or Class Counsel.

---

### 11. Who are the lawyers representing Olam?

The following lawyers represent Olam West Coast, Inc. in this case:

Susan K. Hatmaker
Hatmaker Law Group, PC
7522 N. Colonial Ave., Suite 105
Fresno, CA 93711

**THE FINAL APPROVAL HEARING**

---

### 12. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing to decide whether to approve the Settlement on _____, 2021, at ____ a.m./p.m. in Courtroom 9 of the Robert E. Coyle Federal Courthouse located at 2500 Tulare Street, Fresno, CA 93721. The Final Approval Hearing may be moved to a different date and/or time without further notice.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also decide how much to award for Attorneys' Fees and Costs, Class Representative Incentive Awards, and Settlement Administration Costs. The Court may make its decisions at the time of the Final Approval Hearing or at a later time. We do not know how long the Court will take to provide a decision.

You are not required to come to the Final Approval Hearing, but you are welcome to attend at your own expense if you would like to come.

---

### 13. How do I get more information?

This Notice provides only a summary of the most pertinent terms of Settlement. For a more detailed statement of the matters involved in the cases and the Settlement, you may refer to the pleadings, the Settlement Agreement, and other papers filed in the *Beltran* Action. You may review the Settlement Agreement and other court records by using Public Access to Court Electronic Records System ("PACER") (for a fee).  You may also view these documents by visiting the following courthouse location which is also where filings with the Court (such as objections) by non-attorneys may be undertaken:

Office of the Clerk
Robert E. Coyle Federal Courthouse
2500 Tulare Street, Room 1501
Fresno, CA 93721.

The Settlement Agreement may also be accessed at the following website: [Settlement Website URL].

All inquiries by FLSA Members regarding this Notice and/or the Settlement should be directed to the Settlement Administrator (see contact information in connection with Question # 7) or Class Counsel (see contact information in connection with Question #10).

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OLAM, OR OLAM'S ATTORNEYS WITH INQUIRIES.**

# EXHIBIT C

*Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.*

United States District Court, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-NONE-SAB

**REQUEST FOR EXCLUSION FORM**

This form was issued to the individual identified as follows in Defendant's records:

[Last Name], [First Name]

Last 4 digits of the Employee ID No.: [insert]

Section A: Instructions

1. In order to opt out of the Class Settlement, you must <u>complete and sign Section B below and submit</u> this form **on or before** _____,_____ to the Settlement Administrator, by U.S. Mail or fax, at the following mailing address or fax number:

    Olam Settlement Administrator
    c/o Simpluris, Inc.
    Mailing Address: [insert mailing address]
    Fax number: [insert fax number]

2. **If you exclude yourself from the Class Settlement, you will not be entitled to a Non-FLSA Payment, and will not be allowed to make an objection to the Class Settlement.** For more information regarding the consequences of seeking exclusion from the Class Settlement, see the accompanying Notice of Class Action Settlement.

Section B: Certification

I wish to be excluded from the Class Settlement in *Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.* I understand that in asking to be excluded from the Class Settlement, I will not receive a Non-FLSA Payment, if the Settlement is approved by the Court in this case.

Print Full Name: _____

Sign: _____

Date: _____

# EXHIBIT D

**MAILING ENVELOPE FOR NOTICE PACKET**

No. 10 Envelope Front

*Beltran et al. v. Olam Spices and Vegetables, Inc.*
Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799-9834

PRESORTED

FIRST-CLASS MAIL

<u>*Important Legal Document*</u>: *You may be eligible to receive money from a settlement.  A court-ordered notice is enclosed.*

<u>*Documento legal importante*</u>: *Puede ser elegible para recibir dinero de un acuerdo. Se adjunta un aviso ordenado por el tribunal.*

No. 10 Envelope Back



# EXHIBIT E

**Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.**

United States District Court, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-NONE-SAB

**FLSA OPT-IN FORM**

[First Name][Last Name]
[Mailing Address]

Only those FLSA Members who give their consent in writing to become a party to the Action and have such consent filed in the Court will be deemed to have consented to join the action and opted-in on a collective basis with respect to the FLSA claims, and will be bound to the FLSA Settlement and any judgment entered by the Court based thereon.

For your convenience, if you are a FLSA Member, you may opt-in and participate in the Settlement by completing this form and returning it to the Settlement Administrator by mail or fax, so that it is postmarked or fax-stamped on or before [Deadline].

> Settlement Administrator
> c/o Simpluris, Inc.
> Mailing Address: [insert address]
> Fax Number: [insert fax number]

The Settlement Administrator, with the assistance of Class Counsel, will cause the form to be filed with the Court.

