Edwin Aiwazian (SBN 232943)
Arby Aiwazian (SBN 269827)
Joanna Ghosh (SBN 272479)
Ovsanna Takvoryan (SBN 271435)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiffs Thomas Beltran, Mario Martinez, Juan Rivera, and the Class

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS BELTRAN, MARIO MARTINEZ, MARIA CLAUDIA OBESO COTA, individually, and on behalf of other members of the general public similarly situated; JUAN RIVERA, ALEXANDER SOLORIO, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,

            Plaintiffs,

    vs.

OLAM SPICES AND VEGETABLES, INC., an unknown business entity; and DOES 1 through 100, inclusive,

            Defendants.

Case No.: 1:18-cv-01676-JLT-SAB

Honorable Stanley A. Boone
Courtroom 9

**CLASS ACTION**

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[Declaration of Class Counsel (Edwin Aiwazian); Declaration of Settlement Administrator (Lindsay Kline); and [Proposed] Final Approval Order and Judgment filed concurrently herewith]

Date:           January 25, 2023
Time:          10:00 a.m.
Courtroom:    9

Complaint Filed:    July 5, 2015
FAC Filed:        November 10, 2015
SAC Filed:        April 25, 2016
TAC Filed:        April 11, 2018
Trial Date:       None Set

*LAWYERS for JUSTICE, PC*
410 West Arden Avenue, Suite 203
Glendale, California 91203

---

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **January 25, 2023**, at **10:00 a.m.**, or as soon thereafter as this matter may be heard before the Honorable Stanley A. Boone, in Courtroom 9 of the United States District Court for the Eastern District of California, Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California 93721, Plaintiffs Thomas Beltran, Mario Martinez, Juan Rivera, Maria Claudia Obeso Cota, and Alexander Solorio (together, "Plaintiffs"), will and hereby do move, for an order granting final approval of:

1.　　The Fourth Amended Class Action and Collective Action Settlement and Release Agreement ("Settlement," "Agreement," or "Settlement Agreement"), on the grounds that the Settlement is fair, reasonable, and adequate because:

- A Net Settlement Fund of approximately **$2,470,110.33**, of which **$1,852.582.75** (i.e., 75% of the Net Settlement Fund) is allocated to the Class Settlement ("Net Class Settlement Fund") and is available for distribution to the Class Members who did not submit a timely and valid Request for Exclusion to the Settlement Administrator ("Participating Class Members") and **$617,527.58** (i.e., 25% of the Net Settlement Fund) is allocated to the FLSA Settlement ("Net FLSA Settlement Fund") and is available for distribution to FLSA Members who submitted a timely and valid FLSA Opt-In Form, FLSA Opt-In Card, Opt-In-Electronic Form, or written consent to opt-in to the Action and participate in the FLSA Settlement ("Participating FLSA Members");

- **No Notices of Objection** were submitted to Simpluris, Inc. ("Settlement Administrator"); and

2.　　Payment in the total amount of **$78,187.00** to the Settlement Administrator, Simpluris, Inc. ("Simpluris"), for the Settlement Administration Costs;

3.　　Allocation of the penalties under the California Labor Code Private Attorneys General Act of 2004, Labor Code section 2698, *et seq.* ("PAGA"), in the amount of **$150,000.00**, of which seventy-five percent (75%) or **$112,500.00** will be paid to the California Labor and Workforce Development Agency ("LWDA Payment"), and twenty-five percent (25%) or **$37,500.00** will be included in the Net Settlement Fund.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

This motion is based on the following Memorandum of Points and Authorities; the concurrently filed Declaration of Settlement Administrator (Lindsay Kline) in support thereof; as well as the concurrently-filed Motion for Final Approval of Fees and Costs Award and Class Representative Incentive Awards and Declarations of Class Counsel (Edwin Aiwazian) and Plaintiffs' Counsel (Vincent C. Granberry and Sahag Majarian II) in support thereof; the pleadings and other records on file with the Court in this matter; and upon such documentary evidence and oral argument as may be presented at or before the hearing on this Motion.

Dated: December 21, 2022                  **LAWYERS *for* JUSTICE, PC**


                                          By:  _____*/s/ Ovsanna Takvoryan*_____
                                                 Ovsanna Takvoryan
                                                 *Attorneys for* Plaintiffs and the Class

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ iii

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

I. SUMMARY OF MOTION ..................................................................................1

II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND ..........................3

III. SUMMARY OF THE SETTLEMENT TERMS....................................................7

IV. THE SETTLEMENT ADMINISTRATION PROCESS..........................................9

V. THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT 12

  A. The Settlement Resulted from Arm's-Length Negotiations Based upon Extensive Investigation and Discovery.............................................................. 13

  B. The Risks Inherent in Continued Litigation Favor Final Approval of the Settlement. ..................................................................................................... 17

  C. The Settlement is Fair, Reasonable, and Adequate. ...................................... 18

  D. The Class Was Represented by Competent Counsel. ..................................... 19

  E. There Are No Objections to the Settlement.................................................... 20

VI. THE REQUESTED CLASS REPRESENTATIVE INCENTIVE AWARDS SHOULD BE APPROVED ...............................................................................21

VII. CONCLUSION ................................................................................................22

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*7-Eleven Owners for Fair Franchising v. Southland Corp.* (2000) 85 Cal.App.4th 1135 ............... 13, 21

*Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43 ............................................................... 12

*Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794 .......................................................... 12

*In re American Bank Note Holographics, Inc., Sec. Litig.* (S.D.N.Y. 2001) 127 F.Supp.2d 418 .......... 19

*In re Omniivsion Techs., Inc.* (N.D. Cal 2008) 559 F.Supp. 2D 1036 ..................................... 19

*Molski v. Gleich* (9th Cir. 2003) 318 F.3d 937 .................................................................. 21

*Nat'l Rural Telecomms. Coop v. DIRECTV, Inc.* (C.D. Cal 2004) 221 F.R.D. 523 .............................. 21

*Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224 ................................................ 12

**Federal Cases**

Conte & Newberg, *Newberg on Class Actions* (4th ed., 2002) §11.47 .................................... 19

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   SUMMARY OF MOTION

Plaintiffs Thomas Beltran, Mario Martinez, Maria Claudia Obeso Cota, Juan Rivera, and Alexander Solorio ("Plaintiffs") seek final approval of the Fourth Amended Class Action and Collective Action Settlement and Release Agreement ("Settlement," "Agreement," or "Settlement Agreement"), entered into by and between Plaintiffs and Defendant Olam West Coast, Inc., erroneously sued as "Olam Spices and Vegetables, Inc." and further erroneously sued as "Olam Spices and Vegetables Ingredients" (collectively, "Defendant," and together with Plaintiffs, the "Parties").[1]

