Edwin Aiwazian (Cal. State Bar No. 232943)
Arby Aiwazian (Cal. State Bar No. 269827)
Joanna Ghosh (Cal. State Bar No. 272479)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone: (818) 265-1020
Facsimile: (818) 265-1021

*Attorneys for* Plaintiffs Thomas Beltran, Mario Martinez, and Juan Rivera and the Class

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BELTRAN; MARIO MARTINEZ; MARIA CLAUDIA OBESO COTA; individually, and on behalf of other members of the general public similarly situated; JUAN RIVERA; ALEXANDER SOLORIO; individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, <br><br> Plaintiffs, <br><br> vs. <br><br> OLAM SPICES AND VEGETABLES, INC., an unknown business entity; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 1:18-cv-01676-JLT-SAB <br><br> Honorable Stanley A. Boone <br> Courtroom 9 <br><br> **CLASS ACTION** <br><br> **DECLARATION OF LINDSAY KLINE REGARDING NOTICE AND SETTLEMENT ADMINISTRATION** <br><br> Date:          January 25, 2023 <br> Time:          10:00 a.m. <br> Department:  9 <br><br> Complaint Filed:  July 5, 2015 <br> FAC Filed:       November 10, 2015 <br> SAC Filed:       April 25, 2016 <br> TAC Filed:       April 11, 2018 <br> Trial Date:       None Set |

## DECLARATION OF LINDSAY KLINE

I, LINDSAY KLINE, hereby declare:

1.    I am employed as a Project Manager by Simpluris, Inc. ("Simpluris"), the claims administrator in the above-entitled action.  Our Corporate Office address is 3194-C Airport Loop Dr., Costa Mesa, CA 92626. My telephone number is (714) 640-5635.  I am over twenty-one years of age and authorized to make this declaration on behalf of Simpluris and myself.

2.    Simpluris is a Class Action Settlement Administration company located in Costa Mesa, California. It was founded by individuals who have each managed hundreds of settlements, along with professionals in the areas of Software Development, Third-Party Claims Administration, Mail-House Operations, and Call Center Support Management.

3.    Simpluris was approved by Counsel for Thomas Beltran, Mario Martinez, Maria Claudia Obeso Cota, Juan Rivera, and Alexander Solorio ("Plaintiffs"), and Olam West Coast, Inc. ("Defendant"), (collectively the "Parties"), to provide settlement administration services in the *Beltran et. al., v. Olam Spices and Vegetables Inc. et. al.* Settlement.  In this capacity, Simpluris was charged with (a) establishing and maintaining a related settlement fund account; (b) establishing and maintaining a calendar of administrative deadlines and responsibilities; (c) processing and mailing payments to the Plaintiffs, Class Counsel and Class Members; (d) printing and mailing the Notice of FLSA Settlement, FLSA Opt-In Form, Notice of Class Action Settlement, and Request for Exclusion Form (hereafter "Notice Packet") to Class Members; (e) establishing and maintaining a dynamic case website (www.OlamSettlement.com) with case information, Notice Packet documents translated into Spanish and a link for Class Members to Opt-In to the FLSA settlement; (f) sending a text message to Class Members containing the case website link; (g) sending an email containing the Notice Packet to all Class Members with available email addresses; (h) receiving and validating Requests for Exclusion, Objections or Disputes of Workweeks submitted by Class Members; (i) calculating Employer Payroll Taxes and providing appropriate forms and calculations to Defendants; (j) mailing settlement checks, (k) providing counsel with weekly reports; and (l) other tasks as the Parties mutually agree or the Court orders Simpluris to perform.

---

*DECLARATION OF LINDSAY KLINE REGARDING NOTICE AND SETTLEMENT ADMINISTRATION*

**TOLL FREE TELEPHONE HELPLINE**

4.      A toll-free telephone number was included in the Notice Packet for the purpose of allowing the Class Members to call Simpluris and to make inquiries regarding the Settlement. The system is accessible 24 hours a day, 7 days a week, and will remain in operation throughout the settlement process.  Callers have the option to speak with a live call center representative during normal business hours or to leave a message and receive a return call during non-business hours.  Spanish-speaking representatives are available during normal business hours. The toll-free telephone number included in the Notice of Class Action Settlement was (866) 607-3453 and was live on August 12, 2022.

**NOTIFICATION TO THE CLASS**

5.      On September 24, 2021, Simpluris received the Court-approved Notice Packet. The Notice Packet advised Class Members of their right to request exclusion from the Settlement, object to the Settlement, dispute workweeks, do nothing, and the implications of each such action.  The Notice Packet advised Class Members of applicable deadlines and other events, including the Final Approval Hearing, and how Class Members could obtain additional information.

6.      On October 25, 2021, Defense Counsel provided Simpluris with a mailing list ("Class List") containing Class Members' names, most recent mailing address, Social Security numbers and dates of employment for each Class Member during the Class Period. The Class List contained data for eight thousand one hundred and seventy-eight (8,178) Class Members.

7.      The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. The NCOA contains requested changes of address filed with the U.S. Postal Service. In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Notice Packet. Simpluris was able to locate six hundred and eight (608) updated addresses using NCOA prior to the mailing of the Notice Packet.

8.      On August 12, 2022, Notice Packets were mailed to eight thousand one hundred and seventy-eight (8,178) Class Members with addresses contained in the Class List via First Class mail or updated via the NCOA search. A copy of the Notice Packet is attached hereto as **Exhibit A**.

9.      On August 12, 2022, Notice Packets were emailed to one thousand seven hundred and four (1,704) Class Members with an email address provided in the Class List.

10.     A total of eight hundred and fourteen (814) Notice Packets were returned to Simpluris. Of these, zero (0) were returned with a forwarding address. If a Class Member's Notice Packet was returned by the USPS as undeliverable and without a forwarding address, Simpluris performed an advanced address search (i.e. skip trace) on all of these addresses by using Accurint, a reputable research tool owned by Lexis-Nexis.  Simpluris used the Class Member's name and previous address to locate a current address.  Through the advanced address searches, Simpluris was able to locate six hundred ninety-seven (697) updated addresses and Simpluris promptly mailed a Notice Packet to those updated addresses. Ultimately, there are one hundred and seventeen (117) Notice Packets that remain undeliverable.

11.     On or around October 11, 2022, Simpluris was informed that Class Members were inadvertently left off of the Class List for the initial mailing. After review of the new data file, Simpluris determined there were five hundred and sixty-two (562) Omitted Class Members.

12.     On October 21, 2022, Simpluris sent a Notice Packet to five hundred and sixty-two (562) Omitted Class Members via First Class mail.

**FLSA CLAIM FORMS, REQUESTS FOR EXCLUSION, OBJECTIONS, AND DISPUTES**

13.     The deadline for Class Members to submit a Request for Exclusion, Object to the Settlement ("Objection"), or dispute workweeks ("Dispute") was October 11, 2022 and the deadline for Omitted Class Members to submit a Request for Exclusion, Objection, or Dispute was December 20, 2022.  Simpluris anticipates additional responses may still be received as timely postmarked.

14.     As of this date, Simpluris has received twenty-six (26) valid Requests for Exclusion from Class Members.

15. As of this date, Simpluris received one thousand two hundred and thirty-five (1,235) FLSA Claim Forms from FLSA Members.

16. As of this date, Simpluris has not received any Objections to the Settlement from Class Members.

17. As of this date, Simpluris received one (1) Dispute regarding workweeks from a Class Member. It has not been determined if the dispute will be accepted or denied.

## BREAKDOWN OF THE NET SETTLEMENT FUND

18. The Net Settlement Fund available to pay Participating Class Members and Participating FLSA Members in the amount of $2,470,110.33, was determined by subtracting the attorneys' fee request ($1,575,000.00), Plaintiffs' Counsel's litigation costs and expenses ($63,201.23), the total requested Class Representative Incentive Awards ($33,500.00), the LWDA Payment ($112,500.00), Employer Taxes (estimated at $167,501.44), and the Settlement Administration Costs ($78,187.00) from the Total Settlement Fund ($4,500,000.00).

## INDIVIDUAL SETTLEMENT PAYMENTS

19. As of this date, there are eight thousand seven hundred and thirteen (8,713) Class Members who did not submit a Request for Exclusion ("Participating Class Members") and one thousand two hundred and thirty-five (1,235) FLSA Members FLSA Members who submitted a timely and valid FLSA Opt-In Form, FLSA Opt-In Card, Opt-In-Electronic Form, or written consent to opt-in to the Action and participate in the FLSA Settlement ("Participating FLSA Members").

20. Pursuant to the Settlement Agreement, the Participating Class Members will receive 75% of the Net Settlement Fund (i.e., Net Class Settlement Fund), currently estimated to be $1,852,582.75, and Participating FLSA Members will receive the remaining 25% of the Net Settlement Fund (i.e., Net FLSA Settlement Fund), currently estimated to be $617,527.58.

