Edwin Aiwazian (Cal. State Bar No. 232943)
Arby Aiwazian (Cal. State Bar No. 269827)
Joanna Ghosh (Cal. State Bar No. 272479)
Ovsanna Takvoryan (Cal. State Bar No. 217435)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiffs Thomas Beltran, Mario Martinez, Juan Rivera and the Class

[*Additional Counsel on following page*]

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

THOMAS BELTRAN, MARIO MARTINEZ, MARIA CLAUDIA OBESO COTA, individually, and on behalf of other members of the general public similarly situated; JUAN RIVERA, ALEXANDER SOLORIO, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,

Plaintiffs,

vs.

OLAM SPICES AND VEGETABLES, INC., an unknown business entity; and DOES 1 through 100, inclusive,

Defendants.

Case No.: 1:18-cv-01676-JLT-SAB

**CLASS ACTION**

**OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**

| | |
|---|---|
| Complaint Filed: | July 5, 2015 |
| FAC Filed: | November 10, 2015 |
| SAC Filed: | April 25, 2016 |
| TAC Filed: | April 11, 2018 |
| Trial Date: | None Set |

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Joseph Lavi (Cal. State Bar No. 209776)
Vincent C. Granberry (Cal. State Bar No. 276483)
**LAVI & EBRAHIMIAN, LLP**
8889 Olympic Blvd., Suite 200
Beverly Hills, California 90211
Tel: (310) 432-000 / Fax: (310) 432-0001

Sahag Majarian II (Cal. State Bar No. 146621)
**LAW OFFICE OF SAHAG MAJARIAN II**
18250 Ventura Boulevard
Tarzana, California 91356
Tel: (818) 609-0807 / Fax: (818) 609-0892

*Attorneys for* Plaintiffs Maria Claudia Obeso Cota and Alexander Solorio

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

## I. OBJECTIONS

Plaintiffs Thomas Beltran, Mario Martinez, Juan Rivera, Maria Claudia Obeso Cota, and Alexander Solorio (together "Plaintiffs") present the following objections Magistrate Stanley A. Boone's Findings and Recommendations Recommending Granting Motion for Final Approval of Class Action Settlement and Granting Motion for Attorneys' Fees, Costs, and Incentive Awards in Part With Reduction in Fees, Costs, and Awards ("Magistrate's Order") (Doc. No. 65):

### A. Magistrate's Findings and Recommendations in Connection with the Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement

The Magistrate's Order recommends that Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement ("Motion for Final Approval") (Doc. No. 58), be granted and the Court approve the settlement as fair, reasonable, and adequate, subject to addressing the specific areas of inquiry identified therein. As noted in the Magistrate's Order, the Court expects Plaintiffs to address the issues identified therein, including: (1) a lack of updated numbers provided by Simpluris from the date of the filing of the motion for final approval until the final approval hearing, including information pertaining to Omitted Class Members; (2) the incorrect final approval hearing date contained in the Notice Packet; and (3) information pertaining to reminder postcards, email notice, and text blasts, generally and as to Omitted Class Members. (*See* Magistrate's Order, p. 67, FN 17).

#### 1. <u>Information Pertaining to Reminder Postcards, Email Notice, and Text Blasts, Generally and As to Omitted Class Members</u>

As set forth in the Supplemental Declaration of Lindsay Kline Regarding Notice and Settlement Administration filed concurrently herewith ("Supplemental Kline Declaration" or "Kline Supp Decl."), on August 12, 2022, Simpluris emailed all Initial Class Members a copy of the Initial Notice Packets for whom an email address was available in the Class List contact information. (Kline Supp Decl., ¶ 9). A total of one thousand seven hundred and four (1,704) Initial Notice Packets were emailed. (*Ibid*.). On August 12, 2022, Simpluris sent text messages to five thousand four hundred and thirty (5,430) Initial Class Members for whom a phone number was available in the Class List contact information. (*Id.*, ¶ 10). On September 19, 2022,

a Reminder Letter was sent to every Initial Class Member who had not yet submitted an FLSA Opt-In Form. A total of seven thousand seven hundred and three (7,703) Reminder Letters were sent. (Kline Supp Decl., ¶ 11).