**By signing this writing, I consent to join the lawsuit entitled *Beltran, et. al. v. Olam West Coast, Inc.*, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-NONE-SAB, pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 USC Section 216(b), for purposes of participating in the settlement. I further understand and agree that my signing this writing constitutes a full and complete release of any and all of Released FLSA Claims and that a copy of this writing may be filed with the Court, with personal information other than my name redacted, as evidence of my consent.**

Signature: _____

Full Name: _____

# EXHIBIT F

*Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.*

United States District Court, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-NONE-SAB

**FLSA Reminder Notice**
[First Name][Last Name]
[Mailing Address]


You are receiving this reminder notice because you were mailed a Notice Packet on [date of mailing], which provided directions and outlined methods for you to participate in receiving a share of a settlement fund with respect to the FLSA claims, but **as of the date of this reminder notice, the Settlement Administrator has not received a completed opt-in from you**.


**There are multiple means for opting into the FLSA Settlement**, as outlined in the Notice Packet and on the Settlement Website at [Settlement Website address]:
1. a color-coded card ("Opt-In Card") was included in the Notice Packet and can be completed, signed, and mailed or faxed to the Settlement Administrator on or before [insert date];
2. a opt-in form ("Opt-In Form") which can be printed or downloaded from the Settlement Website, completed, signed, and mailed to the Settlement Administrator on or before [insert date];
3. a fillable opt-in form accessible on the Settlement Website that can be completed on-line, electronically signed, and electronically submitted to the Settlement Administrator on or before [insert date]; and
4. a handwritten "opt-in" that contains the required information that can be mailed or faxed to the Settlement Administrator on or before [insert date].

As explained in the Notice Packet and the Settlement Website, **only those FLSA Members who have timely opted into the Action can receive a portion of the FLSA Settlement Fund.**

**You have only [insert number] days left to opt into the Action (by completing one of the above-listed opt in methods), and thereby participate in the FLSA Settlement and receive payment from the FLSA Settlement.**

As a reminder: If you plan to opt-in by completing, signing and mailing the Opt-In Card or Opt-In Form, that is available on the Settlement Website, to the Settlement Administrator, it must be postmarked or fax-stamped by [insert date] and transmitted to the following address or fax number:

       Settlement Administrator
       c/o Simpluris, Inc.
       Mailing Address: [insert address]
       Fax Number: [insert fax number]

If you prefer to Opt-In by completing and e-signing the fillable Opt-In Form on the Settlement Website you must do so by the same deadline, [insert date].

If you have any questions about the opt-in process, please call Simpluris, Inc. at [telephone number] or Lawyers *for* Justice, PC at (818) 265-1020.

If you have questions about the Settlement Website or need another copy of the Notice Packet, please call Sumpluris, Inc. at [telephone number].

# PROOF OF SERVICE

My business address is 7522 N. Colonial Avenue, Suite 105, Fresno, California 93711.  I am employed in Fresno County, California.  I am over the age of 18 years and am not a party to this case.

On the date indicated below, I served the foregoing document described as

**AMENDMENT TO FILING OF FOURTH AMENDED SETTLEMENT AGREEMENT RE HEARING ON MOTION FOR PRELIMINARY APPROVAL**

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Edwin Aiwazian, Esq.<br>Arby Aiwazian, Esq.<br>Joanna Ghosh, Esq.<br>Lawyers for Justice<br>410 W. Arden Avenue, Suite 203<br>Glendale, California 91203<br>Ph: (800) 265-0690 or (818) 265-1020<br>Fax: (818) 265-1021<br>Email: Edwin@lfjpc.com<br>Email: arby@calljustice.com<br>Email: joanna@calljustice.com | **Attorney for Plaintiffs Thomas Beltran, Mario Martinez, Juan Rivera and Mariana Ramirez** |
| Joseph Lavi, Esq.<br>Vincent Granberry, Esq.<br>Lavi & Ebrahimian, LLP<br>8889 W. Olympic Blvd., Suite 200<br>Beverly Hills, California 90211<br>Ph: (310) 432-0000<br>Fx: (310) 432-0001<br>Email: Jlavi@lelawfirm.com<br>Email: VGranberry@lelawfirm.com | **Attorney for Plaintiff Maria Claudia Obeso Cota and Alexander Solorio** |
| Sahag Majarian II, Esq.<br>Law Offices of Sahag Majarian II<br>18250 Ventura Blvd.<br>Tarzana, CA 91356<br>Ph: (818) 609-0807<br>Fx: (818) 609-0892<br>Email: sahagii@aol.com | **Co-Counsel for Plaintiff Maria Claudia Obeso Cota and Alexander Solorio** |

___   (BY FIRST CLASS MAIL)   I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the United States Postal Service on the date noted below in the ordinary course of business, at Fresno, California.

**✗**   (BY ELECTRONIC TRANSMISSION – by CM/ECF System) Notice of this filing will be sent by e-mail to all parties and the above-specified persons by operation of the Court's electronic filing CM/ECF system, which will send electronic notification of such filing to all counsel/parties.

1

**EXECUTED ON May 26, 2021, at Fresno, California.**

2

   ✕       (FEDERAL) I declare that I am employed in the office of a member of the State of

3

this Court at whose direction the service was made.  I declare under penalty of

perjury under the laws of the United States of America that the foregoing is true and

4

correct.

5

                                     */s/ Christine Tejeda*

6

                                   CHRISTINE TEJEDA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28