The Settlement provides for a Total Settlement Fund of $4,500,000.00 and seeks relief on behalf of the following class and collective, respectively:

The Rule 23 Class is hereby defined to include:

All persons who were employed by Olam West Coast, Inc. ("Defendant") in a position that Defendant classified as non-exempt and/or hourly non-exempt and worked in that capacity at Defendant's Fresno, Firebaugh, Hanford, Lemoore, Gilroy and/or Williams facilities in California and for which Class Members and FLSA Members were paid on a non-exempt basis ("Covered Position"), at any time during the period from July 7, 2011 through September 22, 2021 ("Settled Period"), or the estates of such individuals.[2]

The FLSA Collective is hereby defined to include:

All persons who were employed by Olam West Coast, Inc. ("Defendant") at Defendant's Fresno, Firebaugh, Hanford, Lemoore, Gilroy, and/or Williams locations in one or more positions which were classified as non-exempt and/or hourly non-exempt at any time during the period from July 7, 2011 to September 22, 2021 ("FLSA Members").[3]

Plaintiffs also move for final approval of all payments allocated and provided for by the Settlement, to be paid from the Total Settlement Fund, including and not limited to: Class Representative Incentive Awards in the amount of $7,500.00 each to Plaintiffs Beltran, Martinez,

---

[1] A copy of the fully executed Settlement Agreement was filed with the Court on May 26, 221 (Docket No. 41).
[2] Settlement Agreement, § II(6).
[3] *Id.,* **Exhibit B.**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF CASE NO: 3:19-CV-04592-JCS**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Obeso Cota, and Solario and in the amount of $3,500.00 to Plaintiff Rivera (together, "Incentive Awards");[4] attorneys' fees of $1,575,000.000 and reimbursement of litigation costs and expenses in the amount of $63,201.23 to Plaintiffs' Counsel (together, "Attorneys' Fees and Costs");[5] allocation of the penalties under the California Labor Code Private Attorneys General Act of 2004, Labor Code section 2698, *et seq.* ("PAGA"), in the amount of $150,000.00, of which 75%, or $112,500.00, will be distributed to the State of California's Labor and Workforce Development Agency ("LWDA Payment") and the remaining 25%, or $37,500.00, will be included in the Net Settlement Fund;[6] Settlement Administration Costs in the amount of $78,187.00 to the Settlement Administrator, Simpluris, Inc. ("Simpluris");[7] and the employer's share of payroll taxes and contributions with respect to the Wage Portion of the Non-FLSA Payment and FLSA Payment, in the estimated amount of approximately $167,501.44 ("Employer Taxes").[8]

The Net Settlement Fund is the amount that will be available for distribution to Class Members who did not submit a timely and valid Request for Exclusion ("Participating Class Members")[9] and FLSA Members who submitted a timely and valid FLSA Opt-In Form, FLSA Opt-In Card, Opt-In-Electronic Form, or written consent to opt-in to the Action and participate in the FLSA Settlement ("Participating FLSA Members")[10].   Seventy-five percent (75%) of the Net Settlement Fund is allocated to the Class Settlement and is available for distribution to the Participating Class Members ("Net Class Settlement Fund")[11], and the remaining twenty-five percent (25%) of the Net Settlement Fund is allocated to the FLSA Settlement and is available for distribution to Participating FLSA Members ("Net FLSA Settlement Fund")[12].

---

[4] Settlement Agreement, §§ II(21) & III(6).
[5] *Id.,* §§ I(3-4) & III(5). In the interest of judicial efficiency, and in support of the allocations and requests for Attorneys' Fees and Costs, Plaintiffs respectfully refer the Court to Plaintiffs' Motion for Attorneys' Fees and Costs, and papers in support thereof, filed concurrently herewith on December 21, 2022.
[6] Settlement Agreement, §§ II(23) & III(8).
[7] *Id.,* §§ II(39) & III(7).
[8] *Id.,* §§ II(8), II(14), II(40), III(5-9); Declaration of Lindsay Kline filed concurrently herewith ("Simpluris Declaration" or "Simpluris Decl."), ¶¶ 18 & 25.
[9] Settlement Agreement, §§ II(22) & II(27).
[10] *Id.,* §§ II(22) & II(28).
[11] *Id.,* § III(9)(a)(1).
[12] *Id.,* § III(9)(a)(2).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

The requests for the Class Representative Incentive Awards, Attorneys' Fees and Costs, Settlement Administration Costs, LWDA Payment, and Employer Taxes were fully disclosed in the Notice of Class Action Settlement ("Class Notice") that was mailed to the Class Members on August 12, 2022, as well as in the Notice of FLSA Settlement ("FLSA Notice") that was mailed to the FLSA Members on August 12, 2022.[13]

The Settlement Agreement is fair, adequate, and reasonable, and is the product of arm's-length, good-faith negotiations by experienced counsel, presided over by a highly regarded mediator experienced in handling complex wage-and-hour class action lawsuits.  Most importantly, as of the date of this Motion, *not a single Class Member has objected to any aspect of the Settlement, including the requested Attorneys' Fees and Costs, Class Representative Incentive Awards, Settlement Administration Costs, PAGA Allocation, or Employer Taxes[14]*.

Accordingly, the Court should grant final approval of the Settlement, and all payments allocated and provided for by the Settlement Agreement, including and not limited to the Settlement Administration Costs.

## II.     PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On July 7, 2015, Plaintiff Thomas Beltran filed a class action lawsuit against Defendant, erroneously sued as Olam Spices and Vegetables, Inc., in the Alameda County Superior Court, Case No. RG15776976 thereby commencing the above-captioned lawsuit (the "*Beltran* Action" or "Action").  On or about September 9, 2015, the *Beltran* Action was transferred to the Fresno County Superior Court, Case No. 15CECG02993.  On November 10, 2015, Plaintiff Mario Martinez was added as a named plaintiff by way of an amended complaint.  Throughout the course of litigation, the parties in the *Beltran* Action have engaged in extensive motion practice as to the pleadings, venue, and discovery.

On September 15, 2015, Plaintiff Maria Claudia Obeso Cota filed a class action lawsuit against Defendant in the Sonoma County Superior Court, Case No. SCV257741 (the "*Cota* Action"). Pursuant

[13] Simpluris Decl., ¶ 8 & **Exhibit A**.
[14] *Id.,* ¶ 16.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

to stipulation and order, on or about January 22, 2016, the *Cota* Action was transferred to the Fresno County Superior Court, Case No. 16CECG00081.