21. As of this date, the aggregate total Workweeks worked by all Participating Class Members is 617,382.

22. As of this date, the aggregate total Workweeks worked by all Participating FLSA Members is 190,067.

23.     As of this date, the *highest* gross estimated Non-FLSA Payment to a Participating Class Member is approximately $1,686.40, the *lowest* gross estimated Non-FLSA Payment to a Participating Class Member is approximately $3.00, and the *average* gross estimated Non-FLSA Payment to a Participating Class Member is approximately $212.62.  These amounts are subject to reduction for the employee-side taxes and withholdings.

24.     As of this date, the *highest* gross estimated FLSA Payment to a Participating FLSA Member is approximately $1,825.94, the *lowest* gross estimated FLSA Payment to a Participating FLSA Member is approximately $3.25, and the *average* gross estimated FLSA Payment to a Participating FLSA Member is approximately $500.02.  These amounts are subject to reduction for the employee-side taxes and withholdings.

25.     As of this date, the estimated employer share of payroll taxes is approximately $167,501.44.

## ADMINISTRATION COSTS

26.     Simpluris' total costs for services in connection with the administration of this Settlement, including fees incurred and anticipated future costs for completion of the administration, are $83,177.00, of which $78,187.00 will be paid out of the Total Settlement Fund and $4,990.00 will be paid directly by Defendant.  Simpluris' work in connection with this matter will continue with the calculation of the settlement checks, issuance and mailing of those settlement checks, etc., and to do the necessary tax reporting on such payments.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 21st day of December 2022, in Costa Mesa, CA.

_____
Lindsay Kline

# EXHIBIT A

*Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.*

United States District Court, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-JLT-SAB

### NOTICE OF FLSA SETTLEMENT

*The Court has approved this Notice. This is not a solicitation from a lawyer. You are not being sued. This notice affects your rights. Please read it carefully.*

---

*For more information, please visit the Settlement Website*: www.OlamSettlement.com.

---

**If you were employed at Olam West Coast, Inc.'s ("Olam" or "Defendant")) Fresno, Firebaugh, Hanford, Lemoore, Gilroy, and/or Williams locations in one or more positions which were classified as non-exempt and/or hourly non-exempt at any time during the period from July 7, 2011 to September 22, 2021 ("FLSA Members"), you could receive payment from a proposed collective action settlement.**

- A proposed class and collective action settlement ("**Settlement**") has been reached in this case that resolves in one lawsuit, the claims initially filed in four lawsuits alleging that Olam violated the federal Fair Labor Standards Act and California wage-and-hour laws and the California Business Professions Code. The litigation involves four separate actions:  *Thomas Beltran, et al. v. Olam West Coast, Inc*. filed in the Fresno County Superior Court, Case No. 15CECG02993 ("***Beltran* Action**");  *Maria Claudia Obeso Cota v. Olam West Coast, Inc*. filed in Fresno County Superior Court, Case No. 16CECG00081; *Alexander Solorio v. Olam West Coast, Inc*. filed in Fresno County Superior Court, Case No. 16CECG00513; and, *Juan Rivera, et al. v. Olam West Coast, Inc*., filed in Santa Clara Superior Court, Case No. 16CV300758.  On April 11, 2018 a Third Amended Class Action Complaint for Damages & Enforcement Under the California Labor Code § 2698, Et Seq. ("**Third Amended Complaint**") consolidating the plaintiffs and allegations in the Settled Actions into one case, was filed in the *Beltran* Action. The settlement reached between the parties in the Settled Actions, to resolve the Settled Actions and Released Claims, is the subject of this notice.

- The *Beltran* Action was removed to Federal Court as *Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.*, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-JLT-SAB.

- Defendant denies that it did anything wrong and argues that it has complied with all employment laws. Defendant entered into this Settlement only to resolve this lawsuit and the four underlying actions.

Honorable Judge Dale A. Drozd of the United States District Court for the Eastern District of California ("Court") has preliminarily approved the Settlement. However, payments will not be distributed unless the Court grants final approval of the Settlement and then only in the manner and amount as provided for in the Settlement as finally approved.

**This Notice discusses only the FLSA Settlement. You will also receive a notice about the Class Settlement. It is important to read both notices.**

---

**1.   If I decide to participate and want to receive the most money I can, what must I do?**

---

To receive a payment under the FLSA Settlement, you need to "opt-in" to become a Participating FLSA Member. To become a Participating FLSA Member you only need to timely sign and cash, deposit, or otherwise negotiate your FLSA Payment. This is explained at Question # 8, below.

---

**2.   Why did I get this Notice of FLSA Settlement?**

---

Olam West Coast, Inc.'s records show you are or were employed at its Fresno, Firebaugh, Hanford, Lemoore, Gilroy, and/or Williams locations in California in one or more positions which were classified as non-exempt and/or hourly non-exempt at some time during the period from July 7, 2011 to September 22, 2021 ("**Settled Period**") and are thus a FLSA Member.

The lawsuit in the Eastern District of California, Fresno Division, is *Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.*, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-JLT-SAB. The plaintiffs are Thomas Beltran, Mario Martinez, Maria Claudia Obeso Cota, Alexander Solorio, and Juan Rivera (collectively, "**Plaintiffs**").  The magistrate judge in the case is the Honorable Stanley A. Boone and there is no assigned district court judge.

The lawsuit alleges that defendant Olam West Coast, Inc. failed to pay wages for all time worked, failed to pay minimum and overtime wages in the amount required by law, failed to provide meal or rest periods as required by law, failed to pay final wages in a timely manner upon the end of employment, failed to pay all wages due during employment, failed to provide accurate itemized wage payment statements, failed to maintain adequate payroll records, and failed to reimbursing all business expenses

«Barcode»
«BarcodeString»

SIMID «SIMID»

incurred, and thereby violated California law and the federal Fair Labor Standards Act ("**FLSA**"). The FLSA claims in the lawsuit are brought as a "collective action." In a collective action, one or more persons who are identified as the plaintiffs initiate the action and others are provided an opportunity to "opt-in" to the action and share in the recovery, if any. The Court will resolve the issues for all persons who opt-in to the FLSA Settlement.

---

**3. How do I participate in the FLSA Settlement?**

---

"FLSA Settlement" means the settlement and resolution of the Released FLSA Claims, which will be binding on all Participating FLSA Members.

Those who are eligible to participate in the FLSA Settlement are defined as follows:

All current and former employees who Defendant classified as non-exempt and worked in that capacity at Defendant's Fresno, Firebaugh, Hanford, Lemoore, Gilroy and Williams facilities in California at any time during the Settled Period ("**FLSA Member(s)**").

Anyone who falls within that definition is a FLSA Member and eligible to participate in the FLSA Settlement, but to do so, they must "opt-in" and become a Participating FLSA Member. There are multiple ways for an FLSA Member to opt into the FLSA Settlement and become a Participating FLSA Members:

- FLSA Members are being provided with a card that accompanies this notice ("FLSA Opt-In Card"), and may follow the instructions on it to complete, sign, and return the FLSA Opt-In Card, to opt into the FLSA Settlement.
- FLSA Members may also access the Settlement Website and either print out an opt-in form ("Opt-In Form"), which must then be completed and signed and timely mailed to the Settlement Administrator, to opt into the FLSA Settlement.
- FLSA Members may access the link on the Settlement Website for the fillable opt-in form ("Opt-In Electronic Form"), and complete and e-sign the Opt-In Electronic Form which is then automatically submitted to the Administrator, to opt into the FLSA Settlement.
- FLSA Members may also provide consent to opt-in and participate in the FLSA Settlement by submitting their own written statement containing the FLSA Member's full name and address and containing a statement reflecting that the FLSA Member consents to and opts-in to join the action and participate in the FLSA Settlement, to opt into the FLSA Settlement. All such written consents to opt-in to the Action and participate in the FLSA Settlement must be submitted to the Settlement Administrator by mail or fax, so that they are postmarked or fax-stamped no later than October 11, 2022.

> *Beltran et al v. Olam Spices and Vegetables, Inc.*
> c/o Settlement Administrator
> P.O. Box 26170, Santa Ana, CA 92799
> Fax Number: (714) 824-8591
> Website: www.OlamSettlement.com

"Participating FLSA Class Member(s)" are those FLSA Members who timely and validly opt-in to the FLSA Settlement, and thereby consent to join the *Beltran* Action under the FLSA and opt-in on a collective basis with respect to the Released FLSA Claims.

This FLSA Payment check relates only to the FLSA Settlement. You will potentially receive a second check if you are also a member of the Class Settlement mentioned above which is explained in the Notice of Class Action Settlement. You will receive a Notice of Class Action Settlement if you are a potential member of the proposed class.

---

**4. What will I give up if I participate in the FLSA Settlement?**

---

If you participate in the FLSA Settlement (i.e., if you opt-in and become a Participating FLSA Class Member) you will give up your right to make claims against Defendant and all Released Parties with regard to the Released FLSA Claims.

"**Released FLSA Claims**" means any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature under the Fair Labor Standards Act, whether known or unknown, foreseen or unforeseen, arising out of or related to any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, as of and including the Effective Date, which are or could be raised in the Action against the Released Parties.