On October 21, 2022, Simpluris sent a Notice Packet to five hundred and sixty-two (562) Omitted Class Members via First Class mail. (*Id.*, ¶ 14). Based on Simpluris' misunderstanding, Simpluris did not email notices, send a text blast or Reminder Letters to the Omitted Class Members. (*Id.*, ¶ 15).

**2. <u>Updated Numbers Provided by Simpluris From the Date of the Filing of the Motion for Final Approval Pertaining to Omitted Class Members</u>**

As set forth in the Supplemental Kline Declaration, the deadline for Omitted Class Members to submit a Request for Exclusion, Object to the Settlement ("Objection"), or dispute workweeks ("Dispute") was December 20, 2022. (Kline Supp Decl., ¶ 18). As of the filing of this Objection, Simpluris has received one (1) Request for Exclusion from an Omitted Class Member. (*Id.*, ¶ 19). As of the filing of this Objection, Simpluris received thirteen (13) FLSA Claim Forms from FLSA Omitted Members. (*Id.*, ¶ 20). As of the filing of this Objection, Simpluris has not received any Objections to the Settlement from Omitted Class Members. (*Id.*, ¶ 21). As of the filing of this Objection, Simpluris has not received any Disputes regarding workweeks from Omitted Class Members. (Kline Supp Decl., ¶ 22).

**3. <u>The Incorrect Final Approval Hearing Date Contained in the Notice Packet</u>**

The Class Notice Packet for both Initial Class Members and Omitted Class Members stated a final approval hearing date of January 23, 2023. (Kline Supp Decl., ¶ 17). The correct hearing date should have been listed as January 25, 2023. This was an inadvertent typographical error by Simpluris. The FLSA Notice sent to both Initial Class Members and Omitted Class Members stated the correct final approval hearing date of January 25, 2023.

**B. Magistrate's Findings and Recommendations in Connection with the Plaintiffs' Motion for Attorneys' Fees and Costs and Incentive Awards**

The Magistrate's Order recommends that Plaintiffs' Motion for Attorneys' Fees and Costs and Incentive Awards ("Fee Motion") (Doc. No. 60), be granted in part, subject to the following recommended reductions:

a. Attorneys' fees be reduced from 35% of the total settlement fund to 20%, and be

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

awarded in the amount of $900,000.00, reduced from $1,575,000.00;

b. Expenses be awarded to Lawyers *for* Justice, PC in the amount of $25,626.02, reduced from $41,748.54;

c. Expenses be awarded to Lavi & Ebrahimian, LLP in the amount of $8,731.23, reduced from $14,666.97;

d. Expenses be awarded to the Law Office of Sahag Majarian, II in the amount of $1,669.06, reduced from $6,785,72;18

e. Plaintiffs Thomas Beltran ("Plaintiff Beltran"), Mario Martinez ("Plaintiff Martinez"), Maria Claudia Obeso Cota ("Plaintiff Cota"), and Alexander Solorio ("Plaintiff Solorio"), each receive $5,000.00 as an incentive award, reduced from $7,5000.00; and

f. Plaintiff Juan Rivera ("Plaintiff Rivera") receive $3,500.00 as an incentive award.

Plaintiffs object to the Magistrate's Order to the extent it recommends any reductions to the reimbursement of litigation costs and expenses requested by Lawyers *for* Justice, PC, Lavi & Ebrahimian, LLP, and the Law Office of Sahag Majarian, II (collectively, referred to as "Plaintiffs' Counsel"), and to the extent it recommends reductions in the Incentive Awards to be awarded to Plaintiff Beltran and Plaintiff Martinez.