On February 18, 2016, Plaintiff Alexander Solorio filed a complaint for civil penalties pursuant to PAGA against Defendant in the Fresno County Superior Court, Case No. 16CECG00513 (the "*Solorio* Action").

On October 6, 2016, Plaintiff Juan Rivera filed a complaint for civil penalties under PAGA against Defendant in the State of California for the County of Santa Clara, Case No. 16CV300758 (the "*Rivera* Action") on behalf of the State of California and other aggrieved hourly paid or non-exempt employees who worked for Defendant since August 1, 2015.  On October 31, 2016, Mariana Ramirez was added as a named plaintiff by way of an amended complaint.

Plaintiffs Maria Claudia Obeso Cota and Alexander Solorio, who originally pursued the *Cota* Action and *Solorio* Action, are represented by Lavi & Ebrahimian, LLP and Law Offices of Sahag Majarian II.  Plaintiffs Thomas Beltran, Mario Martinez, and Juan Rivera, who originally pursued the *Beltran* Action and *Rivera* Action, are represented by Lawyers *for* Justice, PC.  Eventually, Lawyers *for* Justice, PC, Lavi and Ebrahimian, LLP, and Law Offices of Sahag Majarian, II (collectively, referred to as "Plaintiffs' Counsel") joined forces to litigate the claims against Defendant, and jointly engage in settlement negotiations and mediation efforts.

On June 1, 2017, Plaintiffs filed a motion for preliminary approval of class action settlement in the *Beltran* Action, which was denied without prejudice.

On April 11, 2018, pursuant to the Court's Order granting the Parties' stipulation, Plaintiffs filed a Third Amended Class Action Complaint for Damages & Enforcement Under California Labor Code § 2698, Et Seq. in the *Beltran* Action, which added Plaintiffs Maria Claudia Obeso Cota, Alexander Solorio, and Juan Rivera, as well as previous and now deceased plaintiff Mariana Ramirez, as named plaintiffs, and added one cause of action under the Private Attorneys General Act, California Labor Code section 2698, *et seq.* ("PAGA") and two causes of action under the Fair Labor Standards Act ("FLSA").

Plaintiffs' core allegations are that Defendant has violated the California Labor Code and federal

Fair Labor Standards Act by, *inter alia*, failing to properly pay minimum and overtime wages, failing to provide compliant meal and rest periods or pay associated premiums, failing to timely pay wages upon termination, failing to provide compliant wage statements, failing to maintain requisite payroll records, and failing to reimburse necessary business-related expenses. Plaintiffs contend that Defendant's conduct constitutes unfair business practices and gives rise to penalties under the Private Attorneys General Act. As a result, Plaintiffs contend that they and the Class Members and FLSA Members are entitled to, *inter alia*, unpaid wages, penalties (including and not limited to, penalties pursuant to PAGA), and attorneys' fees.

Defendant denies any liability of any kind associated with the claims and allegations, and further denies that Plaintiffs, the Class Members, or FLSA Members are entitled to any relief. Defendant also denies that this case is appropriate for class or representative treatment for any purpose other than the Settlement. Defendant maintains, among other things, that it has complied with federal and California laws in all respects.

On June 27, 2018, Plaintiffs filed a renewed motion for preliminary approval of class action settlement in the *Beltran* Action. On October 2, 2018, Plaintiffs filed supplemental papers in support of their renewed motion for preliminary approval. On October 25, 2018, the Fresno County Superior Court denied Plaintiffs' renewed motion for preliminary approval of class action settlement.

On December 10, 2018, Defendant removed the *Beltran* Action to the United States District Court for the Eastern District of California. On April 8, 2020, the above-captioned Court entered an order dismissing Mariana Ramirez as a named plaintiff in the Action, pursuant to Rule 25 of the Federal Rules of Civil Procedure, after sadly she passed away (Docket No. 24).

The Parties engaged in additional extensive negotiations regarding settlement of the matter, and reached a settlement to address points of inquiry raised by Fresno County Superior Court.

On April 13, 2020, Plaintiffs filed a motion for preliminary approval of class and collective action settlement ("Motion for Preliminary Approval") and supporting documents (Docket Nos. 25, 25-1, 25-2, 25-3, 25-4, 25-5, & 25-6) in the Action, seeking preliminary approval of the Third Amended Class Action and Collective Action Settlement and Release entered into by and between Plaintiffs and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Defendant (together, the "Parties").  On June 2, 2020, the assigned Magistrate Judge issued findings and recommendations, identifying several issues and recommending that the District Court Judge deny the Motion for Preliminary Approval, based thereon (the "Initial Findings and Recommendations") (Docket No. 27.)   On June 23, 2020, Plaintiffs filed objections to the Initial Findings and Recommendations (Docket No. 28.)  On December 30, 2020, the Court entered an Order Directing the Filing of Supplemental Briefing and Documentation re Motion for Preliminary Approval of Class and Collective Action Settlement (Docket No. 29.).   On January 28, 2021, Plaintiff filed Supplemental Briefing (Docket Nos. 30, 30-1, 30-2, and 30-3).  On March 9, 2021, Plaintiffs' Motion for Preliminary Approval was re-referred to the Magistrate Judge for further consideration in light of supplemental briefing filed (Docket No. 31.).

On March 23, 2021, an order was issued setting a hearing on the Motion for Preliminary Approval and providing the Parties with the opportunity to file further supplemental briefing (Docket No. 32.).  On April 5, 2021, Defendant filed a supplemental brief requesting an extension to present supplemental briefing and informing the Court that the Parties are working on an amended settlement agreement to address the issues raised by the Magistrate Judge (Docket No. 34.).  After being granted an extension of time to file supplemental briefing, on May 12, 2021, the Parties filed a Joint Supplemental Brief Re Preliminary Approval of Fourth Amended Settlement Agreement, by which the Parties informed the Court was being circulated for signatures (Docket No. 38.).  On May 21, 2021, the Parties filed a Fourth Amended Settlement Agreement Re Hearing on Motion for Preliminary Approval, attaching a partially executed fourth amended settlement agreement (Docket No. 40.).  On May 26, 2021, the fully executed Fourth Amended Class Action and Collective Action Settlement Agreement and Release (the "Settlement Agreement, "Settlement," or "Agreement") was filed with the Court (Docket No. 41.).