"**Released Parties**" means, with regard to the Released FLSA Claims, Defendant and any of its former and present parents, subsidiaries, affiliates, divisions, corporations in common control, predecessors, successors, joint ventures and assigns, as well as

«Barcode»
«BarcodeString»                                                                                              SIMID «SIMID»

all past and present officers, directors, employees, partners, members, principals, shareholders, agents, attorneys, insurers, co-insurers, reinsurers, and any other successors, assigns, or personal or legal representatives, if any.

| **5.   Why is there a settlement?** |
|---|

After the exchange of relevant information and evidence, the parties attended private mediation to attempt to informally resolve the cases. The parties participated in mediation with mediator Hon. Edward Infante, Ret., a retired federal magistrate judge. The parties were eventually able to negotiate a settlement of the cases.

The Settlement has been modified after further discussions and the present Settlement is set forth in the Fourth Amended Class Action and Collective Action Settlement and Release Agreement ("**Settlement**" or "**Settlement Agreement**").

The Settlement does not mean that Olam has agreed it did anything wrong. Olam has denied, and continues to deny, the factual and legal allegations in the cases and believes that it has complied with the law.  By agreeing to settle, Olam is not admitting liability on any of the factual allegations or claims in the cases.  Olam has agreed to settle the cases as part of a compromise with Plaintiffs.

The Class Representatives and their lawyers ("**Class Counsel**") have investigated and researched the facts and circumstances underlying the issues raised in the cases and the applicable law, and while Class Counsel believe that the claims alleged in the lawsuits have merit, Class Counsel also recognize that the risk and expense of continued litigation justify settlement and further believe, based on the foregoing, that the proposed settlement is fair, adequate, reasonable, and in the best interests of Class Members. In reaching settlement, the parties have considered, among other factors, the costs and risks involved in going all the way to trial.

### THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE

| **6.   What are the Settlement terms?** |
|---|

Plaintiffs and Olam have agreed to settle the Settled Actions and Released FLSA Claims (see Question #4, above). As a part of the Settlement, which includes both the FLSA Settlement and Class Settlement (described in a separate notice), Olam has agreed to pay the amount of $4,500,000 ("**Total Settlement Amount**").  The following amounts will be paid from the Total Settlement Amount, subject to approval by the Court: (1) the amount of $33,500.00 to Plaintiffs for their services as the Class Representatives ("**Class Representative Incentive Awards**"); (2) the amount of up to $1,575,000 in attorneys' fees and the amount of up to $65,000 in litigation costs and expenses to Class Counsel ("**Attorneys' Fees and Costs**"); (3) the amount of $112,500.00 to the California Labor and Workforce Development Agency ("**LWDA**") for the LWDA's 75% portion of the amount allocated to penalties under the Private Attorneys General Act (the total amount allocated toward PAGA penalties is $150,000); (4) reasonable Settlement Administrator's fees and expenses, which are currently estimated not to exceed $78,187 ("**Settlement Administration Costs**"); and (5) employer's share of payroll taxes and contributions with respect to the Wage Portion, which are estimated to be between $117,000 to $168,000 (with the final amount depending on the final amount available for distribution to the Class and applicable tax rates)("**Employer Taxes**").

The Total Settlement Amount minus the Class Representative Incentive Awards, Attorneys' Fees and Costs, the payment to the LWDA, the Settlement Administration Costs, and the Employer Taxes is referred to as the "**Net Settlement Fund**". Seventy-five percent (75%) of the Net Settlement Fund will be allocated the Class Settlement ("**Net Class Settlement Fund**") and twenty-five percent (25%) of the Net Settlement Fund will be allocated to the FLSA Settlement ("**Net FLSA Settlement Fund**").

| **7.   How much money will I get if I participate in the Settlement?** |
|---|

Each FLSA Member will be issued a check for payment of a share of the Net FLSA Settlement Fund based on the number of workweeks they worked during the period from July 7, 2011 to September 22, 2021 ("Workweeks"). These settlement payments ("FLSA Payment(s)") are to be calculated and distributed as follows:

a.   The Settlement Administrator will calculate the total number of Workweeks worked by each FLSA Member ("Individual Workweeks") and the total number of Workweeks worked by all FLSA Members ("FLSA Workweeks") during the Settled Period.

b.   To determine each FLSA Payment the Settlement Administrator will use the following formula:

FLSA Payment = (Individual Workweeks ÷ FLSA Workweeks) x (Net FLSA Settlement Fund).

c.   The FLSA Payments will be distributed by way of check.

«Barcode»
«BarcodeString»

SIMID «SIMID»

> **According to Olam's records, you worked a total of «MERGED_FLSAWW» Workweeks. Your gross share of the Net FLSA Settlement Fund is estimated to be approximately $«MERGED_FLSAAmnt_CALC».**

**If you believe the number of Workweeks credited to you above is incorrect, you may submit a written dispute to the Settlement Administrator.** All disputes must be postmarked on or before October 11, 2022. The written dispute must: (1) contain a clear statement indicating that you wish to dispute or challenge the Workweeks credited in this Notice; (2) contain your name, address, and the last four digits of your Social Security number and/or employee identification number; (3) be signed by you; (4) attach any supporting documentation you wish to rely upon; and (5) be mailed (to the address listed immediately below) or faxed (to the fax number listed immediately below) to the Settlement Administrator so that it is postmarked or fax-stamped on or before October 11, 2022.

> *Beltran et al v. Olam Spices and Vegetables, Inc.*
> c/o Settlement Administrator
> P.O. Box 26170, Santa Ana, CA 92799
> Fax Number: (714) 824-8591
> Website: www.OlamSettlement.com

Olam's records are presumed to be correct, unless a Participating FLSA Member proves otherwise with documentary evidence.

Each Participating FLSA Member's share of the Net FLSA Settlement Fund will be allocated as thirty- four percent (34%) as wages ("Wage Portion") for which IRS Form W-2 will be issued; and sixty-six (66%) as penalties, interest, consideration for the waiver of rights and benefits conferred by California Civil Code Section 1542, and non-wage damages ("Non-Wage Portion") for which IRS Form 1099-MISC will be issued. Each Participating FLSA Member's share of the Net FLSA Settlement Fund will be paid subject to reduction for all employee's share of taxes and withholding with respect to the Wage Portion. The Employer Taxes will be paid from the Total Settlement Amount. IRS Forms W-2 and 1099 will be distributed to Participating FLSA Members and the appropriate taxing authorities reflecting the payments they receive under the FLSA Settlement. Participating FLSA Members should consult their tax advisors concerning the tax consequences of the payments they receive under the FLSA Settlement.

The other notice about the Class Settlement will tell you how much money you will be eligible to receive if you do not opt out of the Class Settlement. The payment available under the Class Settlement is referred to as a "Non-FLSA Payment." Together, the FLSA Payment and Non-FLSA Payment are referred to as "Individual Settlement Payment." Individual Settlement Payments will be issued by way of check.

### HOW TO PARTICIPATE IN AND GET A PAYMENT FROM THE FLSA SETTLEMENT

| **8.   How do I get a payment for the release of Released FLSA Claims?** |
| --- |

The participate in and receive payment from the FLSA Settlement, you must timely and validly opt into the FLSA collective action (see Question #3) and thereby opt into the FLSA Settlement. By doing so, you will be deemed to have consented to join the *Beltran* Action under the FLSA and opted-in on a collective basis with respect to the Released FLSA Claims, and will be bound to the FLSA Settlement and any judgment entered by the Court based thereon, and thereby forever release and discharge the Released FLSA Claims.

With respect to the Released FLSA Claims, and for additional consideration that is part of the FLSA Payment, if you timely and validly opt into the FLSA Settlement, you will be deemed to release and waive all rights and benefits conferred upon you by California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

If you do not timely and validly opt into the FLSA Settlement, you will not be subject to the release of Released FLSA Claims.

Deciding not to opt-in to the FLSA Settlement, however, does not exclude you from participating in the Class Settlement (see separate Notice of Class Action Settlement).

| **9.   How and when will I get a payment?** |
| --- |

The Final Approval Hearing on the adequacy, reasonableness, and fairness of the Settlement will be held on January 25, 2023 at 10:00 a.m. in Courtroom 9 of the Court (see Question #12, below). You are not required to attend the hearing. If the Settlement is approved by the Court, and there are no appeals of such approval, the Non-FLSA Payment will be sent to the address where you received this Notice. If you would like to change the address where your payment will be mailed, please contact the

**Page 4 of 5**
**Notice of FLSA Settlement**
*Questions? Call (866)607-3453*

«Barcode»
«BarcodeString»                                                                                                SIMID «SIMID»

Settlement Administrator whose name and address are listed in connection with Question #7, above. If after the Court grants approval of the Settlement, an appeal or other challenge to the approval is filed, you will not be sent your payment until that appeal or challenge is concluded.