**1. <u>Objections to the Recommended Reduction in Expenses to be Awarded to Lawyers *for* Justice, PC</u>**

The Magistrate's Order recommends reduction of the fees sought by Lawyers *for* Justice, PC in the amount of $11,052.39 for mediation fees subject to clarification in objections, and a reduction of $5,070.13 in travel expenses from Lawyers *for* Justice, PC's sought costs, subject to objections. The Magistrate's Order recommends no mediation fees be awarded unless objections clearly present the receipts and fee breakdown between Plaintiffs' Counsel. The Magistrate's Order finds it reasonable to allow for clarification of the mediation fees in objections, and to the extent the District Judge is inclined to consider, clarification of the travel expenses for Lawyers *for* Justice. The Magistrate's Order finds the remainder of the expenses incurred by Lawyers *for* Justice, PC to be reasonable.

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

The mediation fees in the amount of $11,052.39 incurred by Lawyers *for* Justice, PC and the travel expenses in the amount of $4,062.10[1] incurred by Lawyers *for* Justice, PC, were reasonable and necessary in the prosecution of this matter and to obtain the Settlement and should be allowed in full.

**Medication Fees Breakdown Between Plaintiffs' Counsel**

As indicated in the Motion for Final Approval as well as the Fee Motion, after conducting significant investigation into the facts and law in the course of litigating the Actions, Plaintiffs and Defendant engaged in extensive settlement negotiations to try to resolve the Actions. These efforts included participating two (2) formal, full-day private mediation sessions conducted by the Honorable Edward Infante (Ret.), a retired federal magistrate judge who is highly experienced in mediating complex wage-and-hour matters, and extensive settlement negotiations thereafter. The first mediation was held on December 13, 2016 (the "First Mediation Session"), and the second mediation was held on January 25, 2017 (the "Second Mediation Session").

In connection with the First Mediation Session, Plaintiffs and Defendant Olam West Coast, Inc. ("Defendant") were billed a total of $14,000.00, split between Lawyers *for* Justice, PC, the Law Office of Sahag Majarian, II, and Defendant, with $4,666.67 due from each. A copy of the invoice from Jams, Inc. for the First Mediation Session sent to Lawyers *for* Justice, PC, evidencing the total amount billed and that the total amount was billed to 3 parties, is attached as "Exhibit 1" to the Declaration of Joanna Ghosh filed concurrently herewith ("Ghosh Declaration" or "Ghosh Decl."). (Ghosh Decl., ¶ 8). In addition to the $4,666.67 fee, each party was charged an "Initial Non-Refundable Fee" in the amount of $450.00. (Ghosh Decl., ¶ 8 and Exh. 1). Lawyers *for* Justice, PC paid its share of the total fee, including the Initial Non-Refundable Fee, for the First Mediation Session, in the amount of $5,116.67, on December 5, 2016. (Ghosh Decl., ¶ 9 and Exh. 2).

In connection with the Second Mediation Session, the Parties were again billed a total of $14,000.00, split between Lawyers *for* Justice, PC, Lavi & Ebrahimian, LLP, and Defendant with

[1] For the reasons stated herein and in the Ghosh Declaration filed concurrently herewith, Lawyers *for* Justice, PC will not be seeking reimbursement for a duplicative entry in the amount of $66.12 and will be withdrawing a request for a cost item in the amount of $941.91.

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

$4,666.67 due from each. A copy of the invoice from Jams, Inc. for the Second Mediation Session sent to Lawyers *for* Justice, PC, evidencing the total amount billed and that the total amount was billed to 3 parties, is attached as "Exhibit 3" to the Ghosh Declaration. In addition to the $4,666.67 fee, each party was charged a "Case Management Fee" in the amount of $420.00. (Ghosh Decl., ¶ 10 and Exh. 3). Lawyers *for* Justice, PC paid its share of the total fee, including the Case Management Fee, for the Second Mediation Session, in the amount of $5,086.67, on January 23, 2017. (Ghosh Decl., ¶ 11 and Exh. 4).