On June 4, 2021, the Magistrate Judge issued supplemental findings and recommendations recommending granting Plaintiffs' Motion for Preliminary Approval (the "Supplemental Findings and Recommendations") (Docket No. 43.).  On September 23, 2021, the Court entered an Order Adopting Supplemental Findings and Recommendations and Granting Plaintiffs' Motion for Preliminary

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Approval of Class Action and Collective Action Settlement ("Preliminary Approval Order") (Docket No. 44), thereby preliminarily approving the Settlement, conditionally certifying the Class and FLSA collective in the Action for settlement purposes, and approving the class action notice, FLSA collective action notice, class action request for exclusion form, and FLSA collective action opt in form.  The Court also preliminarily appointed and designated Lawyers *for* Justice, PC to be counsel for the Class ("Class Counsel"), preliminarily appointed and designated Plaintiffs Thomas Beltran, Mario Martinez, Maria Claudia Obeso Cota, Juan Rivera, and Alexander Solorio to represent the Class (together, "Class Representatives"), and preliminarily appointed and designated Simpluris, Inc. ("Settlement Administrator" or "Simpluris") to serve as the third-party administrator for handling the notice and settlement administration process.

Plaintiffs now move for final approval of the Settlement and the Settlement Administration Costs.  Plaintiffs filed a Motion for Attorneys' Fees and Costs and Incentive Awards and papers in support thereof, concurrently herewith on December 21, 2022.

## III.   SUMMARY OF THE SETTLEMENT TERMS

Under the terms of the Settlement Agreement, Defendant has agreed to pay a Total Settlement Fund of $4,500,000.00 on a non-reversionary basis.[15]   Subject to approval by the Court, the Net Settlement Fund will be calculated by deducting the following amounts from the Total Settlement Fund: (1) attorneys' fees of $1,575,000.00 and reimbursement of litigation costs and expenses of $63,201.23 to Class Counsel (i.e., Attorneys' Fees and Costs); (2) Incentive Awards of up to $7,5000 each to Plaintiffs Beltran, Martinez, Obeso Cota, and Solorio and $3,500.00 to Plaintiff Rivera (for a total of $33,500.00); (3) the LWDA Payment in the amount of $112,500 to the California Labor and Workforce Development Agency ("LWDA"); (4) Settlement Administration Costs in the amount of $78,187.00 to Simpluris; and (5) Employer Taxes in the amount of $167,501.44.[16]

Assuming the allocations toward these payments are awarded in full, the Net Settlement Fund that will be available for distribution to Participating Class Members and Participating FLSA Members

---

[15] Settlement Agreement, § III(40).

[16] *Id.,* §§ II(8), II(14), II(40), III(5-9). Simpluris Decl., ¶¶ 18 & 25.

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

is estimated to be $2,470,110.33,[17] the Net Class Settlement Fund is estimated to be $1,852.582.75,[18] the Net FLSA Settlement Fund is estimate to be $617,527.58,[19] and there is no reversion to Defendant.[20]

The Settlement Administrator will calculate each Participating Class Member's *pro rata* share of the Net Class Settlement Fund ("Non-FLSA Payment"), as follows:

> Each Participating Class Member will be entitled to a *pro rata* share of the Net Class Settlement Fund, calculated based on the number of Workweeks worked by an individual Participating Class Member as compared to the number of Workweeks worked by all Participating Class Members, and this share shall be paid by way of one check ("Non-FLSA Payment"). The amount of each Participating Class Member's Non-FLSA Payment will be determined by multiplying the Net Class Settlement Fund by the fraction that has as its numerator the individual Workweeks of the Participating Class Member and has as its denominator the total number of Workweeks worked by all Participating Class Members.[21]

The Settlement Administrator will calculate each Participating FLSA Member's *pro rata* share of the Net FLSA Settlement Fund ("FLSA Payment"), as follows:

> Each Participating FLSA Member will be issued a payment of a *pro rata* share of the Net FLSA Settlement Fund, calculated based on the number of Workweeks worked by an individual Participating FLSA Member as compared to the number of Workweeks worked by all Participating FLSA Members, and this share shall be paid by way of one check ("FLSA Payment"). The amount each Participating FLSA Member's FLSA Payment will be determined by multiplying the Net FLSA Settlement Fund by the fraction that has as its numerator the individual Workweeks of the Participating FLSA Member and has as its denominator the total number of Workweeks worked by all Participating FLSA Members.[22]

Class Members had sixty (60) calendar days from the initial mailing of the Class Notice, FLSA Notice, class action request for exclusion form, and FLSA collective action opt in form (together, the "Class Packet") to dispute the number of Workweeks credited to each of them, opt out of the Settlement, and/or object to the Settlement ("Response Deadline").[23]   FLSA Members had until the Response Deadline to opt

---

[17] Simpluris Decl., ¶ 18.
[18] *Id.,* ¶ 20.
[19] *Ibid.*
[20] Settlement Agreement, § III(9)(a).
[21] *Id.,* § III(9)(a)(1).
[22] *Id.,* § III(9)(a)(2).
[23] *Id.,* § II(35).

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

into the FLSA Settlement and become a Participating FLSA Member.[24]

Each Non-FLSA Payment and FLSA Payment will be allocated as thirty-four percent (34%) as wages ("Wage Portion"), for which an IRS Form W-2 will be issued; and sixty-six percent (66%) as penalties, interest, consideration for the waiver of rights and benefits conferred by California Civil Code Section 1542, and non-wage damages and reimbursement of business expenses ("Non-Wage Portion"), for which an IRS Form-1099 will be issued.[25]  The Non-FLSA Payment and FLSA Payment will each be reduced by the employee's share of payroll taxes and withholding with respect to the Wage Portion.[26] Defendant's portion of all federal, state, and local taxes on the Wage Portion (i.e., Employer Taxes) will be paid from the Total Settlement Fund.[27]

Any Non-FLSA Payment and FLSA Payment checks issued by the Settlement Administrator that are not cashed, deposited, or otherwise negotiated within one hundred eighty (180) calendar days from the date of their mailing will be cancelled and the funds associated with such cancelled checks will be transmitted to the *cy pres*, the United Way, a non-profit organization, for the local chapters of the counties in which Defendant's Fresno, Firebaugh, Hanford, Lemoore, Gilroy, and/or Williams facilities in California are located, on a pro rata basis based upon the number of Class Members that worked or are working in each said county, as determined based on the Work Locations indicated in the Class List (as defined below).[28]

## IV.     THE SETTLEMENT ADMINISTRATION PROCESS

The Court-appointed Settlement Administrator, Simpluris, has taken all necessary steps to effectuate the notice and settlement administration process, as set forth in the Court's September 23, 2021 Preliminary Approval Order.