**If you have questions with regard to when the checks will be mailed, please contact the Settlement Administrator.**

## THE LAWYERS IN THIS CASE

| **10. Do I have a lawyer in this case?** |
| --- |

The lawyers that have been appointed to serve as counsel for the Participating FLSA Members are:

Edwin Aiwazian, Esq.
Arby Aiwazian, Esq.
Joanna Ghosh, Esq.
Lawyers *for* Justice, PC
410 Arden Ave., Suite 203
Glendale, California 91203
Phone: (818) 265-1020
Fax: (818) 265-1021

All inquiries regarding this Notice and/or the Settlement should be directed to the Settlement Administrator or Class Counsel.

| **11. Who are the lawyers representing Olam?** |
| --- |

The following lawyers represent Olam West Coast, Inc. in this case:

Susan K. Hatmaker
Hatmaker Law Group, PC
7522 N. Colonial Ave., Suite 105
Fresno, CA 93711

## THE FINAL APPROVAL HEARING

| **12. When and where will the Court decide whether to approve the Settlement?** |
| --- |

The Court will hold the Final Approval Hearing to decide whether to approve the Settlement on January 25, 2023, at 10:00 a.m. in Courtroom 9 of the Robert E. Coyle Federal Courthouse located at 2500 Tulare Street, Fresno, CA 93721. The Final Approval Hearing may be moved to a different date and/or time without further notice.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also decide how much to award for Attorneys' Fees and Costs, Class Representative Incentive Awards, and Settlement Administration Costs. The Court may make its decisions at the time of the Final Approval Hearing or at a later time. We do not know how long the Court will take to provide a decision.

You are not required to come to the Final Approval Hearing, but you are welcome to attend at your own expense if you would like to come.

| **13. How do I get more information?** |
| --- |

This Notice provides only a summary of the most pertinent terms of Settlement. For a more detailed statement of the matters involved in the cases and the Settlement, you may refer to the pleadings, the Settlement Agreement, and other papers filed in the *Beltran* Action. You may review the Settlement Agreement and other court records by using Public Access to Court Electronic Records System ("PACER") (for a fee). You may also view these documents by visiting the following courthouse location which is also where filings with the Court (such as objections) by non-attorneys may be undertaken:

Office of the Clerk
Robert E. Coyle Federal Courthouse
2500 Tulare Street, Room 1501
Fresno, CA 93721.

The Settlement Agreement may also be accessed at the following website: www.OlamSettlement.com. All inquiries by FLSA Members regarding this Notice and/or the Settlement should be directed to the Settlement Administrator (see contact information in connection with Question # 7) or Class Counsel (see contact information in connection with Question #10).

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OLAM, OR OLAM'S ATTORNEYS WITH INQUIRIES.**

**Page 5 of 5**
**Notice of FLSA Settlement**
*Questions?  Call (866)607-3453*

«Barcode»
«BarcodeString»                                                                                                    SIMID «SIMID»

*Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.*

United States District Court, Eastern District of California, Fresno Division,

Case No. 1:18-cv-01676-JLT-SAB

## FLSA OPT-IN FORM

«I Mou l l BarcodeEncoded»

«FirstName» «LastName» «BusinessName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

SIMID «SIMID»

Name/Address Changes:

_____

_____

_____

Only those FLSA Members who give their consent in writing to become a party to the Action and have such consent filed in the Court will be deemed to have consented to join the action and opted-in on a collective basis with respect to the FLSA claims, and will be bound to the FLSA Settlement and any judgment entered by the Court based thereon.

For your convenience, if you are a FLSA Member, you may opt-in and participate in the Settlement by completing this form and returning it to the Settlement Administrator by mail or fax, so that it is postmarked or fax-stamped on or before October 11, 2022.

*Beltran et al v. Olam Spices and Vegetables, Inc.*
c/o Settlement Administrator
P.O. Box 26170, Santa Ana, CA 92799
Fax Number: (714) 824-8591
Website: www.OlamSettlement.com

The Settlement Administrator, with the assistance of Class Counsel, will cause the form to be filed with the Court.

**By signing this writing, I consent to join the lawsuit entitled *Beltran, et. al. v. Olam West Coast, Inc.*, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-JLT-SAB, pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 USC Section 216(b), for purposes of participating in the settlement. I further understand and agree that my signing this writing constitutes a full and complete release of any and all of Released FLSA Claims and that a copy of this writing may be filed with the Court, with personal information other than my name redacted, as evidence of my consent.**

Signature:  _____

Full Name:  _____

«Barcode»
«BarcodeString»

SIMID «SIMID»

*Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.*

United States District Court, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-JLT-SAB

## NOTICE OF CLASS ACTION SETTLEMENT

*The Court has approved this Notice. This is not a solicitation from a lawyer. You are not being sued. This notice affects your rights. Please read it carefully.*

---

*For more information, please visit the Settlement Website: www.OlamSettlement.com.*

---

**If you were employed at Olam West Coast, Inc.'s ("Olam" or "Defendant") Fresno, Firebaugh, Hanford, Lemoore, Gilroy, and/or Williams locations in California in one or more positions which were classified as non-exempt and/or hourly non-exempt at any time during the period from July 7, 2011 to September 22, 2021 ("Class Members"), you may be eligible to receive payment from a proposed class action settlement.**

- A proposed class and collective action settlement ("**Settlement**") has been reached in this case that resolves in one lawsuit, the claims initially filed in four lawsuits alleging that Olam violated the federal Fair Labor Standards Act and California wage-and-hour laws and thereby engaged in unfair business practices under the California Business and Professions Code. The litigation involves four separate actions ("Settled Actions"): *Thomas Beltran, et al. v. Olam West Coast, Inc*. filed in the Fresno County Superior Court, Case No. 15CECG02993 ("*Beltran* Action"); *Maria Claudia Obeso Cota v. Olam West Coast, Inc*. filed in Fresno County Superior Court, Case No. 16CECG00081; *Alexander Solorio v. Olam West Coast, Inc*. filed in Fresno County Superior Court, Case No. 16CECG00513; and *Juan Rivera, et al. v. Olam West Coast, Inc*., filed in Santa Clara Superior Court, Case No. 16CV300758.  On April 11, 2018 a Third Amended Class Action Complaint for Damages & Enforcement Under the California Labor Code § 2698, Et Seq. ("**Third Amended Complaint**"), consolidating the plaintiffs and allegations in the Settled Actions into one case, was filed in the *Beltran* Action. The settlement reached between the parties in the Settled Actions, to resolve the Settled Actions and Released Claims, is the subject of this notice.

- The *Beltran* Action was removed to Federal Court as *Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.*, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-JLT-SAB.

- Defendant denies that it did anything wrong and argues that it has complied with all employment laws. Defendant entered into this Settlement only to resolve the Settled Actions.

Honorable Judge Dale A. Drozd of the United States District Court for the Eastern District of California ("Court") has preliminarily approved the Settlement. However, payments will not be distributed unless the Court grants final approval of the Settlement and then only in the manner and amount as provided for in the Settlement as finally approved.

**This Notice discusses the Class Settlement**. You are also being provided with a separate notice about the FLSA Settlement. It is important to read both notices.

---

**1.   If I decide to participate in the Class Settlement and want to receive payment under the Class Settlement, what must I do?**

---

You do not have to do anything to receive payment for the Class Settlement.  All Class Members will automatically be included in the Class Settlement as long as they do not affirmatively "opt out" of the Class Settlement.

---

**2.   Why did I get this Notice of Class Action Settlement?**

---

Olam West Coast, Inc.'s records show you are or were employed at its Fresno, Firebaugh, Hanford, Lemoore, Gilroy, and/or Williams locations in California in one or more positions which were classified as non-exempt and/or hourly non-exempt at some time during the period from July 7, 2011 to September 22, 2021 ("**Settled Period**") and are thus a Class Member.

The Settlement was preliminarily approved in the lawsuit pending in the United States District Court for the Eastern District of California, Fresno Division, entitled *Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.*, Case No. 1:18-cv-01676-JLT - SAB. The plaintiffs are Thomas Beltran, Mario Martinez, Maria Claudia Obeso Cota, Alexander Solorio, and Juan Rivera (collectively, "**Plaintiffs**").  The magistrate judge in the case is the Honorable Stanley A. Boone and there is no assigned district court judge.

The lawsuit alleges, among other things, that defendant Olam West Coast, Inc.  violated the California Labor Code and Industrial Welfare Commission Wage Orders by failing to pay wages for all time worked, failing to pay minimum and overtime wages in the amount required by law, failing to provide meal or rest periods as required by law, not paying final wages in a timely manner

«Barcode»
«BarcodeString»

SIMID «SIMID»

upon the end of employment, not paying all wages due during employment, not providing accurate itemized wage payment statements, not maintaining adequate payroll records, and not reimbursing all business expenses incurred, and that Olam thereby engaged in conduct constituting unfair business practices under California Business and Professions Code section 17200 *et seq.* and conduct that gives rise to civil penalties recoverable under the California Labor Code Private Attorneys General Act ("**PAGA**").

In the lawsuit Plaintiffs are pursuing class claims on behalf of the Class Members. In a class action, one or more persons who are identified as the plaintiffs file the case on behalf of themselves and other employees or former employees who have similar claims. All of these employees and former employees together make up the class and are class members for whose benefit the class action is brought. When a class is certified by the court in the class action, the court will resolve the issues for all class members except for those who exclude themselves from the class.

| 3. | What is the Class Settlement? |
|---|---|

"Class Settlement" means the settlement and resolution of the Released Class Claims, which will be binding on all Participating Class Members. (See Question # 7 for more information).