Following the Second Mediation Session, the Parties received a final bill from Jams, Inc. billing: (1) $450.00 (split between three (3) parties) for the Honorable Edward Infante (Ret.) issuing "Mediator settlement proposal" on February 17, 2017; (2) $450.00 (split between Lawyers *for* Justice, PC, Lavi & Ebrahimian, LLP, and Defendant) for a "Joint Conference call after acceptance of settlement proposal" held on March 10, 2017; and (3) $1,350.00 (split between three (3) payors) for "February, 2017 and March, 2017 Telephone conference with counsel on March 14, 2017. A copy of the third invoice from Jams, Inc. following the Second Mediation Session sent to Lawyers *for* Justice, PC, evidencing the amounts billed and that the total amounts were billed to 3 payors (the "Third Mediation Invoice"), is attached as "Exhibit 5" to the Ghosh Declaration. (Ghosh Decl., ¶ 12). In addition to the amounts stated above, each party was charged a "Case Management Fee" in the amount of $90.00, which amount was included in the Third Mediation Invoice, and collectively billed a "Conference Charge for conference call on 2/14/17 between Neutral and counsel" in the amount of $14.42 (split between three (3) payors), and a "Conference Charge for conference call on 3/10/17 between Neutral and counsel" in the amount of $12.74 (split between three (3) payors). (Ghosh Decl., ¶ 12 and Exh. 5). Lawyers *for* Justice, PC paid its share of the Third Mediation Invoice, in the amount of $849.05, on April 4, 2017. (Ghosh Decl, ¶ 13 and Exh. 6).

Thus, Lawyers *for* Justice, PC paid a total of $11,052.39 in mediation fees as evidenced by Exhibits 1 through 6, attached to the Ghosh Declaration, which mediation fees were reasonable and necessary in the prosecution of this matter and to obtain the Settlement and should be allowed in full.

**Travel Expenses Incurred by Lawyers *for* Justice, PC**

Below is a clarification of the travel expenses listed in the Cost Detail Report that is attached as Exhibit B to the Declaration of Edwin Aiwazian filed on December 22, 2022 (Doc. No. 60-1), totaling $5,070.13, for which Lawyers *for* Justice, PC sought reimbursement:

a. Cost item: 12/7/2015 - Romina Keshishyan - Travel Reimbursement - $941.91. Romina Keshishyan was an associate attorney at Lawyers *for* Justice, PC who was assigned to work on this matter. The $941.91 charges consist of: airfare, Uber, hotel, and meals to attend a Case Management Conference in Fresno on December 7, 2015, as reflected in the Minute Order attached as "**Exhibit 7**" to the Ghosh Declaration. Romina Keshishyan is no longer at Lawyers *for* Justice, PC and based on my additional review of hand-written notes in Ms. Keshishyan's reimbursement request, I have reason to believe that she was appearing for hearings in multiple cases in Fresno Superior Court on or around the same day, as such Lawyers *for* Justice, PC hereby withdraws the request for reimbursement for this cost item.

b. Cost item: 6/17/2016 - Ashley Cruz - Travel Reimbursement - $252.03. Ashley Cruz was an associate attorney at Lawyers *for* Justice, PC who was assigned to work on this matter. The $252.03 charges consist of: mileage from Mr. Cruz's Los Angeles-area residence to Fresno Superior Court for a Pre-Trial Discovery Conference that took place on June 17, 2016 ($115.20); mileage from Fresno Superior Court back to Lawyers for Justice, PC's Glendale, California office ($115.20); and costs for breakfast ($17.54) and coffee ($4.45). Attached as "**Exhibit 8**" to the Ghosh Declaration is a true and correct copy of the check evidencing the payment of the travel reimbursement from Lawyers *for* Justice, PC to Ashley Cruz for "6/17/16 Hearing Travel Reimb. (Olam)" in the amount of $252.03 plus $33.87 for a travel reimbursement in connection with another matter.

c. Cost item: 7/8/2016 - Romina Keshishyan - Travel Reimbursement - $473.16. The $473.16 charges consist of: mileage from Lawyers for Justice, PC's Glendale, California office to a hotel in Fresno, mileage from the hotel in Fresno to the Fresno