On September 24, 2021, Simpluris received a copy of the Court-approved Notice Packet from Class Counsel.[29]

---

[24] Settlement Agreement, § II(35).
[25] *Id.*, III(9)(b).
[26] *Id.*, § III(9)(c).
[27] *Id.*, §§ II(8), II(14), II(40), III(5-9).
[28] *Id.*, § III(23).
[29] Simpluris Decl., ¶ 5.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

On October 25, 2021, Defense Counsel provided Simpluris with a mailing list containing Class Members' names, most recent mailing address, Social Security numbers and dates of employment for each Class Member during the Class Period (collectively, the "Class List").[30]   The Class List contained data for eight thousand one hundred and seventy-eight (8,178) Class Members.[31]

Simpluris processed the names and addresses through the National Change of Address Database ("NCOA") and updated the Class List with six hundred and eight (608) addresses located using NCOA prior to the mailing of the Notice Packet.[32]

On August 12, 2022, Notice Packets were mailed to eight thousand one hundred and seventy-eight (8,178) Class Members with addresses contained in the Class List via First Class mail or updated via the NCOA search.[33]   A copy of the Notice Packet is attached as Exhibit A to the Simpluris Declaration.[34]

On August 12, 2022, Notice Packets were emailed to one thousand seven hundred and four (1,704) Class Members with an email address provided in the Class List.[35]

A total of eight hundred and fourteen (814) Notice Packets were returned to Simpluris.[36]   Of these, zero (0) were returned with a forwarding address.[37]   If a Notice Packet was returned by the USPS as undeliverable and without a forwarding address, Simpluris performed an advanced address search (i.e. skip trace) on all of these addresses by using Accurint, a reputable research tool owned by Lexis-Nexis.[38]   Simpluris used the Class Member's name and previous address to locate a current address.[39]   Through the advanced address searches, Simpluris was able to locate six hundred ninety-seven (697) updated addresses and Simpluris promptly mailed a Notice Packet to those updated addresses.[40]

---

[30] Simpluris Decl., ¶ 6.
[31] *Ibid.*
[32] *Id.*, ¶ 7.
[33] *Id.*, ¶ 8.
[34] *Ibid.*
[35] *Id.*, ¶ 9.
[36] *Id.*, ¶ 10.
[37] *Ibid.*
[38] *Ibid.*
[39] *Ibid.*
[40] *Ibid.*

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Ultimately, there are one hundred and seventeen (117) Notice Packets that remain undeliverable.[41]

On or around October 11, 2022, Simpluris was informed that Class Members were inadvertently left off of the Class List for the initial mailing ("Omitted Class Members").[42]  After review of the new data file, Simpluris determined there were five hundred and sixty-two (562) Omitted Class Members.[43]  On October 21, 2022, Simpluris sent a Notice Packet to five hundred and sixty-two (562) Omitted Class Members via First Class mail.[44]

The Response Deadline was October 11, 2022.[45]  The Response Deadline for Omitted Class Members was December 20, 2022.[46]  As of the filing of this Motion, the Settlement Administrator has received twenty-six (26) valid written requests to be excluded from the Settlement ("Request for Exclusion").[47]  As of the filing of this Motion, the Settlement Administrator has received one (1) dispute regarding Workweeks from a Class Members.[48]  It has not yet been determined if the dispute will be accepted or denied.[49]  As of the filing of this Motion, the Settlement Administrator has received one thousand two hundred and thirty-five (1,235) FSLA Claim Forms from FLSA Members.[50]  Additionally, as of the filing of this Motion, the Settlement Administrator has not received any written Objections to the Settlement.[51]  Simpluris anticipates additional responses may still be received as timely postmarked form Omitted Class Members.[52]  The Parties will provide an update to the Court, at the hearing on this Motion, with any additional response received by the Settlement Administrator between the date of the filing of this Motion and the hearing on the Motion.

As of the date of this Motion, the aggregate total Workweeks worked by all Participating Class Members is 617,382.[53]

---

[41] Simpluris Decl., ¶ 10.
[42] *Id.*, ¶ 11.
[43] *Ibid.*
[44] *Id.*, ¶ 12.
[45] *Id.*, ¶ 13.
[46] *Id.*, ¶ 13.
[47] *Id.*, ¶ 14.
[48] *Id.*, ¶ 17.
[49] *Ibid.*
[50] *Id.*, ¶ 15.
[51] *Id.*, ¶ 16.
[52] *Id.*, ¶ 13.
[53] *Id.*, ¶ 21.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

As of the date of this Motion, the aggregate total Workweeks worked by all Participating FLSA Members is 190,067.[54]

As of the date of this Motion, the *highest* gross estimated Non-FLSA Payment to a Participating Class Member is approximately $1,686.40, and the *average* gross estimated Non-FLSA Payment to a Participating Class Member is approximately $212.62.[55]

As of this date, the *highest* gross estimated FLSA Payment to a Participating FLSA Member is approximately $1,825.94, and the *average* gross estimated FLSA Payment to a Participating FLSA Member is approximately $500.02.[56]

## V.     THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT

The trial court has broad discretion to determine whether a class action settlement is fair and reasonable. *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 52. To determine whether the settlement is fair and reasonable, courts consider relevant factors such as "the strength of plaintiffs' case, the risk, expense, complexity and likely duration of further litigation, the risk of maintaining class action status through trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of counsel, the presence of a governmental participant, and the reaction of the class members to the proposed settlement." *Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1801. "The list of factors is not exclusive and the court is free to engage in a balancing and weighing of the factors depending on the circumstances of each case." *Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 245. "Due regard should be given to what is otherwise a private consensual agreement between the parties." *Dunk, supra,* 48 Cal.App.4th at 1801.

The proponent of the settlement has the burden to show that it is fair and reasonable. *Wershba, supra,* 91 Cal.App.4th at 245. At the final approval stage, a presumption of fairness exists where, as here: "(1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small." *Dunk, supra,* 48 Cal.App.4th at 1802. In

[54] Simpluris Decl., ¶ 22.
[55] *Id.*, ¶ 23.
[56] *Id.*, ¶ 24.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

reviewing a class settlement, the court need not reach any ultimate conclusions on the issues of fact and law that underlie the merits of the dispute.  *7-Eleven Owners for Fair Franchising v. Southland Corp.* (2000) 85 Cal.App.4th 1135, 1146.  The inquiry is not whether the settlement agreement is the best one that class members could have possibly obtained, but whether the settlement taken as a whole is "fair, adequate, and reasonable."  *Chavez v. Netflix* (2008), 162 Cal.App.4th 43, 55.  A settlement need not obtain 100 percent of the damages sought in order to be fair and reasonable.  *Wershba*, *supra*, 91 Cal.App.4th at 251.  Even if the proposed settlement affords relief that is substantially narrower than it would be if the lawsuit was to be successfully litigated, that is no bar to a class settlement because the public interest may indeed be served by a voluntary settlement in which each side gives ground in the interest of avoiding prolonged litigation.  *Id.*

**A.**  **The Settlement Resulted from Arm's-Length Negotiations Based upon Extensive Investigation and Discovery.**

The Parties actively litigated this matter case since the commencement of the *Beltran* Action on July 5, 2015.  The ongoing work has been extensive, demanding, and ultimately successful in achieving a substantial settlement resolution.