Those Class Members who do not submit valid and timely Requests for Exclusion (collectively, "Settlement Class" and individually, "Participating Class Member(s)") will be bound by the Class Settlement. (See Question #9, for more information).

| 4. | Why is there a Settlement? |
|---|---|

After the exchange of relevant information and evidence, the parties attended private mediation to attempt to informally resolve the cases. The parties participated in mediation with mediator Hon. Edward Infante, Ret., a retired federal magistrate judge. The parties were eventually able to negotiate a settlement of the cases.

The Settlement has been modified after further discussions and the present Settlement is set forth in the Fourth Amended Class Action and Collective Action Settlement and Release Agreement ("**Settlement**" or "**Settlement Agreement**").

The Settlement does not mean that Olam has agreed it did anything wrong. Olam has denied, and continues to deny, the factual and legal allegations in the cases and believes that it has complied with the law. By agreeing to settle, Olam is not admitting liability on any of the factual allegations or claims in the cases. Olam has agreed to settle the cases as part of a compromise with Plaintiffs.

The Class Representatives and their lawyers ("**Class Counsel**") have investigated and researched the facts and circumstances underlying the issues raised in the cases and the applicable law, and while Class Counsel believe that the claims alleged in the lawsuits have merit, Class Counsel also recognize that the risk and expense of continued litigation justify settlement and further believe, based on the foregoing, that the proposed settlement is fair, adequate, reasonable, and in the best interests of Class Members. In reaching settlement, the parties have considered, among other factors, the costs and risks involved in going all the way to trial.

### THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE

| 5. | What are the Settlement terms? |
|---|---|

Plaintiffs and Olam have agreed to resolve the Settled Actions and Released Class Claims (see Question #7, below). As a part of the Settlement, which includes both the Class Settlement and FLSA Settlement (described in a separate notice), Olam has agreed to pay the amount of $4,500,000 ("**Total Settlement Amount**"). The following amounts will be paid from the Total Settlement Amount, subject to approval by the Court: (1) the amount of $33,500.00 to Plaintiffs for their services as the Class Representatives ("**Class Representative Incentive Awards**"); (2) the amount of up to $1,575,000 in attorneys' fees and the amount of up to $65,000 in litigation costs and expenses to Class Counsel ("**Attorneys' Fees and Costs**"); (3) the amount of $112,500.00 to the California Labor and Workforce Development Agency ("**LWDA**") for the LWDA's 75% portion of the amount allocated to PAGA penalties (the total amount allocated toward PAGA penalties is $150,000); (4) reasonable Settlement Administrator's fees and expenses, which are currently estimated not to exceed $78,187 ("**Settlement Administration Costs**"); and (5) employer's share of payroll taxes and contributions with respect to the Wage Portion, which are estimated to be between $117,000 to $168,000 (with the final amount depending on the final amount available for distribution to the Class and applicable tax rates)("**Employer Taxes**").

The Total Settlement Amount minus the Class Representative Incentive Awards, Attorneys' Fees and Costs, the payment to the LWDA, the Settlement Administration Costs, and the Employer Taxes is referred to as the "**Net Settlement Fund**". Seventy-five percent (75%) of the Net Settlement Fund will be allocated the Class Settlement ("**Net Class Settlement Fund**") and twenty-five percent (25%) of the Net Settlement Fund will be allocated to the FLSA Settlement ("**Net FLSA Settlement Fund**").

«Barcode»
«BarcodeString»                                                                                      SIMID «SIMID»

| **6.** | **How much money will I get if I participate in the Class Settlement?** |

Each Class Member who does not "opt out" of the Class Settlement by filing a valid and timely Request for Exclusion ("**Participating Class Member**") is entitled to payment of a share of the Net Class Settlement Fund ("Non-FLSA Payment") based on their number weeks of employment by Defendant in a Covered Position at any time during the period from July 7, 2011 to September 22, 2021 ("**Workweeks**"). Settlement payments are to be calculated and distributed as follows:

a. The Settlement Administrator will calculate the total number of Workweeks worked by each Participating Class Member ("**Individual Workweeks**") and the total number of Workweeks worked by all Participating Class Members ("**Class Workweeks**") during the Settled Period.

b. To determine each Participating Class Member's Non-FLSA Payment, the Settlement Administrator will use the following formula:

Non-FLSA Payment = (Individual Workweeks ÷ Class Workweeks) x (Net Class Settlement Fund).

c. The entire Net Class Settlement Fund will be disbursed to all Participating Class Members. If there are any valid and timely Requests for Exclusion, the Settlement Administrator shall proportionately increase the Non-FLSA Payment for each Participating Class Member according to their Individual Workweeks, so that 100% of the Net Class Settlement Fund is distributed.

> **According to Olam's records, you worked a total of «MERGED_ClassWW» Workweeks. Your gross share of the Net Class Settlement Fund is estimated to be approximately $«MERGED_ClassAmnt_CALC».**

**If you believe the number of Workweeks credited to you above is incorrect, you may submit a written dispute to the Settlement Administrator.**  All disputes must be postmarked on or before October 11, 2022.  The written dispute must: (1) contain a clear statement indicating that you wish to dispute or challenge the Workweeks credited in this Notice; (2) contain your name, address, and the last four digits of your Social Security number and/or employee identification number; (3) be signed by you; (4) attach any supporting documentation you wish to rely upon; and (5) be mailed (to the address listed in connection with Question #9 below) or faxed (to the fax number listed in connection with Question #9 below) to the Settlement Administrator so that it is postmarked or fax-stamped on or before October 11, 2022.  Olam's records are presumed to be correct, unless a Class Member proves otherwise with documentary evidence.

Each Participating Class Member's share of the Net Class Settlement Fund will be allocated as thirty- four percent (34%) as wages ("**Wage Portion**") for which IRS Form W-2 will be issued; and sixty-six (66%) as penalties, interest, consideration for the waiver of rights and benefits conferred by California Civil Code Section 1542, and non-wage damages ("**Non-Wage Portion**") for which IRS Form 1099-MISC will be issued.  Each Participating Class Member's share of the Net Class Settlement Fund will be paid subject to reduction for all employee's share of taxes and withholding with respect to the Wage Portion.  The Employer Taxes will be paid from the Total Settlement Amount.  IRS Forms W-2 and 1099 will be distributed to Participating Class Members and the appropriate taxing authorities reflecting the payments they receive under the Class Settlement.  Participating Class Members should consult their tax advisors concerning the tax consequences of the payments they receive under the Class Settlement.

The other notice about the FLSA Settlement will tell you how much money you may be eligible to receive if you opt-in to the FLSA Settlement.  The payment available under the FLSA Settlement is referred to as a "FLSA Payment."  Together, the FLSA Payment and Non-FLSA Payment are referred to as "Individual Settlement Payment."  Individuals Settlement Payments will be issued by way of check.

This Non-FLSA Payment check relates only to the Class Settlement. You will potentially receive a second check if you are also a member of the FLSA Settlement mentioned above which is explained in the Notice of FLSA Settlement. You will receive a Notice of FLSA Settlement if you are a potential member of the proposed collective.

| **7.** | **What will I give up if I participate in the Class Settlement?** |

If you participate in the Class Settlement (i.e., if you do not submit a valid and timely Request for Exclusion) you will give up your right to make claims against Defendant and all Released Parties with regard to the Released Class Claims.

"**Released Class Claims**" are defined as follows:

All wage and hour claims, rights, demands, liabilities and causes of action of every nature and description, known and unknown, that were plead or could have been plead based on the factual allegations in the Third Amended Complaint, from July 7, 2011 through September 22, 2021, including, without limitation, any statutory, constitutional, contractual or common law claims for wages (including minimum wage, overtime, and premium wages, and for any failure to pay overtime based on the regular rate of pay), damages, business expenses, or penalties (including waiting time penalties), liquidated damages, punitive damages, interest, restitution, equitable relief, or any other relief, based on any and all applicable statutes, other than the Fair Labor Standards Act, including without limitation, the California Labor Code, the California Industrial Welfare Commission wage

«Barcode»
«BarcodeString»                                                                                                                                          SIMID «SIMID»

orders, Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, *et seq.*) ("PAGA"), California Business and Professions Code § 17200, *et seq.*, or other law, including, but not limited to, claims based on the following categories of allegations during the Settled Period: (a) all claims for unpaid overtime; (b) all claims for meal and rest period violations; (c) all claims for unpaid minimum wages; (d) all claims for untimely payment of wages upon termination; (e) all claims for untimely payment of wages during employment; (f) all claims for failure to pay wages; (g) all claims for failure to provide accurate or otherwise proper itemized wage statements; (h) all claims for failure to keep complete and accurate payroll records; (i) all claims for failure to reimburse necessary business-related expenses and costs; (j) all claims asserted, or which could have been asserted, under PAGA arising out of the aforementioned claims; (k) all claims asserted through California Business & Professions Code § 17200 *et seq.* arising out of the aforementioned claims; and (l) all other claims for penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or additional damages that allegedly arise out of the aforementioned claims.

With respect to the Released Class Claims, and for additional consideration that is a part of the Non-FLSA Payment, you will be deemed to release and waive any and all rights and benefits conferred upon you by California Civil Code Section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

"**Released Parties**" means, with regard to the Released Class Claims, Defendant and any of its former and present parents, subsidiaries, affiliates, divisions, corporations in common control, predecessors, successors, joint ventures and assigns, as well as all past and present officers, directors, employees, partners, members, principals, shareholders, agents, attorneys, insurers, co-insurers, reinsurers, and any other successors, assigns, or personal or legal representatives, if any.