**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Superior Court, and mileage from the Fresno Superior Court back to Lawyers for Justice, PC's Glendale, California office (totaling $250.70 for 436 miles), for a Pre-Trial Discovery Conference that took place on July 8, 2016; hotel accommodations ($201.10); and costs for lunch ($18.36) and parking ($3.00). Attached as "**Exhibit 9**" to the Ghosh Declaration are true and correct copies of the email confirmation of the hotel reservation and payment as well as the receipts of the lunch and parking payments.

d. Cost item: <u>7/18/2016 - Arya Djafroudi - Travel Reimbursement - $204.66.</u> Arya Djafroudi was an associate attorney at Lawyers *for* Justice, PC who was assigned to work on this matter. The item in question consists of a non-refundable payment for a hotel reservation (check-in date of August 11, 2016) (in the amount of $204.33) for a Pre-trial Discovery Conference that was scheduled to be held on August 12, 2016, but was continued by stipulation of the Parties on August 11, 2016. It should be noted that the Case Cost Detail submitted to the Court on December 22, 2023, as Exhibit B to the Declaration of Edwin Aiwazian (Doc. No. 60-1), references a July 18, 2016 date because that was the date listed in the expense reimbursement report submitted by Arya Djafroudi and references the amount of $204.66 because Mr. Djafroudi was inadvertently reimbursed in that amount instead of $204.33 (a difference of $0.33), As such, Lawyers *for* Justice, PC hereby reduces the request for reimbursement for this cost item to $204.33 from $204.66. Attached as "**Exhibit 10**" to the Ghosh Declaration are true and correct copies of the confirmation from priceline.com of the hotel reservation and a letter dated August 11, 2016, addressed to the Fresno County Superior Court from counsel for Defendant informing the Court of their stipulation to continue the August 12, 2016 pre-trial discovery conference.

e. Cost item: <u>12/9/2016 - Ashley Cruz - Travel Reimbursement - $456.20.</u> The $456.20 charge consists of a roundtrip airplane flight from Burbank to San Francisco and back for the First Mediation Session that took place on December 13, 2016. Attached as "**Exhibit 11"** to the Ghosh Declaration are true and correct copies of the check

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

evidencing the payment of the travel reimbursement from Lawyers *for* Justice, PC to Ashley Cruz, and a one page printout evidencing the cost of the flight.

f. Cost item: 12/13/2016 - Ashley Cruz - Travel Reimbursement - $147.70. The $147.70 charge consists of: transportation by Uber to the Burbank airport for the flight to San Francisco for the First Mediation Session ($16.35); transportation by Uber from the San Francisco airport to the hotel in San Francisco ($39.94); transportation by Uber to the San Francisco airport for the flight back to the Burbank airport ($35.51); a meal at the airport ($43.62); and transportation bu Uber from the Burbank airport to Lawyers *for* Justice, PC's Glendale, California office ($13.18). Attached as "**Exhibit 12**" to the Ghosh Declaration are true and correct copies of the Uber charges and a receipt for the meal at the airport.

g. Cost item: 12/15/2016 - Kristina Noel Buan - Travel Reimbursement - $422.42. Kristina Noel Buan_was an associate attorney of Lawyers *for* Justice, PC who was assigned to work on this matter. The $422.42 charge consists of: mileage from Lawyers *for* Justice, PC's Glendale, California office to a hotel in Fresno, mileage from the hotel in Fresno to the Fresno Superior Court, and mileage from Fresno Superior Court to Lawyers *for* Justice, PC's Glendale, California office (totaling $245.46 for 446.29 miles), for a Pre-Trial Discovery Conference that took place on December 16, 2016; and one night hotel accommodations in Fresno ($176.96). Attached as "**Exhibit 13**" to the Ghosh Declaration is a true and correct copy of the bill from DoubleTree hotel.