Prior to reaching the Settlement, Plaintiffs' Counsel investigated the veracity, strength, and scope of the claims, and was actively preparing the matter for class certification and trial.  The Parties conducted significant formal and informal discovery and investigation into the facts of the matter, and also informally exchanged extensive information, data, and documents in the course of litigation and mediation and settlement discussions.[57]  Class Counsel propounded multiple sets of written discovery requests in various forms on Defendant, served notices of depositions of Defendant's Person Most Knowledgeable (PMK) designees and percipient witnesses, and reviewed Defendant's responses and objections thereto.  Class Counsel also worked with Plaintiffs Thomas Beltran and Mario Martinez to provide responses to discovery propounded on them by Defendant.  Class Counsel prepared for and took three (3) depositions of Defendant's Persons Most Knowledgeable ("PMK") designees on February 24, 2017 and February 27, 2017, and prepared for and defended the depositions of Plaintiffs

---

[57] Declaration of Edwin Aiwazian filed concurrently herewith ("Aiwazian Decl."), ¶ 11.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Beltran and Martinez on February 28, 2017.[58]

Additionally, Class Counsel engaged in the *Belaire-West* notice administration (by which Class Counsel obtained the contact information of 5,628 putative class and FLSA collective members who did not opt out of the disclosure of their information), interviewed and obtained information from Plaintiffs and many other putative class and FLSA collective members and percipient witnesses, and obtained and reviewed the employment records of over half a dozen putative class and FLSA collective members.[59]  Class Counsel reviewed and analyzed a large amount of information, data, and documents obtained from Defendant, Plaintiffs, and other sources.  The information, documents, and data reviewed and analyzed by Class Counsel included, but were not limited to, Plaintiffs' and multiple other Class Members' employment records, over ten thousand pages of employee time detail records, approximately fifteen thousand pages of employee payroll records, various orientation materials (such as the Orientation Training Agendas for 2011 and 2012, the 2012 Employee Orientation Checklist, the Orientation Employee Guidelines for 2011 and 2012, and the Orientation Handbook for Production Hourly Employees for 2015), Defendant's Payroll Action Form, Defendant's Second Meal Period Waiver agreement, Defendant's policies and practices (such as the Standards of Conduct, Good Manufacturing Practices, Timekeeping Record Requirements, and Modest Plant Rules), various agreements and acknowledgements (such as the Agreement Acknowledgement of Receipt of Employee Handbook, Acknowledgement of Receipt of Company Policies, Personal Protective Equipment Policy Acknowledgment, and 2009 Conagra Foods/Code of Conduct Acknowledgement), fourteen versions/iterations of employee handbooks (such as Employee Handbooks dated September 2010, September 2012, 2013, 2014, 2015, and July 1, 2015; Employee Handbook for full time regular employees dated May 2009; Firebaugh, California Employee Handbook for seasonal employees dated March 2012 and April 2012; Gilroy, California Employee Handbook dated 2016; Firebaugh, California Employee Handbook dated 2013; Williams Employee Handbook dated 2016; Hanford Employee Handbook dated 2015 and 2016), and multiple collective bargaining agreements (such as the Collective

---

[58] Aiwazian Decl., ¶ 11.
[59] *Ibid.*

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Bargaining Agreements with Local Union 890 for the time periods of April 1, 2017 to March 31, 2012 and April 1, 2012 to March 31, 2016 and the Collective Bargaining Agreement with UFCW Local 5 for the time period from July 11, 2011 to July 6, 2014), among other information and documents.[60]  The Parties also engaged in extensive, contested motion practice in the *Beltran* Action (e.g., with respect to Defendant's Motion to Transfer Venue, Demurrer to First Amended Complaint, and Motion to Strike Portions of Plaintiff's First Amended Complaint, and Plaintiffs' various Motions to Compel Defendant to Provide Further Responses to Form Interrogatories-General (Set One), Special Interrogatories (Set Two), and Requests for Production of Documents (Set One), and Motion to Enforce the Court's September 2, 2016 Order), researched applicable law, developed damages and penalties valuation models in preparation for mediations, and prepared for and attended court proceedings, two (2) mediation sessions, and settlement negotiations.  Counsel for the Parties also met and conferred with Defendant's counsel on numerous occasions, e.g., to discuss issues relating to the pleadings, venue, jurisdiction, motion practice, discovery, and the production of various documents and data in the course of litigation and in connection with mediations and settlement discussions, and engaged in extensive settlement negotiations over several months to try and resolve the Action (prior to reaching the original settlement) and also extensive settlement negotiations over the course of several years to attempt to reach agreement on an amended settlement.  Other work performed by Plaintiffs' Counsel included, and was not limited to, case strategy and analysis; drafting, reviewing, and revising pleadings, motion-related papers, and the mediation brief; preparing and appearing for court proceedings; and preparing for and attending mediations and settlement negotiations.[61]

As outlined herein, the Parties have conducted significant formal and informal discovery and investigation in this matter.  Class Counsel analyzed a large amount of information, documents, and data obtained from Plaintiffs, Defendant, and through other sources.  These documents and data provided a critical understanding of the nature of the work performed by the Class Members and FLSA Members, as well as Defendant's operations and employment policies, practices, and procedures, and

---

[60] Aiwazian Decl., ¶ 11.
[61] *Ibid.*

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

were used in analyzing liability, damages, penalties, and valuation issues in connection with all phases of the litigation, and ultimately with the mediations and settlement negotiation process. Class Counsel also invested time researching and investigating the applicable law, which is constantly evolving as it relates to certification, representative PAGA claims, off-the-clock theory, FLSA claims, meal and rest periods, collective bargaining agreements, federal preemption, agricultural and harvest worker exemptions, wage-and-hour law and enforcement, Plaintiffs' claims and allegations, Defendant's defenses thereto, as well as facts discovered.[62]