**YOU DO NOT RELEASE THE FLSA RELEASED CLAIMS UNLESS YOU opt-in to the FLSA Settlement which is discussed in the FLSA Notice.**

If you choose to opt out of the Class Settlement, you will **not** receive a payment from the Class Settlement, but you keep all your rights to sue Defendant for the Released Class Claims. The only way for you to retain your rights to sue Defendant for the Released Class Claims in this case is to send a timely and valid Request for Exclusion to the Settlement Administrator postmarked no later than October 11, 2022 (see Question #9, below).

**HOW TO GET A PAYMENT OR EXCLUDE YOURSELF FROM THE CLASS SETTLEMENT**

| **8.   How and when will I get a payment?** |
| --- |

The Final Approval Hearing on the adequacy, reasonableness, and fairness of the Settlement will be held on January 23, 2023 at 10:00 a.m. in Courtroom 9 of the Court (see Question #15, below). You are not required to attend the hearing. If the Settlement is approved by the Court, and there are no appeals of such approval, your Individual Settlement Payment will be sent to the address where you received this Notice.  If you would like to change the address where your Individual Settlement Payment will be mailed, please contact the Settlement Administrator whose name and address appear at Question #9, below. If after the Court grants approval of the Settlement, an appeal or other challenge to the approval is filed, you will not be sent your Individual Settlement Payment until that appeal or challenge is concluded.

**If you have questions with regard to when the checks will be mailed, please contact the Settlement Administrator.**

| **9.   How do I exclude myself from the Class Settlement?** |
| --- |

If you do not wish to participate in the Class Settlement, you may exclude by submitting a written request to the Settlement Administrator either in the form of a letter in compliance with the requirements set forth herein or by completing and returning the Request for Exclusion Form that has been provided with this Notice (either method is referred to as a "Request for Exclusion"). The written letter must: (1) contain a clear statement indicating that the Class Member wishes to exclude him or herself from the Class Settlement; (2) contain your name and the last four digits of your Social Security number and/or employee identification number; (3) be signed by you; and (4) be mailed (to the address listed immediately below) or faxed (to the fax number listed immediately below) to the Settlement Administrator so that it is postmarked or fax-stamped on or before October 11, 2022:

*Beltran v. Olam Spices and Vegetables, Inc.*
c/o Settlement Administrator
P.O. Box 26170, Santa Ana, CA 92799
Fax Number: (714) 824-8591
Website: www.OlamSettlement.com

«Barcode»
«BarcodeString»                                                                                                                                 SIMID «SIMID»

For your convenience, included with this Notice is a Request for Exclusion Form that you may use to submit a request to be excluded from the Class Settlement (instead of submitting a separate written letter).

All Requests for Exclusion must be postmarked or faxed not later than October 11, 2022. If you submit a Request for Exclusion which is not postmarked or faxed by October 11, 2022, your Request for Exclusion will be rejected, and you will be included in the Class Settlement.

| **10.  If I exclude myself, can I get anything from the Class Settlement?** |
| --- |

If you choose to be excluded from the Class Settlement, you will not be a Participating Class Member, and you will be barred from participating in the Class Settlement and will not receive a Non-FLSA Payment from the Class Settlement. You will also be barred from filing an objection to the Class Settlement (see Questions #11 and #12). Also, you will **not** be deemed to have released the Released Class Claims.

You may still participate in the FLSA Settlement if you so choose (see FLSA Notice).

**OBJECTING TO THE CLASS SETTLEMENT**

| **11.  How do I object to the Class Settlement?** |
| --- |

If you wish to object to the Class Settlement because you find it unfair or unreasonable, you must submit an objection to the Court and the Settlement Administrator stating why you object to the Class Settlement. Your objection must provide: (1) the case name, Court, and number of the *Beltran* Action (*Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.,* United States District Court, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-JLT-SAB); your full name; (2) your dates of employment; (3) the last four digits of your Social Security number and/or employee identification number; (4) the basis for your objection; (5) a statement about whether you intend to appear at the Final Approval Hearing; and (6) be mailed (to the address listed in connection with Question #9 below) or faxed (to the fax number listed in connection with Question #9 below) to the Settlement Administrator, so that it is postmarked or fax-stamped on or before October 11, 2022, and filed with the Office of the Clerk of the Court (at the address listed below in connection with Question #17) not later than October 11, 2022.

Late objections will not be considered and those who submit late objections will be deemed not to have objected. By submitting an objection, you are not excluding yourself from the Class Settlement. Please note that you cannot both object to the Class Settlement and exclude yourself from the Class Settlement. You can choose one of those options only.

You may also, if you wish, appear at the Final Approval Hearing (see Questions #15 and #16) and discuss your objection regarding the Class Settlement with the Court and the parties at your own expense. You may also retain an attorney to represent you at the hearing.

If you choose to object to the Class Settlement, you will still be entitled to a Non-FLSA Payment and will be deemed to have released the Released Class Claims.

| **12.  What is the difference between objecting and opting out?** |
| --- |

Objecting is informing the Court that you disagree with something in the Class Settlement. If you wish to object to the Class Settlement, you must not opt out of the Class Settlement. "Opting out" means that you are excluding yourself from the Class Settlement and informing the Court that you do not want to be part of the Class Settlement. If you exclude yourself, "opt out," you will not be able to object to the Class Settlement and will not receive any Non-FLSA Payment for the Class Settlement.

**THE LAWYERS IN THIS CASE**

| **13.  Do I have a lawyer in this case?** |
| --- |

The lawyers that have been appointed to serve as counsel for the Class ("Class Counsel") are:

Edwin Awaizian, Esq.
Arby Aiwazian, Esq.
Joanna Ghosh, Esq.
Lawyers *for* Justice, PC
410 Arden Ave., Suite 203
Glendale, California 91203
Phone: (818) 265-1020
Fax: (818) 265-1021

All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to the Settlement Administrator or Class Counsel.

**Page 5 of 6**
**Notice of Class Action Settlement**
*Questions?  Call (866)607-3453*

## 14.  Who are the lawyers representing Olam?

The following lawyers represent Olam West Coast, Inc. in this case:

Susan K. Hatmaker
Hatmaker Law Group, PC
7522 N. Colonial Ave., Suite 105
Fresno, CA 93711

### THE FINAL APPROVAL HEARING

## 15.  When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing to decide whether to approve the Settlement on January 23, 2023 at 10:00 a.m., in Courtroom 9 of the Robert E. Coyle Federal Courthouse located at 2500 Tulare Street, Fresno, CA 93721. The Final Approval Hearing may be moved to a different date and/or time without further notice.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If you have filed a timely objection to the Class Settlement (see Question #11), the Court will consider it and you may choose to speak in support of your objection to the Class Settlement at the Final Approval Hearing. The Court will also decide how much to award for Attorneys' Fees and Costs, Class Representative Incentive Awards, and Settlement Administration Costs. The Court may make its decisions at the time of the Final Approval Hearing or at a later time. We do not know how long the Court will take to provide a decision.

## 16.  Do I have to come to the Final Approval Hearing?

No. Class Counsel and the lawyers for the Defendant will answer any questions the Court may have at the Final Approval Hearing. You are welcome to attend at your own expense if you would like to come. If you send in a complete and timely objection to the Class Settlement you are not required to attend to speak about it with the Court because the Court will consider all complete and timely written objections. You may, however, attend to speak about your objection to the Class Settlement or retain a lawyer to do so on your behalf, and at your expense, but you are not required to do so.

## 17.  How do I get more information?

This Notice is only a summary of the case and the Settlement. For a more detailed statement of the matters involved in the cases and the Settlement, you may refer to the pleadings, the Settlement Agreement, and other papers filed in the *Beltran* Action.  You may review the Settlement Agreement and other court records by using Public Access to Court Electronic Records System ("PACER") (for a fee).  You may also view these documents by visiting the following courthouse location which is also where filings with the Court (such as objections) by non-attorneys may be undertaken:

Office of the Clerk
Robert E. Coyle Federal Courthouse
2500 Tulare Street, Room 1501
Fresno, CA 93721.

The Settlement Agreement may also be accessed at the following website: www.OlamSettlement.com.

All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to the Settlement Administrator (see contact information listed in connection with Question #9) or Class Counsel (see contact information listed in connection with Question #13).

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OLAM, OR OLAM'S ATTORNEYS WITH INQUIRIES.**

«Barcode»
«BarcodeString»                                                                                                          SIMID «SIMID»

*Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.*

United States District Court, Eastern District of California, Fresno Division, Case No. 1:18-cv-01676-JLT-SAB

## REQUEST FOR EXCLUSION FORM

This form was issued to the individual identified as follows in Defendant's records:

«FirstName» «LastName»

Section A: Instructions

1. In order to opt out of the Class Settlement, you must complete and sign Section B below and submit this form **on or before** October 11, 2022 to the Settlement Administrator, by U.S. Mail or fax, at the following mailing address or fax number:

*Beltran et al v. Olam Spices and Vegetables, Inc.*
c/o Settlement Administrator
P.O. Box 26170
Santa Ana, CA 92799
Fax number: (714) 824-8591

2. **If you exclude yourself from the Class Settlement, you will not be entitled to a Non-FLSA Payment, and will not be allowed to make an objection to the Class Settlement.** For more information regarding the consequences of seeking exclusion from the Class Settlement, see the accompanying Notice of Class Action Settlement.