h. Cost item: 1/6/2017 - Ashley Cruz - Travel Reimbursement - $247.34. The $247.34 charges consist of: traveling from Glendale, California to the Fresno Superior Court for a Pre-Trial Discovery Conference that took place on January 6, 2017 ($116.10); traveling from the Fresno Superior Court back to Lawyers *for* Justice, PC's Glendale, California office ($116.10); and costs for lunch ($7.94) and coffee ($7.20). Attached as "**Exhibit 14**" to the Ghosh Declaration is a true and correct copy of the receipts for the lunch and coffee.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

i. Cost item: 1/25/2017 - Ashley Cruz - Travel Reimbursement - $149.91. The $149.91 charges consist of: transportation by Uber from the San Francisco airport ($36.44) to a hotel in San Francisco; dinner ($64.44); transportation by Uber from the hotel in San Fracnsico to the First Mediation Session ($8.55); transportation by Uber from the First Mediation Session to the San Fransciso airport ($31.27); and costs for a meal at the airport ($9.21). Attached as "**Exhibit 15**" to the Ghosh Declaration are true and correct copies of the receipts for the meals and Uber transportation.

j. Cost item: 1/25/2017 - Maryam Jafari - Travel Reimbursement - $419.24. Maryam Jafari was a law clerk at Lawyers *for* Justice, PC who was assigned to work on this matter along with attorneys at Lawyers *for* Justice, PC who were working on this matter. The $419.24 charges consist of: transportation by Uber from Ms. Jafari's Los Angeles-area residence to the Burbank airport for the flight to the Oakland airport for the Second Mediation Session ($62.73); transportation by Uber from the Oakland airport to a hotel in San Francisco ($93.00); transportation by Uber from the hotel in San Francisco to the Second Mediation Session ($13.18); transportation by Uber back to the hotel in San Francisco from the Second Mediation Session ($17.50); transportation from the hotel in San Francisco to the San Francisco airport for the flight back to the Burbank airport ($30.93); and costs for meals while in San Francisco for the Second Mediation Session ($66.12 and $69.66). There was an inadvertent duplicate reimbursement to Ms. Jafari in the amount of $66.12 for which Lawyers *for* Justice, PC will not be seeking a reimbursement – as such, Lawyers for Justice, PC hereby reduces the request for reimbursement for this cost item to $353.13 from $419.24. Attached as "**Exhibit 16**" to the Ghosh Declaration are true and correct copies of the receipts for the meals and Uber transportation.

k. Cost item: 2/28/2017 - Romina Keshishyan - Travel Reimbursement - $1,107.78. The $1,107.78 charges consist of: mileage from Ms. Keshshyan's Los Angeles-area residence to a hotel in Fresno the night before the deposition of Person Most Knowledgeable Albert Perez on February 24, 2017 ($126.50 for 220 miles); cost for

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

dinner the night before the February 24, 2017 deposition ($23.18); mileage from the hotel in Fresno to the deposition ($2.24 for 3.9 miles); mileage from the deposition to lunch and then to Lawyers for Justice, PC's Glendale, California office ($129.34 for 225 miles); costs for the lunch ($9.34); hotel accommodation for the night of February 23, 2017 ($227.56); mileage from Lawyers for Justice, PC's Glendale, California office to a hotel in Fresno the night before the deposition of Plaintiffs Beltran and Mario Martinez on February 28, 2017 ($127.65 for 222 miles); costs for snack and water ($12.85); mileage to and from the Fresno hotel to a separate meetings with Plaintiffs Thomas Beltran and Mario Martinez ($11.10 for 19.3 miles); meal with Plaintiff Mario Martinez ($52.34); meal with Plaintiff Beltran ($46.39); hotel accommodation for the night of February 27, 2017 ($211.64); and mileage from the hotel in Fresno to Ms. Keshishyan's Los Angeles-area residence ($127.65). Attached as "**Exhibit 17**" to the Ghosh Declaration are true and correct copies of the receipts for the meal and Uber transportation as well as the hotel accommodations.