After conducting significant investigation into the facts and law in the course of litigating the Actions, Plaintiffs and Defendant engaged in extensive settlement negotiations to try to resolve the Actions. These efforts included participating two (2) formal, full-day private mediation sessions conducted by the Honorable Edward Infante (Ret.), a retired federal magistrate judge who is highly experienced in mediating complex wage-and-hour matters, and extensive settlement negotiations thereafter. During all settlement discussions, the Parties conducted their negotiations at arm's length in an adversarial position. After engaging in extensive formal and informal discovery and investigation into the facts of the cases and extensive settlement negotiations, the parties ultimately reached a proposed settlement on behalf of a proposed class and FLSA collective of all current and former employees who Defendant classified as non-exempt and worked in that capacity at Defendant's Fresno, Firebaugh, Hanford, Lemoore, Gilroy and Williams facilities in California at any time during the period from July 7, 2011 to the date on which this Court grants preliminary approval of the Settlement. On June 1, 2017, Plaintiffs filed a motion for preliminary approval of a settlement in the *Beltran* Action, which was denied without prejudice by Fresno County Superior Court. On June 27, 2018, Plaintiffs filed a renewed motion for preliminary approval of a settlement in the *Beltran* Action, which was denied without prejudice on October 25, 2018. The Parties subsequently engaged in additional extensive negotiations to resolve the Actions and were eventually able to reach an amended settlement that, *inter alia*, addressed issues that had been raised by Fresno County Superior Court.[63]

---

[62] Aiwazian Decl., ¶ 12.
[63] Aiwazian Decl., ¶ 13.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Prior to and during the mediations and settlement negotiations, the Parties exchanged documents, information and data, and discussed various aspects of the Actions, including but not limited to the risks and delays of further litigation, the risks to the Parties of proceeding with class and collective certification and/or representative adjudication, and trial, the law relating to off-the-clock theory, FLSA claims, meal and rest periods, representative PAGA representative claims, collective bargaining agreements, federal preemption, agricultural and harvest worker exemptions, and wage-and-hour enforcement, the evidence produced and analyzed, and the possibility of appeals, among other things.[64]  Arriving at a settlement that was acceptable to the Parties was not easy.[65]

**B.     The Risks Inherent in Continued Litigation Favor Final Approval of the Settlement.**

The Settlement, which provides for a Total Settlement Fund of up to $4,500,000.00, represents a fair, adequate, and reasonable resolution of the case, given the risks inherent in litigating class, representative, and collective claims through certification proceedings, trial, and/or appeals.   The Settlement was calculated using information and data uncovered through extensive case investigation, formal and informal discovery, and informal exchange of information in advance of and/or in the context of mediation and additional settlement negotiations thereafter.[66]

Had the case not settled, Defendant would have vigorously challenged certifiability and liability.  Defendant contended, *inter alia,* that its practices, policies, and procedures complied with the law, and that it paid Class Members and FLSA Members over California and federal minimum wage for all hours worked, correctly paid overtime for all overtime hours worked, and provided compliant meal and rest periods (in accordance with wage-and-hour requirements applicable to the particular workforce at issue).  Defendant also contended that it correctly calculated the overtime rate and that its rounding policy was fair and neutral to Plaintiffs, Class Members, and FLSA Members.  Defendant further contended that all employees were required to record all time worked, were given the opportunity to make any necessary revisions or changes to their time, and were instructed to inform

---

[64] *Id.*, ¶ 14.
[65] *Ibid.*
[66] *Id.*, ¶¶ 11-13.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Defendant of any non-compliant meal or rest periods, and that Defendant was not aware that any work had been performed off-the-clock or during meal and rest periods. Finally, throughout this litigation, Defendant argued that individualized questions of fact predominate over any common issues, because Class Members and FLSA Members worked in different locations, were subject to different collective bargaining agreements, worked different shifts, and performed different job duties, and that these issues would pose challenges to class certification, collective certification, and representative adjudication. Defendant and its counsel felt very strongly about Defendant's ability to prevail on the merits and to obtain a denial of class certification and collective certification, while Plaintiffs and Plaintiffs' Counsel believed that class certification and collective certification would be obtained and that they would prevail at trial.[67]

With the aid of the mediator's evaluation, the Parties eventually agreed that the Actions were well-suited for settlement given the highly-disputed claims, legal issues relating to Plaintiffs' principal claims, as well as the costs and risks to the Parties that would attend further litigation. These risks of further litigation include, and are not limited to, a determination that the claims are unsuitable for class treatment, collective certification, and/or representative adjudication, class de-certification after certification of a class, allowing a jury to decide the claims asserted in the cases, appeals, and the real possibility of no recovery after years of litigation.[68]

### C. The Settlement is Fair, Reasonable, and Adequate.

The Settlement, which provides for a Total Settlement Fund of $4,500,000.00, represents a fair, reasonable, and adequate resolution of the Action. Considering the facts in this matter, the Total Settlement Fund represents a considerable recovery. Even after deducting attorneys' fees in the amount of $1,575,000.00, litigation costs and expenses in the amount of $63,201.23, Class Representative Incentive Awards in the amount of $33,500.00, LWDA payment in the amount of $112,500.00, Settlement Administration Costs in the amount of $45,000.00, end Employer Taxes in the amount of $167,501.44, the Net Settlement Fund is currently estimated to be $2,470,110.33.[69]

---

[67] Aiwazian Decl., ¶ 14.
[68] *Ibid.*
[69] Simpluris Decl., ¶ 18.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

As discussed in Section III, *supra*, each Participating Class Member will be paid a Non-FLSA Payment based on their number of Workweeks and each Participating FLSA Member will be paid an FLSA Payment based on their number of Workweeks.  As of the date of this Motion, the aggregate total Workweeks worked by all Participating Class Members is 617,382, and the aggregate total Workweeks worked by all Participating FLSA Members is 190,067.[70]  The *highest* gross Non-FLSA Payment to a Participating Class Member is currently estimated to be approximately $1,686.40, and the *average* gross Non-FLSA Payment to a Participating Class Member is estimated to be approximately $212.62.[71]  The *highest* gross FLSA Payment to a Participating FLSA Member is currently estimated to be approximately $1,825.94, and the *average* gross estimated FLSA Payment to a Participating FLSA Member is estimated to be approximately $500.02.[72]

At the final approval stage, "[a]n allocation formula need only have a reasonable, rational basis [to warrant approval], particularly if recommended by experienced and competent class counsel."  *In re American Bank Note Holographics, Inc., Securities Litigation* (S.D.N.Y. 2001) 127 F.Supp.2d 418, 429-30.  The *pro rata* allocation here is a fair and reasonable way to distribute the Net Settlement Fund. In light of the above considerations, Class Counsel believes that the Settlement as a whole is fair, reasonable, and adequate, and in the best interest of the Class and FLSA Members.[73]  Although the recommendations of Class Counsel are not conclusive, the Court can properly take the recommendations into account, particularly if Class Counsel appear to be competent, have experience with this type of litigation, and significant discovery and investigation have been completed.  Conte & Newberg, *Newberg on Class Actions* (4th Ed., 2002) § 11.47; *In re Omnivsion Techs., Inc.* (N.D. Cal 2008) 559 F.Supp.2D 1036, 1043 (citation omitted).  Accordingly, the Court should grant final approval of the Settlement.