Section B: Certification

I wish to be excluded from the Class Settlement in *Thomas Beltran, et al. v. Olam Spices and Vegetables, Inc.* I understand that in asking to be excluded from the Class Settlement, I will not receive a Non-FLSA Payment, if the Settlement is approved by the Court in this case.

Print Full Name:  _____

Sign:  _____

Date:  _____

«Barcode»
«BarcodeString»

SIMID  «SIMID»

# EXHIBIT B



3194-C Airport Loop Drive
Costa Mesa, CA 92626
800-779-2104  www.simpluris.com

| | | | |
|---|---|---|---|
| Estimate #: | 13324V4 | Prepared By: | Michael Sutherland/Lindsay Kline |
| Estimate Date: | 5/12/2021 | Direct Dial #: | 321.223.5067 |
| | Updated 7/13/2022 | Email: | msutherland@simpluris.com |

| | Attorney | | Attorney |
|---|---|---|---|
| Attorney/Client: | **Joanna Ghosh** | Attorney/Client: | Robert Branch |
| Firm: | **Lawyers for Justice** | Firm: | Hatmaker Law Corp. |
| | | Email: | |

**Case Name:  Beltran v Olam :Hybrid Settlement**

| **Anticipated Total Cost** | **$78,187** |
|---|---|

**Terms:**
1) Estimated Fees assume that Simpluris will receive data in a Single Excel file with no substantial change in class size or response rate.

| | | | |
|---|---|---|---|
| Total Possible Class Size: | 8,178 | Undeliverable Rate: | 10% |
| Response Rate: | 30% | Call Rate: | 10% |
| Mailing Document Language: | English Spanish | Re-distribution: | No |
| Reminder Postcard / Letter: | Yes | State(s): | CA |
| Unclaimed Funds | Cy Pres | Tax Years | Two |

## Case Setup

### Data Compilation - Develop Case Specific Response Tracking - Error Reports

| Category | Unit Value | # of Units | Total |
|---|---|---|---|
| Project Manager - Case Setup | $125.00 | 6 | $750.00 |
| Spanish Translation-Court Certified | $0.25 | 8407 | $2,101.75 |
| Online Development/implement for interactive website | $2,500.00 | 1 | $2,500.00 |
| Database Manager - Initial Data Analysis-7 files | $140.00 | 10 | $1,400.00 |
| | | Total | $6,751.75 |

## Notification

### Notice Packet: 6/8 pg Notice/Upgraded stock with color  - Double Sided - English

| Category | Unit Value | # of Units | Total |
|---|---|---|---|
| Email/Text Set up and send | $1,000.00 | 1 | $1,000.00 |
| Mail Notice Packet | $1.50 | 8,400 | $12,600.00 |
| Postage | $0.53 | 8,400 | $4,452.00 |
| NCOA/CASS/LACS | $0.05 | 8,400 | $420.00 |
| Undeliverable Processing | $0.20 | 840 | $168.00 |
| Skip Trace RUM | $1.00 | 840 | $840.00 |
| Remail Notice Packet | $2.20 | 714 | $1,570.80 |
| Postage | $0.57 | 714 | $406.98 |
| Reminder Post card | $0.70 | 7,140 | $4,998.00 |
| Mail Supervisor | $50.00 | 4 | $200.00 |
| | | Total | $26,655.78 |

## Call Center- Toll-free number with IVR and rollover to live operators

### Establish Case Specific Toll Free Number

| Category | Unit Value | # of Units | Total |
|---|---|---|---|
| Customer Service Reps / Call Center Support | $75.00 | 21 | $1,575.00 |
| 800 # Charges | $0.10 | 1260 | $126.00 |
| | | Total | $1,701.00 |

Confidential and  Proprietary



3194-C Airport Loop Drive
Costa Mesa, CA 92626
800-779-2104  www.simpluris.com

## Claims Administration

| Process Mail: Claims, Opt-Outs and/or Objections | | | |
|---|---|---|---|
| Category | Unit Value | # of Units | Total |
| Database Manager | $125.00 | 4 | $500.00 |
| Resolving Mismatched TIN's | $75.00 | 3 | $225.00 |
| Email reporting, Undeliverables, update data base | $125.00 | 2 | $250.00 |
| Disputes / Deficiencies - Send One Cure Letter | $2.50 | 245 | $613.35 |
| Opt Out Processing | $1.00 | 82 | $81.78 |
| Claim Processing | $2.50 | 2453 | $6,133.50 |
| W-9 Processing* Estimated | $6.00 | 1000 | $6,000.00 |
| Data Entry | $50.00 | 30 | $1,500.00 |
| Claims Administrator | $75.00 | 3 | $225.00 |
| Project Manager | $125.00 | 35 | $4,375.00 |
| Weekly Reporting to Counsel | **WAIVED** | 12 Wks of Reporting | $0.00 |
| | | Total | $19,903.63 |

## Distribution

| Setup a Disbursement Account | | | |
|---|---|---|---|
| Print & Mail Checks to Class Members - W2's / 1099's - File Reports with Appropriate Federal & State Taxing Authorities | | | |
| Account Management & Reconciliation | | | |
| Category | Unit Value | # of Units | Total |
| Disbursement Data Preparation | $140.00 | 7 | $980.00 |
| Disbursement Manager - Data Validation | $75.00 | 3 | $225.00 |
| Setup Banking Account / QSF | $300.00 | 1 | $300.00 |
| Print & Mail Checks | $1.25 | 8178 | $10,222.50 |
| Postage | $0.53 | 8178 | $4,334.34 |
| Process Returned Checks | $0.50 | 82 | $40.89 |
| Skip Trace Search Undeliverable Checks | $5.00 | 82 | $408.90 |
| Remail Checks | $4.00 | 82 | $327.12 |
| QSF Account Reconciliation | $250.00 | 2 | $500.00 |
| Individual Federal / State Tax Reporting | $500.00 | 1 | $500.00 |
| QSF Reporting / Declaration | $500.00 | 1 | $500.00 |
| QSF Annual Tax Preparation Fee | $1,000.00 | 2 | $2,000.00 |
| Reissuing Checks/Mailing | $3.00 | 123 | $368.01 |
| Reissuing W2's / 1099's | $3.00 | 123 | $368.01 |
| Responding to IRS, State, Agency Inquiries | $75.00 | 2 | $150.00 |
| Disbursement Manager | $125.00 | 6 | $750.00 |
| | | Total | $21,974.77 |



3194-C Airport Loop Drive
Costa Mesa, CA 92626
800-779-2104  www.simpluris.com

## Case Wrap Up

| Send Final Reports to Counsel | | | |
|---|---|---|---|
| Category | Unit Value | # of Units | Total |
| Data Manager: Final Reporting | $125.00 | 4 | $500.00 |
| Clerical: Clean Up Any Misc | $50.00 | 4 | $200.00 |
| Project Manager: Wrap-up Final Issues | $125.00 | 4 | $500.00 |
| | | Total | $1,200.00 |

| | | | |
|---|---|---|---|
| Postage | $9,193.32 | **Total Case Costs** | **$78,186.93** |

Confidential and Proprietary

3194-C Airport Loop Drive
Costa Mesa, CA 92626
800-779-2104  www.simpluris.com

**simpluris**
Class Action Settlement Administration

All administration services to be provided by Simpluris to Client, are provided subject to the following terms and conditions:

1.    **Services.** Simpluris agrees to provide Client those services set forth in the Bid (the "Services") to which these terms and conditions are attached and which has been provided to Client.  As compensation for such Services, Client agrees to pay the fees for Services outlined in the Bid. However, Client such fees for Services are estimated based on the requirements provided by Client and actual fees charged by Simpluris may be greater or less than such estimate and Client will be responsible for the payment of all such fees.
2.    **Billing and Payment**. Simpluris will invoice Client on a regular basis unless a specific timeframe is otherwise set forth in the Bid.  Client shall pay all invoices within 30 days of receipt.  Amounts unpaid after thirty (30) days are subject to a service charge at the rate of 1.5% per month or, if less, the highest rate permitted by law.  Services are not provided on a contingency basis and Client shall remain liable to Simpluris for all fees for the Services, regardless of any court decisions, and/or actions by the parties, including disapproval or withdrawal of a settlement.
3.    **Retention of Documents**.  Unless directed otherwise in writing by the Client, Simpluris will destroy all undeliverable mail (except for undeliverable checks) on the date that it is processed and retained in Simpluris' system.  Simpluris will maintain records to establish that the subject mail is undeliverable.  Simpluris will retain undeliverable checks until the Qualified Settlement Fund is closed.  Simpluris will also retain all other class member and putative class member correspondence (including without limitation, claims forms and opt out forms) for one year after final distribution of funds or benefits, or until the date that the disposition of the case is no longer subject to appeal or review, whichever is later.  Lastly, Simpluris will retain bank & tax documents for such period of time as it determines is required to maintain compliance with various federal and state requirements.
4.    **Limitation of Liability; Disclaimer of Warranties**. Simpluris warrants that it will perform the Services diligently, with competence and reasonable care.  Simpluris' only obligation will be to correct any non-conformance with the foregoing warranty. In no event will Simpluris be liable for any lost profits/opportunities, business interruption or delay or, special, consequential , or incidental damages incurred by Client relating to the performance of the Services, regardless of whether Client's claim is for breach of contract, tort (including negligence and strict liability) or otherwise.  Under no circumstances will Simpluris be liable to Client for any claims, losses, costs, penalties, fines, judgment or damages, including court costs and reasonable attorney's fees (collectively, "Losses"), whether direct or indirect, arising out of, related to, or in connection with Services in an amount in excess of the total fees charged or chargeable to Client for the particular portion of the Services affected by Simpluris' omission or error.    THE WARRANTIES SET FORTH IN THIS SECTION ARE EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES, EXPRESS, IMPLIED OR STATUTORY, INCLUDING WITHOUT LIMITATION ANY IMPLIED WARRANTY OF MERCHANTABILITY OR OF FITNESS FOR A PARTICULAR PURPOSE.
5.    **Force Majeure.** To the extent performance by Simpluris of any of its obligations hereunder is substantially prevented by reason of any act of God or because of any other matter beyond  Simpluris' reasonable control, then such performance shall be excused and this Agreement, at  Simpluris' option, be deemed suspended during the continuation of such condition and for a reasonable time thereafter.
6.    **Rights in Data.**  Client agrees that it will not obtain, nor does Simpluris convey, any rights of ownership in the programs, system data, or materials provided or used by Simpluris in the performance of the Services.
7.    **Electronic Communications**.  During the provision of the Services the parties may wish to communicate electronically with each other at a business e-mail address. However, the electronic transmission of information cannot be guaranteed to be secure or error free and such information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete or otherwise be adversely affected or unsafe to use. Accordingly, each party agrees to use commercially reasonable procedures to check for the then most commonly known viruses and to check the integrity of data before sending information to the other electronically, but each party recognizes that such procedures cannot be a guarantee that transmissions will be virus free. It remains the responsibility of the party receiving an electronic communication from the other to carry out a virus check on any attachments before launching any documents whether received on disk or otherwise.
8.    **Notice**. Any notice required or permitted hereunder shall be in writing and shall be delivered personally, by, or sent by registered mail, postage prepaid, or overnight courier and shall be deemed given when so delivered personally, or, if mailed, five days after the date of deposit in United States mail, or, if sent by courier, one business day after delivery to such courier service. Notice should be addressed to an officer or principal of Client and Simpluris, as the case may be.
9.    **Waiver.**  Failure or delay on the part of a party to exercise any right, power or privilege hereunder shall not operate as a waiver thereof or any of other subject, right, power or privilege.
10.   **Termination**. Client may terminate the Services at anytime upon 30 days prior written notice to Simpluris.  Termination of Services shall in no event relieve Client of its obligation make any payments due and payable to Simpluris in respect of Services rendered up to the effective date of Termination. Simpluris may terminate this Agreement (i) for any reason upon no less than 90 days prior written notice to the Client; or (ii) upon 15 calendar days' prior written notice, if the Client is not current in payment of fees.
11.   **Jurisdiction**. The parties hereto irrevocably and unconditionally submit to the jurisdiction of the Court of the applicable case for purposes of any suit, action or proceeding to enforce any provision of, or based on any right arising out of, this Agreement. The parties hereto hereby irrevocably and unconditionally waive any objection to the laying of venue of any such suit, action or proceeding in such Court.
12.   **Survival**.  Any remedies for breach of this Agreement, this Section and the following Sections will survive any expiration or termination of this Agreement: Section 4 - Limitation of Liability; Disclaimer of Warranties, Section 6 – Rights in Data, and Section 12- Jurisdiction, 14 -Confidentiality, and Section 15 – Indemnification.
13.   **Entire Agreement**. These Terms and Conditions and the proposal embody the entire agreement between the parties with respect to the subject matter hereof, and cancels and supersedes all prior negotiations, representations, and agreements related thereto, either written or oral, except to the extent they are expressly incorporated herein. No changes in, additions to, or waivers of, the terms and conditions set forth herein will be binding upon any party, unless approved in writing by such party's authorized representative.
14.   **Confidentiality**. Simpluris maintains reasonable and appropriate safeguards to protect the confidentiality and security of data provided by Client to Simpluris in connection with the Services.  If, pursuant to a court order or other proceeding, third party requests that Simpluris to disclose any confidential data provided by or for Client, Simpluris will promptly notify the Client unless prohibited by applicable law.  Client will then have the option to provide Simpluris with qualified legal representation at Client's expense to defend against such request.  If, pursuant to a court order, Simpluris is required to disclose data, produce documents, or otherwise act in contravention of the obligation to maintain confidentiality set forth in these terms and conditions, Simpluris will not be liable for breach of said obligation.
15.   **Indemnification**. Client will indemnify and hold Simpluris (and the officers, employees, affiliates and agents harmless against any Losses incurred by Simpluris, arising out of, in connection with , or related to (i)  any breach of the terms by Client; (ii) the processing and handling of any payment by Simpluris in accordance with Client's instructions, including without limitation, the imposition of any stop payment or void payment on any check or the wrongful dishonor of a check by Simpluris pursuant to Client's instructions.
16.   **Severability**. If any term or condition or provisions of this Agreement shall be held to be invalid, illegal, unenforceable or in conflict with the law of any jurisdiction, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.
17.   **Database Administration.** Simpluris' database administration for Client assumes that Client will provide complete data that includes all information required to send notifications and calculate and mail settlement payments.  Data must be provided in a complete, consistent, standardized electronic format. Simpluris' standardized format is Microsoft Excel, however, Simpluris may accept other formats at its discretion. Further developments or enhancements to non-standardized data will be billed to Client by Simpluris on a time and materials basis according to Simpluris' Standard Rates.

*Confidential and Proprietary*




# Simpluris Security Summary – White Paper

Simpluris is committed to the security and overall protection of not only our data and information but our client's data and information, as well.  As a demonstration of our commitment, we maintain SOC 2 Certification which requires strict adherence to policies and procedures surrounding information security, including processing and storage of confidential customer data. Simpluris  supports a comprehensive, written Information Security Program that complies with all applicable laws and regulations (e.g. HIPAA, Gramm-Leach-Bliley Act, MA 201 CMR 17.00) and is designed to (a) ensure the security, privacy and confidentiality of Client and Class Member Information, (b) protect against any reasonably anticipated threats or hazards to the security or integrity of Client or Class Member Information, and (c) protect against unauthorized access to, use, deletion, or modification of Class Member Information.  Simpluris has designated specific employees to be responsible for the administration of its Information Security Program.  Also, Simpluris regularly and routinely monitors, tests, and updates our Information Security Program.

Simpluris uses Client and Class Member Information only for the purposes for which its' clients provide it, as described in any Agreements or Court Orders governing the provision of Simpluris' services in any particular case. Simpluris maintains a process for identifying, assessing, and mitigating the risks to Class Member Information in each relevant area of Simpluris' operations. At Simpluris, we continuously evaluate the effectiveness of the safeguards for controlling these risks to data and bank accounts.  Simpluris restricts access to Class Member Information only to those employees, agents, or subcontractors who need to know the information to perform their jobs.  Simpluris performs background checks of all its employees that will have access to Sensitive Personal Information, including a review of their references, employment eligibility, education, and criminal history to ensure they do not pose a risk to the security of Client or Class Member Information.

Simpluris adheres to the following industry best practices to safeguard its systems which process, store or transmit Client and Class Member Information:
- Identity and Access Management;
- Complex passwords are routinely and regularly changed;
- Role-based access control systems to limit individual    employee access to network applications and systems based on their particular job role and function;
- Data Loss Prevention and Intrusion Prevention System software at multiple layers to prevent from internal and external threats of data leaks, malicious activity, and policy violations
- Encryption of Class Member Information if transmitted over public or wireless networks (e.g., via email, FTP, the Internet, etc.);
- Implementation of a Secure File Transfer system (using SSL encryption) for transmitting documents back and forth to clients;
- Encryption of servers, portable media, laptops, desktops, smartphones, mobile devices, and new technologies that store Class Member Information;
- Complex password authentication for remote access to Company's networks;
- Upon hire and annually after that, training of all employees with access to Class Member Information, (including any agents, and subcontractors with access to Class Member Information) about their obligations to implement the Information Security Program;
- Strict disciplinary measures for employees who violate the Information Security Program;
- Preventing terminated employees from accessing Class Member Information;
- Appropriately configured and updated firewall, antivirus, and spyware software;
- Prompt application of vendor-recommended security patches and updates to systems and other applications to avoid any adverse impact on Class Member Information;
- Separation of Duties;
- Infrastructure and Physical Security;
- Business Continuity Planning;
- Disaster Recovery Planning