l. Cost item: 3/1/2017 - Maryam Jafari - Travel Reimbursement - $112.83. The $112.83 charges consist of: transportation by Uber to and from the deposition of Albert Perez on February 27, 2017 and the deposition of Plaintiff Thomas Beltran on February 28, 2017 ($6.85 and $6.10); transportation from the airport ($74.03) and costs for a meal ($25.85). Attached as "**Exhibit 18**" to the Ghosh Declaration are true and correct copies of the of the receipts for the meal and Uber transportation.

m. Cost item: 9/14/2017 - Elizabeth Parker - Travel Reimbursement - $134.95. Elizabeth Parker is an associate attorney at Lawyers *for* Justice, PC who was assigned to work on this matter. The $134.95 charge consists of: mileage to the Fresno Superior Court for a hearing on a Motion to Enforce Court Order that took place on September 14, 2017 ($122.33); and costs for breakfast ($12.62).

Lawyers *for* Justice, PC has borne all of the risks and costs of litigation and will not receive any compensation until recovery is obtained in this matter. Lawyers *for* Justice, PC seeks reimbursement in the corrected and reduced amount of $40,740.18 (instead of $41,748.54) for

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

litigation costs and expenses incurred in this matter. These costs were reasonable and necessary in the prosecution of the cases and to obtain the Settlement and should be allowed in full.

**2. Objections to the Recommended Reduction in Expenses to be Awarded to Lavi & Ebrahimian, LLP**

As set forth in the Declaration of Vincent C. Granberry in Support of Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement and Motion for Attorneys' Fees And Costs and Incentive Awards filed concurrently with the Fee Motion ("Granberry Decl.") (Doc. No. 60-2), Lavi and Ebrahimian, LLP has incurred a total of $14,666.97 in litigation costs and expenses.[2]

The Magistrate's Order also recommends a reduction in the fees sought by Lavi and Ebrahimian, LLP in the amount of $5,935.74 for mediation costs, subject to clarification in objections. The mediation fees in the amount of $5,935.74 incurred by Lavi and Ebrahimian, LLP were reasonable and necessary in the prosecution of this matter and to obtain the Settlement and should be allowed in full. *See* Supplemental Declaration of Vincent C. Granberry filed concurrently herewith ("Supplemental Granberry Declaration" or "Granberry Supp. Decl.") for the relevant receipts of the mediation fees paid by Lavi and Ebrahimian, LLP.

**3. Objections to the Recommended Reduction in Expenses to be Awarded to the Law Office of Sahag Majarian, II**

As set forth in the Declaration of Sahag Majarian II in Support of Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement and Motion for Attorneys' Fees And Costs and Incentive Awards filed concurrently with the Fee Motion ("Majarian Decl.") (Doc. No. 60-3), the Law Offices of Sahag Majarian II has incurred a total of $6,785.72 in litigation costs and expenses.[3]

The Magistrate's Order also recommends a reduction in the fees sought by the Law Offices of Sahag Majarian II in the amount of $5,116.66 for mediation costs, subject to clarification in objections. The mediation fees in the amount of $5,116.66 incurred by the Law Offices of Sahag Majarian II were reasonable and necessary in the prosecution of this matter and to obtain the Settlement and should be allowed in full. *See* Supplemental Granberry Declaration for the relevant

[2] Grnaberry Decl., ¶ 14.
[3] Majarian Decl., ¶ 9.

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

receipts of the mediation fees paid by the Law Offices of Sahag Majarian II.

**4. Objections to the Reduction in Incentive Awards to Plaintiffs Beltran and Martinez**

The Magistrate's Order recommends the requested $7,500.00 Incentive Awards to Plaintiff Beltran and Plaintiff Martinez be reduced to $5,000.00.