///

///

---

[70] Simpluris Decl., ¶¶ 21 & 22.
[71] *Id.*, ¶ 23.
[72] *Id.*, ¶ 24.
[73] Aiwazian Decl., ¶ 27.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### D. The Class Were Represented by Competent Counsel.

Plaintiffs Maria Claudia Obeso Cota and Alexander Solorio, who originally pursued the *Cota Action* and *Solorio* Action, are represented by Lavi & Ebrahimian, LLP and Law Offices of Sahag Majarian II. Plaintiffs Thomas Beltran, Mario Martinez, and Juan Rivera, who originally pursued the *Beltran* Action and *Rivera* Action, are represented by Lawyers *for* Justice, PC. Eventually, Lawyers *for* Justice, PC, Lavi and Ebrahimian, LLP, and Law Offices of Sahag Majarian, II (collectively, referred to as "Plaintiffs' Counsel") joined forces to litigate the claims against Defendant, and jointly engage in settlement negotiations and mediation efforts.[74]

As stated in the Settlement Agreement, the Parties agreed, for the sake of efficiency and ease, that Lawyers *for* Justice, PC will be appointed as counsel for the Class and FLSA Members and identified as such in the Class Notice to the Class Members and FLSA Notice to the FLSA Members, but that all Plaintiffs' Counsel will cooperate to implement the Settlement and the attorneys' fees and costs award provided for by the Settlement will be sought on behalf of Plaintiffs' Counsel.[75]

Plaintiffs' Counsel have extensive experience in employment class action law and complex wage-and-hour litigation.[76] Lawyers *for* Justice, PC, Lavi and Ebrahimian, LLP, and Law Offices of Sahag Majarian, II, have been appointed class counsel in numerous complex wage-and-hour cases, and have recovered millions of dollars for individuals in California.[77] All Parties' counsel were capable of assessing the strengths and weaknesses of the Class Members' claims against Defendant and the benefits of the Settlement under the circumstances of this case and in the context of settlement negotiations.

### E. There Are No Objections to the Settlement.

The Settlement has been well received by the Class – ***not a single Class Member has objected to the Settlement***.[78] In evaluating the fairness, adequacy, and reasonableness of a settlement, courts

---

[74] Aiwazian Decl., ¶ 6.

[75] *Id.*, ¶ 7.

[76] Aiwazian Decl., ¶¶ 19-24; Declaration of Vince C. Granberry filed concurrently herewith ("Grnaberry Decl."), ¶¶ 3-7; Declaration of Sahag Majarian filed concurrently herewith ("Majarian Decl."), ¶¶ 2-4.

[77] *Ibid.*

[78] Simpluris Decl., ¶ 16.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

also consider the reaction of the class to the settlement. *Molski v. Gleich* (9th Cir. 2003) 318 F.3d 937, 953. "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms. Coop v. DIRECTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523, 528-29.

California courts have consistently found that a small number of objectors indicates the class' support for a settlement and strongly favors final approval. *Wershba*, *supra*, 91 Cal.App.4th at 250-51 (final approval granted despite 20 objectors); *7-Eleven Owners*, *supra*, 85 Cal.App.4th at 1152-53 (final approval granted despite 9 objectors).

Here, the lack of objections speaks volumes about the fairness, reasonableness, and adequacy of this Settlement. Accordingly, the Settlement as a whole is presumed to be fair, reasonable, and adequate, and the Court should grant final approval of the Settlement in its entirety. *Dunk*, *supra*, 48 Cal.App.4th at 1802.

## VI.   THE SETTLEMENT ADMINISTRATION COSTS ARE FAIR AND REASONABLE AND SHOULD BE APPROVED.

As set forth in the accompanying Simpluris Declaration, the total costs incurred and to be incurred by Simpluris for the notice and settlement administration process are $78,187.00.[79] The costs incurred and to be incurred include, but are not limited to, (a) establishing and maintaining a related settlement fund account; (b) establishing and maintaining a calendar of administrative deadlines and responsibilities; (c) processing and mailing payments to the Plaintiffs, Class Counsel and Class Members; (d) printing and mailing the Notice of FLSA Settlement, FLSA Opt-In Form, Notice of Class Action Settlement, and Request for Exclusion Form (hereafter "Notice Packet") to Class Members; (e) establishing and maintaining a dynamic case website (www.OlamSettlement.com) with case information, Notice Packet documents translated into Spanish and a link for Class Members to Opt-In to the FLSA settlement; (f) sending a text message to Class Members containing the case website link; (g) sending an email containing the Notice Packet to all Class Members with available email addresses;

---

[79] Simpluris Decl., ¶ 26.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

(h) receiving and validating Requests for Exclusion, Objections or Disputes of Workweeks submitted by Class Members; (i) calculating Employer Payroll Taxes and providing appropriate forms and calculations to Defendants; (j) mailing settlement checks, (k) providing counsel with weekly reports; (l) calculation of the settlement checks, issuance and mailing of those settlement checks, etc., and doing the necessary tax reporting on such payments; and (m) other tasks as the Parties mutually agree or the Court orders Simpluris to perform.[80]

Accordingly, the Court should grant final approval of payment to Simpluris, a necessary third-party for handling of the notice and settlement process, in the amount of $78,187.00.

## VII.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court grant final approval of the Settlement and payments allocated and provided for by the Settlement, including Settlement Administration Costs and Class Representative Incentive Awards, in accordance with the Settlement.

Dated: December 21, 2022                    **LAWYERS *for* JUSTICE, PC**


By:      _____*/s/ Ovsanna Takvoryan*_____
         Ovsanna Takvoryan
         *Attorneys for* Plaintiffs and the Class

---

[80] Simpluris Decl., ¶¶ 3 & 26.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203