As stated in the Motion for Final Approval and Fee Motion, Plaintiffs spent a substantial amount of time and effort in producing relevant documents and past employment records and provided the facts and evidence necessary to attempt to prove the allegations. Plaintiffs spent numerous hours speaking with Plaintiffs' Counsel about their claims, describing their work experiences with Defendant, and gathering, reviewing, and providing documents. Plaintiffs were available whenever Plaintiffs' Counsel needed them and actively tried to obtain and provide information that would facilitate the pursuit of the claims in the Action. However, in addition to all that, Plaintiffs Thomas Beltran and Mario Martinez also provided responses to formal written discovery propounded by Defendant and prepared for and attended their depositions.

The Magistrate's Order suggests that Judge Boon has reached the conclusion that Plaintiff Rivera expanded a total of 33.5 hours in this action, Plaintiff Martinez expanded a total of 43.5 hours in this action, and Plaintiff Beltran expanded a total of 49.5 hours in this action.[4] This conclusion ignores the hours presented in the Declarations of Plaintiffs Rivera, Martinez, and Beltran filed in support of the Motion for Preliminary Approval (Doc Nos. 25-5, 25-3, and 25-4).

As stated in the Declaration of Mario Martinez in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Doc No. 25-4), and as pointed out by counsel for Plaintiffs Beltran, Martinez, and Rivera, Ovsanna Takvoryan, at the hearing held on January 25, 2023, Plaintiff Martinez expanded a total of at least 64 hours in connection with this action. The 43.50 hours referenced in the Attorney Task and Time Chart attached as Exhibit A to the Aiwazian Declaration only accounts for the hours spent by Plaintiff Martinez engaging with the attorneys at Lawyers *for* Justice, PC.

Similarly, as stated in the Declaration of Thomas Beltran in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Doc No. 25-3), and as pointed out by counsel

---

[4] See Magistrate's Order, p. 64, FN 14.

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

for Plaintiffs Beltran, Martinez, and Rivera, Ovsanna Takvoryan, at the hearing held on January 25, 2023, Plaintiff Beltran expanded a total of at least 69 hours in connection with this action. The 49.50 hours referenced in the Attorney Task and Time Chart attached as Exhibit A to the Aiwazian Declaration only accounts for the hours spent by Plaintiff Beltran engaging with the attorneys at Lawyers *for* Justice, PC.

The efforts of Plaintiffs Martinez and Beltran, who spent additional hours reviewing discovery requests form Defendant, locating documents, and providing responses, and who spent additional hours preparing for depositions that lasted 4 hours for Plaintiff Martinez and 5 hours for Plaintiff Beltran, and who had to spend hours traveling to get to and from the depositions, whose efforts were instrumental in providing information, data, and documents that contributed to reaching the Settlement, justifies a higher Incentive Award. (Doc Nos. 25-3 and 25-4).

Based on the foregoing, Plaintiffs object to the Magistrate's Order to the extent it recommends reductions in the Incentive Awards to be awarded to Plaintiff Beltran and Plaintiff Martinez. In recognition of their efforts and work serving as Class Representatives, it is appropriate and just for Plaintiff Beltran and Plaintiff Martinez to receive Incentive Awards in the amounts of $7,500.00 as requested.

## II. CONCLUSION

For the reasons stated above, the Court should sustain the Plaintiffs' Objections to the Findings and Recommendations and (1) award litigation costs and expenses in the corrected amount of $40,740.18 (instead of $41,748.54) to Lawyers *for* Justice, PC, (2) award litigation costs and expenses in the amount of $14,666.97 to Lavi and Ebrahimian, LLP, (3) award litigation costs and expenses in the amount of $6,785.72 to the Law Offices of Sahag Majarian II, and (4) award Plaintiffs Beltran and Martinez $7,500.00 each as an Incentive Award.

Date: February 16, 2023

**LAWYERS *for* JUSTICE, PC**

By: *<u>/s/ Ovsanna Takvoryan</u>*
Ovsanna Takvoryan
Joanna Ghosh
Edwin Aiwazian
*Attorneys for* Plaintiffs Thomas Beltran, Mario Martinez, Juan Rivera and the Class